MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6959
    Facsimile: (415) 436-6753
    E-mail: william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 14-196 CRB (JCS) |
| | ) | |
| | ) | **[PROPOSED]** |
| | ) | **ORDER OF DETENTION** |
| v. | ) | **PENDING TRIAL** |
| | ) | |
| BRANDON JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on April 21, 2014, for a detention hearing. Defendant Jackson was present and represented by counsel, Tony Tamburello. Assistant United States Attorneys William Frentzen and Susan Badger appeared for the government.

Pretrial Services submitted a report to the Court and the parties that recommended release to a halfway house, and a representative of Pretrial Services was present at the hearing. The government moved for detention, and defendant opposed. Proffers and arguments regarding

[PROPOSED] DETENTION ORDER
CR 14-196 CRB (JCS)

detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

With respect to all of the subsequent findings, this case involves a presumption in favor of detention pursuant to 18 U.S.C. § 3142(e) because the defendant has been charged by Grand Jury indictment with violating 21 U.S.C. § 846. While the ultimate burden of persuasion rests upon the government, given the presumption, it is the finding of the Court that defendant did not make proffer of facts or information sufficient to rebut the presumption.

The Court makes the following findings as basis for its conclusion that no condition or combination of conditions will reasonably assure the safety of other persons and the community as to defendant Jackson. First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves trafficking narcotics as well as allegations that defendant trafficked in firearms and two ballistic vests. Jackson also is charged with engaging in a scheme to commit murder for hire. According to agents, Jackson participated in selling a large number of firearms, including a fully automatic weapon and a firearm with an obliterated serial number. Second, defendant was convicted of a misdemeanor marijuana charge out of Texas, that occurred just months before Jackson met the undercover employee and began engaging in other offenses. Third, the defendant assisted a co-defendant with selling fraudulent access devices and was found in possession of dozens of what appeared to be fraudulent access devices. Fourth, the instant charges allege firearm possession and sales. For these reasons, the Court deems defendant Jackson to present a risk of danger to other persons and the community that cannot be mitigated adequately by conditions of release.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

Dated: April _____, 2014

HONORABLE JOSEPH C. SPERO
United States Magistrate Judge