MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorney

> 450 Golden Gate Avenue, Box 36055
> San Francisco, California 94102-3495
> Telephone: (415) 436-7199
> FAX: (415) 436-7234
> Susan.Badger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALAN CHIU, <br><br> Defendant. | NO. CR 14-0196 CRB <br><br> GOVERNMENT'S MOTION TO REVOKE BOND PURSUANT TO 18 U.S.C. § 3148 <br><br> Date: May 5, 2014 <br> Time: 9:30 a.m. <br> Court: Hon. Jacqueline Scott Corley |

On April 25, 2014, upon the Petition for Arrest Warrant for Defendant Under Pretrial Supervision, filed under seal that same day by U.S. Pretrial Services Deputy Chief Officer Silvio Lugo, Magistrate Judge Nathanael Cousins issued a warrant for the arrest of defendant Alan Chiu. Chiu was arrested on April 25, 2014 and made his initial appearance before Magistrate Judge Joseph Spero on April 28, 2014 with counsel Sara Rief. The Court advised Chiu of the allegations in the Petition and set the matter over to April 30, 2014 for detention hearing before Magistrate Judge Cousins. Chiu appeared in custody before Magistrate Judge Cousins on April 30, 2014, at which time the government advised the Court that it was moving to revoke Chiu's release and to detain Chiu during the pendency of the

MOTION TO REVOKE BOND
CR 14-0196 CRB

1  proceedings in the instant case. Sarah Potter, appearing on behalf of Ms. Rief, requested that the hearing
2  be continued until Ms. Rief could be available. The matter is currently scheduled for hearing before
3  Magistrate Judge Jacqueline Scott Corley on May 5, 2014 at 9:30 a.m.
4        In anticipation of the hearing, and pursuant to the provisions of 18 U.S.C. § 3148(b), the
5  government hereby moves to revoke the defendant's bond and for an order of detention pending trial.
6  The government's motion is based on probable cause to believe that Chiu has committed a crime while
7  on release, and clear and convincing evidence that Chiu has violated the condition of release that he not
8  possess any controlled substance. In light of Chiu's actions, which are discussed below, the government
9  moves for detention on grounds that there are no conditions or combination of conditions that will assure
10 that Chiu will not pose a danger to the community and that Chiu is unlikely to abide by any release
11 conditions this Court may impose.

## DISCUSSION

### A. Procedural History

14       Defendant Alan Chiu was arrested on March 26, 2014 on a warrant issued by Magistrate Judge
15 Nathanael Cousins in connection with a criminal complaint charging Chiu and twenty-five other
16 defendants with a range of federal offenses, including money laundering, drug, firearms, and public
17 corruption offenses. *See, Affidavit of Special Agent Emmanuel V. Pascua in Support of Complaint,* 3 14
18 70421 NC, filed March 24, 2014, Exhibit 1, attached. According to the allegations in the Pascua
19 Affidavit, which described a long-running investigation of defendant Kwok Cheung Raymond Chow
20 and others, Chow is the leader of the Chee Kung Tong, an Asian organized crime organization based in
21 San Francisco's Chinatown. Over the course of three years from March 2011 and the arrests on March
22 26, 2014, Chow and a number of individuals associated with him, including defendant Chiu, engaged in
23 a range of criminal activity with an FBI undercover agent known as UCE-4599. As described in the
24 Pascua Affidavit, Chiu laundered a total of $170,000 in purported illicit funds for UCE-4599 between
25 August 1, 2011 and December 13, 2011. *See*, Exh. 1 at pp. 43-44. That is, on August 1, 2011, Chiu
26 received $33,000 from UCE-4599 and laundered the money by writing four checks totaling $30,000 on
27 a bank account that Chiu shared with another individual. Chiu kept $3,000 as a fee. On September 22,
28 2011, Chui laundered $60,000 for UCE-4599 and kept $6,000 as his fee. On October 19, 2011, Chui

laundered $40,000 for UCE-4599 and kept $4,000 as his fee. Finally, on December 13, 2011, Chui laundered $20,000 for UCE-4599 and was paid $2,000 by UCE-4599. In connection with these transactions, and as payment for Raymond Chow permitting these and other transactions to take place, UCE-4599 paid Chow $6,000.

