

May 15, 2014

Hon. Charles R. Breyer
Senior Judge, United States District Court
San Francisco Courthouse
Courtroom 6 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Motion for Protective Order in United States v. Kwok Cheung Chow et al.*
            *Case No. CR 14-0196 CRB*

Dear Judge Breyer:

    We write on behalf of non-party news organizations The Center for Investigative Reporting, The Los Angeles Times, The Sacramento Bee and the San Francisco Chronicle (collectively, the "News Organizations") regarding the Stipulated and [Proposed] Protective Order (the "Protective Order") (Dkt. 279).

    Given the indisputable public interest in this case – in which a prominent politician is accused of official corruption at the conclusion of a sweeping investigation, and in which defendants have made their own allegations of entrapment and governmental overreaching[1] – the News Organizations are concerned about the blanket nature and unlimited scope of the proposed Protective Order currently being considered by this Court. The News Organizations respectfully request an opportunity to file a brief memorandum of points and authorities regarding their concerns and to be heard on this matter at the same time as the Government and Defendants' counsel present argument to this Court.

    The Protective Order currently under consideration by the Court in this case (Dkt. No. 279), is most problematic because it sweeps "[a]ll the material that the Government produces to the defense ... pursuant to its discovery obligations" into its strictures. It contains no carve-out for the handling of exculpatory evidence and is seemingly purposefully unclear as to whether "subject materials" may be filed in the public court record, as it states that parties must use "appropriate measures to protect the safety and security of third parties when necessary." This is contrary to established First Amendment jurisprudence and important public policies.

---

[1] *See* Associated Press, Leland Yee's Defense Team Accuses FBI Of Entrapment, April 20, 2014, *available at* http://www.huffingtonpost.com/2014/04/20/leland-yee_n_5182086.html.

Anchorage    New York    Seattle
Bellevue    Portland    Shanghai
Los Angeles    San Francisco    Washington, D.C.

www.dwt.com

ORIGINAL

The broad scope of the proposed Protective Order strays from typical practice in federal criminal cases and implicates First Amendment concerns as there exists, a presumptive right of access to pretrial criminal proceedings and documents. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986); *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985) ("*CBS II*"). The Supreme Court has made it clear that the press has standing to object to orders restricting public and press access to court proceedings. In *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982), the Court emphasized that, under the First Amendment, "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings.

The Supreme Court in *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555 (1980) established the right of access to criminal proceedings. In that case, the Court emphasized that a presumption of open judicial proceedings has "long been recognized as an indispensable attribute of an Anglo-American trial." *Id.* at 569. "From this unbroken, uncontradicted history, supported by reasons as valid today as in centuries past, we are bound to conclude that a presumption of openness inheres in the very nature of a criminal trial under our system of justice." *Id.* at 573.

Indeed, the presumptive constitutional right of access that is enjoyed by the public and press includes pretrial criminal proceedings and records, even those proceedings and records that involve potentially prejudicial evidence that may ultimately be excluded at trial. In *Press-Enterprise*, 478 U.S. at 13, the Supreme Court held that the presumptive First Amendment right of public access extended to the preliminary hearing of a man facing the death penalty for murdering 12 hospital patients, even though, like a suppression hearing, it might reveal evidence to the public that ultimately may be excluded at trial. The Court observed that the First Amendment right to access "would in most instances attach" to a "suppression hearing[.]" *Id.* at 7. The court held that a suppression hearing "must be open unless the party seeking to close the hearing advances an overriding interest that is likely to be prejudiced." *Id.*

In light of this precedent, the Ninth Circuit consistently has held that this constitutional right of access attaches to all records filed in criminal proceedings. As then-Judge Kennedy instructed more than twenty years ago, the Ninth Circuit recognizes a broad "presumption that the public and the press have a right of access to criminal proceedings *and the documents filed therein*," which "extends to documents filed in pretrial proceedings as well as in the trial itself." *CBS II*, 765 F.2d at 825 (emphasis added). Similarly, in *Associated Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983) the Ninth Circuit held that "the first amendment right of access to criminal proceedings applies, in general, to pretrial documents," including documents filed in connection with "suppression hearings." 705 F.2d at 1145.

