KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant Pro Se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR14-00196CRB |
| Plaintiff, | |
| vs. | DEFENDANT-INTERVENOR APPLICANT'S NOTICE OF MOTION AND MOTION TO INTERVENE |
| KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Hai Jai," a/k/a "Shrimpboy," et al, | Date: July 23, 2014<br>Time: 2:00 p.m.<br>Courtroom 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |
| Defendants, | |
| KUANG-BAO P. OU-YOUNG, | |
| Defendant-Intervenor Applicant. | |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSELS OF RECORD:

PLEASE TAKE NOTICE that on July 23, 2014, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Charles R. Breyer presiding, applicant Kuang-Bao P. Ou-Young will, and hereby does move, for the Court's permission to intervene in the present litigation. The motion to intervene is based on Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), this notice of motion and motion, the memorandum of points and authorities set forth below, the pleadings and records on file in this case, and upon such further evidence and argument as the Court may consider at the time of the hearing on this motion.

## INTRODUCTION

Defendant Raymond Chow was convicted of engaging in illegal gun sales in 1995. The Ninth Circuit subsequently upheld the jury conviction by invoking "the fairness, integrity or public reputation of judicial proceedings" at the district court. The presumed "fairness, integrity or public reputation of judicial proceedings" has been compromised by a civil complaint that applicant lodged with the district court. The civil complaint has exposed improprieties at both the district court and the U.S. attorney's office for the northern district of California. Magistrate judge Nathanael Cousins was a known prosecutor at said U.S. attorney's office immediately before joining the district court in 2011. Because of the damaged reputation of said U.S. attorney's office, judge Cousins should have recused himself from the present litigation. Instead, judge Cousins signed the criminal complaint against defendant Chow. Hence the indictment against defendant Chow in the present case represents a defect. The "fairness, integrity or public reputation" of the present proceedings has been compromised.

## MEMORANDUM OF POINTS AND AUTHORITES

### A. The Ninth Circuit Upheld Defendant Chow's 1995 Conviction by Invoking the Fairness, Integrity or Public Reputation of Judicial Proceedings at the District Court

In *U.S.A. v. Chow*, 145 F.3d 1341 (1998), the Ninth Circuit held:

> Finally, Chow argues the AUSA improperly vouched for the veracity of a witness. We review accusations of vouching under the multi-faceted balancing test set forth in *United States v. Necoechea*: ... 986 F.2d 1273, 1278 (9th Cir. 1993). Reversal is appropriate only if, viewing the error in the context of the entire record, the impropriety "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings, or where failing to reverse a conviction would amount to a miscarriage of justice." ... Chow admits there was no objection interposed at the time of trial, we thus review for plain error.
>
> The alleged vouching occurred during the AUSA's closing argument when, addressing a defense argument—raised both in counsel's opening speech and closing argument—that the prosecution was motivated from an anti-Asian or anti-immigrant bias, he stated:
>
> I would suggest to you that such an allegation has no place in the court. As a procedure, I have an oath to bring cases in a non-discriminatory manner, and I think this attack is nothing more than an attack on the integrity of this office and my self, and I would suggest to you that there's not a scintilla of evidence on the record to support such an allegation.
>
> ER Vol 2, Tab 12 at 1484. In the context of the entire record, the AUSA's statement did not seriously affect the fairness, integrity or public reputation of the judicial proceedings.

However, "the fairness, integrity or public reputation of judicial proceedings" at the district court has been compromised by improprieties exposed by the civil complaint which applicant lodged with the district court on June 10, 2014.

### B. The Fairness, Integrity or Public Reputation of Judicial Proceedings at the District Court Has Been Compromised

On February 2, 2010, applicant filed a civil case against the United States Postal Service (the "Postal Service") with the district court (Case No. C10-00464RS). On June 10, 2011, district judge Richard Seeborg issued a summary judgment and dismissed case C10-00464RS. On May 31, 2012, applicant filed a civil case against four postal employees (Case No. C12-02789LHK).

1  Case C12-02789LHK resulted from the postal employees' presentation of false declarations in
2  defense of the Postal Service in case C10-00464RS. On November 9, 2012, district judge Lucy
3  H. Koh dismissed case C12-02789LHK. On June 10, 2013, judge Koh denied applicant's motion
4  to vacate the judgment dismissing case C12-02789LHK.

5  On September 25, 2013, applicant filed a civil action in response to judge Koh's denial of
6  the motion to vacate judgment in case C12-02789LHK (Case No. C13-04442EMC). District
7  judge Edward M. Chen dismissed case C13-04442EMC on December 20, 2013. With the same
8  order, judge Chen subjected applicant's further complaints to "pre-filing review" by the "general
9  duty judge." Acting under color of judge Chen's order dismissing case C13-04442EMC, district
10 judges Ronald M. Whyte, Richard Seeborg, and Jeffrey S. White dismissed applicant's ensuing
11 complaints before allowing applicant to file. These rulings were rendered to deny applicant
12 procedural due process guaranteed by the Fifth Amendment of the Constitution. As a result,
13 applicant submitted his second petition for impeachment against named judges to the House
14 Judiciary Committee on April 25, 2014.

15 Substantial grounds for impeachment have been left out of the April 25 petition for the
16 sake of brevity. Hence applicant brought a more detailed civil complaint to the district court on
17 June 10. Still acting under color of judge Chen's order dismissing case C13-04442EMC, the
18 receiving clerk assigned the complaint to district judge Beth Labson Freeman for pre-filing
19 review (Case No. C14-80174BLF).