Chiu was charged in the criminal complaint with one count of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(A), in connection with the August 1, 2011 transaction. *Id.*, at p. 43. In Count Four of the indictment returned on April 3, 2014, Chiu was charged with the same offense in connection with the August 1, 2011 money laundering transaction. *See, Indictment, United States v. Kwok Cheung Chow et al.*, CR 14 196 CRB, docket Document 113. The maximum penalty for a violation of 18 U.S.C. § 1956(a)(3)(A) is twenty years in prison, a $250,000 fine, three years supervised release, and a $100 special assessment.

After their arrests on March 26, 2014, Chiu and a number of other defendants made their initial appearances before Magistrate Judge Nathanael Cousins the same date. The government agreed to Chiu's release on a $100,000 unsecured bond, which was co-signed by Chiu's wife, Diana Lee, who resides with Chiu at 6306 Pebble Beach Drive in Vallejo. The bond contained the standard conditions that Chiu not commit any federal, state, or local crime. It also contained a number of special conditions, including that Chiu "not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription." *See*, Exhibit 2, attached. Chiu's wife was present at the hearing and co-signed the bond as surety after being advised of the conditions of release. On April 3, 2014, the defendant appeared again before Magistrate Judge Cousins for further bond hearing after preparation of a bail study by Pretrial Services. An Addendum to Release Conditions was signed by Chiu and the Court. The Addendum added conditions that Chiu submit to drug testing as directed by Pretrial Services and not change his residence without the prior approval of Pretrial Services. *See*, Exhibit 3, attached.

As noted above, on April 25, 2014, Magistrate Judge Cousins authorized a warrant for Chiu's arrest based on a Petition filed by Pretrial Services Officer Silvio Lugo. Chiu was arrested the same day.

///

///

MOTION TO REVOKE BOND
CR 14-0196 CRB              3

B. **Statutory Authority for the Instant Motion**

Under 18 U.S.C. § 3148(b), an attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. "The judicial officer *shall enter* an order of revocation and detention if, after a hearing, the judicial officer --- (1) finds that there is (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; *and* (2) finds that – (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)." (emphasis added).

Section 3148(b) further provides "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

C. **Factual Basis for the Instant Motion**

For the reasons discussed below, the government submits that there is probable cause to believe that while on release Chiu committed the federal felony offense of possession of marijuana with intent to distribute and clear and convincing evidence that Chiu violated the special condition of release that he not possess a controlled substance. Based on Chiu's conduct and by operation of the provisions of Section 3148(b), there is a rebuttable presumption that there are no conditions or combination of conditions that will assure that Chiu will not pose a danger to community. Moreover, Chiu has amply demonstrated that he is unlikely to abide by any condition or combination of conditions of release. Chiu's release should be revoked and he should be detained for the pendency of the proceedings in the instant case.

As set forth in the Petition for Arrest Warrant for Defendant Under Pretrial Supervision, filed under seal by Pretrial Services Deputy Chief Officer Silvio Lugo on April 25, 2014, Pretrial Services Officer Taifa Gaskins with the Eastern District of California visited Chiu at his home on Pebble Beach Drive in Vallejo on the morning of April 25, 2014. *See*, Exhibit 4, attached. This was a pre-scheduled

initial home visit. Chiu was present for the visit and told Officer Gaskins that he did not want her to tour the upstairs of the residence. Officer Gaskins requested that she be allowed to tour all parts of the residence. When Chiu agreed and led her to the upstairs portion of the residence, Chiu said he did not want Officer Gaskins to enter one of the bedrooms. Chiu opened the door of the bedroom slightly and Officer Gaskins could see that a tarp was hanging behind the door and that some sort of modification of the room had taken place. When Officer Gaskins asked Chiu about the room, he told her that he was "growing something" in the room. Concerned for her safety, Officer Gaskins left the residence. Once outside the residence with Chiu, Chiu advised her that he was growing 100 marijuana plants. He explained that he understood that growing marijuana plants was illegal, but he "needed the money." *Id*.