In recognition of these authorities, the Northern District has adopted a local rule requiring parties to follow constitutionally based procedures for sealing court records. Indeed, the Court's

comments to Local Rule 56-1 explicitly state that "[a]s a public forum, the Court has a policy of providing to the public full access to documents filed with the Court." Commentary to L.R. 56-1 *available at* http://www.cand.uscourts.gov/localrules/criminal. Local Rule 56-1 requires that "no document may be filed under seal (i.e., closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof." The rule requires any party seeking to file a document under seal to provide "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable..." and "[a] redacted version of the document that is sought to be filed under seal." L.R. 56-1(c)(2). No such declaration is provided in support of the Government's motion for entry of the Protective Order, nor does the proposed Protective Order explicitly provide for or appear to even contemplate such procedures. Accordingly, the breadth and vagueness of the proposed Protective Order is of great concern to the News Organizations.

Additionally, the Government does not meet the standard for good cause required for entry of a broad protective order. It relies largely on out-of-circuit authority to justify a blanket protective order on the ground that third parties may be embarrassed by their mention in relation to this case. *See* Mot. at 5, citing *United States v. Smith*, __ F.Supp.2d __, 2013 WL 6576791 (S.D.N.Y. 2013); *United States v. Bulger*, 283 F.R.D. 46 (D.Mass. 2012). In the Ninth Circuit, preventing embarrassment of third parties is not grounds, in itself, for the entry of a protective order. *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34, 44-45 (C.D. Cal. 1984) ("The fact that some of the documents submitted in connection with the motions for summary judgment are papers produced from third parties does not take those documents out of the category to which the public has a presumptive right of access."). Indeed, as one court in California recently ruled, "blanket protective orders extend broad protection to all documents produced in litigation, without a showing of good cause for confidentiality as to any individual documents. *Such orders are, by nature, overinclusive.*" *United States v. Booth*, 2012 U.S. Dist. LEXIS 147419, 7-8 (E.D. Cal. Oct. 12, 2012) (citations omitted, emphasis added).

Ensuring access to court documents – as well as court proceedings – serves an important policy purpose by allowing the public to participate in and serve as a check upon the judicial process. *Globe*, 457 U.S. at 604-06. The importance of public oversight cannot be underestimated: "Public confidence cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *Gannett Co. v. DePasquale*, 443 U.S. 368, 429 (1979) (citation omitted; Blackmun, J. concurring and dissenting). Here, in a case concerning allegations of public corruption against a prominent government official, a wide-ranging, years-long investigation using the extensive exercise of formidable law enforcement powers, and conflicting allegations of entrapment and law-enforcement misconduct, the public interest could not be more acute.

      While the Government sought extensive publicity when it indicted Chow and the other Defendants,[2] it ironically now seeks to have all other evidence regarding its investigation kept secret. To allow such wide restrictions on the handling of evidence in this important case runs counter to the United States' constitutionally enshrined mandate for the conduct of open trials. For these reasons, the News Organizations respectfully request that the Court consider these concerns and allow them to be heard on this issue.

      Respectfully submitted,

      Davis Wright Tremaine LLP

      Thomas R. Burke

---

[2] Grand Jury Returns An Indictment Against State Senator Yee, Raymond "Shrimpboy" Chow, And Twenty-Seven Related Defendants, *available at* http://www.justice.gov/usao/can/news/2014/2014_04_04_yee.etal.indicted.press.html; Chow Indictment, *available at* http://www.justice.gov/usao/can/news/2014/docs/CHOW%20-%20Indictment.pdf; California State Senator And Chee Kung Tong Dragonhead Among Twenty-Six Defendants Charged In Federal Criminal Complaint, *available at* http://www.justice.gov/usao/can/news/2014/2014_03_26_ckt.charged.press.html; CKT Criminal Complaint, *available at* http://www.justice.gov/usao/can/news/2014/docs/CKT%20-%20Criminal%20Complaint.pdf.