20 The complaint in case C14-80174BLF shows that the motion to dismiss case C12-
21 02789LHK interferes with *Scheuer v. Rhodes*, 416 U.S. 232 (1974) and the motion to dismiss
22 case C13-04442EMC interferes with *Mireles v. Waco*, 502 U.S. 9 (1991) as well as *Scheuer*.
23 Consequently, said U.S. attorney's office has fabricated both the motion to dismiss case C12-
24 02789LHK and the motion to dismiss case C13-04442EMC in violation of 18 U.S.C. §§ 1509,

1  1512(b), and 1512(c). Thus, the improprieties exposed by the complaint in case C14-80174BLF

2  have compromised "the fairness, integrity and public reputation of judicial proceedings" at the

3  district court.

4  **C. The Fairness, Integrity and Public Reputation of the Present Proceedings Has Been**
5  **Compromised**

6      The complaint in case C14-80174BLF shows that judge Whyte, judge White, judge

7  Chen, judge Seeborg, and judge Koh colluded with said U.S. attorney's office to render biased

8  rulings so as to cover up the improprieties that occurred at both the district court and said U.S.

9  attorney's office. Magistrate judge Cousins was appointed in 2011. Immediately before joining

10  the district court, he was a federal prosecutor in said U.S. attorney's office. Since the complaint

11  in case C14-80174BLF has exposed judge Whyte, judge White, judge Chen, judge Seeborg, and

12  judge Koh's improper rulings in favor of said U.S. attorney's office, it is reasonable to question

13  judge Cousins impartiality in the present litigation.

14      28 U.S.C. § 455(a) provides:

15      Any justice, judge, or magistrate judge of the United States shall disqualify
16      himself in any proceeding in which his impartiality might reasonably be
17      questioned.
18
19  According to 28 U.S.C. § 455(a), judge Cousins should have disqualified himself from the

20  present litigation. Yet judge Cousins signed the criminal complaint against defendant Chow.

21  Hence the indictment against defendant Chow in the present case represents a defect. The

22  "fairness, integrity or public reputation" of the present proceedings has been compromised.

23  **D. Judge Freeman's Inaction Has Further Damaged the Fairness, Integrity or Public**
24      **Reputation of Judicial Proceedings at the District Court**

25      In dismissing the complaint in case C14-80174BLF, judge Freeman will have violated 18

26  U.S.C §§ 1509, 1512(b), and 1512(c), as judge Whyte, judge Seeborg, and judge White did. In

27  allowing applicant to file the complaint in case C14-80174BLF, judge Freeman will have

1  admitted to the fact that judge Whyte, judge Seeborg, and judge White have violated 18 U.S.C.

2  §§ 1509, 1512(b), and 1512(c). Unwilling to render either of these two rulings, judge Freeman

3  ought to recuse herself from case C14-80174BLF so that another impartial judge can adjudicate

4  on the case. So far, judge Freeman has refused to take any action regarding case C14-80174BLF.

5  In so doing, judge Freeman has improperly prevented the complaint in question from being heard

6  and denied applicant procedural due process. As a result, judge Freeman's inaction has further

7  damaged "the fairness, integrity or public reputation of judicial proceedings" at the district court.

**E. Allowing Applicant to Intervene Will Rectify Judge Freeman's Inaction**

Rule 8-1(a) of Criminal Local Rules ("Crim. L.R.) provides:

> Whenever a party to a criminal action pending in this District knows or learns that the action is related to a civil or criminal action, which is or was pending in this District, that party shall promptly file a "Notice of Related Case in a Criminal Action" with the Judge assigned to the earliest filed action, shall lodge a copy of the notice with the chambers of each Judge assigned to each related case and shall serve all known parties with a copy of the notice.

Crim. L.R. 8-1(b)(2) defines related case for criminal action as:

> Both actions appear likely to entail substantial duplication of labor if heard by different Judges or might create conflicts and unnecessary expenses if conducted before different judges.

Once allowed to intervene, applicant intends to file a notice to relate case C14-80174BLF to the present case under Crim. L.R. 8-1(a). The Court next allows applicant to file the complaint in case C14-80174BLF. The "fairness, integrity or public reputation of judicial proceedings" at the district court will be restored. Until then will the Court be able to focus on the issue of restoring the "fairness, integrity or public reputation" of the present proceedings.

## CONCLUSION

Based on the above arguments, the Court should allow applicant to intervene in the present litigation.

Respectfully submitted this 7th day of July 2014.

*Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Hai Jai," a/k/a "Shrimpboy," et al,<br><br>　　　　　Defendants. | Case No. CR14-00196CRB<br><br>PROOF OF SERVICE |

This is to certify that a true and correct copy of the following:

　　　Defendant-Intervenor Applicant's Notice of Motion and Motion to Intervene

was delivered in person to the following:

S. Waqar Hasib
Assistant United States Attorney
Susan Badger
Assistant United States Attorney
William Frentzen
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

J. Tony Serra
Gregory M. Bentley
Curtis L. Briggs
Pier 5 Law Offices
506 Broadway
San Francisco, CA 94133

Date: July 7, 2014

　　　　　　　　　　　　　　　　　*Kuong Lin Ou-Young*
　　　　　　　　　　　　　　　　　Kuong Lin Ou-Young
　　　　　　　　　　　　　　　　　260 N. Pastoria Avenue
　　　　　　　　　　　　　　　　　Sunnyvale, CA 94086