Officers with the Solano County Sheriff's Office Narcotics Task Force and agents with the Sacramento Office of the FBI arrested Chiu on April 25, 2014 at the Pebble Beach Drive residence pursuant to the warrant authorized by Magistrate Judge Cousins. Sheriff Department officers held Chiu at the scene pending the arrival of Special Agents Emmanuel Pascua and David VanderPorten of the FBI San Francisco Division, who were to transport Chiu to San Francisco for an initial appearance. Officers also froze the scene pending presentment of a search warrant application to a local judge.

Agents Pascua and VanderPorten arrived at the scene and took Chiu into custody. They were advised by a Narcotics Task Force Officer that Chiu's wife, who was present at the scene, had provided consent to enter the property. Agent Pascua entered the residence accompanied by a Task Force Officer and observed marijuana plants growing in three rooms on the upstairs level. Two rooms contained mature plants with buds; the third room contained less mature plants. The rooms were set up as full-blown growing operations with lights, ballasts, and watering systems.

On April 25, 2014, local authorities obtained a warrant to search the Pebble Beach Drive residence and executed the warrant after Agents Pascua and VanderPorten departed with Chiu in custody. The officers seized a total of 405 marijuana plants from the residence.

**D. Conclusion and Recommendation**

In light of Chiu's clear violation of the terms and conditions of release that he not possess any controlled substances and the evidence sufficient to establish probable cause that Chiu has committed a violation of 21 U.S.C. § 841(a)(1), possession of marijuana with intent to distribute, the government

moves to revoke Chiu's release.  The government further submits that by his actions, Chiu has demonstrated that there are no conditions or combination of conditions that would assure that he will not pose a danger to the community.  Alternatively, Chiu has demonstrated that he is unlikely to abide by any conditions of release that this Court may impose.

When Chiu was initially arrested, the government agreed to release on condition that his wife act as surety.  Chiu had engaged in money laundering offenses, but was not involved in selling or conspiring to deal in firearms, nor was he involved in any drug offenses.  In addition, Chiu has no criminal record.  The Court, Pretrial Services, and the government were prepared to accept Chiu's word that if released, he would respect the Court's authority and abide by the conditions of release imposed by the Court.

Based on what transpired a week ago, it is now apparent that Chiu had no intention of abiding by those conditions.  Either he had an ongoing marijuana grow operation in his and his wife's residence when he and his wife signed the bond in Court on March 26, 2014, or he has since moved a grow operation into the residence.  In either case, Chiu's violation of the Court's order is flagrant and constitutes a serious new crime.  If prosecuted by federal authorities, Chiu is facing a five-year mandatory minimum sentence and up to forty years imprisonment for possessing 100 or more marijuana plants.  He admitted to Pretrial Services Officer Gaskins that he knew his acts were illegal, but he did it for the money.  If Chiu would engage in such blatantly illegal and risky behavior within a month of being arrested and released on other federal criminal charges, there is no reason to have any confidence that he would not turn around and engage in other illegal conduct because he needs money.

The fact that this discovery of a marijuana grow operation in Chiu's house took place thirty days after his release on bond is an aggravating factor here.  Similarly disconcerting and problematic is that the surety who co-signed the bond is Chiu's wife, who according to her statement to the Court when she signed the bond, lives in the Pebble Beach Drive residence.  Given the nature and extent of the grow operation, the surety must have known what was taking place inside the house.  Suffice it to say she is no longer an individual in which the Court can have any confidence and she is no longer suitable as a surety.

In sum, there is sufficient evidence in this case to raise the rebuttable presumption under Section 3148(b) that no condition or combination of conditions would assure that Chiu will not pose a danger to

MOTION TO REVOKE BOND
CR 14-0196 CRB                     6

1  the community. In addition, there is clear and convincing evidence that Chiu has violated a condition of
2  release and he is unlikely to abide by any condition or combination of conditions of release.
3  Accordingly, this Court should order revocation of Chiu's release and his detention pending trial.

5  DATED: May 1, 2014                                          Respectfully submitted,

                                                              MELINDA HAAG
                                                              United States Attorney

                                                                    /s/
                                                              SUSAN E. BADGER
                                                              Assistant United States Attorney