# Proof of Service

I, Mary E. Land, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111-6533.

I caused to be served the following document:

**Letter to the Hon. Charles R. Breyer re: Motion for Protective Order**

I caused the above document to be served on each person on the attached list by the following means:

☒ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on April 23, 2014, following the ordinary business practice.
*(Indicated on the attached address list by an [M] next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on March 14, 2013 for guaranteed delivery on _____, following the ordinary business practice.
*(Indicated on the attached address list by an [FD] next to the address.)*

☐ I consigned a true and correct copy of said document for facsimile transmission on _____.
*(Indicated on the attached address list by an [F] next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and hand delivered on _____.
*(Indicated on the attached address list by an [H] next to the address.)*
☐ A true and correct copy of said document was emailed on _____.
*(Indicated on the attached address list by an [E] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on May 15, 2014, at San Francisco, California.

_____
Mary E. Land

1

# Service List

| Key: | [M] | **Delivery by Mail** | [FD] | Delivery by Federal Express | [H] | Delivery by Hand |
|------|-----|----------------------|------|-----------------------------|-----|------------------|
|      | [F] | Delivery by Facsimile | [FM] | Delivery by Facsimile and Mail | [E] | Delivery by Email |

| All Parties served by Mail [M] | |
|---|---|
| Susan Badger<br>U.S. Attorney's Office<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>(415) 436-7199<br>Susan.Badger@usdoj.gov | Representing USA<br>Plaintiff |
| William Frentzen<br>U.S. Attorney's Office, NDCA<br>Gang Strike Force Unit<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>415-436-6959<br>william.frentzen@usdoj.gov | Representing USA<br>Plaintiff |
| S. Waqar Hasib<br>U.S. Attorney's Office<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>415-436-7261<br>waqar.hasib@usdoj.gov | Representing USA<br>Plaintiff |
| Gregory Mackean Bentley<br>Law Office of Gregory M. Bentley<br>506 Broadway<br>San Francisco, CA 94133<br>415-986-5591<br>415-421-1331 (fax)<br>bentley.greg@gmail.com | Representing Kwok Cheung Chow (1)<br>Defendant |
| Curtis L. Briggs<br>Briggs Law San Francisco, Inc.<br>506 Broadway<br>San Francisco, CA 94133<br>415-986-5591<br>415-421-1331 (fax)<br>curt.briggs@gmail.com | Representing Kwok Cheung Chow<br>Defendant |

| | |
|---|---|
| J. Tony Serra<br>Attorney at Law<br>506 Broadway<br>San Francisco, CA 94133<br>415-986-5591<br>415-421-1331 (fax)<br>sbrown@pier5law.com | Representing Kwok Cheung Chow<br>Defendant |
| James J. Brosnahan<br>Somnath Raj Chatterjee<br>Christopher Wesley Magana<br>Seth A Schreiberg<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105<br>415-268-7000<br>415-268-7522 (fax)<br>jbrosnahan@mofo.com<br>schatterjee@mofo.com<br>cmagana@mofo.com<br>sschreiberg@mofo.com | Representing Keith Jackson<br>Defendant |
| Teresa Caffese<br>Law Offices of Teresa Caffese<br>1000 Brannan Street, Suite 400<br>San Francisco, CA 94103<br>415-536-1455<br>415-522-1506 (fax)<br>teresa@caffeselaw.com | Representing Yat Wa Pau<br>Defendant |
| Christopher J. Cannon<br>Sugarman & Cannon<br>180 Montgomery Street<br>Suite 2350<br>San Francisco, CA 94104<br>415-362-6252<br>415-362-6431 (fax)<br>chris@sugarmanandcannon.com | Representing Anthony John Lai<br>Defendant |
| Winston Y Chan<br>Vanessa Alejandra Pastora<br>Gibson Dunn Crutcher LLP<br>555 Mission Street<br>San Francisco, CA 94105-0921<br>415-393-8362<br>415-374-8460 (fax)<br>wchan@gibsondunn.com<br>vpastora@gibsondunn.com | Representing Andy Li<br>Defendant |

| | |
|---|---|
| Maia Taussig Perez<br>555 Mission Street<br>Suite 3000<br>San Francisco, CA 94105<br>(415) 393-8206<br>(415) 374-8455 (fax)<br>MPerez@GibsonDunn.com | Representing Andy Li<br>Defendant |
| Gilbert Eisenberg<br>Law Offices of Gilbert Eisenberg<br>400 Montgomery Street, Suite 200<br>San Francisco, CA 94104-1325<br>415-433-3476<br>(415)296-8734 (fax)<br>g.eisenberg@sbcglobal.net | Representing George Nieh<br>Defendant |
| Nicole Elise Giacinti<br>Morris & Giacinti LLP<br>899 Ellis Street<br>San Francisco, CA 94109<br>415-553-3902<br>415-848-9130 (fax)<br>nicolegiacinti@gmail.com | Representing Xiu Ying Ling Liang<br>Defendant |
| Bruno Vincent Gioffre, Jr.<br>Law Office of Bruno V. Gioffre, Jr., PLLC<br>2900 Westchester Avenue<br>Suite 200<br>Purchase, NY 10577<br>914-358-6430<br>914-358-6431 (fax)<br>bruno@bgioffrelaw.com | Representing Norge Ronald Mastrangelo<br>Defendant |
| Julia Mezhinsky Jayne<br>Jayne Law Group, P.C.<br>425 California Street<br>Suite 550<br>San Francisco, CA 94104<br>(415) 623-3600<br>(415) 623-3605 (fax)<br>julia@jaynelawgroup.com | Representing Norge Ronald Mastrangelo<br>Defendant |
| Jai M. Gohel<br>Attorney at Law<br>819 Eddy Street<br>San Francisco, CA 94610<br>415-771-6174<br>415-474-3748 (fax)<br>jaigohel@rocketmail.com | Representing Jane Miao Xhen Liang<br>Defendant |

| | |
|---|---|
| Steven Francis Gruel<br>Law Office of Steven F. Gruel<br>315 Montgomery Street, 9th Floor<br>San Francisco, CA 94104<br>415-989-1253<br>415-449-3622 (fax)<br>attystevengruel@sbcglobal.net | Representing Marlon Sullivan<br>Defendant |
| Kurt Kevin Robinson<br>4681 Deadwood Drive<br>Fremont, CA 94536<br>510-825-4453<br>kkroblaw@gmail.com | Representing Marlon Sullivan<br>Defendant |
| Richard G Hullinger<br>Law Office of Richard Hulinger<br>P.O. Box 591756<br>San Francisco, CA 94159<br>415-812-1759<br>richardh@defendergroup.com | Representing Rinn Roeun<br>Defendant |
| Randall Gary Knox<br>Attorney at Law<br>870 Market Street, Suite 415<br>San Francisco, CA 94102<br>415-765-7500<br>415-765-7501 (fax)<br>randyknox@aol.com | Representing Albert Nhingsavath<br>Defendant |
| James Antone Lassart<br>Murphy Pearson Bradley & Feeney<br>88 Kearny Street, 10th Floor<br>San Francisco, CA 94108-5530<br>415-788-1900<br>415-393-8087 (fax)<br>jlassart@mpbf.com | Representing Leland Yee<br>Defendant |
| Claire Margaret Leary<br>Law Office of Claire Leary<br>912 Cole Street<br>Suite 347<br>San Francisco, CA 94117<br>415-225-4640<br>510-351-1636 (fax)<br>atyleary@aol.com | Representing Kongphet Chanthavong<br>Defendant |
| Garrick Sherman Lew<br>Law Office of Garrick S. Lew<br>1000 Brannan Street<br>Suite 488<br>San Francisco, CA 94103<br>(415)-575-3588<br>415-522-1506 (fax)<br>gsl@defendergroup.com | Representing Rinn Roeun<br>Defendant |

| | |
|---|---|
| Jonathan Daniel McDougall<br>461 Laurel Street<br>San Carlos, CA 94070<br>650-594-4200<br>650-594-4205 (fax)<br>jdmesquire@hotmail.com | Representing Wilson Sy Lim<br>Defendant |
| Jennifer Lynn Naegele<br>Attorney at Law<br>P.O. Box 12375<br>San Francisco, CA 94112<br>415-519-9116<br>naegelelaw@gmail.com | Representing Bryan Tilton<br>Defendant |
| Harris Bruce Taback<br>Law Offices of Harris B. Taback<br>345 Franklin Street<br>Suite 102<br>San Francisco, CA 94102<br>415-241-1401<br>415-565-0110 (fax)<br>HTaback@earthlink.net | Representing Bryan Tilton<br>Defendant |
| Roger William Patton<br>Patton Wolan Carlise LLP<br>1999 Harrison Street<br>Suite 1350<br>Oakland, CA 94612<br>510-987-7500<br>510/987-7575 (fax)<br>rpatton@pwc-law.com | Representing Huan Ming Ma<br>Defendant |
| Jonathan Lee Piper<br>Lipton, Piper & Sganga, LLP<br>870 Market Street, Suite 945<br>San Francisco, CA 94102<br>415-362-6286<br>415-362-6819 (fax)<br>jon@liptonpiper.com | Representing Gary Kwong Yiu Chen<br>Defendant |
| Edwin Ken Prather<br>Law Offices of Edwin Prather<br>461 Bush Street<br>Suite 350<br>San Francisco, CA 94108<br>(415) 881-7774<br>edwin@pratherlawoffices.com | Representing Hon Keung So<br>Defendant |
| Sara Ellen Rief<br>Law Offices of Hanlon and Rief<br>179 11th St 2nd Floor<br>San Francisco, CA 94103<br>415-864-5600<br>415-865-0376 (fax)<br>sara@stuarthanlonlaw.com | Representing Alan Chiu<br>Defendant |

| | |
|---|---|
| Dennis Patrick Riordan<br>Riordan & Horgan<br>523 Octavia Street<br>San Francisco, CA 94102<br>415-431-3472<br>415-552-2703 (fax)<br>dennis@Riordan-Horgan.com | Representing Leslie W. Yun<br>Defendant |
| Michael Stepanian<br>Law Offices of Michael Stepanian<br>819 Eddy Street<br>San Francisco, CA 94109<br>415-771-6174<br>mstepanian@sbcglobal.net | Representing Tina Yao Gui Liang<br>Defendant |
| Tony Tamburello<br>Attorney at Law<br>214 Duboce Avenue<br>San Francisco, CA 94103<br>(415) 431-4500<br>ttduboce@mindspring.com | Representing Brandon Jamelle Jackson<br>Defendant |
| Robert Frederick Waggener<br>Law Office of Robert Waggener<br>214 Duboce Ave<br>San Francisco, CA 94103<br>415-431-4500<br>(415) 255-8631 (fax)<br>rwlaw@mindspring.com | Representing Kevin Siu<br>Defendant |
| Doron Weinberg<br>Law Offices of Doron Weinberg<br>523 Octavia Street<br>San Francisco, CA 94102<br>415-431-3472<br>415-552-2703 (fax)<br>doronweinberg@aol.com | Representing Xiao Cheng Mei<br>Defendant |