# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED
JUL 25 A 7 04

---

UNITED STATES OF AMERICA,

# CR 14 196 CRB

KWOK CHEUNG CHOW et al.

DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

18 U.S.C. § 1962(d) – Conspiracy to Conduct the
Affairs of an Enterprise Through a Pattern of Racketeering Activity;
18 U.S.C. § 1956 – Money Laundering;
18 U.S.C. § 922(a) – Dealing Firearms Without a License;
18 U.S.C. § 922(l) – Illegal Importation of Firearms;
18 U.S.C. § 922(g) – Felon in Possession of Firearm;

21 U.S.C. § 841 – Manufacture and Possession with
Intent to Distribute Narcotics;
21 U.S.C. § 846 – Narcotics Conspiracy;
18 U.S.C. § 924(c) – Possession of Firearm in
Furtherance of Drug Trafficking Crime;
18 U.S.C. §§ 2342, 2344 – Trafficking in Contraband Cigarettes;

18 U.S.C. § 1958 – Murder for Hire;
18 U.S.C. § 371 – Conspiracy;
18 U.S.C § 1951(a) – Conspiracy to Obtain
Property Under Color of Official Right;
18 U.S.C. § 1349 – Honest Services Conspiracy;
18 U.S.C. §§ 1343, 1346 – Honest Services Fraud;
18 U.S.C. § 2 – Aiding And Abetting

---

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this ___24th___ day of
___July 2014___.

_Rose Maher_
Clerk

NO PROCESS

Bail, $ _____

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                   ☒ SUPERSEDING

---OFFENSE CHARGED---

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached

---

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUL 23 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

--- DEFENDANT - U.S ---

▶ KWOK CHEUNG CHOW

DISTRICT COURT NUMBER
14-00196-CRB

---

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:            SHOW
   ☐ U.S. ATTORNEY  ☐ DEFENSE      DOCKET NO.
                                  }

☐ this prosecution relates to a pending case involving this same defendant                MAGISTRATE
                                           CASE NO.
☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this    }
   defendant were recorded under        14-00196-CRB

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     W. Frentzen/S.Badger/W.Hasib

---

### DEFENDANT

IS *NOT* IN CUSTODY
      Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
      summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction          }
                                    } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges }

   If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date
                       filed    _____

DATE OF          Month/Day/Year
ARREST      ▶    03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   ▶    Month/Day/Year
TO U.S. CUSTODY              _____

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance      * Where defendant previously apprehended on complaint, no new summons or
Defendant Address:                        warrant needed, since Magistrate has scheduled arraignment

_____                  Date/Time: _____ Before Judge: _____

Comments:

## KWOK CHEUNG CHOW, a/k/a RAYMOND CHOW

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | |
| 3-6<br>7-12<br>13-16<br>17-23<br>24-30<br>31-35<br>36-45<br>46-52<br>53-59<br>60-64<br>65-71<br>72-74<br>75-79<br>82-84<br>86-88<br>89-90<br>91-98<br>102-109<br>115-123<br>128-132<br>136-140<br>141-147<br>155-157 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 81, 99 | 18 U.S.C. § 371, 2314, 2315<br>Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 101, 133, 162 | 18 U.S.C. § § 371, 2315, 2342(a), 2344<br>Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 167-168<br>172-173<br>177-178<br>179-180<br>185-186<br>189-190<br>191-192<br>193-194<br>196-197<br>198-199<br>202-203 | 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Money Laundering | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

—— **OFFENSE CHARGED** ——

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

FILED

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

—— **DEFENDANT - U.S** ——

▶ LELAND YEE

DISTRICT COURT NUMBER

14-00196-CRB

—— **PROCEEDING** ——

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

—— **DEFENDANT** ——

**IS _NOT_ IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No   If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

—— **ADDITIONAL INFORMATION OR COMMENTS** ——

**PROCESS:**
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address: _____

Date/Time: _____   Before Judge: _____

Comments:

# LELAND YEE

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 2 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | |
| 213, 214 | 18 U.S.C. §  1951(a) – Conspiracy to Obtain Property Under Color of Official Right | 20 years in prison<br>3 years supervised released<br>$250,000 fine<br>$100 special assessment |
| 215 | 18 U.S.C. § 1349 - Honest Services Conspiracy | 20 years in prison<br>3 years supervised released<br>$250,000 fine<br>$100 special assessment |
| 216-221 | 18 U.S.C. § § 1343, 1346, 2 Scheme to Defraud Citizens of Honest Services, Wire Fraud | 20 years in prison<br>3 years supervised released<br>$250,000 fine<br>$100 special assessment |
| 222 | 18 U.S.C. § § 371, 922(a)(1), 922(1) Conspiracy to Traffic in Firearms without a License; Conspiracy to Illegally Import Firearms | 5 years in prison<br>3 years supervised released<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                   ☒ SUPERSEDING

─── OFFENSE CHARGED ───

Please see attached.                        ☐ Petty

                                            ☐ Minor

                                            ☐ Misde-
                                              meanor

PENALTY:   Please see attached              ☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*(FILED stamp: FILED JUL 23 2014 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA)*

─── DEFENDANT - U.S ───

▶ GEORGE NIEH

DISTRICT COURT NUMBER

14-00196-CRB

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
   give name of court

_____

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
   charges previously dismissed          SHOW
   which were dismissed on motion      DOCKET NO.
   of:
     ☐ U.S. ATTORNEY   ☐ DEFENSE   }

☐ this prosecution relates to a
   pending case involving this same
   defendant                            MAGISTRATE
                                         CASE NO.
☒ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this  } 14-mj-70421
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

              ☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

─── DEFENDANT ───

IS *NOT* IN CUSTODY
     Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
     summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

              NDCA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction              }          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
        If answer to (6) is "Yes", show name of institution

_____

Has detainer  ☐ Yes    If "Yes"
been filed?   ☐ No     give date
                       filed
DATE OF                 Month/Day/Year
ARREST        ▶
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT    Bail Amount: _____
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance      * Where defendant previously apprehended on complaint, no new summons or
Defendant Address:                        warrant needed, since Magistrate has scheduled arraignment

_____          Date/Time: _____   Before Judge: _____

Comments:

## GEORGE NIEH, a/k/a "Heng Nieh"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 3-6<br>7-12<br>13-16<br>17-23<br>24-30<br>31-35<br>36-45<br>46-52<br>53-59<br>60-64<br>65-71<br>72-74<br>75-79<br>82-84<br>86-88<br>89-90<br>91-98<br>102-109<br>115-123<br>128-132<br>136-140<br>141-147<br>155-157 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 80 | 21 U.S.C. § 846, 841(a)(1), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 81, 99 | 18 U.S.C. § 371, 2314, 2315 Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 85, 112, 114 | 18 U.S.C. 922(g)(1) – Felon in Possession of Firearm | 10 years in prison<br>3 years supervised release |
| 100, 207, 225 | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution and Possession with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 101, 133, 162 | 18 U.S.C. §§ 371, 2315, 2342(a), 2344 Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 111, 113 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 167-168 | 18 U.S.C. § 1956(a)(1)(A)(i) and | 20 years in prison |

| 172-173<br>179-180<br>185-186<br>189-190<br>191-192<br>193-194<br>202-203 | (a)(1)(B)(i) - Money Laundering | 3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| --- | --- | --- |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*(FILED stamp)*
JUL 25 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─ OFFENSE CHARGED ─

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached

─ DEFENDANT - U.S ─

▶ KEITH JACKSON

DISTRICT COURT NUMBER
14-00196-CRB

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

### DEFENDANT

IS **NOT** IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST  ▶  Month/Day/Year

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# KEITH JACKSON

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 2 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 110 | 21 U.S.C. § 846, 841(a)(1), and (b)(1)(B) – Conspiracy to Distribute and Possess with Intent to Distribute Cocaine | At least 5 and up to 40 years in prison<br>At least 4 years to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 152, 158, 159, 165, 166, 171, 210 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 204 | 18 U.S.C. § 1958 – Use of Interstate Commerce Facilities in the Commission of Murder for Hire | 10 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 213, 214 | 18 U.S.C. § 1951(a) – Conspiracy to Obtain Property Under Color of Official Right | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 215 | 18 U.S.C. § 1349 - Honest Services Conspiracy | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 216-221 | 18 U.S.C. § § 1343, 1346, 2<br>Scheme to Defraud Citizens of Honest Services, Wire Fraud | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 222 | 18 U.S.C. § § 371, 922(a)(1), 922(l)<br>Conspiracy to Traffic in Firearms without a License; Conspiracy to Illegally Import Firearms | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached

─── DEFENDANT - U.S ───

▶ KEVIN SIU

DISTRICT COURT NUMBER

14-00196-CRB

*FILED*

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

─── DEFENDANT ───

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
   ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

**KEVIN SIU, a/k/a "Dragon Tin Loong Siu"**

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 3-6<br>7-12<br>17-23<br>24-30 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

*FILED*

── DEFENDANT - U.S ──

▶ ALAN CHIU

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER
14-00196-CRB

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
1) ☐   Has not been arrested, pending outcome this proceeding.
        If not detained give date any prior
        summons was served on above charges ▶

2) ☐   Is a Fugitive

3) ☐   Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒   On this charge

5) ☐   On another conviction                    ☐ Federal  ☐ State

6) ☐   Awaiting trial on other charges
        If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No     give date
                       filed

**DATE OF**  ▶   Month/Day/Year
**ARREST**       4/25/14

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED** ▶   Month/Day/Year
**TO U.S. CUSTODY**

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
    give name of court

☐ this person/proceeding is transferred from another district
    per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
    charges previously dismissed       SHOW
    which were dismissed on motion     DOCKET NO.
    of:
    ☐ U.S. ATTORNEY  ☐ DEFENSE  }

☐ this prosecution relates to a
    pending case involving this same
    defendant                          MAGISTRATE
                                       CASE NO.
☒ prior proceedings or appearance(s)  }
    before U.S. Magistrate regarding this   14-00196-CRB
    defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT      Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:                      * Where defendant previously apprehended on complaint, no new summons or
                                          warrant needed, since Magistrate has scheduled arraignment

                                        Date/Time: _____    Before Judge: _____

Comments:

**ALAN CHIU, a/k/a "Alan Shiu"**

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 36-45<br>46-52<br>53-59<br>65-71<br>75-79 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

—— OFFENSE CHARGED ——

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:   Please see attached.

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

*FILED*

┌─ DEFENDANT - U.S ─
▶ KONGPHET CHANTHAVONG

JUL 25 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

14-00196-CRB

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

—— DEFENDANT ——

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐   If not detained give date any prior summons was served on above charges ▶

2) ☐   Is a Fugitive

3) ☐   Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒   On this charge

5) ☐   On another conviction

6) ☐   Awaiting trial on other charges
       } ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes      If "Yes"
been filed?    ☐ No        } give date filed

DATE OF      Month/Day/Year
ARREST       03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                    Before Judge:

Comments:

**KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe"**

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 80 | 21 U.S.C. § 846, 841(a)(1), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 100, 207, 225 | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Distribution and Possession with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 124, 125, 187, 223 | 21 U.S.C. § 841(a)(1) and (b)(1)(B) – Possession with Intent to Distribute Cocaine; Manufacture and Possession with Intent to Distribute Marijuana | At least 5 and up to 40 years in prison<br>At least 4 years and up to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 126 | 18 U.S.C. § 924(c)(1)(A) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime | From 5 years to life, consecutive<br>5 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 112, 114, 135 | 18 U.S.C. 922(g)(1) – Felon in Possession of Firearm | 10 years in prison<br>3 years supervised release |
| 111, 113, 134, | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

---OFFENSE CHARGED---

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

~DEFENDANT - U.S~

▶ XIAO CHENG MEI

DISTRICT COURT NUMBER
14-00196-CRB

FILED
JUL 25 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  W.Frentzen/S.Badger/W.Hasib

### DEFENDANT

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge
5) ☐ On another conviction  }  ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes  } If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST  Month/Day/Year 03/26/2014
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT  Bail Amount:
If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

## XIAO CHENG MEI, a/k/a "Michael Mei"

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 127, 228 | 21 U.S.C. § 841(a)(1) and (b)(1)(B) – Manufacture and Possession with Intent to Distribute Marijuana | At least 5 and up to 40 years in prison<br>At least 4 years and up to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

─ OFFENSE CHARGED ─

Please see attached.

☐ Petty

☐ Minor

☐ Misdemeanor

☒ Felony

PENALTY: Please see attached

─────

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─ DEFENDANT - U.S ─

► BRANDON JAMELLE JACKSON

DISTRICT COURT NUMBER

14-00196-CRB

*FILED*

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─ PROCEEDING ─

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

14-mj-70421

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

─ DEFENDANT ─

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction    ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?    ☐ Yes    If "Yes" give date filed
☐ No

DATE OF ARREST    Month/Day/Year    03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY    ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount:

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:    Before Judge:

# BRANDON JAMELLE JACKSON

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 110 | 21 U.S.C. § 846, 841(a)(1), and (b)(1)(B) – Conspiracy to Distribute and Possess with Intent to Distribute Cocaine | At least 5 and up to 40 years in prison<br>At least 4 years to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 152, 158, 159, 165, 166, 171 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 204 | 18 U.S.C. § 1958 – Use of Interstate Commerce Facilities in the Commission of Murder for Hire | 10 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                   ☒ SUPERSEDING

─ OFFENSE CHARGED ─

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY:   Please see attached

─── Name of District Court, and/or Judge/Magistrate Location ───
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*FILED*

─ DEFENDANT - U.S ─
▶ MARLON DARRELL SULLIVAN
*JUL 25 2014*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
DISTRICT COURT NUMBER
14-00196-CRB

─────────── DEFENDANT ───────────

─ PROCEEDING ─

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

                    ☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     W.Frentzen/S.Badger/W.Hasib

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
      summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction         } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No    } give date
                       filed

DATE OF          Month/Day/Year
ARREST           03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:

☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                     Before Judge:

Comments:

## MARLON DARRELL SULLIVAN

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 110 | 21 U.S.C. § 846, 841(a)(1), and (b)(1)(B) – Conspiracy to Distribute and Possess with Intent to Distribute Cocaine | At least 5 and up to 40 years in prison<br>At least 4 years to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 152, 158, 159, 165, 166, 171 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 204 | 18 U.S.C. § 1958 – Use of Interstate Commerce Facilities in the Commission of Murder for Hire | 10 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

┌─ **OFFENSE CHARGED** ─────────

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached

┌─ **DEFENDANT - U.S** ──────

▶ RINN ROEUN

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
DEFENDANT

┌─ **PROCEEDING** ─────────

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.
}

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.
}

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

┌─ **IS NOT IN CUSTODY** ──────
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction      }  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes     If "Yes"
been filed?  ☐ No      }  give date filed

**DATE OF ARREST**    Month/Day/Year    03/26/2014

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

┌─ **ADDITIONAL INFORMATION OR COMMENTS** ─────────

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

# RINN ROEUN

| Count | Offense | Maximum Penalty |
|---|---|---|
| 174 | 18 U.S.C. § 1958 – Use of Interstate Commerce Facilities in the Commission of Murder for Hire | 10 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 184, 188, 195, 209 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                   ☒ SUPERSEDING

┌─ OFFENSE CHARGED ─────────────────────────┐

Please see attached.                    ☐ Petty

                                        ☐ Minor

                                        ☐ Misde-
                                           meanor

                                        ☒ Felony

PENALTY:   Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

┌─ DEFENDANT - U.S ─────────────────────────┐

▶ ANDY LI

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
  give name of court

☐ this person/proceeding is transferred from another district
  per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
  charges previously dismissed      SHOW
  which were dismissed on motion    DOCKET NO.
  of:
    ☐ U.S. ATTORNEY   ☐ DEFENSE }

☐ this prosecution relates to a
  pending case involving this same
  defendant                        MAGISTRATE
                                   CASE NO.
☒ prior proceedings or appearance(s)
  before U.S. Magistrate regarding this  } 14-00196-CRB
  defendant were recorded under

Name and Office of Person
Furnishing Information on this form   MELINDA HAAG

            ☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      W.Frentzen/S.Badger/W.Hasib

## IS *NOT* IN CUSTODY

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
     summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

## IS IN CUSTODY

4) ☒ On this charge

5) ☐ On another conviction           }
6) ☐ Awaiting trial on other charges }  ☐ Federal  ☐ State

     If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?          } give date
              ☐ No     filed

DATE OF              Month/Day/Year
ARREST       ▶        03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

┌─ ADDITIONAL INFORMATION OR COMMENTS ──────┐

PROCESS:

☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
  ☐ Arraignment  ☐ Initial Appearance     * Where defendant previously apprehended on complaint, no new summons or
                                          warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

                                          Date/Time: _____        Before Judge: _____

Comments:

## ANDY LI, a/k/a "Andy Man Lai Li"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 112, 135 | 18 U.S.C. 922(g)(1) – Felon in Possession of Firearm | 10 years in prison<br>3 years supervised release |
| 111, 134, | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 148-149<br>150-151<br>153-154<br>160-161<br>169-170<br>175-176<br>181-183<br>200-201<br>205-206 | 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Money Laundering | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 187 | 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) – Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marijuana | At least 5 and up to 40 years in prison<br>At least 4 years to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |
| 224 | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

┌─ **DEFENDANT - U.S** ─

▶ LESLIE YUN

DISTRICT COURT NUMBER

14-00196-CRB

**DEFENDANT**

*FILED*

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction   ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year   03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

**LESLIE YUN, a/k/a "Leslie Yuncheung"**

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 89-90<br>91-98<br>102-109<br>115-123<br>141-147 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 101, 133, 162 | 18 U.S.C. § § 371, 2315, 2342(a), 2344<br>Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 207, 227 | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Manufacture, Distribution and Possession with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

---

**— OFFENSE CHARGED —**

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached.

---

**┌─ DEFENDANT - U.S. ─**

▶ YAT WA PAU

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☐ No   } give date filed

DATE OF ARREST ▶   Month/Day/Year   03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**── ADDITIONAL INFORMATION OR COMMENTS ──**

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

## YAT WA PAU, a/k/a "James Pau"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 89-90<br>91-98<br>102-109<br>115-123<br>141-147 | 18 U.S.C. § 1956(a)(3)(A) and (B) - Money Laundering of Funds Believed to Be the Proceeds Of Specified Unlawful Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 133, 162 | 18 U.S.C. § § 371, 2315, 2342(a), 2344<br>Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 207, 227 | 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Manufacture, Distribution and Possession with Intent to Distribute Marijuana | 20 years in prison<br>At least 3 years to life on supervised release<br>$1,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

Please see attached.

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:  Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── **DEFENDANT - U.S** ───

▶ JANE MIAO XHEN LIANG

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

─── **PROCEEDING** ───

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another State or Federal Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:        SHOW
☐ U.S. ATTORNEY  ☐ DEFENSE }  DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant        MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this }
defendant were recorded under      14-mj-70421

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      W.Frentzen/S.Badger/W.Hasib

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges }   ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   If "Yes"
been filed?   ☐ No   } give date
filed

**DATE OF
ARREST**        Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**  ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT      Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*\* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:        Before Judge:

Comments:

## JANE MIAO XHEN LIANG

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 81 | 18 U.S.C. § 371, 2314, 2315<br>Conspiracy to Receive and<br>Transport Stolen Property<br>In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

---

### OFFENSE CHARGED

Please see attached.

☐ Petty

☐ Minor

☐ Misde-
meanor

☒ Felony

PENALTY:  Please see attached.

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---

### DEFENDANT - U.S

▶ TINA YAO GUI LIANG

FILED

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

14-00196-CRB

---

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:                                    SHOW
                                       DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE  }

☐ this prosecution relates to a
pending case involving this same
defendant                              MAGISTRATE
                                       CASE NO.
☒ prior proceedings or appearance(s)  }
before U.S. Magistrate regarding this  14-mj-70421
defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

---

### DEFENDANT

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges  }  ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No      give date
                          filed  _____
DATE OF                  Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶       Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance     * Where defendant previously apprehended on complaint, no new summons or
                                          warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

_____        Date/Time: _____  Before Judge: _____

Comments:

# TINA YAO GUI LIANG

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 81 | 18 U.S.C. § 371, 2314, 2315 Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 208 | 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B) | At least 5 and up to 40 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☒ SUPERSEDING

---OFFENSE CHARGED---

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

---DEFENDANT - U.S---

▶ BRYAN TILTON

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---PROCEEDING---

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      W.Frentzen/S.Badger/W.Hasib

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding.
If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction       ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes        If "Yes"
been filed?    ☐ No          give date filed

DATE OF        Month/Day/Year
ARREST         03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY  ▶

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:

☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT        Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____      Before Judge: _____

Comments:

## BRYAN TILTON

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 81 | 18 U.S.C. § 371, 2314, 2315 Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison 3 years supervised release $250,000 fine $100 special assessment |
| 208 | 21 U.S.C. § 846, 841(a)(1) and (b)(1)(B) | At least 5 and up to 40 years in prison 3 years supervised release $250,000 fine $100 special assessment Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
                                  ☒ SUPERSEDING

| ┌─ OFFENSE CHARGED ─────────────────── |
| Please see attached.   ☐ Petty |
|                        ☐ Minor |
|                        ☐ Misde-meanor |
|                        ☒ Felony |
| PENALTY:  Please see attached. |

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

┌─ DEFENDANT - U.S ─────────────────
▶ HUAN MING MA

*FILED*

DISTRICT COURT NUMBER
14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE
   SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
   MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
   14-mj-70421

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG
   ☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      W.Frentzen/S.Badger/W.Hasib

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
   NDCA

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST      Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____   Before Judge: _____

Comments:

**HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban"**

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 99 | 18 U.S.C. § 371 and 2315 - Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

— OFFENSE CHARGED —

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:  Please see attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

— DEFENDANT - U.S —

► HON KEUNG SO

*FILED*

DISTRICT COURT NUMBER
14-00196-CRB

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

DEFENDANT

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     W.Frentzen/S.Badger/W.Hasib

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      } give date
filed

DATE OF
ARREST                Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

**HON KEUNG SO, a/k/a "Hon So"**

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 99 | 18 U.S.C. § 371 and 2315 - Conspiracy to Receive and Transport Stolen Property In Interstate Commerce | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

┌─ **OFFENSE CHARGED** ─

Please see attached.
☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached.

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

┌─ **DEFENDANT - U.S** ─

▶ NORGE MASTRANGELO

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DIST. OF CALIFORNIA

**DEFENDANT**

─ **PROCEEDING** ─

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
}  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} 14-mj-70421

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
}
6) ☐ Awaiting trial on other charges
☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

─ **ADDITIONAL INFORMATION OR COMMENTS** ─

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                 Before Judge:

Comments:

# NORGE MASTRANGELO

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 148-149 | 18 U.S.C. § 1956(a)(1)(A)(i) and | 20 years in prison |
| 150-151 | (a)(1)(B)(i) - Money Laundering | 3 years supervised release |
| 153-154 | | $250,000 fine |
| 160-161 | | $100 special assessment |
| 163-164 | | |
| 169-170 | | |
| 175-176 | | |
| 181-183 | | |
| 205-206 | | |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Please see attached.

─ DEFENDANT - U.S

▶ ALBERT NHINGSAVATH

**FILED**

**JUL 25 2014**

DISTRICT COURT NUMBER

14-00196-CRB

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-00196-CRB

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction        ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes        If "Yes"
been filed?  ☐ No          give date filed

DATE OF        Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    Month/Day/Year
TO U.S. CUSTODY ▶

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:            Before Judge:

Comments:

## ALBERT NHINGSAVATH

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 148-149<br>150-151<br>153-154<br>160-161<br>163-164<br>169-170<br>175-176<br>181-183<br>200-201<br>205-206 | 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Money Laundering | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 223 | 21 U.S.C. § 841(a)(1) and (b)(1)(B) – Manufacture and Possession with Intent to Distribute Marijuana | At least 5 and up to 40 years in prison<br>At least 4 years to life supervised release<br>$5,000,000 fine<br>$100 special assessment<br>Denial of federal benefits |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

| OFFENSE CHARGED | |
|---|---|
| Please see attached. | ☐ Petty |
| | ☐ Minor |
| | ☐ Misde-meanor |
| | ☒ Felony |
| PENALTY: Please see attached. | |

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

┌─ DEFENDANT - U.S ─
▶ SERGE GEE

**FILED**

DISTRICT COURT NUMBER   JUL 25 2014

14-00196-CRB

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE   } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant   } MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under   } 14-mj-70421

Name and Office of Person Furnishing Information on this form   MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   W.Frentzen/S.Badger/W.Hasib

### DEFENDANT

**IS *NOT* IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: No bail.

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

**SERGE GEE**

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 167-168<br>172-173<br>177-178<br>179-180<br>185-186<br>189-190<br>191-192<br>193-194<br>196-197<br>198-199<br>202-203 | 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Money Laundering | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

─── OFFENSE CHARGED ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY:   Please see attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

─── DEFENDANT - U.S ───

▶ XIU YING LING LIANG

DISTRICT COURT NUMBER
14-00196-CRB

FILED
JUL 25 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE          SHOW
DOCKET NO.      }

☐ this prosecution relates to a
pending case involving this same
defendant                       MAGISTRATE
CASE NO.
☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this   }
defendant were recorded under          14-mj-70421

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)        W.Frentzen/S.Badger/W.Hasib

IS **NOT** IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction          }
6) ☐ Awaiting trial on other charges  }  ☐ Federal ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date
filed

DATE OF         Month/Day/Year
ARREST      ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED    ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

## XIU YING LING LIANG, a/k/a "Elaine Liang"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 1 | 18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |
| 167-168<br>172-173<br>177-178<br>179-180<br>185-186<br>189-190<br>191-192<br>193-194<br>196-197<br>198-199<br>202-203 | 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Money Laundering | 20 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT

☒ SUPERSEDING

—— OFFENSE CHARGED ——

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:    Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

—— DEFENDANT - U.S ——

▶ GARY KWONG YIU CHEN

*FILED*

DISTRICT COURT NUMBER

14-00196-CRB

*JUL 25 2014*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

—— DEFENDANT ——

—— PROCEEDING ——

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

    ☐ U.S. ATTORNEY    ☐ DEFENSE    } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under    } MAGISTRATE CASE NO.

14-mj-70421

Name and Office of Person Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges    } ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?    ☐ Yes    ☐ No    If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

—— ADDITIONAL INFORMATION OR COMMENTS ——

PROCESS:
☐ SUMMONS    ☒ NO PROCESS*    ☐ WARRANT

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance
Defendant Address:

_____

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____    Before Judge: _____

Comments:

**GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David"**

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 191-192 | 18 U.S.C. § 1956(a)(1)(A)(i) and | 20 years in prison |
| 196-197 | (a)(1)(B)(i) - Money Laundering | 3 years supervised release |
| 198-199 | | $250,000 fine |
| 202-203 | | $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

─── **OFFENSE CHARGED** ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: Please see attached.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

─── **DEFENDANT - U.S** ───

▶ ANTHONY JOHN LAI

DISTRICT COURT NUMBER
14-00196-CRB

*FILED*
*JUL 25 2014*
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **DEFENDANT** ───

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of: **SHOW DOCKET NO.**
  ☐ U.S. ATTORNEY ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant

**MAGISTRATE CASE NO.**

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under } 14-00196-CRB

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
  NDCA

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes" give date filed
been filed?  ☐ No

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

\* *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____    Before Judge: _____

Comments:

## ANTHONY JOHN LAI, a/k/a "AJ"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 191-192 | 18 U.S.C. § 1956(a)(1)(A)(i) and | 20 years in prison |
| 196-197 | (a)(1)(B)(i) - Money Laundering | 3 years supervised release |
| 198-199 | | $250,000 fine |
| 202-203 | | $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

— OFFENSE CHARGED —

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached.

— DEFENDANT - U.S —

▶ TONG ZAO ZHANG

**FILED**

DISTRICT COURT NUMBER  JUL 2 5 2014
14-00196-CRB

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

— DEFENDANT —

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    W.Frentzen/S.Badger/W.Hasib

### IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction      ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No     give date
filed

DATE OF     Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: No bail.

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                 Before Judge:

Comments:

## TONG ZAO ZHANG

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 162 | 18 U.S.C. § § 371, 2315, 2342(a), 2344 Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison 3 years supervised release $250,000 fine $100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached.

┌─ DEFENDANT - U.S ─
► ZHANGHAO WU

*FILED*

DISTRICT COURT NUMBER
14-00196-CRB

JUL 2 5 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

**Federal Bureau of Investigation**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-mj-70421

Name and Office of Person
Furnishing Information on this form      MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      W.Frentzen/S.Badger/W.Hasib

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed?   ☐ No    give date filed

DATE OF
ARREST                  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►      Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____      Before Judge: _____

Comments:

## ZHANGHAO WU, a/k/a "Jason,"

| Count | Offense | Maximum Penalty |
|---|---|---|
| 101, 133, 162 | 18 U.S.C. § § 371, 2315, 2342(a), 2344<br>Conspiracy to Traffic And Trafficking In Contraband Cigarettes | 5 years in prison<br>3 years supervised release<br>$250,000 fine<br>$100 special assessment |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached.

─── DEFENDANT - U.S ───

▶ BARRY BLACKWELL HOUSE

FILED

DISTRICT COURT NUMBER

14-00196-CRB

JUL 25 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

14-00196-CRB

Name and Office of Person Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     W.Frentzen/S.Badger/W.Hasib

─── DEFENDANT ───

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☒ On this charge

5) ☐ On another conviction
☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes    If "Yes"
been filed?  ☐ No    give date filed

DATE OF     Month/Day/Year
ARREST     03/26/2014

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ▶  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Comments:

## BARRY BLACKWELL HOUSE, a/k/a "Barry Black";

| Count | Offense | Maximum Penalty |
|-------|---------|-----------------|
| 210 | 18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License | 5 years in prison<br>3 years supervised release<br>$250,000<br>$100 special assessment |
| 211, 212 | 18 U.S.C. 922(g)(1) – Felon in Possession of Firearm | 10 years in prison<br>3 years supervised release |

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

─── **OFFENSE CHARGED** ───

Please see attached.

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

PENALTY:  Please see attached.

─── **DEFENDANT - U.S** ───

► WILSON SY LIM

DISTRICT COURT NUMBER
14-00196-CRB

FILED
JUL 25 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

─── **PROCEEDING** ───

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court,
  give name of court

☐ this person/proceeding is transferred from another district
  per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
  charges previously dismissed
  which were dismissed on motion
  of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
  pending case involving this same
  defendant

☒ prior proceedings or appearance(s)
  before U.S. Magistrate regarding this
  defendant were recorded under

MAGISTRATE
CASE NO.

14-mj-70421

Name and Office of Person
Furnishing Information on this form        MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)        W.Frentzen/S.Badger/W.Hasib

─── **DEFENDANT** ───

**IS *NOT* IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
     summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
     NDCA

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

Has detainer    ☐ Yes    If "Yes"
been filed?     ☐ No      give date
                          filed

DATE OF    ►
ARREST              Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED  ►  Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

## WILSON SY LIM, a/k/a "Dr. Lim"

| <u>Count</u> | <u>Offense</u> | <u>Maximum Penalty</u> |
|---|---|---|
| 222 | 18 U.S.C. § § 371, 922(a)(1), 922(1) Conspiracy to Traffic in Firearms without a License; Conspiracy to Illegally Import Firearms | 5 years in prison<br>3 years supervised released<br>$250,000 fine<br>$100 special assessment |

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2

3              UNITED STATES DISTRICT COURT

4              NORTHERN DISTRICT OF CALIFORNIA

5                  SAN FRANCISCO DIVISION

6

7  UNITED STATES OF AMERICA,               )   CRIMINAL NO. CR 14 0196 CRB
                                           )
8          v.                              )
                                           )   **SUPERSEDING INDICTMENT**
9  KWOK CHEUNG CHOW, a/k/a "Raymond        )
   Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"; )  VIOLATIONS --
10 LELAND YEE;                             )   18 U.S.C. § 1962(d) – Conspiracy to Conduct the
   GEORGE NIEH, a/k/a "Heng Nieh";         )   Affairs of an Enterprise Through a Pattern of
11 KEITH JACKSON;                          )   Racketeering Activity;
   KEVIN SIU, a/k/a "Dragon Tin Loong Siu"; )  18 U.S.C. § 1956 – Money Laundering;
12 ALAN CHIU, a/k/a "Alan Shiu";           )   18 U.S.C. § 922(a) – Dealing Firearms Without a
   KONGPHET CHANTHAVONG, a/k/a "Joe,"      )   License;
13 a/k/a "Fat Joe";                        )   18 U.S.C. § 922(l) – Illegal Importation of Firearms;
   XIAO CHENG MEI, a/k/a "Michael Mei";    )   18 U.S.C. §  922(g) – Felon in Possession of
14 BRANDON JAMELLE JACKSON;                )   Firearm;
   MARLON DARRELL SULLIVAN;                )   21 U.S.C. §  841 – Manufacture and Possession with
15 RINN ROEUN;                             )   Intent to Distribute Narcotics;
   ANDY LI, a/k/a "Andy Man Lai Li";       )   21 U.S.C. § 846 – Narcotics Conspiracy;
16 LESLIE YUN, a/k/a "Leslie Yuncheung";   )   18 U.S.C. §  924(c) – Possession of Firearm in
   YAT WA PAU, a/k/a "James Pau";          )   Furtherance of Drug Trafficking Crime;
17 JANE MIAO XHEN LIANG;                   )   18 U.S.C. § §  2342, 2344 – Trafficking in
   TINA YAO GUI LIANG;                     )   Contraband Cigarettes;
18 BRYAN TILTON;                           )   18 U.S.C. §  1958 – Murder for Hire;
   HUAN MING MA, a/k/a "Ming Ma," a/k/a    )   18 U.S.C. § 371 – Conspiracy;
19 "Baak Ban";                             )   18 U.S.C. § 1951(a) – Conspiracy to Obtain Property
   HON KEUNG SO, a/k/a "Hon So";           )   Under Color of Official Right;
20 NORGE MASTRANGELO;                      )   18 U.S.C. § 1349 – Honest Services Conspiracy;
   ALBERT NHINGSAVATH;                     )   18 U.S.C. §§ 1343, 1346 – Honest Services Fraud;
21 SERGE GEE;                              )   18 U.S.C. § 2 – Aiding And Abetting
   XIU YING LING LIANG, a/k/a "Elaine      )
22 Liang";                                 )
   GARY KWONG YIU CHEN, a/k/a "Gary        )
23 Chen," a/k/a "Jimmy," a/k/a "David";    )
   ANTHONY JOHN LAI, a/k/a "AJ";           )
24 TONG ZAO ZHANG;                         )
   ZHANGHAO WU, a/k/a "Jason";             )
25 BARRY BLACKWELL HOUSE, a/k/a "Barry     )
   Black"; and                            )
26 WILSON SY LIM, a/k/a "Dr. Lim";         )
                                           )
27         Defendants.                     )
                                           )
28

1

## SUPERSEDING INDICTMENT

2   The Grand Jury charges:

3   COUNT ONE: (18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise
             Through a Pattern of Racketeering Activity)

4

5       The Racketeering Enterprise

6       1.      The Chee Kung Tong, also known as "Gee Kung Tong," also known as "Supreme Lodge
7   Chinese Freemasons of the World," also known as the "CKT" (hereafter "CKT"), was a predominantly
8   Chinese American association based in Chinatown, in the City and County of San Francisco, whose
9   members operated in the City and County of San Francisco and elsewhere, and whose activities affected
10  other parts of the United States. The members of CKT primarily conducted their activities in the Bay
11  Area, centered in the cities of San Francisco and Oakland. CKT existed since at least the late 1800s.
12  The roots of the CKT were the Hung Mun societies in China, which were formed largely to overthrow
13  the Qing Dynasty in China. Members of the Hung Mun groups formed new organizations in America as
14  their members migrated from China, including CKT. CKT was formed primarily for civic purposes to
15  benefit the communities of Chinese immigrants and Chinese Americans and to protect them from abuse
16  by other Americans, as well as to continue supporting overthrow of the Qing Dynasty from afar. Over
17  the years, CKT developed both positive legal community functions and activities and criminal functions
18  and activities. Some members of CKT were strictly involved in legal functions and activities of CKT.
19  Other members were also involved in illegal activities. The CKT had chapters in many different North
20  American cities so that there were chapters around the country and in other countries. The Hop Sing
21  Tong in San Francisco's Chinatown, also known as "HST" (hereafter "HST") similarly formed as a
22  fraternal organization dedicated to the community of Chinese immigrants and Chinese Americans. The
23  HST also maintained chapters in other North American cities. Over the years, the HST also developed
24  both positive legal community functions and activities and criminal functions and activities. The CKT
25  acted as an "umbrella" organization in relation to the HST such that the Dragonhead of the CKT had
26  influence over the leadership and activities of the HST.

27      2.      Some members of CKT received titles and corresponding Triad numbers. The Triads
28  were international criminal organizations based in China. Examples include the "Dragonhead" or

1

SUPERSEDING INDICTMENT
CR 14 0196 CRB

"General" with a corresponding number of "489"; "red pole" or "red stick," or "enforcer" or "soldier" with a corresponding number of "426"; "white paper fan," or "organizer," with a corresponding number of "415"; and ordinary or normal members with a corresponding number of "49." Members of the CKT with corresponding Triad numbers were familiar with Triad handshakes and hand signs used to identify other individuals with Triad status.

3.     Members of CKT were expected to protect the name, reputation, and status of the group and its individual members from harm, insult, or disrespect by members of rival groups and other persons. CKT members required that all individuals show respect and deference to the group, its membership and associates. To protect the group and to enhance its reputation, CKT members were expected to use any means necessary to force respect from those who showed disrespect, including acts of intimidation and violence.

4.     Members of CKT engaged in criminal activity, including narcotics distribution, assault, robbery, extortion, collection of unlawful debt, murder for hire, money laundering, trafficking in stolen goods, illegal firearms possession, and obstruction of justice. CKT members committed and threatened to commit acts of violence to maintain and enhance membership and discipline within the enterprise, including violence against rival group members, those perceived to be rival group members, rivals in general, those who disrespected or committed violence against CKT members, as well as CKT members and associates who violated the rules of the enterprise.

5.     There were leaders of CKT. The Dragonhead of CKT was feared and respected, and the directions from the Dragonhead were followed by other members. There was a President, Vice Presidents, Directors, Supervisors, Secretaries, officers of Finance, Society Head, Consultants, and other positions. There were leaders or "bosses," sometimes referred to as "Dai Lo," literally referring to "big brother" but signifying a boss within CKT. Below the leaders were "soldiers," those members who have been prepared and known to commit violence on behalf of the group and to protect each other. There were also CKT members who dealt narcotics or engaged in other forms of criminal activity. There were also associates of CKT who were not members, but who engaged with the members in conducting certain illegal activities. There were also leaders and officers of the HST. The Dragonhead of the CKT,

2

1   as an umbrella organization to the HST, held a position of influence in the selection of leaders for the

2   HST and in the activities of the HST.  At one time, the Dragonhead of the CKT also held the leadership

3   position of the HST.  Some individuals were members of both Tongs.

4        6.      CKT members communicated about activities with other CKT members using mobile

5   telephones, telephone text messages, and other modes of electronic and wire communications.

6        7.      CKT, including its leadership, members, and associates constituted an "enterprise" as

7   defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact

8   that was engaged in, and its activities affected, interstate and foreign commerce.  The enterprise

9   constituted an ongoing organization whose members functioned as a continuing unit that had a common

10  purpose of achieving the objectives of the enterprise.

11      Purposes of the Enterprise

12       8.      The purposes of the CKT enterprise, including its members and associates, included, but

13  were not limited to, the following:

14       a.      Preserving and protecting the power, territory, reputation, and profits of the enterprise, its

15  members, and associates, through the use of security, intimidation, violence, threats of violence, and

16  assaults;

17       b.      Organizing and carrying out shows of strength and intimidation, assaults, and other

18  violence when perceived as necessary for the good of the enterprise and members and associates of the

19  enterprise;

20       c.      Promoting and enhancing the enterprise and the activities of its members and associates,

21  including, but not limited to, narcotics trafficking, trafficking in stolen goods, trafficking in contraband

22  cigarettes, firearms trafficking, money laundering, extortion, and other criminal activities;

23       d.      Providing financial support and information to CKT members;

24       e.      Maintaining peace and stability between CKT members by resolving disputes between

25  members; and

26       f.      Providing assistance to other CKT members who committed crimes for and on behalf of

27  the group, to hinder, obstruct, and prevent law enforcement officers from identifying the offenders,

28

3

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  apprehending the offenders, and successfully prosecuting and punishing the offenders.

2  The Means and Methods of the Enterprise

3  9.  The means and methods by which the defendants and other members and associates of

4  the CKT conducted and participated in the conduct of the affairs of CKT included, but were not limited

5  to:

6  a.  Members and Associates of CKT protected and expanded the enterprise's criminal

7  operation by committing, attempting, and threatening to commit violence, including assaults,

8  intimidation, and threats of violence directed against those who would act against CKT and its members

9  and associates;

10  b.  Members of CKT promoted a climate of fear through intimidation, violence, and threats

11  of violence intended to promote the authority of the enterprise and its members and associates and

12  insulate its members and associates from prosecution for the criminal actions of the enterprise; and

13  c.  Members and associates of CKT used the enterprise to commit criminal activities on

14  behalf of the enterprise and its members and associates.

15  10.  It was part of the means and methods of the enterprise that the defendants and other

16  members and associates of CKT discussed with other members and associates of CKT, among other

17  things, the membership and rules of CKT; the status of CKT members and associates to the enterprise;

18  the disciplining of CKT members; CKT members' encounters with law enforcement; plans and

19  agreements regarding the commission of future crimes, including extortion, narcotics trafficking,

20  trafficking in stolen goods, trafficking in contraband cigarettes, money laundering, illegal possession of

21  firearms, pimping, and assault, as well as ways to conceal these crimes; and the enforcement of the rules

22  of CKT.

23  11.  It was further part of the means and methods of the enterprise that the defendants and

24  other members and associates of CKT agreed that acts of violence, including threats, and assault, would

25  be committed by members and associates of CKT against those who would do harm to their members

26  and associates, and others when it suited the enterprise's purposes.

27  12.  It was further part of the means and methods of the enterprise that the defendants and

28

4

1   other members and associates of CKT agreed to distribute narcotics, to commit robbery, extortion,

2   trafficking in stolen property, trafficking in contraband cigarettes, money laundering, murder for hire,

3   pimping, and other crimes, and to conceal their criminal activities by obstructing justice, threatening and

4   intimidating witnesses, and other means.

5       The Racketeering Conspiracy

6       13.     Beginning on a date unknown to the Grand Jury but since at least 2005, and continuing

7   up through and including the present, in the Northern District of California and elsewhere, the

8   defendants,

9               KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy";

10              GEORGE NIEH, a/k/a "Heng Nieh";

11              KEITH JACKSON;

12              KEVIN SIU, a/k/a "Dragon Tin Loong Siu";

13              ALAN CHIU, a/k/a "Alan Shiu";

14              KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe";

15              XIAO CHENG MEI, a/k/a "Michael Mei";

16              BRANDON JAMELLE JACKSON;

17              MARLON DARRELL SULLIVAN;

18              ANDY LI, a/k/a "Andy Man Lai Li";

19              LESLIE YUN, a/k/a "Leslie Yuncheung";

20              YAT WA PAU, a/k/a "James Pau";

21              TINA YAO GUI LIANG;

22              HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban";

23              ALBERT NHINGSAVATH;

24              SERGE GEE; and

25              XIU YING LING LIANG, a/k/a "Elaine Liang"

26  together with others known and unknown to the Grand Jury, each being a person employed by and

27  associated with CKT, an enterprise engaged in, and the activities of which affected, interstate and

28
                                            5

foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the CKT enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

   a.   multiple acts involving dealing in controlled substances, in violation of 21 U.S.C. Sections 841(a)(1) and 846;

   b.   multiple acts indictable under 18 U.S.C. Section 894 (extortionate collection of unlawful debt);

   c.   multiple acts indictable under 18 U.S.C. Section 1956 (money laundering);

   d.   multiple acts indictable under 18 U.S.C. Sections 2314 and 2315 (interstate sale of stolen property and receipt of property stolen in interstate commerce);

   e.   multiple acts indictable under 18 U.S.C. Section 2342 and 2344 (dealing in contraband cigarettes); and

   f.   multiple acts indictable under 18 U.S.C. Section 1958 (murder for hire);

   14.   It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

   Means and Methods of the Conspiracy

   15.   The means and methods by which the defendants and other members and associates of the CKT conducted and participated in the conspiracy included, but were not limited to:

   a.   Manufacturing, distributing, and possessing with intent to distribute narcotics including cocaine, heroin, and marijuana. Manufacturing included setting up houses and warehouses as locations to grow marijuana. Distribution included distribution both inside and outside of California.

   b.   Laundering money believed to be the proceeds of specified unlawful activity including from narcotics trafficking and gambling. Laundering the money included making deposits of cash into business or personal accounts and then transferring the money back to the original owner of the money through wire transfers and checks.

   c.   Laundering money from narcotics trafficking in order to get the money from the East

6

1  Coast back to California.  Laundering the money included delivering cash on the East Coast and

2  receiving laundered cash in California.

3        d.     Offering to collect unlawful debts through threats and violence.

4        e.     Offering to purchase and purchasing property believed to have been stolen for resale.

5        f.     Offering to purchase and purchasing contraband cigarettes for resale.

6        g.     Offering to commit murder for payment of money.

7        h.     Selling firearms and ammunition without a license.

8        i.     Selling ballistic vests.

9        j.     Possessing and carrying firearms by convicted felons including for protection of

10  members and associates of the enterprise and for protection of other criminal activities.

11        k.     Selling illegal and fraudulent access devices.

12        l.     Making introductions of members, associates, and other individuals for the purpose of

13  committing the criminal activities listed above, and otherwise facilitating the criminal activities listed

14  above in exchange for payment.

15       All in violation of Title 18, United States Code, Section 1962(d).

16

17  COUNT TWO: (18 U.S.C. § 1962(d) – Conspiracy to Conduct the Affairs of an Enterprise Through a
                                Pattern of Racketeering Activity)

18

19       The Racketeering Enterprise

20        1.     Leland Yee for Mayor 2011 was a Candidate Controlled Committee under Section 82106

21  of the California Government Code, created to finance and conduct the electoral campaign of California

22  State Senator LELAND YEE for Mayor of San Francisco for the Mayoral election held on November 8,

23  2011.  Leland Yee for Secretary of State 2014 was a Candidate Controlled Committee under Section

24  82106 of the California Government Code, created to conduct and finance the electoral campaign of

25  California State Senator LELAND YEE for California Secretary of State for the primary election in June

26  of 2014 and the general election in November 2014.  Collectively, Leland Yee for Mayor 2011 and

27  Leland Yee for Secretary of State 2014 (hereafter referred to as "the Campaign") had common

28

                                                  7

1  employees, consultants, contributors, and structure. The Campaign was based in the City and County of

2  San Francisco and in the City of Sacramento. Its members operated in the City and County of San

3  Francisco, in the City of Sacramento, throughout the State of California, and elsewhere, and its activities

4  affected other parts of the United States outside of California. The Campaign was in existence since at

5  least 2011. It was formed to finance and to support the San Francisco Mayoral campaign and the

6  campaign for California Secretary of State of LELAND YEE. The Campaign engaged in legal

7  fundraising and campaign activities as well as criminal fundraising and campaign activities. Some

8  members of the Campaign were strictly involved in legal functions and activities. Other members were

9  also involved in illegal activities.

10    2.    The Campaign had a candidate, officers, employees, and consultants. The Candidate was

11  California State Senator LELAND YEE.   Consultants included KEITH JACKSON. KEITH

12  JACKSON was involved in fundraising and advising for the Campaign.

13    3.    As members of the Campaign, defendants YEE and JACKSON engaged in criminal

14  activity, including wire fraud, honest services fraud, bribery, extortion, trafficking in firearms, and

15  money laundering.

16    4.    Members of the Campaign communicated about activities with other members and

17  associates of the Campaign using mobile telephones, telephone text messages, electronic mail, and other

18  modes of electronic and wire communications.

19    5.    The Campaign, including its candidate, leadership, members, and associates constituted

20  an "enterprise" as defined in Title 18, United States Code, Section 1961(4), that is, a group of

21  individuals associated in fact that was engaged in, and its activities affected interstate and foreign

22  commerce. The enterprise constituted an ongoing organization whose members functioned as a

23  continuing unit that had a common purpose of achieving the objectives of the enterprise.

24    Purposes of the Enterprise

25    6.    The purposes of the Campaign, including its members and associates, included, but were

26  not limited to, the following:

27    a.    Solicitation of campaign contributions for the election of LELAND YEE to public office

28

8

1  in exchange for official action by California State Senator LELAND YEE and in exchange for

2  assistance in providing firearms and other weapons;

3        b.    Solicitation of money for LELAND YEE and KEITH JACKSON; and

4        c.    Providing financial support to members of the Campaign, including LELAND YEE and

5  KEITH JACKSON.

6      The Means and Methods of the Enterprise

7        7.    The means and methods by which the defendants and other members and associates of

8  the Campaign have conducted and participated in the conduct of the affairs of the Campaign included,

9  but were not limited to:

10        a.    Members and associates of the Campaign would solicit campaign contributions and

11  payments to the Campaign, and to LELAND YEE and KEITH JACKSON, in exchange for official

12  action by California State Senator LELAND YEE;

13        b.    Members and associates of the Campaign protected unlawful campaign contributions and

14  payments of money by routing those contributions through third party "straw" or "conduit" contributors

15  by reimbursing those contributors and by requesting secrecy from perceived co-conspirators, intended to

16  promote the enterprise and its members and associates and insulate its members and associates from

17  prosecution for the criminal actions of the enterprise; and

18        c.    Members and associates of the Campaign used the enterprise to commit criminal

19  activities on behalf of the enterprise and its members and associates.

20        8.    It was part of the means and methods of the enterprise that the defendants and other

21  members and associates of the Campaign discussed with other members and associates of the Campaign,

22  among other things, the membership and conduct of the Campaign; the status of the Campaign members

23  and associates to the enterprise; plans and agreements regarding the commission of future crimes,

24  including mail fraud, wire fraud, honest services fraud, bribery, extortion, trafficking in firearms, money

25  laundering, as well as ways to conceal these crimes; and the solicitation and acquisition of campaign

26  contributions and other money.

27        9.    It was further part of the means and methods of the enterprise that the defendants and

28

9

SUPERSEDING INDICTMENT
CR 14 0196 CRB

other members and associates of the Campaign agreed to commit mail fraud, wire fraud, honest services fraud, bribery, extortion, trafficking in firearms, money laundering, and other crimes.

The Racketeering Conspiracy

10.     Beginning on a date unknown to the Grand Jury but since at least 2011, and continuing up through and including the present, in the Northern District of California and elsewhere, the defendants,

LELAND YEE, and
KEITH JACKSON,

together with others known and unknown to the Grand Jury, each being a person employed by and associated with the Campaign, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Campaign enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.     multiple acts indictable under 18 U.S.C. Sections 1341, 1343 and 1346 (mail fraud, wire fraud, and honest services fraud);

b.     multiple acts indictable under 18 U.S.C. Section 1951(a) (extortion);

c.     multiple acts indictable under 18 U.S.C. Section 2332g (relating to missile systems designed to destroy aircraft);

d.     multiple acts indictable under 18 U.S.C. Section 1956 (money laundering, including but not limited to money laundering with the intent to promote the carrying on of offenses under 18 U.S.C. Sections 922(l) (relating to the unlawful importation of firearms) and 924(n) (relating to firearms trafficking)); and

e.     multiple acts involving bribery, in violation of California Penal Code Section 86.

11.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Means and Methods of the Conspiracy

12.     The means and methods by which the defendants and other members and associates of

10

the Campaign have conducted the conspiracy included, but were not limited to:

    a.    Soliciting and receiving bribes and payments to YEE and JACKSON to be influenced in the performance of official action related to the business Well Tech in California.

    b.    Soliciting and receiving bribes and payments to YEE and JACKSON to be influenced in the performance of official action related to issuing an official proclamation to the Chee Kung Tong.

    c.    Soliciting and receiving bribes and payments to YEE and JACKSON to be influenced in the performance of official action related to legislation in the area of medical marijuana.

    d.    Extorting individuals related to the California State Athletic Commission (CSAC) and the Mixed Martial Arts industry regarding retaining the existence of the CSAC and its ability to regulate certain sports in the California.

    e.    Extorting individuals and professional sports teams related to the passage of legislation governing the ability of professional athletes to collect workers' compensation for injuries in California.

    f.    Soliciting and receiving payments and contributions from individual donors in excess of those allowable under state and local laws.

    g.    Disguising and concealing excessive payments and contributions by individual donors by routing those payments and contributions through "straw" donors.

    h.    Soliciting payments and contributions to YEE and JACKSON in exchange for making introductions to individuals purported to be able to provide weapons including firearms for resale.

    i.    Transporting currency outside of the United States for the purpose of purchasing firearms and other weapons for resale and importation into the United States.

    Overt Acts

    13.    In furtherance of the conspiracy and in order to effectuate the object thereof, the defendants and their co-conspirators, and others both known and unknown to the Grand Jury, in various combinations, directly and indirectly, within the Northern District of California and elsewhere, committed overt acts including, but not limited to, the following:

    a.    On or about May 25, 2011, JACKSON solicited an FBI undercover employee, UCE 4599, to contribute money for YEE's mayoral campaign.

11

1    b.      On or about June 24, 2011, JACKSON again solicited UCE 4599 to contribute money to

2   YEE's mayoral campaign.  UCE 4599 declined and offered to introduce JACKSON to another

3   undercover employee, UCE 4773.

4    c.      On or about September 21, 2011, YEE and JACKSON solicited UCE 4773 to make

5   campaign contributions to YEE's mayoral campaign and received a $500 check from UCE 4773.

6    d.      On or about October 11, 2011, JACKSON received a $5,000 personal check made

7   payable to "Jackson Consultancy" from UCE 4773 as a contribution to YEE's mayoral campaign.

8   JACKSON told UCE 4773 that YEE would be aware of the donation because JACKSON would tell

9   YEE.

10    e.      On or about October 14, 2011, YEE met with UCE 4773 and discussed additional

11   contributions by UCE 4773 to YEE's campaign.  YEE discussed UCE 4773 being careful and covering

12   his tracks.

13    f.      On or about January 18, 2012, after losing the San Francisco mayoral campaign, YEE

14   solicited UCE 4773 for additional contributions to retire remaining debt for YEE's mayoral campaign.

15   JACKSON also solicited similar contributions from the UCE.

16    g.      On or about April 27, 2012, at JACKSON's request, UCE 4773 mailed a $5,000 personal

17   check to JACKSON.

18    h.      On or about June 26, 2012, YEE met with government agents purportedly affiliated with

19   a software consulting company client, Well Tech.  UCE 4773 informed YEE that he was seeking to

20   position Well Tech to compete for grants and contracts in the State of California.  YEE discussed how

21   the Secretary of State office might be of interest to UCE 4773 in furthering his goals for Well Tech.

22   YEE acknowledged the UCE's "help with $5,000 and so on," and asked for the UCE to "help with

23   another 10."

24    i.      On or about September 4, 2012, YEE told UCE 4773 that he needed to retire $32,000 in

25   debt from the mayoral race and could not announce for Secretary of State until the debt was reduced.

26   YEE asked UCE 4773 to "do another 10."  UCE 4773 said that he would need YEE to make a telephone

27   call or two on behalf of Well Tech to the state health department.  YEE agreed to make the call.

28

                                          12

1    j.    On or about September 19, 2012, YEE spoke with UCE 4773 regarding a letter from

2   YEE to the California health department on behalf of Well Tech. YEE agreed to write a letter and told

3   the UCE to send a draft of the letter.

4    k.    On or about September 24, 2012, JACKSON and UCE 4773 spoke on the telephone and

5   JACKSON again asked UCE 4773 for money to clear up YEE's mayoral campaign debt. UCE 4773

6   told JACKSON that he would do so when he received the letter on behalf of Well Tech from YEE.

7    l.    On or about September 26, 2012, JACKSON told UCE 4773 that YEE was more

8   comfortable making telephone calls than with putting things in writing.

9    m.    On or about October 18, 2012, YEE and UCE 4773 spoke on the telephone and UCE

10  4773 explained that an individual with the California Department of Public Health was considering Well

11  Tech for a grant. UCE 4773 asked YEE to participate in a telephone call with UCE 4773 and the state

12  employee and vouch for Well Tech. YEE agreed to participate in the telephone call.

13   n.    On or about October 18, 2012, YEE participated in a conference call with UCE 4773 and

14  another undercover employee, UCE 4138, who was posing as an employee with the California

15  Department of Public Health who was considering Well Tech for a state grant. During the call, YEE

16  expressed his familiarity with and support for Well Tech.

17   o.    On or about November 19, 2012, JACKSON met with UCE 4599 at a restaurant in San

18  Francisco and received $10,000 cash paid by UCE 4599 on behalf of UCE 4773. UCE 4599 asked

19  about the letter from YEE on behalf of Well Tech that was still outstanding. JACKSON said the letter

20  would be forthcoming. UCE 4599 asked JACKSON if he knew anyone who could assist CHOW in

21  getting CHOW's ankle monitoring device removed. JACKSON said he would ask YEE. UCE 4599

22  told JACKSON that he would pay off the remainder of the debt if YEE would assist CHOW.

23   p.    On or about November 20, 2012, JACKSON and YEE discussed UCE 4599's request

24  and offer. YEE discussed his knowledge of CHOW's criminal reputation and told JACKSON that as

25  much as he wanted the $5,000, he could not agree to UCE 4599's request.

26   q.    On or about November 23, 2012, YEE had a conversation with a member of his State

27  Senate staff about the $10,000 that had been received by the campaign from UCE 4773.

28

13

r.    On or about January 13, 2013, JACKSON used email to send UCE 4773 a letter dated January 11, 2013, on the California State Senate letterhead of "Senator Leland Y. Yee, Ph.D., Eighth Senate District." The letter, which appeared to be signed by YEE, was addressed to Well Tech and expressed YEE's support for Well Tech's expansion to California.

s.    On or about January 22, 2013, JACKSON introduced YEE to UCE 4599 at a restaurant in San Francisco. UCE 4599 and YEE discussed CHOW and CHOW's criminal reputation. UCE 4599 asked YEE instead to provide an official proclamation to the Chee Kung Tong at an upcoming celebration of the Chee Kung Tong's anniversary. YEE agreed to the request.

t.    On or about February 14, 2013, JACKSON told UCE 4599 that YEE would be doing the proclamation for the Chee Kung Tong. UCE 4599 told JACKSON that he would provide YEE a check at the celebration or shortly thereafter.

u.    On or about March 2, 2013, YEE and JACKSON had a conversation by telephone. YEE explained about the California State Athletic Commission and a pending Senate bill, SB-309, to JACKSON and told JACKSON that YEE was on the Senate Committee that would be voting on whether to keep the CSAC or "just trash it." YEE told JACKSON that he spoke to an individual (hereafter "Individual A") who had an interest in extending the existence of the CSAC and "did a number" on that person. YEE said that he told Individual A that YEE intended to shut down the CSAC, but Individual A should hire JACKSON to lobby YEE to vote to extend the CSAC. JACKSON subsequently spoke to Individual A, who said he was fearful that YEE was going to vote against extending the life of the CSAC. JACKSON told Individual A that he was willing to help, but would have to be paid.

v.    On or about March 3, 2013, YEE instructed JACKSON during a telephone call to tell Individual A that convincing YEE to vote in favor of the CSAC extension was going to be a "heavy lift" and JACKSON could not be expected to do the work of lobbying YEE for free.

w.    On or about March 6, 2013, JACKSON met with Individual A and an individual (hereafter referred to as "Individual B") who had an interest in extending the term of the CSAC. Individual B was concerned about whether SB-309 was going to pass and knew that YEE had influence

14

1  over that decision. During the meeting, Individual B learned that JACKSON was a close associate of

2  YEE and that YEE was running for Secretary of State.

3      x.    On or about March 14, 2013, YEE met with UCE 4180 and discussed his interest in

4  statewide legislation in California that would regularize the laws pertaining to medical marijuana. UCE

5  4180 discussed particular provisions he wanted to see in statewide legislation that were consistent with

6  UCE 4180's business model and told YEE that he would be willing to make donations to YEE's

7  Secretary of State campaign.

8      y.    On or about March 29, 2013, a staff member from one of YEE's district offices appeared

9  at the Chee Kung Tong anniversary celebration dinner in San Francisco and presented a framed

10  proclamation on California State Senate letterhead to the Chee Kung Tong. The staffer said she was

11  officially presenting the proclamation from Senator YEE.

12      z.    On or about April 6, 2013, YEE and JACKSON met with an undercover employee, UCE

13  4180, and discussed the business interests of UCE 4180 and UCE 4180 making contributions to YEE's

14  campaign.

15      aa.    On or about April 24, 2013, JACKSON talked with UCE 4180. UCE 4180 told

16  JACKSON that he wanted to make a small donation to YEE's Secretary of State campaign to show good

17  faith and JACKSON agreed.

18      bb.    On or about April 25, 2013, JACKSON sent a text message to UCE 4180 providing the

19  account information for the Jackson Consultancy bank account. On or about April 29, 2013, UCE 4180

20  made a direct cash deposit of $3,000 to JACKSON's bank account.

21      cc.    On or about April 29, 2013, the California Senate Business, Professions, and Economic

22  Development Committee held a hearing and vote on SB-309. YEE voted in favor of SB-309 and

23  extending the term of the CSAC. The full vote by the Senate on SB-309 did not take place until

24  September 2013.

25      dd.    On or about May 1, 2013, JACKSON sent a text message to UCE 4599 telling him to

26  make his check out to "Leland Yee. For Secretary of State."

27      ee.    On or about May 6, 2013, UCE 4599 provided JACKSON with a $5,000 check made

28

15

1  payable to "Leland Yee Secretary of State." During a phone conversation with UCE 4599 on or about
2  May 9, 2013, YEE thanked UCE 4599 for his donation.

3  ff.    On or about May 10, 2013, YEE talked with CHS #11, a confidential human source
4  working in an undercover capacity for the FBI. CHS#11 asked YEE to contact another State Senator,
5  hereafter referred to as State Senator 1, to express support for medical marijuana legislation that would
6  include features that would be helpful to UCE 4180. CHS #11 offered to make a campaign donation in
7  exchange for the contact.

8  gg.    On or about May 14, 2013 YEE spoke with JACKSON and told JACKSON that he could
9  make the call to State Senator 1. YEE instructed JACKSON to get campaign donations from UCE 4180
10  and CHS #11.

11  hh.    On or about May 17, 2013, YEE and JACKSON met with UCE 4180, and others at a
12  restaurant in San Francisco. UCE 4180 reiterated the request that YEE contact State Senator 1. YEE
13  stated that he was not interested in making money, but wanted his friends to benefit from his work.
14  During the meeting, UCE 4180 gave YEE an envelope containing $5,000 cash in connection with
15  YEE's assistance in furthering UCE 4180's interest in medical marijuana legislation. During the same
16  meeting, JACKSON told YEE that UCE 4180 knew the owner of an NFL team (hereafter "NFL Team
17  A") and UCE 4180 confirmed this fact. YEE then told UCE 4180 about California Assembly Bill No.
18  1309 (hereafter "AB-1309"), entitled "Workers' Compensation: Professional Athletes," introduced in
19  the California legislature to limit the ability of professional athletes employed by non-California teams
20  to file workers' compensation claims in California. YEE explained that owners of professional football
21  teams had an interest in AB 1309, it was in the financial interests of the owner of NFL Team A for AB
22  1309 to pass, and YEE held a key position on the Senate Committee that would be considering AB 1309
23  because YEE controlled two votes on the Committee. YEE also stated that the players on professional
24  football teams opposed AB 1309. YEE told UCE 4180 that UCE 4180 should convey this information
25  to the owner of NFL Team A and the owner of NFL Team A should contact YEE with an offer to help
26  YEE. When UCE 4180 asked how much YEE's vote would cost, YEE responded, "Oh no … we gotta

27
28

16

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  drag it out, man. We gotta juice this thing." YEE and JACKSON said they planned to talk to both the
2  owners of, and the players on, another professional sports team.

3      ii.     On or about May 20, 2013, YEE and JACKSON spoke with UCE-4180 on the telephone
4  and YEE provided UCE 4180 with an update on the status of two bills pertaining to medical marijuana
5  that were pending in the state legislature.

6      jj.     On or about June 20, 2013, in Sacramento, California, YEE introduced UCE 4180 to
7  State Senator 1 at a meeting also attended by JACKSON. YEE explained UCE 4180's interest in certain
8  provisions of statewide medical marijuana legislation and expressed support for the issue of medical
9  marijuana.

10     kk.     On or about June 22, 2013, YEE and JACKSON met with UCE 4180 in a hotel room in
11  San Francisco. UCE 4180 delivered an envelope containing $11,000 cash and said that it was for the
12  meeting with State Senator 1. YEE discussed his upcoming vote on AB 1309 and represented that he
13  controlled two votes on the Senate Labor and Industrial Relations Committee and that his vote was
14  critical. When the subject of payment of money by the owner of NFL Team A came up, YEE directed
15  UCE 4180 to discuss that subject with JACKSON. Before leaving the room, YEE prompted JACKSON
16  to pick up the envelope and take it with them.

17     ll.     On or about June 22, 2013, JACKSON told UCE 4180 that YEE was going "to be
18  helpful" to the owner of NFL Team A, but wanted more money. When UCE 4180 conveyed an offer
19  from the owner of NFL Team A to pay YEE $60,000 for YEE's favorable vote on AB 1309, JACKSON
20  told UCE 4180 that he would talk with YEE, but added, "I guarantee it is going to be fine." After
21  learning the amount of money NFL Team A was purportedly willing to pay, JACKSON immediately
22  contacted YEE by telephone and several hours later, JACKSON sent a text message to UCE 4180
23  stating, "Hey [UCE 4180], where [sic] all good on our end … kj." UCE 4180 did not pay any money to
24  JACKSON or YEE.

25     mm.     On or about July 4, 2013, YEE and JACKSON spoke by telephone and YEE expressed
26  his expectation that UCE 4599 would provide more money to the Secretary of State campaign.

27     nn.     On or about July 10, 2013, the California Senate Labor and Industrial Relations

28
                                                    17

1   Committee held a vote on AB 1309. YEE voted in favor of the bill's passage.

2        oo.     On or about July 11, 2013, JACKSON received a $1,800 check made payable to "Leland
3   Yee Secretary of State" from UCE 4599.

4        pp.     On or about July 15, 2013, YEE complained to JACKSON about the small amount of
5   money received from UCE 4180 "for all we've done," and mentioned having set up the meeting for
6   UCE 4180 with State Senator 1.

7        qq.     On or about August 26, 2013, YEE introduced UCE 4180 to another State Senator,
8   hereafter referred to as State Senator 2, whom YEE represented as having influence over medical
9   marijuana legislation. JACKSON was also present for the meeting. During the meeting, YEE
10  advocated for the provisions UCE 4180 wanted in the legislation.

11       rr.     On or about September 11, 2013, YEE voted in favor of SB-309.

12       ss.     On or about September 17, 2013, JACKSON and UCE 4180 met YEE at a restaurant in
13  San Francisco. UCE 4180 told YEE he was paying for the meetings and handed an envelope containing
14  $10,000 cash to JACKSON.

15       tt.     On or about March 4, 2014, JACKSON discussed YEE and Wilson Lim providing
16  weapons for sale and importation to the United States with UCE 4599.

17       uu.     On or about March 5, 2014, YEE and JACKSON met with UCE 4599 and discussed
18  defendant Wilson Lim as a source to sell weapons for importation to the United States.

19       vv.     On or about March 11, 2014, YEE and JACKSON, and Wilson Lim met with UCE 4599
20  to discuss purchasing weapons from the Philippines to import into the United States.

21       ww.     On or about March 14, 2014, YEE and JACKSON met with UCE 4599 and YEE
22  accepted $6,800 in U.S. Currency along with a list of weapons to pass to Wilson Lim.

23       xx.     On or about March 15, 2014, JACKSON accepted a copy of a list of weapons to pass to
24  Wilson Lim.

25       All in violation of Title 18, United States Code, Section 1962(d).

26

27  COUNTS 3-6: (18 U.S.C. § 1956(a)(3)(A) and (B) -- Money Laundering)

28                                           18
    SUPERSEDING INDICTMENT
    CR 14 0196 CRB

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KEVIN SIU, a/k/a "Dragon Tin Loong Siu,"
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 3 | 3/19/2011 | $22,000 | Receipt of $22,000 in cash by SIU |
| 4 | 3/19/2011 | $22,000 | Receipt of $22,000 in cash by NIEH |
| 5 | 3/25/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 6 | 3/25/2011 | $20,000 | Payment of $20,000 check by SIU |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 7-12: (18 U.S.C. § 1956(a)(3)(A) and (B) – Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
KEVIN SIU, a/k/a "Dragon Tin Loong Siu,"
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|

19

SUPERSEDING INDICTMENT
CR 14 0196 CRB

| 7  | 4/12/2011 | $44,000 | Receipt of $44,000 in cash by SIU |
| 8  | 4/13/2011 | $44,000 | Receipt of $44,000 in cash by NIEH |
| 9  | 4/20/2011 | $15,000 | Payment of $15,000 check by NIEH |
| 10 | 4/20/2011 | $15,000 | Payment of $15,000 check by NIEH |
| 11 | 4/20/2011 | $10,000 | Payment of $10,000 check by NIEH |
| 12 | 4/25/2011 | $40,000 | Payment of $40,000 check by SIU |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 13-16:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 13 | 5/4/2011 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 14 | 5/9/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 15 | 5/11/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 16 | 5/13/2011 | $20,000 | Payment of $20,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 17-23:  (18 U.S.C. § 1956(a)(3)(A) and (B)- Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
KEVIN SIU, a/k/a "Dragon Tin Loong Siu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

20

1  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

2  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

3  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

4  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

5  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

6  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 17 | 5/26/2011 | $110,000 | Receipt of $110,000 in cash by NIEH |
| 18 | 5/26/2011 | $55,000 | Receipt of $50,000 in cash by SIU |
| 19 | 6/1/2011 | $25,000 | Payment of $25,000 check by NIEH |
| 20 | 6/1/2011 | $25,000 | Payment of $25,000 check by NIEH |
| 21 | 6/2/2011 | $50,000 | Wire transfer of $50,000 by SIU |
| 22 | 6/3/2011 | $25,000 | Payment of $25,000 check by NIEH |
| 23 | 6/7/2011 | $25,000 | Wire transfer of $25,000 by NIEH |

13  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

15  COUNTS 24-30: (18 U.S.C. § 1956(a)(3)(A) and (B)- Money Laundering)

16      On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
KEVIN SIU, a/k/a "Dragon Tin Loong Siu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

19  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

20  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

21  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

22  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

23  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

24  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 24 | 6/16/2011 | $110,000 | Receipt of $110,000 in cash by NIEH |
| 25 | 6/16/2011 | $66,000 | Receipt of $66,000 in cash by SIU |
| 26 | 6/22/2011 | $25,000 | Payment of $25,000 check by NIEH |

SUPERSEDING INDICTMENT
CR 14 0196 CRB

| 27 | 6/22/2011 | $25,000 | Payment of $25,000 check by NIEH |
| 28 | 6/22/2011 | $60,000 | Wire transfer of $60,000 by SIU |
| 29 | 6/24/2011 | $25,000 | Payment of $25,000 check by NIEH |
| 30 | 6/24/2011 | $25,000 | Payment of $25,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 31-35:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
| --- | --- | --- | --- |
| 31 | 7/14/2011 | $132,000 | Receipt of $132,000 in cash by NIEH |
| 32 | 7/20/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 33 | 7/20/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 34 | 7/23/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 35 | 7/23/2011 | $30,000 | Payment of $30,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 36-45:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
ALAN CHIU, a/k/a "Alan Shiu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

22

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

2  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

3  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

4  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

5  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

6  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 36 | 8/1/11 | $110,000 | Receipt of $110,000 in cash by NIEH |
| 37 | 8/1/11 | $33,000 | Receipt of $33,000 in cash by CHIU |
| 38 | 8/5/11 | $8,000 | Payment of $8,000 check by CHIU |
| 39 | 8/5/11 | $8,000 | Payment of $8,000 check by CHIU |
| 40 | 8/5/11 | $8,000 | Payment of $8,000 check by CHIU |
| 41 | 8/9/11 | $30,000 | Payment of $30,000 check by NIEH |
| 42 | 8/9/11 | $20,000 | Payment of $20,000 check by NIEH |
| 43 | 8/11/11 | $30,000 | Payment of $30,000 check by NIEH |
| 44 | 8/11/11 | $20,000 | Payment of $20,000 check by NIEH |
| 45 | 8/17/11 | $6,000 | Payment of $6,000 check by CHIU |

14  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

16  COUNTS 46-52:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

17      On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
ALAN CHIU, a/k/a "Alan Shiu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

21  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

22  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

23  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

24  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

25  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

26  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|

23

SUPERSEDING INDICTMENT
CR 14 0196 CRB

| 46 | 9/22/11 | $132,000 | Receipt of $132,000 in cash by NIEH |
| 47 | 9/22/11 | $66,000 | Receipt of $66,000 in cash by CHIU |
| 48 | 9/29/11 | $30,000 | Payment of $30,000 check by NIEH |
| 49 | 9/29/11 | $30,000 | Payment of $30,000 check by NIEH |
| 50 | 10/1/11 | $30,000 | Payment of $30,000 check by NIEH |
| 51 | 10/1/11 | $30,000 | Payment of $30,000 check by NIEH |
| 52 | 10/4/11 | $60,000 | Wire transfer of $60,000 by CHIU |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 53-59:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
ALAN CHIU, a/k/a "Alan Shiu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
| --- | --- | --- | --- |
| 53 | 10/19/2011 | $132,000 | Receipt of $132,000 in cash by NIEH |
| 54 | 10/19/2011 | $44,000 | Receipt of $44,000 in cash by CHIU |
| 55 | 10/24/2011 | $40,000 | Wire transfer of $40,000 by CHIU |
| 56 | 10/28/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 57 | 10/28/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 58 | 10/31/2011 | $30,000 | Payment of $30,000 check by NIEH |
| 59 | 10/31/2011 | $30,000 | Payment of $30,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 60-64: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

24

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

2  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

3  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

4  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

5  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

6  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 60 | 11/17/2011 | $88,000 | Receipt of $88,000 in cash by NIEH |
| 61 | 11/23/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 62 | 11/23/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 63 | 11/25/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 64 | 11/25/2011 | $20,000 | Payment of $20,000 check by NIEH |

11  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

13  COUNTS 65-71: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

14  On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
ALAN CHIU, a/k/a "Alan Shiu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

18  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

19  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

20  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

21  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

22  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

23  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 65 | 12/13/2011 | $88,000 | Receipt of $88,000 in cash by NIEH |
| 66 | 12/13/2011 | $22,000 | Receipt of $22,000 in cash by CHIU |
| 67 | 12/21/2011 | $20,000 | Wire transfer of $20,000 by CHIU |
| 68 | 12/21/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 69 | 12/21/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 70 | 12/23/2011 | $20,000 | Payment of $20,000 check by NIEH |
| 71 | 12/23/2011 | $20,000 | Payment of $20,000 check by NIEH |

25

SUPERSEDING INDICTMENT
CR 14 0196 CRB

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 72-74: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 72 | 1/25/2012 | $77,000 | Receipt of $77,000 in cash by NIEH |
| 73 | 2/3/2012 | $35,000 | Payment of $35,000 check by NIEH |
| 74 | 2/3/2012 | $35,000 | Payment of $35,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 75-79: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
ALAN CHIU, a/k/a "Alan Shiu," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

SUPERSEDING INDICTMENT
CR 14 0196 CRB

26

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 75 | 2/13/2012 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 76 | 2/13/2012 | $22,000 | Receipt of $22,000 in cash by CHIU |
| 77 | 2/21/2012 | $20,000 | Wire transfer of $20,000 by CHIU |
| 78 | 2/17/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 79 | 2/17/2012 | $30,000 | Payment of $30,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNT 80:    (21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute
             Marijuana)

On or about February 14, 2012, in the Northern District of California and elsewhere, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

knowingly and intentionally conspired and agreed with each other, and with others, known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a Schedule I controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(C).

COUNT 81: (18 U.S.C. § 371 – Conspiracy)

Between on or about December 13, 2011, through and including on or about March 13, 2012, in the Northern District of California, and elsewhere, the defendants,

KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"
GEORGE NIEH, a/k/a "Heng Nieh,"
JANE MIAO XHEN LIANG,
TINA YAO GUI LIANG; and
BRYAN TILTON,

knowingly and willfully conspired and agreed with each other and with others, known and unknown to the Grand Jury, to commit offenses against the United States: that is,

(1) to receive, possess, store, sell, and dispose of property, that is, 50 cases of Hennessey XO

alcohol, of a value of $5,000 or more which had crossed a State boundary after being stolen and

27

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  subsequently brought into the State of California, knowing the same to have been stolen, in

2  violation of Title 18, United States Code, Section 2315; and

3  (2) to transport, transmit, and transfer in interstate and foreign commerce from the State of

4  California to a location outside of the United States, stolen goods, wares and merchandise, that

5  is, 50 cases of Hennessey XO alcohol, of the value of $5,000 or more, knowing the same to have

6  been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Section

7  2314.

8  ## OVERT ACTS

9  In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt

10 acts, among others, were committed in the Northern District of California and elsewhere:

11 1. On or about December 13, 2011, the defendant RAYMOND CHOW discussed selling stolen

12    liquor with an undercover employee;

13 2. On or about January 23, 2012, the defendants RAYMOND CHOW and GEORGE NIEH

14    discussed selling stolen liquor with an undercover employee and indicated that defendant TINA

15    LIANG would arrange buyers in China;

16 3. On or about January 25, 2012, the defendant GEORGE NIEH discussed selling stolen liquor

17    with an undercover employee;

18 4. On or about February 6, 2012, the defendant JANE LIANG discussed selling stolen liquor with

19    an undercover employee;

20 5. On or about February 16, 2012, the defendant RAYMOND CHOW discussed selling stolen

21    liquor to TINA LIANG with an undercover employee;

22 6. On or about March 5, 2012, the defendants GEORGE NIEH and TINA LIANG met with an

23    undercover employee to discuss selling stolen liquor;

24 7. On or about March 9, 2012, the defendants TINA LIANG and BRYAN TILTON purchased

25    purportedly stolen liquor from an undercover employee.

26 8. On or about March 13, 2012, the defendant RAYMOND CHOW received payment for this

27    transaction.

28

28

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1    All in violation of Title 18, United States Code, Section 371.

2

3    COUNTS 82-84:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

4              On or about the dates set forth below, in the Northern District of California, the defendants,

5

6                              GEORGE NIEH, a/k/a "Heng Nieh," and
     KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

7    with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

8    and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

9    of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

10   affecting interstate or foreign commerce involving property represented by a law enforcement officer to

11   be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

12   activity, to wit:

13
| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 82 | 4/19/2012 | $77,000 | Receipt of $77,000 in cash by NIEH |
| 83 | 4/27/2012 | $35,000 | Payment of $35,000 check by NIEH |
| 84 | 4/27/2012 | $35,000 | Payment of $35,000 check by NIEH |

16   All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

17

18   COUNT 85:  (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

19              On or about April 19, 2012, in the Northern District of California, the defendant,

20                              GEORGE NIEH, a/k/a "Heng Nieh,"

21   having previously been convicted of an offense punishable by more than one year imprisonment, did

22   knowingly possess in interstate and foreign commerce a firearm, that is, a Rossi .22 caliber revolver,

23   serial number 69874.

24              All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

25

26   COUNTS 86-88:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

27              On or about the dates set forth below, in the Northern District of California, the defendants,

28                              GEORGE NIEH, a/k/a "Heng Nieh," and

29

SUPERSEDING INDICTMENT
CR 14 0196 CRB

KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 86 | 5/10/2012 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 87 | 5/17/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 88 | 5/17/2012 | $30,000 | Payment of $30,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 89-90: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
LESLIE YUN, a/k/a "Leslie Yuncheung,"
YAT WA PAU, a/k/a "James Pau," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 89 | 5/16/2012 | $33,000 | Receipt of $33,000 in cash by YUN |
| 90 | 5/22/2012 | $30,000 | Wire transfer of $30,000 by YUN |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

30

SUPERSEDING INDICTMENT
CR 14 0196 CRB

COUNTS 91-98: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
LESLIE YUN, a/k/a "Leslie Yuncheung,"
YAT WA PAU, a/k/a "James Pau," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 91 | 6/20/2012 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 92 | 6/20/2012 | $66,000 | Receipt of $66,000 in cash by YUN |
| 93 | 6/22/2012 | $20,000 | Payment of $20,000 check by YUN |
| 94 | 6/28/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 95 | 6/28/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 96 | 6/26/2012 | $20,000 | Wire transfer of $20,000 by YUN |
| 97 | 6/27/2012 | $10,000 | Wire transfer of $10,000 by YUN |
| 98 | 6/27/2012 | $10,000 | Wire transfer of $10,000 by YUN |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNT 99: (18 U.S.C. § 371 – Conspiracy)

Between on or about June 20, 2012, through and including on or about September 19, 2012, in the Northern District of California, and elsewhere, the defendants,

KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"
GEORGE NIEH, a/k/a "Heng Nieh,"
HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban," and
HON KEUNG SO, a/k/a "Hon So,"

knowingly and willfully conspired and agreed with each other and with others, known and unknown to

31

1   the Grand Jury, to commit offenses against the United States: that is, to receive, possess, store, sell, and

2   dispose of property, that is, 27 cases of Johnnie Walker Blue Label Scotch Whiskey alcohol, of a value

3   of $5,000 or more, which had crossed a State boundary after being stolen and subsequently brought into

4   the State of California, knowing the same to have been stolen, in violation of Title 18, United States

5   Code, Section 2315.

6                                          OVERT ACTS

7        In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt

8   acts, among others, were committed in the Northern District of California and elsewhere:

9   1.  On or about June 20, 2012, the defendant GEORGE NIEH discussed selling stolen liquor with an

10      undercover employee;

11  2.  On or about June 27, 2012, the defendants GEORGE NIEH, MING MA and HON SO met at a

12      restaurant so that MA and SO could purchase 12 cases of purportedly stolen Johnnie Walker

13      Blue Label Scotch for $6,480;

14  3.  On or about June 27, 2012, the defendant RAYMOND CHOW accepted payment for facilitating

15      the liquor sale;

16  4.  On or about July 19, 2012, the defendant GEORGE NIEH discussed selling stolen liquor with an

17      undercover employee;

18  5.  On or about August 16, 2012, the defendant GEORGE NIEH discussed selling stolen liquor with

19      an undercover employee;

20  6.  On or about September 8, 2012, the defendants GEORGE NIEH and MING MA discussed

21      selling stolen liquor with an undercover employee;

22  7.  On or about September 10, 2012, the defendants GEORGE NIEH, MING MA, and HON SO met

23      at a restaurant so that MA and SO could purchase 15 cases of purportedly stolen liquor for

24      $8,100;

25  8.  On or about September 19, 2012, the defendants RAYMOND CHOW and GEORGE NIEH

26      accepted payment for facilitating the liquor sale.

27      All in violation of Title 18, United States Code, Section 371.

28
                                              32
SUPERSEDING INDICTMENT
CR 14 0196 CRB

COUNT 100:  (21 U.S.C. § 841(a)(1) – Distribution of Controlled Substances)

On or about July 6, 2012, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe",

did knowingly and intentionally distribute a Schedule I controlled substance, to wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).


COUNT 101: (18 U.S.C. § 371 – Conspiracy)

From on or between July 19, 2012, to August 16, 2012, in the Northern District of California, and elsewhere, the defendants,

KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"
ZHANGHAO WU, a/k/a "Jason,"
GEORGE NIEH, a/k/a "Heng Nieh," and
LESLIE YUN, a/k/a "Leslie Yuncheung,"

knowingly and willfully conspired and agreed with each other and with others, known and unknown to the Grand Jury, to commit offenses against the United States: that is,

(1) to receive, possess, store, sell, and dispose of property, that is, a quantity of more than 10,000 cigarettes, of a value of $5,000 or more which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315; and

(2) to knowingly receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341, to wit: a quantity of more than 10,000 Marlboro cigarettes which bore no evidence of the payment of applicable State cigarette taxes in the State of New York, in violation of Title 18, United States Code, Section 2342(a) and 2344.

OVERT ACTS


In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of California and elsewhere:

33

1. On or about July 19, 2012, the defendant GEORGE NIEH discussed with defendant LESLIE YUN the sale of stolen cigarettes by an undercover employee;

2. On or about July 26, 2012, the defendants NIEH and YUN met with the undercover employee to coordinate the sale of stolen cigarettes. In particular, YUN instructed the undercover employee to deliver a sample of cigarettes, and that if the sample were acceptable, the full transaction would take place.

3. On or about August 3, 2012, the defendants NIEH and YUN again met with the undercover employee, to discuss travel plans and logistics for the transaction. YUN wanted to know what brand the cigarettes were, and advised that her buyers would pay the undercover employee in $20 denominations.

4. On or about August 9, 2012, the defendant YUN gave the undercover employee $96,010 for the purportedly stolen and contraband cigarettes. The cigarettes were delivered by undercover employees to an address in Brooklyn, New York, identified by YUN and her associates.

5. On or about August 16, 2012, the defendants CHOW and NIEH accepted payment for their role in facilitating the sale of the cigarettes.

All in violation of Title 18, United States Code, Section 371.

COUNTS 102-109: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
YAT WA PAU, a/k/a "James Pau,"
LESLIE YUN, a/k/a "Leslie Yuncheung," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to

34

SUPERSEDING INDICTMENT
CR 14 0196 CRB

be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 102 | 8/16/12 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 103 | 8/16/12 | $66,000 | Receipt of $66,000 in cash by YUN |
| 104 | 8/22/12 | $18,000 | Payment of $18,000 check by PAU |
| 105 | 8/24/12 | $30,000 | Payment of $30,000 check by NIEH |
| 106 | 8/24/12 | $30,000 | Payment of $30,000 check by NIEH |
| 107 | 8/27/12 | $15,000 | Payment of $15,000 check by YUN |
| 108 | 8/31/12 | $17,000 | Payment of $17,000 check by YUN |
| 109 | 9/4/12 | $10,000 | Payment of $10,000 check by YUN |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNT 110:  (21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

Beginning on or about August 12, 2012, and continuing to on or about March 26, 2014, in the Northern District of California and elsewhere, the defendants,

KEITH JACKSON,
BRANDON JAMELLE JACKSON, and
MARLON DARRELL SULLIVAN

knowingly and intentionally conspired and agreed with each other, and with others, known and unknown to the Grand Jury, to possess with intent to distribute and to distribute a Schedule II controlled substance, to wit: five kilograms or more of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B).

COUNT 111: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

On or about September 26, 2012, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe," and
ANDY LI, a/k/a "Andy Man Lai Li,"

35

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1    each aided and abetted by the other, and not being a licensed dealer of firearms within the meaning of

2    Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

3         All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

4

5    <u>COUNT 112</u>: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

6         On or about September 26, 2012, in the Northern District of California, the defendants,

7                      GEORGE NIEH, a/k/a "Heng Nieh,"
             KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe," and

8                      ANDY LI, a/k/a "Andy Man Lai Li,"

9    each aided and abetted by the other, having previously been convicted of an offense punishable by more

10    than one year imprisonment, did knowingly possess in interstate and foreign commerce a firearm, that is,

11    a .357 Magnum Smith and Wesson revolver, serial number AYL5133.

12         All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

13

14    <u>COUNT 113</u>: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

15         On or about October 2, 2012, in the Northern District of California, the defendants,

16

17                      GEORGE NIEH, a/k/a "Heng Nieh," and
             KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

18    each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

19    Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

20         All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

21

22    <u>COUNT 114</u>: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

23         On or about October 2, 2012, in the Northern District of California, the defendants,

24                      GEORGE NIEH, a/k/a "Heng Nieh," and
             KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

25

26

27

28

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  each aided and abetted by the other, having previously been convicted of an offense punishable by more

2  than one year imprisonment, did knowingly possess in interstate and foreign commerce a firearm, that is,

3  a .223 caliber Daewoo DR-200 rifle bearing serial number RA001216.

4        All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

5

6  COUNTS 115-123:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

7        On or about the dates set forth below, in the Northern District of California, the defendants,

8

9  GEORGE NIEH, a/k/a "Heng Nieh,"
   LESLIE YUN, a/k/a "Leslie Yuncheung," and
   KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

10

11  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

12  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

13  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

14  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

15  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

16  activity, to wit:

17
| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 115 | 10/11/2012 | $66,000 | Receipt of $66,000 in cash by NIEH |
| 116 | 10/11/2012 | $66,000 | Receipt of $66,000 in cash by YUN |
| 117 | 10/11/2012 | $12,000 | Payment of $12,000 check by YUN |
| 118 | 10/12/2012 | $15,000 | Payment of $15,000 check by YUN |
| 119 | 10/17/2012 | $15,000 | Payment of $15,000 check by YUN |
| 120 | 10/19/2012 | $9,000 | Payment of $9,000 check by YUN |
| 121 | 10/19/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 122 | 10/19/2012 | $30,000 | Payment of $30,000 check by NIEH |
| 123 | 10/24/2012 | $9,000 | Payment of $9,000 check by YUN |

23  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

24

25  COUNT 124: (21 U.S.C. § 841(a)(1)(B) – Possession with Intent to Distribute Cocaine)

26        On or about October 24, 2012, in the Northern District of California and elsewhere, the

27  defendant,

28

37

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1   KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

2   knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and

3   substance containing a detectable amount of cocaine, its salts, isomers, and salts of isomers, a Schedule

4   II controlled substance.

5       All in violation of Title 21, United States Code, Section 841(a)(1)(B).

6   COUNT 125:  (21 U.S.C. § 841(a)(1)(B) –    Manufacture and Possession With Intent to Distribute
7                                               Marijuana)

8       On or about October 24, 2012, in the Northern District of California and elsewhere, the
9   defendant,

10      KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

11  knowingly and intentionally manufactured and possessed with intent to distribute 100 or more marijuana

12  plants, a Schedule I controlled substance.

13      All in violation of Title 21, United States Code, Section 841(a)(1)(B).

14

15  COUNT 126: (18 U.S.C. § 924(c)(1)(A) –    Possession of a Firearm In Furtherance of a Drug
16                                             Trafficking Crime)

17      On or about October 24, 2012, in the Northern District of California, the defendant,

18      KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

19  did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be

20  prosecuted in a court of the United States, that is, the possession with intent to distribute cocaine, as

21  charged in Count 125 of this Indictment, and the manufacture and possession with intent to distribute

22  marijuana, as charged in Count 125 of this Indictment.

23      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

24

25  COUNT 127: (21 U.S.C. § 841(a)(1)(B) –    Manufacture and Possession With Intent to Distribute
26                                             Marijuana)

27

28

38

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1    On or about October 30, 2012, in the Northern District of California and elsewhere, the

2  defendant,

3                          XIAO CHENG MEI, a/k/a "Michael Mei"

4  knowingly and intentionally manufactured and possessed with intent to distribute 100 or more marijuana

5  plants, a Schedule I controlled substance.

6    All in violation of Title 21, United States Code, Section 841(a)(1)(B).

7  COUNTS 128-132: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

8    On or about the dates set forth below, in the Northern District of California, the defendants,

9
                          GEORGE NIEH, a/k/a "Heng Nieh," and
10   KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

11  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

12  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

13  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

14  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

15  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

16  activity, to wit:

17
| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 128 | 12/12/2012 | $77,000 | Receipt of $77,000 in cash by NIEH |
| 129 | 12/19/2012 | $20,000 | Payment of $20,000 check by NIEH |
| 130 | 12/21/2012 | $20,000 | Payment of $20,000 check by NIEH |
| 131 | 12/21/2012 | $15,000 | Wire transfer of $15,000 by NIEH |
| 132 | 12/21/2012 | $15,000 | Wire transfer of $15,000 by NIEH |

21  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

22

23  COUNT 133: (18 U.S.C. § 371 – Conspiracy)

24    From on or about December 17, 2013, to January 16, 2013, in the Northern District of California,

25  and elsewhere, the defendants,

26   KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"
                          YAT WA PAU, a/k/a "James Pau,"
27                        ZHANGHAO WU, a/k/a "Jason";
                          GEORGE NIEH, a/k/a "Heng Nieh," and
28
                                        39

LESLIE YUN, a/k/a "Leslie Yuncheung,"

knowingly and willfully conspired and agreed with each other and with others, known and unknown to the Grand Jury, to commit offenses against the United States: that is,

(1) to receive, possess, store, sell, and dispose of property, that is, a quantity of more than 10,000 cigarettes, of a value of $5,000 or more which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315; and

(2) to knowingly receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341, to wit: a quantity of more than 10,000 Marlboro cigarettes which bore no evidence of the payment of applicable State cigarette taxes in the State of New York, in violation of Title 18, United States Code, Section 2342(a) and 2344.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of California and elsewhere:

1. On or about December 17, 2012, the defendant LESLIE YUN discussed with defendant GEORGE NIEH and an undercover employee a proposed sale of stolen cigarettes by the undercover employee on January 10, 2013;

2. On or about January 7, 2013, the defendants YUN and NIEH met again with the undercover employee to coordinate the sale of stolen cigarettes. In particular, YUN and the undercover employee agreed to meet in a hotel in Flushing, New York; once the undercover employee received payment, the undercover employee would provide YUN with the code and key to access a storage unit where the purportedly stolen cigarettes were held.

3. On or about January 10, 2013, the defendant James PAU visited a storage unit in Flushing, New York, with undercover employees to inspect cartons of purportedly stolen cigarettes. Defendants WU, YUN, and PAU subsequently gave undercover employees $173,000 in exchange for the purportedly stolen cigarettes.

4. On or about January 16, 2013, the defendants CHOW and NIEH accepted payment for their role

40

1  in facilitating the sale of the cigarettes.

2  All in violation of Title 18, United States Code, Section 371.

3

4  COUNT 134: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

5  On or about January 23, 2013, in the Northern District of California, the defendants,

6  KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe," and
   ANDY LI, a/k/a "Andy Man Lai Li,"

7

8  each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

   Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

9  All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

10

11 COUNT 135: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

12 On or about January 23, 2013, in the Northern District of California, the defendants,

13

14 KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe," and
   ANDY LI, a/k/a "Andy Man Lai Li,"

15 each aided and abetted by the other, having previously been convicted of an offense punishable by more

16 than one year imprisonment, did knowingly possess in interstate and foreign commerce a firearm, that is,

17 a .40 caliber Ruger SR40 handgun, serial number 342-08483.

18 All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

19

20 COUNTS 136-140: (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

21 On or about the dates set forth below, in the Northern District of California, the defendants,

22

23 GEORGE NIEH, a/k/a "Heng Nieh," and
   KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

24 with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

25 and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

26 of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

27 affecting interstate or foreign commerce involving property represented by a law enforcement officer to

28

41

SUPERSEDING INDICTMENT
CR 14 0196 CRB

be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 136 | 2/14/2013 | $88,000 | Receipt of $88,000 in cash by NIEH |
| 137 | 2/22/2013 | $20,000 | Payment of $20,000 check by NIEH |
| 138 | 2/22/2013 | $20,000 | Payment of $20,000 check by NIEH |
| 139 | 2/26/2013 | $20,000 | Wire transfer of $20,000 by NIEH |
| 140 | 2/26-28/2013 | $20,000 | Wire transfers of $10,000 by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 141-147:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh,"
LESLIE YUN, a/k/a "Leslie Yuncheung," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce involving property represented by a law enforcement officer to be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 141 | 4/11/2013 | $77,000 | Receipt of $77,000 by NIEH |
| 142 | 4/11/2013 | $33,000 | Receipt of $33,000 by YUN |
| 143 | 4/12/2013 | $9,000 | Payment of $9,000 check by YUN |
| 144 | 4/17/2013 | $12,000 | Payment of $12,000 check by YUN |
| 145 | 4/19/2013 | $9,000 | Payment of $9,000 check by YUN |
| 146 | 4/19/2013 | $35,000 | Payment of $35,000 check by NIEH |
| 147 | 4/19/2013 | $35,000 | Payment of $35,000 check by NIEH |

All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

COUNTS 148-149: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

42

1   On or about the dates described below, in the Northern District of California and elsewhere, the

2   defendants,

3                          ALBERT NHINGSAVATH,
                          NORGE MASTRANGELO, and
4                      ANDY LI, a/k/a "Andy Man Lai Li,"

5   and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

6   transactions affecting interstate and foreign commerce which involved the proceeds of a specified

7   unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

8   United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

9   unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

10  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

11  that while conducting and attempting to conduct such financial transaction, knew that the property

12  involved in the financial transaction represented the proceeds of some form of unlawful activity.

13

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 148 | 4/15/2013 | $49,810 | Delivery of $49,810 in cash by MASTRANGELO |
| 149 | 4/16/2013 | $48,000 | Receipt of $48,000 in cash by NHINGSAVATH |

16

17  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

18

19  COUNTS 150-151: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

20      On or about the dates described below, in the Northern District of California and elsewhere, the

21  defendants,

22                          ALBERT NHINGSAVATH,
                          NORGE MASTRANGELO, and
23                      ANDY LI, a/k/a "Andy Man Lai Li,"

24  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

25  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

26  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

27  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

28

43

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1 unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

2 disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

3 that while conducting and attempting to conduct such financial transaction, knew that the property

4 involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 150 | 4/25/2013 | $80,314 | Delivery of $80,314 in cash by NHINGSAVATH and MASTRANGELO |
| 151 | 4/29/2013 | $77,100 | Receipt of $77,100 in cash by NHINGSAVATH and MASTRANGELO |

8 All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

10 COUNT 152: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

11      On or about May 6, 2013, in the Northern District of California, the defendants,

13                     KEITH JACKSON and
                   BRANDON JAMELLE JACKSON,

14 each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

15 Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

16 All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

18 COUNTS 153-154: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

19      On or about the dates described below, in the Northern District of California and elsewhere, the

20 defendants,

21                     ALBERT NHINGSAVATH,
                       NORGE MASTRANGELO,
22            ANDY LI, a/k/a "Andy Man Lai Li," and
        KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

24 and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

25 transactions affecting interstate and foreign commerce which involved the proceeds of a specified

26 unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

27 United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

28

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

2  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

3  that while conducting and attempting to conduct such financial transaction, knew that the property

4  involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 153 | 5/13/13 | $99,275 | Delivery of $99,275 by MASTRANGELO |
| 154 | 5/14/13 | $96,275 | Receipt of $96,275 by NHINGSAVATH |

8  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

10  COUNTS 155-157:  (18 U.S.C. § 1956(a)(3)(A) and (B)–Money Laundering)

11          On or about the dates set forth below, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

14  with the intent to promote the carrying on of specified unlawful activity, and with the intent to conceal

15  and disguise the nature, location, source, ownership, and control of property believed to be the proceeds

16  of specified unlawful activity, did knowingly conduct and attempt to conduct financial transactions

17  affecting interstate or foreign commerce involving property represented by a law enforcement officer to

18  be proceeds of specified unlawful activity and property used to conduct or facilitate specified unlawful

19  activity, to wit:

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 155 | 6/13/13 | $77,000 | Receipt of $77,000 in cash by NIEH |
| 156 | 6/22/13 | $35,000 | Payment of $35,000 check by NIEH |
| 157 | 6/22/13 | $35,000 | Payment of $35,000 check by NIEH |

23  All in violation of Title 18, United States Code, Section 1956(a)(3)(A) and (B) and Section 2.

25  COUNT 158: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

26          On or about June 24, 2013, in the Northern District of California, the defendants,

KEITH JACKSON,
BRANDON JAMELLE JACKSON, and
MARLON SULLIVAN,

45

SUPERSEDING INDICTMENT
CR 14 0196 CRB

each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

COUNT 159: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

On or about June 25, 2013, in the Northern District of California, the defendants,

KEITH JACKSON,
BRANDON JAMELLE JACKSON, and
MARLON SULLIVAN,

each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All done in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

COUNTS 160-161: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the defendants,

ALBERT NHINGSAVATH,
NORGE MASTRANGELO, and
ANDY LI, a/k/a "Andy Man Lai Li,"

and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21, United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 160 | 7/11/2013 | $92,860 | Delivery of $92,860 in cash by MASTRANGELO |
| 161 | 7/12/2013 | $89,160 | Receipt of $89,160 in cash by MASTRANGELO |

46

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1

2  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

3

4  COUNT 162: (18 U.S.C. § 371 – Conspiracy)

5      From on or between June 19, 2013, to July 23, 2013, in the Northern District of California, and

6  elsewhere, the defendants,

7          KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"
                        YAT WA PAU, a/k/a "James Pau,"
8                       ZHANGHAO WU, a/k/a "Jason";
                           TONG ZAO ZHANG,
9                GEORGE NIEH, a/k/a "Heng Nieh," and
                   LESLIE YUN, a/k/a "Leslie Yuncheung,"
10

11  knowingly and willfully conspired and agreed with each other and with others, known and unknown to

12  the Grand Jury, to commit offenses against the United States: that is,

13      (3) to receive, possess, store, sell, and dispose of property, that is, a quantity of more than 10,000

14      cigarettes, of a value of $5,000 or more which had crossed a State boundary after being stolen,

15      knowing the same to have been stolen, in violation of Title 18, United States Code, Section

16      2315; and

17      (4) to knowingly receive, possess, sell, distribute, and purchase contraband cigarettes, as that term is

18      defined in Title 18, United States Code, Section 2341, to wit: a quantity of more than 10,000

19      Marlboro cigarettes which bore no evidence of the payment of applicable State cigarette taxes in

20      the State of New York, in violation of Title 18, United States Code, Section 2342(a) and 2344.

21                                  OVERT ACTS

22      In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt

23  acts, among others, were committed in the Northern District of California and elsewhere:

24      5.  On or about June 19, 2013, the defendant RAYMOND CHOW discussed with JAMES PAU and

25          LESLIE YUN facilitating the sale of stolen cigarettes with an undercover employee;

26      6.  On or about July 18, 2013, the defendants JAMES PAU and LESLIE YUN met with an

27          undercover employee to arrange sales of stolen and contraband cigarettes to buyers, including

28

                                        47

1    defendants ZHANGHAO WU and TONG ZAO ZHANG;

2    7.  On or about July 18, 2013, the defendants YUN and PAU gave the undercover employee

3        $150,000 for the purportedly stolen and contraband cigarettes, which was $17,900 less than the

4        agreed upon price;

5    8.  On or about July 23, 2013, the defendant GEORGE NIEH gave the undercover employee the

6        remaining $17,900 for the sale of the cigarettes;

7    9.  On or about July 23, 2013, the defendants RAYMOND CHOW and GEORGE NIEH accepted

8        payment for their role in facilitating the sale of the cigarettes.

9    All in violation of Title 18, United States Code, Section 371.

10

11   COUNTS 163-164: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

12       On or about the dates described below, in the Northern District of California and elsewhere, the

13   defendants,

14                        ALBERT NHINGSAVATH and
                          NORGE MASTRANGELO,
15

16   and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

17   transactions affecting interstate and foreign commerce which involved the proceeds of a specified

18   unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

19   United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

20   unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

21   disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

22   that while conducting and attempting to conduct such financial transaction, knew that the property

23   involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 163 | 7/19/2013 | $45,000 | Delivery of $45,000 in cash by MASTRANGELO |
| 164 | 7/22/2013 | $43,200 | Receipt of $43,200 in cash by NHINGSAVATH |

48

1 | All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

2

3 | COUNT 165: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

4 | On or about August 5, 2013, in the Northern District of California, the defendants,

5

6 | KEITH JACKSON and
BRANDON JAMELLE JACKSON,

7 | each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

8 | Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

9 | All done in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

10

11 | COUNT 166: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

12 | On or about August 8, 2013, in the Northern District of California, the defendants,

13

14 | KEITH JACKSON and
BRANDON JAMELLE JACKSON,

15 | each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

16 | Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

17 | All done in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

18

19 | COUNTS 167-168: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

20 | On or about the dates described below, in the Northern District of California and elsewhere, the

21 | defendants,

22 | SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang,"
23 | GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

24

25 | and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

26 | transactions affecting interstate and foreign commerce which involved the proceeds of a specified

27 | unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

28

49

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

2  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

3  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

4  that while conducting and attempting to conduct such financial transaction, knew that the property

5  involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 167 | 8/9/2013 | $93,870 | Delivery of $93,870 in cash by GEE |
| 168 | 8/11/2013 | $90,180 | Receipt of $90,180 by GEE and LIANG |

9  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

11  COUNTS 169-170: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

12     On or about the dates described below, in the Northern District of California and elsewhere, the

13  defendants,

14                    ALBERT NHINGSAVATH,
                   NORGE MASTRANGELO, and
15            ANDY LI, a/k/a "Andy Man Lai Li,"

16  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

17  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

18  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

19  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

20  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

21  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

22  that while conducting and attempting to conduct such financial transaction, knew that the property

23  involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 169 | 8/16/2013 | $199,900 | Delivery of $199,900 in cash by MASTRANGELO |
| 170 | 8/19/2013 | $194,000 | Receipt of $194,000 in cash by NHINGSAVATH |

50

1 | All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

2

3 | COUNT 171: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

4 | On or about August 26, 2013, in the Northern District of California, the defendants,

5 | KEITH JACKSON,
BRANDON JAMELLE JACKSON, and
6 | MARLON SULLIVAN,

7 | each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

8 | Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

9 | All done in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

10

11 | COUNTS 172-173: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

12 | On or about the dates described below, in the Northern District of California and elsewhere, the

13 | defendants,

14 | SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang,"
15 | GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"
16

17 | and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

18 | transactions affecting interstate and foreign commerce which involved the proceeds of a specified

19 | unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

20 | United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

21 | unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

22 | disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

23 | that while conducting and attempting to conduct such financial transaction, knew that the property

24 | involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 172 | 8/26/2013 | $155,900 | Delivery of $155,900 in cash by GEE |
| 173 | 8/27/2013 | $149,900 | Receipt of $149,900 in cash by GEE and LIANG |

51

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

2

3  COUNT 174:  (18 U.S.C. 1958 – Murder for Hire)

4      On or about August 28, 2013, in the Northern District of California and elsewhere, the

5  defendant,

6                              RINN ROEUN,

7  knowingly and intentionally combined, conspired, confederated and agreed with other persons known

8  and unknown to the Grand Jury, to use, and did use a facility of interstate commerce, and caused another

9  to use a facility of interstate commerce with intent that the murder of Fictitious Victim 1 be committed

10  in violation of the laws of California, as consideration for the receipt of, and as consideration for a

11  promise and agreement to pay, things of pecuniary value, to wit: $25,000 in U.S. Currency.

12      All in violation of Title 18, United States Code, Section 1958.

13

14  COUNTS 175-176: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

15      On or about the dates described below, in the Northern District of California and elsewhere, the

16  defendant,

17                          ALBERT NHINGSAVATH,
                            NORGE MASTRANGELO, and
18                          ANDY LI, a/k/a "Andy Man Lai Li,"

19  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

20  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

21  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

22  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

23  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

24  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

25  that while conducting and attempting to conduct such financial transaction, knew that the property

26  involved in the financial transaction represented the proceeds of some form of unlawful activity.

27  ///

28

52

SUPERSEDING INDICTMENT
CR 14 0196 CRB

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 175 | 8/30/2013 | $114,860 | Delivery of $114,860 in cash by unindicted co-conspirator |
| 176 | 9/3/2013 | $111,415 | Receipt of $111,415 in cash by unindicted co-conspirator |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

COUNTS 177-178: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the defendant,

SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21, United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 177 | 9/3/2013 | $76,030 | Delivery of $76,030 in cash by unindicted co-conspirators |
| 178 | 9/6/2013 | $73,000 | Receipt of $73,000 in cash by GEE |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

COUNTS 179-180: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the defendants,

SERGE GEE,

53

1    XIU YING LING LIANG, a/k/a "Elaine Liang,"
     GEORGE NIEH, a/k/a "Heng Nieh," and
2    KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

3    and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

4    transactions affecting interstate and foreign commerce which involved the proceeds of a specified

5    unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

6    United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

7    unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

8    disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

9    that while conducting and attempting to conduct such financial transaction, knew that the property

10   involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 179 | 9/9/13 | $203,000 | Delivery of $203,000 in cash by unindicted co-conspirators |
| 180 | 9/10/13 | $195,000 | Receipt of $195,000 in cash by GEE and LIANG |

15   All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

17   COUNTS 181-183: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

18       On or about the dates described below, in the Northern District of California and elsewhere, the

19   defendants,

20                    ALBERT NHINGSAVATH,
                     NORGE MASTRANGELO, and
21                  ANDY LI, a/k/a "Andy Man Lai Li,"

22   and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

23   transactions affecting interstate and foreign commerce which involved the proceeds of a specified

24   unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

25   United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

26   unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

27   disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

28

54

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1 | that while conducting and attempting to conduct such financial transaction, knew that the property

2 | involved in the financial transaction represented the proceeds of some form of unlawful activity.

3 |

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 181 | 9/11/13 | $262,435 | Delivery of $262,435 in cash by MASTRANGELO and unindicted co-conspirator |
| 182 | 9/13/13 | $200,000 | Receipt of $200,000 in cash by NHINGSAVATH and LI |
| 183 | 9/17/13 | $55,125 | Receipt of $55,125 by NHINGSAVATH |

7 |

8 | All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

9 |

10 | COUNT 184: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

11 |      On or about September 13, 2013, in the Northern District of California, the defendant,

12 | RINN ROEUN,

13 | not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

14 | did willfully engage in the business of dealing in firearms.

15 | All in violation of Title 18, United States Code, Sections 922(a)(1)(A).

16 |

17 | COUNTS 185-186: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

18 |      On or about the dates described below, in the Northern District of California and elsewhere, the

19 | defendants,

20 | SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang,"

21 | GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

22 | and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

23 | transactions affecting interstate and foreign commerce which involved the proceeds of a specified

24 | unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

25 | United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

26 | unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

27 | disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

28 |

55

1 that while conducting and attempting to conduct such financial transaction, knew that the property

2 involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 185 | 9/16/13 | $107,400 | Delivery of $107,400 in cash by unindicted co-conspirators |
| 186 | 9/18/13 | $103,100 | Receipt of $103,100 in cash by GEE and LIANG |

7 All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

9 <u>COUNT 187</u>: (21 U.S.C. § 846 – Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Marijuana)

11     From on or about March 29, 2013, to on or about September 18, 2013, in the Northern District of

12 California and elsewhere, the defendants,

ANDY LI, a/k/a "Andy Man Lai Li" and
KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

15 knowingly and intentionally conspired and agreed with each other, and with others, known and unknown

16 to the Grand Jury, to manufacture, distribute, and possess with intent to distribute a Schedule I

17 controlled substance, to wit: 100 or more marijuana plants, in violation of Title 21, United States Code,

18 Section 841(a)(1).

19 All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B).

21 <u>COUNT 188</u>: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

22     On or about September 20, 2013, in the Northern District of California, the defendant,

RINN ROEUN,

24 not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

25 did willfully engage in the business of dealing in firearms.

26 All in violation of Title 18, United States Code, Sections 922(a)(1)(A).

56

SUPERSEDING INDICTMENT
CR 14 0196 CRB

COUNTS 189-190: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the defendants,

SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang,"
GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21, United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 189 | 9/26/13 | $145,020 | Delivery of $145,020 in cash by unindicted co-conspirators |
| 190 | 9/26/13 | $139,200 | Receipt of $139,200 by LIANG |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

COUNTS 191-192: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the defendants,

SERGE GEE,
GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David"
ANTHONY JOHN LAI, a/k/a "AJ";
GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of a specified

57

unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

that while conducting and attempting to conduct such financial transaction, knew that the property

involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 191 | 10/1/2013 | $189,780 | Delivery of $189,780 by CHEN |
| 192 | 10/1/2013 | $182,110 | Receipt of $182,110 by GEE and LAI |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

COUNTS 193-194: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

On or about the dates described below, in the Northern District of California and elsewhere, the

defendants,

SERGE GEE,
XIU YING LING LIANG, a/k/a "Elaine Liang,"
GEORGE NIEH, a/k/a "Heng Nieh," and
KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

transactions affecting interstate and foreign commerce which involved the proceeds of a specified

unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

that while conducting and attempting to conduct such financial transaction, knew that the property

involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 193 | 10/4/2013 | $150,000 | Delivery of $150,000 in cash by GEE |
| 194 | 10/8/2013 | $144,000 | Receipt of $144,000 in cash by GEE |

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1

2   All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

3

4   COUNT 195: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

5          On or about October 8, 2013, in the Northern District of California, the defendant,

6                                          RINN ROEUN,

7   not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

8   did willfully engage in the business of dealing in firearms.

9   All in violation of Title 18, United States Code, Sections 922(a)(1)(A).

10

11  COUNTS 196-197: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

12         On or about the dates described below, in the Northern District of California and elsewhere, the

13  defendants,

14

15                                          SERGE GEE,
                                ANTHONY JOHN LAI, a/k/a "AJ,"
             GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David,"
16                       XIU YING LING LIANG, a/k/a "Elaine Liang," and
            KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

17

18  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

19  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

20  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

21  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

22  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

23  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

24  that while conducting and attempting to conduct such financial transaction, knew that the property

25  involved in the financial transaction represented the proceeds of some form of unlawful activity.

26
| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 196 | 10/15/2013 | $102,790 | Delivery of $102,790 in cash by CHEN |
| 197 | 10/15/2013 | $98,678 | Receipt of $98,678 in cash by LAI |

28
                                              59

1

2  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

3  COUNTS 198-199: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

4      On or about the dates described below, in the Northern District of California and elsewhere, the

5  defendants,

6          SERGE GEE
        ANTHONY JOHN LAI, a/k/a "AJ,"

7  GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David"
        XIU YING LING LIANG, a/k/a "Elaine Liang," and

8  KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"

9  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

10  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

11  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

12  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

13  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

14  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

15  that while conducting and attempting to conduct such financial transaction, knew that the property

16  involved in the financial transaction represented the proceeds of some form of unlawful activity.

17
| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 198 | 10/23/2013 | $134,145 | Delivery of $134,145 by CHEN |
| 199 | 10/24/2013 | $128,800 | Receipt of $128,800 by LAI |

20  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

22  COUNTS 200-201: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i) – Money Laundering)

23      On or about the dates described below, in the Northern District of California and elsewhere, the

24  defendant,

25          ALBERT NHINGSAVATH and
        ANDY LI, a/k/a "Andy Man Lai Li"

60

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1   and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

2   transactions affecting interstate and foreign commerce which involved the proceeds of a specified

3   unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

4   United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

5   unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

6   disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

7   that while conducting and attempting to conduct such financial transaction, knew that the property

8   involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 200 | 11/1/2013 | $104,220 | Delivery of $104,220 in cash by NHINGSAVATH |
| 201 | 11/4/2013 | $101,150 | Receipt of $101,150 in cash by NHINGSAVATH |

13   All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

15   COUNTS 202-203: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

16       On or about the dates described below, in the Northern District of California and elsewhere, the

17   defendants,

18                                   SERGE GEE,
                            ANTHONY JOHN LAI, a/k/a "AJ,"
19       GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David"
                        XIU YING LING LIANG, a/k/a "Elaine Liang,"
20                        GEORGE NIEH, a/k/a "Heng Nieh," and
         KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy,"

22   and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

23   transactions affecting interstate and foreign commerce which involved the proceeds of a specified

24   unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

25   United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

26   unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

27   disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

28

61

1   that while conducting and attempting to conduct such financial transaction, knew that the property

2   involved in the financial transaction represented the proceeds of some form of unlawful activity.

3

| Count | Date | Amount | Description of Financial Transaction |
|-------|------|--------|--------------------------------------|
| 202 | 12/5/13 | $199,240 | Delivery of $199,240 by CHEN |
| 203 | 12/6/13 | $191,270 | Receipt of $191,270 by LAI |

6   All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

7   COUNT 204: (18 U.S.C. 1958 – Murder for Hire)

8          On or about December 13, 2013, in the Northern District of California and elsewhere, the

9   defendants,

10                              KEITH JACKSON,
                   BRANDON JAMELLE JACKSON, and
11                           MARLON SULLIVAN,

12  each aided and abetted by the other, used a facility of interstate commerce and caused another to use a

13  facility of interstate commerce with intent that the murder of Fictitious Victim 2 be committed in

14  violation of the laws of California, as consideration for the receipt of, and as consideration for a promise

15  and agreement to pay, things of pecuniary value, to wit: $25,000 in U.S. Currency.

16

17         All in violation of Title 18, United States Code, Sections 1958 and 2.

18

19  COUNTS 205-206: (18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i)  – Money Laundering)

20         On or about the dates described below, in the Northern District of California and elsewhere, the

21  defendants,

22                          ALBERT NHINGSAVATH,
                           NORGE MASTRANGELO, and
23                      ANDY LI, a/k/a "Andy Man Lai Li"

24  and others, each aided and abetted by the other, did knowingly conduct and attempt to conduct financial

25  transactions affecting interstate and foreign commerce which involved the proceeds of a specified

26  unlawful activity, that is conspiracy to distribute and distribution of narcotics in violation of Title 21,

27  United States Code, Sections 846 and 841, with the intent to promote the carrying on of said specified

28
                                            62

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and

2  disguise the nature, location, source, ownership, and proceeds of said specified unlawful activity, and

3  that while conducting and attempting to conduct such financial transaction, knew that the property

4  involved in the financial transaction represented the proceeds of some form of unlawful activity.

| Count | Date | Amount | Description of Financial Transaction |
|---|---|---|---|
| 205 | 2/11/14 | $99,930 | Delivery of $99,930 by MASTRANGELO |
| 206 | 2/12/14 | $97,000 | Receipt of $97,000 by NHINGSAVATH |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and 2.

COUNT 207:          (21 U.S.C. § 841(a)(1) – Distribution of Controlled Substances)

On or about February 18, 2014, in the Northern District of California, the defendants,

GEORGE NIEH, a/k/a "Heng Nieh," and
LESLIE YUN, a/k/a "Leslie Yuncheung,"

did knowingly and intentionally distribute a Schedule I controlled substance, to wit: marijuana, in

violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

COUNT 208:  (21 U.S.C. § 846 – Conspiracy to Manufacture and Possess with Intent to Distribute
        Marijuana)

Beginning at least as early as February 5, 2013, and continuing until at least February 20, 2014,

in the Northern District of California and elsewhere, the defendants,

TINA LIANG and
BRYAN TILTON,

knowingly and intentionally conspired and agreed with each other, and with others, known and unknown

to the Grand Jury, to manufacture and possess with intent to distribute a Schedule I controlled substance,

to wit: 100 or more marijuana plants, in violation of Title 21, United States Code, Section 841(a)(1) and

(b)(1)(B).

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(B).

63

1

2  COUNT 209: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

3      On or about February 26, 2014, in the Northern District of California, the defendant,

4                                RINN ROEUN,

5  not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code,

6  did willfully engage in the business of dealing in firearms.

7      All in violation of Title 18, United States Code, Sections 922(a)(1)(A).

8

9  COUNT 210: (18 U.S.C. § 922(a)(1) – Dealing Firearms Without a License)

10      On or about March 20, 2014, in the Northern District of California, the defendants,

11                           KEITH JACKSON and
12                           BARRY HOUSE,

13  each aided and abetted by the other and not being a licensed dealer of firearms within the meaning of

14  Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

15      All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

16

17  COUNT 211: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

18      On or about March 20, 2014, in the Northern District of California, the defendant,

19                             BARRY HOUSE,

20  having previously been convicted of an offense punishable by more than one year imprisonment, did

21  knowingly possess in interstate and foreign commerce a firearm, that is, a .380 caliber Cobra FS380

22  semi-automatic pistol.

23      All in violation of Title 18, United States Code, Sections 922(g)(1).

24

25  COUNT 212: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

26      On or about March 20, 2014, in the Northern District of California, the defendant,

27                             BARRY HOUSE,

28

64

1  having previously been convicted of an offense punishable by more than one year imprisonment, did

2  knowingly possess in interstate and foreign commerce a firearm, that is, a .223 caliber Aero Precision

3  X15 rifle with an obliterated serial number.

4      All in violation of Title 18, United States Code, Sections 922(g)(1).

5

6  COUNT 213:  (18 U.S.C. § 1951(a) – Conspiracy to Obtain Property Under Color of Official Right)

7                          INTRODUCTORY ALLEGATIONS

8  At all times relevant to this indictment:

9      1.  Defendant LELAND YEE (hereafter "YEE") was an elected California State Senator

10  for the Eighth Senate District, which included San Mateo County and part of San Francisco County.

11      2.  In November 2012, YEE publicly announced his intention to run for the position of

12  Secretary of State of California in the election to be held in November 2014.

13      3.  Defendant KEITH JACKSON (hereafter "JACKSON") was the owner and managing

14  partner of Jackson Consultancy, a consulting company located in San Francisco, California.  JACKSON

15  was a fund-raiser for YEE's California Secretary of State campaign.

16      4.  California Senate Bill No. 309 (hereafter "SB-309"), entitled "State Athletic Commission,"

17  was introduced in the California legislature on February 15, 2013.  SB-309 would extend the existence

18  and operation of the California State Athletic Commission (hereafter "CSAC") until 2016.  The CSAC

19  exercised licensing, regulatory, and disciplinary functions in connection with the operation of certain

20  sports in California, including boxing, kickboxing, mixed martial arts, and Ultimate Fight Championship

21  events.  Without the extension provided for in SB-309, the CSAC would become inoperative on January

22  1, 2014.

23      5.  YEE was a member of the California Senate Business, Professions, and Economic

24  Development Committee, which voted on SB-309 on April 29, 2013.

25                          THE CONSPIRACY CHARGE

26      6.  Beginning on a date unknown to the Grand Jury, but no later than March 2013, and

27  continuing through on or about December 2013, in the Northern District of California and elsewhere, the

28

65

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  defendants,

2                              LELAND YEE, and
                              KEITH JACKSON,

3

4  did knowingly and intentionally conspire with each other and with others, both known and unknown to

5  the Grand Jury, to obstruct, delay, and affect in any way and degree commerce and the movement of

6  articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States

7  Code, Section 1951; that is, to obtain property not due LELAND YEE or his office and to which

8  LELAND YEE was not entitled, from individuals and entities involved with the CSAC and sports

9  regulated by the CSAC with their consent, under color of official right.

                    MANNER AND MEANS OF THE CONSPIRACY

10         7.   The manner and means by which LELAND YEE and KEITH JACKSON would and

11  did carry out the conspiracy to obtain property under color of official right included, but were not

12  limited to, the following:

13         8.   During a telephone conversation between YEE and JACKSON on March 2, 2013,

14  YEE explained the CSAC and SB-309 to JACKSON and told JACKSON that YEE was on the Senate

15  Committee that would be voting on whether to keep the CSAC or "just trash it." YEE told JACKSON

16  that he spoke to an individual (hereafter "Individual A") who had an interest in extending the existence

17  of the CSAC and "did a number" on that person. YEE said that he told Individual A that YEE intended

18  to shut down the CSAC, but Individual A should hire JACKSON to lobby YEE to vote to extend the

19  CSAC. JACKSON subsequently spoke to Individual A, who said he was fearful that YEE was going to

20  vote against extending the life of the CSAC. JACKSON told Individual A that he was willing to help,

21  but would have to be paid.

22         9.   In a follow-up telephone conversation between YEE and JACKSON on March 3, 2013,

23  YEE instructed JACKSON to tell Individual A that convincing YEE to vote in favor of the CSAC

24  extension was going to be a "heavy lift" and JACKSON could not be expected to do the work of

25  lobbying YEE for free.

26         10. In furtherance of the conspiracy, on March 6, 2013, JACKSON met with Individual A and

27  an individual (hereafter referred to as "Individual B") who had an interest in extending the term of the

28

                                            66

1   CSAC. Individual B was concerned about whether SB-309 was going to pass and knew that YEE had

2   influence over that decision. During the meeting, Individual B learned that JACKSON was a close

3   associate of YEE and that YEE was running for Secretary of State.

4          11. From this point on and during the course of the conspiracy, YEE and JACKSON had

5   numerous discussions about Individual B and their plan for YEE and JACKSON to lead Individual B to

6   believe that YEE was inclined to vote against extending the CSAC; for JACKSON to represent to

7   Individual B that JACKSON would lobby YEE on behalf of Individual B and the CSAC to vote in favor

8   of extending the CSAC; and for JACKSON to solicit Individual B for donations to, and assistance in

9   raising donations for, YEE's Secretary of State campaign in exchange for YEE's support of the CSAC.

10  On several occasions, YEE instructed JACKSON on what to say to Individual B in order to convince

11  Individual B that YEE was inclined to vote against SB-309, that JACKSON could potentially influence

12  YEE to

13   change his position, and that Individual B should assist YEE in raising money for YEE's Secretary of

14  State campaign.

15         12. During the course of the conspiracy, and in furtherance of the conspiracy, JACKSON had

16  numerous conversations with Individual B in which JACKSON represented that he had influence over

17  YEE and was prepared to lobby YEE on behalf of Individual B in order to convince YEE to support the

18  CSAC. As the conversations continued, JACKSON represented to Individual B that he was having

19  success in persuading YEE to change his position on extending the CSAC. As part of these

20  conversations, JACKSON asked Individual B to contribute money to YEE's Secretary of State

21  campaign; facilitate contacts with sports promoters who had an interest in the continued existence of the

22  CSAC; convince the sports promoters to contribute to and raise money for YEE's Secretary of State

23  campaign; and facilitate contact with an individual who had purported influence in the California

24  Democratic party and could assist in YEE's Secretary of State campaign.

25         13. On April 29, 2013, the Senate Business, Professions, and Economic Development Committee

26  held a hearing and vote on SB-309. YEE voted in favor of SB-309 and extending the term of the CSAC.

27  The full vote by the Senate on SB-309 did not take place until September 2013. On September 11,

28

67

1  2013, YEE voted in favor of SB-309.

2      14. During the time from April 29, 2013 and the final vote on SB-309 in the Senate, and in
3  furtherance of the conspiracy, JACKSON sought the assistance of another individual who had an
4  interest in extending the term of the CSAC in raising money for YEE's Secretary of State campaign.

5      All in violation of Title 18, United States Code, Section 1951(a).

6

7  COUNT 214:  (18 U.S.C. § 1951(a) – Conspiracy to Obtain Property Under Color Of Official Right)

8                              INTRODUCTORY ALLEGATIONS

9      At all times relevant to this indictment:

10     1.   Defendant LELAND YEE (hereafter "YEE") was an elected California State Senator
11  for the Eighth Senate District, which included San Mateo County and part of San Francisco County.

12     2.   In November 2012, YEE publicly announced his intention to run for the position of
13  Secretary of State of California in the election to be held in November 2014.

14     3.   Defendant KEITH JACKSON (hereafter "JACKSON") was the owner and managing
15  partner of Jackson Consultancy, a consulting company located in San Francisco, California.  JACKSON
16  was a fund-raiser for YEE's California Secretary of State campaign.

17     4.   UCE-4180 was an undercover agent for the Federal Bureau of Investigation (hereafter
18  "FBI") who represented himself to defendants YEE and JACKSON, and others, as a businessman
19  involved in the medical marijuana business in Arizona.  UCE-4180 represented that he was seeking to
20  expand his business to California and was particularly interested in statewide medical marijuana
21  legislation in California that would include provisions favorable to his business model.  UCE-4180 also
22  represented himself as knowing the owner of a National Football League team, hereafter referred to as
23  "NFL Team A".

24     5.   UCE-3357 was an undercover agent for the FBI who represented herself as an associate of
25  UCE-4180.

26     6.   California Assembly Bill No. 1309 (hereafter "AB-1309"), entitled "Workers'
27  Compensation:  Professional Athletes," was introduced in the California legislature on February 22,

28

                                              68
SUPERSEDING INDICTMENT
CR 14 0196 CRB

1   opposed AB 1309. YEE told UCE-4180 that UCE-4180 should convey this information to the owner of
2   NFL Team A and the owner of NFL Team A should contact YEE with an offer to help YEE. When
3   UCE-4180 asked how much YEE's vote would cost, YEE responded, "Oh no ... we gotta drag it out,
4   man. We gotta juice this thing." YEE and JACKSON said they planned to talk to both the owners of,
5   and the players on, another professional sports team.

6       11. During the course of the conspiracy, YEE and JACKSON agreed that they would each make
7   contact with representatives of the owners and players on the other professional sports team and discuss
8   YEE's purported indecision about how he would be voting on AB 1309 when it was brought to a vote in
9   the Senate Labor and Industrial Relations Committee. They further agreed to present YEE's vote as
10  critical to whether AB 1309 passed or failed to pass. YEE and JACKSON agreed to see which side
11  would pay the most money and predicted YEE would end up voting in favor of AB 1309 because the
12  owners were most likely to give money to YEE.

13      12. During the course of the conspiracy, YEE and JACKSON agreed to, and did, seek
14  UCE-4180's assistance in arranging a meeting and/or telephone call with YEE and the owner of NFL
15  Team A. YEE and JACKSON advised UCE-4180 that during the meeting or telephone call, YEE would
16  only discuss the legislation with NFL Team A, and the subject of NFL Team A paying money to YEE
17  and/or making a contribution to YEE's Secretary of State campaign would be handled between
18  JACKSON and UCE-4180.

19      13. During a meeting between YEE, JACKSON, UCE-4180, and UCE-3357 on June 22, 2013,
20  UCE-4180 paid YEE $11,000 in connection with an introduction to a State Senator whom YEE
21  purported to have influence over medical marijuana legislation. During the meeting, YEE also
22  discussed his upcoming vote on AB 1309 and represented that he controlled two votes on the Senate
23  Labor and Industrial Relations Committee and that his vote was critical. When the subject of payment
24  of money by the owner of NFL Team A came up, YEE directed UCE-4180 to discuss that subject with
25  JACKSON.

26      14. During a subsequent meeting on June 22, 2013, JACKSON told UCE-4180 that YEE
27  was going "to be helpful" to the owner of NFL Team A, but wanted more money. When UCE-4180
28

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1 conveyed an offer from the owner of NFL Team A to pay YEE $60,000 for YEE's favorable vote on AB
2 1309, JACKSON told UCE-4180 that he would talk with YEE, but added, "I guarantee it is going to be
3 fine." After learning the amount of money NFL Team A was purportedly willing to pay, JACKSON
4 immediately contacted YEE by telephone and several hours later, JACKSON sent a text message to
5 UCE-4180 stating, "Hey [UCE-4180], where [sic] all good on our end … kj." UCE 4180 did not pay
6 any money to JACKSON or YEE.

7        15. On July 10, 2013, the California Senate Labor and Industrial Relations Committee held a
8 vote on AB 1309. YEE voted in favor of the bill's passage.

9        All in violation of Title 18, United States Code, Section 1951(a).

10

11 COUNT 215: (18 U.S.C. § 1349 – Honest Services Conspiracy)
12                        INTRODUCTORY ALLEGATIONS
13 At all times relevant to this indictment:
14        The Defendants, Relevant Individuals, and Entities

15        1.        Defendant LELAND YEE (hereafter "YEE") was an elected California State Senator
16 who owed a fiduciary duty and a duty of honest services to the citizens of California, including his
17 constituents in the Eighth Senate District, which included San Mateo County and part of San Francisco
18 County.

19        2.        YEE was a candidate in the San Francisco mayoral election held on November 8,
20 2011. YEE did not win the election.

21        3.        In November 2012, YEE publicly announced his intention to run for the position of
22 Secretary of State of California in the election to be held in November 2014.

23        4.        Defendant KEITH JACKSON (hereafter "JACKSON") was the owner and managing
24 partner of Jackson Consultancy, a consulting company located in San Francisco, California. JACKSON
25 was a fund-raiser for Senator YEE's California Secretary of State and San Francisco mayoral
26 campaigns. JACKSON was also an associate of defendant RAYMOND CHOW, and was inducted into
27 the Chee Kung Tong in March of 2012.

28

71
SUPERSEDING INDICTMENT
CR 14 0196 CRB

5.      RAYMOND CHOW, a/k/a Ha Jai, a/k/a "Shrimpboy," (hereafter "CHOW") was the Dragonhead of the Chee Kung Tong. As such, he was responsible for mediating disputes between members of the Chee Kung Tong and had supervisory responsibilities involving the Hop Sing Tong.

6.      The Chee Kung Tong and the Hop Sing Tong were Chinese Benevolent Associations with branches in San Francisco, California. The Chee Kung Tong and Hop Sing Ton carried out legal functions within the community in San Francisco. The Chee Kung Tong and Hop Sing Tong also had illegal factions that engaged in criminal activities.

7.      UCE-4599 was an undercover agent for the Federal Bureau of Investigation (hereafter the "FBI") who held himself out to defendants JACKSON, CHOW, and others as an East Coast organized crime member of La Cosa Nostra with interests in illegal gambling, bookmaking, money laundering, drug trafficking, dealing in stolen goods, and illegal firearms trafficking. UCE-4599 was inducted into the Chee Kung Tong in March 2012.

8.      UCE-4773 was an undercover agent for the FBI who held himself out to defendants YEE, JACKSON, and others as a business associate of UCE-4599 who lived and worked in Atlanta, Georgia. UCE-4773 represented himself as a businessman engaged in real estate development who also represented a variety of investors and clients.

9.      UCE-4180 was an undercover agent for the FBI who held himself out to defendants YEE, JACKSON, and others as a businessman involved in the medical marijuana business in Arizona. UCE-4180 represented that he was seeking to expand his business to California and was particularly interested in statewide legislation in California that would include provisions favorable to his business model.

10.      "Well Tech" was the name of a software consulting company and purported client of UCE-4773. UCE-4773 represented that he was seeking to expand Well Tech's business to California and the San Francisco Bay Area and to obtain contracts with public entities.

THE CONSPIRACY CHARGE

11.      The allegations set forth in paragraphs 1 through 10 are hereby incorporated herein by reference into each count of this indictment as if set forth fully herein.

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  12.   Beginning on a date unknown to the Grand Jury, but no later than May 2011, and

2  continuing through on or about March 2014, in the Northern District of California and elsewhere, the

3  defendants,

4                    LELAND YEE and
                     KEITH JACKSON,
5

6  did knowingly and intentionally conspire with each other and with others, both known and unknown to

7  the Grand Jury, to commit wire fraud, that is: having devised and intending to devise a scheme and

8  artifice to defraud the citizens of California of their right to the honest services of State Senator

9  LELAND YEE through bribery, to transmit and cause to be transmitted by means of wire

10  communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of

11  executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

12

13                          THE SCHEME TO DEFRAUD

14  13.   As set forth in greater detail below, beginning on a date unknown to the Grand Jury, but

15  no later than May 2011, and continuing through on or about March 2014, defendants YEE and

16  JACKSON devised and participated in a scheme to use defendant YEE's official position as a California

17  State Senator to enrich themselves and obtain money for defendant YEE's San Francisco mayoral and

18  California Secretary of State campaigns by soliciting and obtaining payments, including campaign

19  donations, in exchange for YEE performing official acts for the benefit and at the request of those from

20  whom money was solicited and obtained.

21  Bribe Involving Well Tech

22  14.   During 2011, when YEE was running for mayor of San Francisco, JACKSON solicited

23

24  UCE-4599 to make contributions to YEE's mayoral campaign, including soliciting UCE-4599 to make

25  donations in excess of the $500 maximum individual donation amount set by law. UCE-4599 declined

26  to make any contributions, but introduced JACKSON to his purported business associate, UCE-4773.

27

28

73

1    15.    Beginning in or about September 2011, YEE and JACKSON solicited UCE-4773 to

2  make individual contributions to, and raise money for, YEE's San Francisco mayoral campaign.

3  JACKSON solicited UCE-4773 to make donations in excess of the $500 maximum individual donation

4  amount set by law. In response to solicitations for campaign donations by both YEE and JACKSON, on

5  or about October 11, 2011, UCE-4773 provided JACKSON with a $5,000 personal check made payable

6  to "Jackson Consultancy."

7    16.    On or about January 18, 2012, after losing the San Francisco mayoral campaign, YEE

8  solicited UCE-4773 to make additional donations toward, and raise money for, the retirement of the debt

9  from YEE's mayoral campaign. YEE also asked UCE-4773 to donate to YEE's planned campaign for

10  California Secretary of State in the election to be held in 2014.

11    17.    During the next several months, JACKSON also solicited UCE-4773 to make donations

12  in order to retire YEE's debt from the mayoral campaign. In response to the solicitations from YEE and

13  JACKSON, on or about April 27, 2012, UCE-4773 mailed a $5,000 personal check to JACKSON.

14    18.    On or about June 26, 2012, UCE-4773 introduced YEE to two individuals acting in an

15  undercover capacity who were purportedly affiliated with UCE-4773's software consulting company

16  client, Well Tech. UCE-4773 explained to YEE that he was seeking to position Well Tech to compete

17  for grants and contracts, including public grants and contracts, in the State of California. YEE discussed

18  how the Secretary of State office might be of interest to UCE-4773 in furthering his goals for Well Tech.

19  During the same conversation, YEE acknowledged UCE-4773's "help with 5,000 and so on," and asked

20  for UCE-4773's "help with another 10."

21    19.    During a meeting between UCE-4773, YEE, and JACKSON on or about September 4,

22  2012, YEE told UCE-4773 that he needed to retire the $32,000 in debt from the mayoral race, could not

23  announce for Secretary of State until the debt was reduced, and asked UCE-4773 to "do another 10."

24  UCE-4773 said that he would need YEE to make a telephone call or two on behalf of Well Tech to the

25  state health department. YEE agreed to make the call.

26    20.    On or about September 19, 2012, UCE-4773 spoke again with YEE and told YEE that he

27

28

74

1 needed a letter from YEE to the state health department on behalf of Well Tech. YEE agreed to write a
2 letter and told UCE-4773 to send him a draft.

3     21.     On or about September 24, 2012, JACKSON and UCE-4773 spoke on the telephone, and
4 JACKSON again asked UCE-4773 for money to clear up YEE's mayoral campaign debt. UCE-4773
5 told JACKSON that he would do so once he received the letter on behalf of Well Tech from YEE. In a
6 subsequent conversation, on September 26, 2012, JACKSON told UCE-4773 that YEE was more
7 comfortable making telephone calls than with putting things in writing.

8     22.     On or about October 18, 2012, YEE and UCE-4773 spoke on the telephone and UCE-
9 4773 explained that an individual with the California Department of Public Health was considering Well
10 Tech for a grant. UCE-4773 asked YEE to participate in a telephone call with UCE-4773 and this
11 individual and vouch for Well Tech. YEE agreed to participate in the telephone call.

12     23.     Later the same day, October 18, 2012, YEE participated in a conference call with UCE-
13 4773 and UCE-4138. UCE-4138 was an undercover FBI agent posing as a staff services manager with
14 the California Department of Public Health who was considering Well Tech for a state grant. During the
15 call, YEE expressed his familiarity with and support for Well Tech.

16     24.     On or about November 19, 2012, UCE-4599 met with JACKSON at a restaurant in San
17 Francisco and paid JACKSON $10,000 cash on behalf of UCE-4773. UCE-4599 asked about the letter
18 from YEE on behalf of Well Tech that was still outstanding. JACKSON said the letter would be
19 forthcoming.

20     25.     On or about November 23, 2012, YEE had a conversation with a member of his State
21 Senate staff about the $10,000 that had been received by the campaign from UCE-4773.

22     26.     On or about January 13, 2013, JACKSON sent to UCE-4773 a letter dated January 11,
23 2013 on the California State Senate letterhead of "Senator Leland Y. Yee, Ph.D., Eighth Senate
24 District." The letter, which appeared to be signed by YEE, was addressed to Well Tech and expressed
25 YEE's support for Well Tech's expansion to California.

26     <u>Bribes Involving a State Senate Proclamation for the Chee Kung Tong</u>

27     27.     During the November 19, 2012 meeting when UCE-4599 paid JACKSON the $10,000

28

75

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1  | campaign donation from UCE-4773, UCE-4599 and JACKSON discussed YEE's remaining mayoral
2  | campaign debt of $5,000. UCE-4599 asked JACKSON if he knew anyone who could assist CHOW in
3  | getting CHOW's ankle monitoring device removed. JACKSON said he would ask YEE. UCE-4599
4  | told JACKSON that he would pay off the remainder of the debt if YEE would assist CHOW.

5   28.   JACKSON and YEE subsequently discussed UCE-4599's request and offer. YEE
6  | discussed his knowledge of CHOW's criminal reputation and told JACKSON that as much as he wanted
7  | the $5,000, he could not agree to UCE-4599's request.

8   29.   JACKSON introduced YEE to UCE-4599 at a restaurant in San Francisco on or about
9  | January 22, 2013. UCE-4599 and YEE discussed CHOW and CHOW's criminal reputation. UCE-4599
10 | asked YEE instead to provide an official proclamation to the Chee Kung Tong at an upcoming
11 | celebration of the Chee Kung Tong's anniversary. YEE agreed to the request.

12   30.   On or about February 14, 2013, JACKSON told UCE-4599 that YEE would be doing the
13 | proclamation for the Chee Kung Tong. UCE-4599 told JACKSON that he would provide YEE a check
14 | at the celebration or shortly thereafter.

15   31.   On or about March 29, 2013, a staff member from one of YEE's district offices appeared
16 | at the Chee Kung Tong anniversary celebration dinner in San Francisco and presented a framed
17 | proclamation on California State Senate letterhead to the Chee Kung Tong. The staffer said she was
18 | officially presenting the proclamation from Senator YEE.

19   32.   On or about May 1, 2013, JACKSON sent a text message to UCE-4599 telling him to
20 | make his check out to "Leland Yee. For Secretary of State."

21   33.   On or about May 6, 2013, UCE-4599 provided JACKSON with a $5,000 check made
22 | payable to "Leland Yee Secretary of State." During a phone conversation with UCE-4599 on or about
23 | May 9, 2013, YEE thanked UCE-4599 for his donation.

24   34.   During a telephone conversation between YEE and JACKSON on or about July 4, 2013,
25 | YEE expressed his expectation that UCE-4599 would provide more money to the Secretary of State
26 | campaign.

27   35.   On or about July 11, 2013, UCE-4599 provided JACKSON with a $1,800 check made

28

76

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1   payable to "Leland Yee Secretary of State."

2   Bribes Involving Medical Marijuana Legislation

3   36.   In the spring of 2013, UCE-4180 met YEE and JACKSON and discussed his interest in
4   statewide legislation in California that would regularize the laws pertaining to medical marijuana. UCE-
5   4180 discussed particular provisions he wanted to see in statewide legislation that were consistent with
6   UCE-4180's business model. During these discussions, UCE-4180 also told YEE and JACKSON that
7   he would be willing to make donations to YEE's Secretary of State campaign in exchange for YEE's
8   efforts on UCE-4180's behalf.

9   37.   On or about April 24, 2013, UCE-4180 told JACKSON that he wanted to make a small
10   donation to YEE's Secretary of State campaign to show good faith. The next day, April 25, 2013,
11   JACKSON sent a text message to UCE-4180 providing the account information for the Jackson
12   Consultancy bank account.

13   38.   On or about April 29, 2013, UCE-4180 made a direct cash deposit of $3,000 to
14   JACKSON's bank account.

15   39.   In May 2013, CHS #11, a confidential human source working in an undercover capacity
16   for the FBI, asked YEE to contact another State Senator, hereafter referred to as State Senator 1, to
17   express support for medical marijuana legislation that would include features that would be helpful to
18   UCE-4180. CHS #11 offered to make a campaign donation in exchange for the contact.

19   40.   During a subsequent telephone conversation between YEE and JACKSON, YEE told
20   JACKSON that he could make the call to State Senator 1. YEE instructed JACKSON to get campaign
21   donations from UCE-4180 and CHS #11.

22   41.   During a meeting between YEE, JACKSON, UCE-4180, and others at a restaurant in
23   San Francisco on May 17, 2013, UCE-4180 reiterated the request that YEE contact State Senator 1.
24   YEE stated that he was not interested in making money, but wanted his friends to benefit from his work.
25   UCE-4180 gave YEE an envelope containing $5,000 in cash.

26

27

28

...

42.    On May 20, 2013, UCE-4180 spoke on the telephone with JACKSON and YEE, and YEE provided UCE-4180 with an update on the status of two bills pertaining to medical marijuana that were pending in the state legislature.

43.    On June 20, 2013, in Sacramento, California, YEE introduced UCE-4180 to State Senator 1 at a meeting also attended by JACKSON. YEE explained UCE-4180's interest in certain provisions of statewide medical marijuana legislation and expressed support for the issue of medical marijuana.

44.    On June 22, 2013, YEE and JACKSON met with UCE-4180 in a hotel room in San Francisco. UCE-4180 delivered an envelope containing $11,000 cash and said that it was for the meeting with State Senator 1. Before leaving the room, YEE prompted JACKSON to pick up the envelope and take it with them.

45.    During a conversation between YEE and JACKSON on July 15, 2013, YEE complained to JACKSON about the small amount of money received from UCE-4180 "for all we've done," and mentioned having set up the meeting for UCE-4180 with State Senator 1.

46.    When JACKSON had a follow-up telephone conversation with UCE-4180 and asked for more money, UCE-4180 expressed concern that he had not received much for his money thus far.

47.    On August 26, 2013, YEE introduced UCE-4180 to another State Senator, hereafter referred to as State Senator 2, whom YEE represented as having influence over medical marijuana legislation. JACKSON was also present for the meeting. During the meeting, YEE advocated for the provisions UCE-4180 wanted in the legislation.

48.    On September 17, 2013, JACKSON and UCE-4180 met YEE at a restaurant in San Francisco. UCE-4180 told YEE he was paying for the meetings and handed an envelope containing $10,000 cash to JACKSON.

All in violation of Title 18, United States Code, Section 1349.

///

SUPERSEDING INDICTMENT
CR 14 0196 CRB

COUNTS 216-221: (18 U.S.C. § § 1343, 1346 – Honest Services Fraud)

1.      Paragraphs 1 through 10 and paragraphs 13 through 48 of Count 214 of this indictment are hereby incorporated herein by reference into each of Counts 215 through 220 as if set forth fully herein.

2.      On or about the respective dates shown below, each such date constituting a separate count of this indictment, within the Northern District of California and elsewhere, the defendants,

LELAND YEE and<br>KEITH JACKSON,

and others known and unknown to the Grand Jury, knowingly and intentionally, having devised and intending to devise a scheme and artifice to defraud the citizens of California of their right to the honest services of State Senator LELAND YEE through bribery, for purposes of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, that is, the following:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|-------|------|-----------------------------------|
| 216 | 9/26/2012 | Telephone call between JACKSON in the Northern District of California and UCE-4773 in Georgia |
| 217 | 10/18/2012 | Telephone call between YEE in the Northern District of California and UCE-4773 in Georgia |
| 218 | 10/18/2012 | Telephone call between YEE in the Northern District of California, UCE-4773 in Georgia, and UCE-4138 in Hawaii |
| 219 | 4/25/2013 | Text message between JACKSON, in the Northern District of California and UCE-4180 in Arizona |
| 220 | 5/1/2013 | Text message from JACKSON, in the Northern District of California, to UCE-4599 in California, routed through the state of Washington |
| 221 | 5/20/13 | Telephone call between YEE and JACKSON, in the Northern District of California, and UCE-4180 in Arizona |

All in violation of Title 18, United States Code, Section 1343, 1346, and 2.

COUNT 222: (18 U.S.C. § 371 – Conspiracy)

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1    From on or between March 4, 2014, to March 26, 2014, in the Northern District of California,

2  and elsewhere, the defendants,

3                                    LELAND YEE,
                                  KEITH JACKSON, and
4                                    WILSON LIM,

5  knowingly and willfully conspired and agreed with each other and with others, known and unknown to

6  the Grand Jury, to commit offenses against the United States: that is,

7       (1) to engage in the business of dealing in firearms, not being a licensed dealer within the meaning

8          of Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, Section

9          922(a)(1); and

10      (2) to knowingly import or bring into the United States any firearm or ammunition, except as

11         provided in section 925(d) of Chapter 44 of Title 18, United States Code, in violation of Title 18,

12         United States Code, Section 922(l).

13                                   OVERT ACTS

14      In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt

15  acts, among others, were committed in the Northern District of California and elsewhere:

16   1. On or about March 4, 2014, the defendant KEITH JACKSON discussed LELAND YEE and

17       WILSON LIM providing weapons for sale and importation to the United States with UCE 4599;

18   2. On or about March 5, 2014, the defendants LELAND YEE and KEITH JACKSON met with

19       UCE 4599 and discussed defendant WILSON LIM as a source to sell weapons for importation to

20       the United States;

21   3. On or about March 11, 2014, the defendants LELAND YEE, KEITH JACKSON, and WILSON

22       LIM met with UCE 4599 to discuss purchasing weapons from the Philippines to import into the

23       United States;

24   4. On or about March 14, 2014, the defendants LELAND YEE and KEITH JACKSON met with

25       UCE 4599 and defendant LELAND YEE accepted $6,800 in U.S. Currency along with a list of

26       weapons to pass to defendant WILSON LIM;

27   5. On or about March 15, 2014, the defendant KEITH JACKSON accepted a copy of a list of

28

                                             80
SUPERSEDING INDICTMENT
CR 14 0196 CRB

1    weapons to pass to defendant WILSON LIM.

2    All in violation of Title 18, United States Code, Section 371.

3    COUNT 223: (21 U.S.C. § 841(a)(1) –    Manufacture and Possession With Intent to Distribute
                                                  Marijuana)

4

5    On or about March 26, 2014, in the Northern District of California and elsewhere, the

6    defendants,

7

                                ALBERT NHINGSAVATH and

8            KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe,"

9    knowingly and intentionally manufactured and possessed with intent to distribute 100 or more marijuana

10    plants, a Schedule I controlled substance.

11    All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

12

13    COUNT 224: (21 U.S.C. § 841(a)(1) – Possession With Intent to Distribute Marijuana)

14    On or about March 26, 2014, in the Northern District of California and elsewhere, the defendant,

15                     ANDY LI, a/k/a "Andy Man Lai Li"

16    did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, to

17    wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

18

19    COUNT 225: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Marijuana)

20    On or about March 26, 2014, in the Northern District of California, the defendant,

21                  GEORGE NIEH, a/k/a "Heng Nieh,"

22    did knowingly and intentionally distribute a Schedule I controlled substance, to wit: marijuana, in

23    violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

24

25    COUNT 226: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearms and ammunition)

26    On or about March 26, 2012, in the Northern District of California, the defendant,

27                  GEORGE NIEH, a/k/a "Heng Nieh,"

28

                                            81

1  having previously been convicted of an offense punishable by more than one year imprisonment, did

2  knowingly possess in interstate and foreign commerce a firearm, that is, a Beretta Model 92FS, serial

3  number BER252848Z.

4      All in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

5

6  COUNT 227:  (21 U.S.C. § 841(a)(1) – Manufacture and Possession with intent to Distribute Marijuana)

7      On or about March 26, 2014, in the Northern District of California, the defendants,

8              LESLIE YUN, a/k/a "Leslie Yuncheung," and
9              YAT WA PAU, a/k/a "James Pau,"

10  did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, to

11  wit: marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

12

13  COUNT 228: (21 U.S.C. § 841(a)(1) –        Manufacture and Possession With Intent to Distribute
14                                              Marijuana)

15      On or about March 26, 2014, in the Northern District of California and elsewhere, the defendant,

16              XIAO CHENG MEI, a/k/a "Michael Mei"

17  knowingly and intentionally manufactured and possessed with intent to distribute 100 or more marijuana

18  plants, a Schedule I controlled substance.

19      All in violation of Title 21, United States Code, Section 841(a)(1)(B).

20

21

22  FORFEITURE ALLEGATION:

23      1.      The factual allegations contained in Counts 1-228 of this Superseding Indictment are

24  hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture as

25  set forth below.

26      2.      Upon conviction of the offenses alleged in Counts One and Two of this Superseding

27  Indictment, the defendants,

28

82

KWOK CHEUNG CHOW, a/k/a "Raymond Chow,"
a/k/a "Ha Jai," a/k/a "Shrimpboy";
GEORGE NIEH, a/k/a "Heng Nieh";
KEITH JACKSON;
KEVIN SIU, a/k/a "Dragon Tin Loong Siu";
ALAN CHIU, a/k/a "Alan Shiu";
KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe";
XIAO CHENG MEI, a/k/a "Michael Mei";
BRANDON JAMELLE JACKSON;
MARLON DARRELL SULLIVAN;
ANDY LI, a/k/a "Andy Man Lai Li";
LESLIE YUN, a/k/a "Leslie Yuncheung";
YAT WA PAU, a/k/a "James Pau";
TINA YAO GUI LIANG;
HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban";
ALBERT NHINGSAVATH;
NORGE MASTRANGELO; and
LELAND YEE

shall, pursuant to 18 U.S.C. § 1963, forfeit to the United States:

        a.      any interest acquired or maintained in violation of section 1962;

        b.      any interest in, security of, claim against, or property or contractual right of any

kind affording a source of influence over, any enterprise which the defendant[s] established, operated,

controlled, conducted, or participated in the conduct of, in violation of section 1962; and

        c.      any property constituting, or derived from, any proceeds obtained, directly or

indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

      3.      The property to be forfeited includes, but is not limited to:

(1) One 5.56 caliber AR-15 rifle with no serial number or manufacturer markings on lower receiver;
(2) One 5.56 caliber AR-15 rifle with no serial number or manufacturer markings on lower receiver, barrel marked "5.56 NATO 1/7 CL Palmetto", "Palmetto" marked on upper receiver and stock;
(3) One .44 caliber Smith and Wesson Revolver, serial number 173514 XRF# 94590;
(4) One .45 caliber Sturm Ruger handgun, serial number 661-43176;
(5) One .45 caliber Taurus revolver, serial number CW930492;
(6) One 9MM Calico firearm, serial number J000690;
(7) One AK-47 assault rifle, serial number 1983 AE4488;
(8) One 9MM Luger pistol, serial number D047677;
(9) One .233 caliber Bushmaster firearm, serial number CRB003689;
(10) One .45 caliber Springfield pistol, serial number N450080;
(11) One 9MM Luger pistol, serial number 17094;
(12) One AR-15 assault rifle with attached bipod, no serial number or manufacturing stamp;

83

(13) One 7.62 caliber SKS rifle, serial number 24023048N;
(14) One 7.62 caliber Norinco firearm, serial number 8808322;
(15) One 9MM Uzi semi-automatic firearm, serial number SA41977;
(16) One 9MM M-11 S.M.D. firearm, serial number 89-0007062;
(17) One .22 caliber Ruger carbine, serial number 123-20766;
(18) One Cobray pistol, with last six digits of serial number 007394;
(19) One 12-gauge Mossberg shotgun, serial number MV60079C;
(20) One .223 caliber Sturm Ruger rifle, serial number 580-75655;
(21) One Smith and Wesson handgun, serial number A170243;
(22) One Colt handgun, serial number SFA5458;
(23) One 7.62 caliber Clayco Sports rifle, serial number 105211;
(24) One 7.62 caliber SKS firearm, serial number 2697;
(25) One 7.62 caliber AK-47 rifle, serial number CM0605639;
(26) One .380 caliber Cobra M12;
(27) One .22LR caliber Smith and Wesson firearm, serial number DZR2321;
(28) One .45 caliber Ruger revolver, serial number 45-12226;
(29) One .357 caliber Smith and Wesson revolver, serial number AYL5133;
(30) One .22 caliber revolver, serial number 69874;
(31) One .223 caliber Daewoo DR-200 rifle bearing serial number RA001216;
(32) One .40 caliber Ruger SR40 handgun, serial number 342-08483;
(33)  One .380 caliber Cobra FS380 semi-automatic pistol;
(34)  One .223 caliber Aero Precision X15 rifle with an obliterated serial number;
(35)  One Beretta Model 92FS, serial number BER252848Z
(35) Approximately 496 rounds of ammunition of various caliber including shotgun shells;
(36) Approximately Twenty (20) magazines including "extended" and drum-style magazines for ammunition of various calibers;
(37) One speed loader;
(38) One blue ballistic vest with yellow marking "FBI" manufactured by Point Blank, model Gold Flex-6 IIIA, Style VNG052;
(39) One white ballistic vest manufactured by ABA, model XT3A-2;
(40) One bullet-proof vest manufactured by International Armor, Model Type 2A;
(41) One AK-47 scope;
(42) One silencer;
(43)  Real property and improvements located at 5555 Merritt Drive, Concord, Ca.;
(44) $61,280.75 in United States Currency, 3710 Thai Bhat, 3,635 Chinese Yuan, 66 Canadian Dollars, and 380 Hong Kong Dollars seized from 3430 Laguna Avenue, Apt. C, Oakland, CA on March 26, 2014;
(45) $228,420.00 seized from 133-43 37th Ave., Flushing, NY on March 25, 2014;
(46) $66,066.00 seized from 1370 24th Ave., San Francisco, CA on March 26, 2014;
(47) $98,791.00 seized from 999 87th St., Daly City, CA on March 26, 2014;
(48) Equipment that facilitated the cultivation and distribution of marijuana seized at 5804 Highland Avenue, Richmond, CA on February 20, 2014;
(49) Equipment that facilitated the cultivation and distribution of marijuana seized at 5176 Judsonville Avenue, Antioch, CA on October 30, 2012;
(50) Electrical equipment, such as plant grow light bulbs, hoods, and electrical ballasts, seized from 555 Merritt Dr., Concord, CA on February 20, 2014;
(51) $26,786.00 seized from 225 Jules Ave., San Francisco, CA on March 26, 2014;
(52) $15,142.00 seized from 1116 St. Francis Dr., Concord, CA on March 26, 2014;
(54) $8,006.00 seized from 991 Carolina St., San Francisco, CA on March 26, 2014;
(55) $5,644.00 seized from 558 Broadway St., Apt. 8, San Francisco, CA on March 26, 2014;

84

(56) $3,452.00 seized from 353 King St., Apt. 720, San Francisco, CA on March 26, 2014;

(57) $2,717.00 seized from 128 Buxton Ave., South San Francisco, CA on March 26, 2014;

(58) $1,698.00 seized from James Pau at 133-43 37th Ave., Flushing, NY on March 25, 2014;

(59) $1,076.00 seized from Leslie Yun at 133-43 37th Ave., Flushing, NY on March 25, 2014

4.      Upon conviction of any of the offenses alleged in Counts 3-79, 82-84, 86-98, 102 -109, 115-123, 128-132, 136-151, 153-157, 160-161, 163-164, 167-170, 172-173, 175-183, 185-186, 189-194, and 196-203, 205-206 of this Superseding Indictment, the defendants,

GARY CHEN,
ALAN CHIU,
RAYMOND CHOW,
SERGE GEE,
ANTHONY LAI,
ELAINE LIANG,
ANDY LI,
NORGE MASTRANGELO,
ALBERT NHINGSAVATH,
GEORGE NIEH,
JAMES PAU,
KEVIN SIU, and
LESLIE YUN

shall, pursuant to 18 U.S.C. § 982(a)(1), forfeit to the United States any property, real and personal, involved in said violations, or any property traceable to such property.

5.      The property to be forfeited includes, but is not limited to:

(1) $8,507.32 seized from 6386 Blackwood Dr., Cupertino, CA on March 26, 2014

6.      Upon conviction of any of the offenses alleged in Counts 80, 100, 110, 124-125, 127, 187, 207, 208, 223-225, and 227-228 of this Superseding Indictment, the defendants,

ALBERT NHINGSAVATH
KONGPHET CHANTHAVONG,
BRANDON JACKSON,
KEITH JACKSON,
MARLON SULLIVAN,
GEORGE NIEH,
ANDY LI,
XIAO CHENG MEI,
LESLIE YUN,
TINA YAO GUI LIANG,
YAT WA PAU,
and
BRYAN TILTON

85

1

2  shall, pursuant to 21 U.S.C. § 853(a)(1) and (2), forfeit to the United States all right, title, and interest in

3  property constituting and derived from any proceeds defendants obtained, directly or indirectly, as a

4  result of violations of 21 U.S.C. §§ 846 and 841, and any property used, or intended to be used, in any

5  manner or part, to commit, or to facilitate the commission of the said violations, or any property

6  traceable to such property.

7       7.     The property to be forfeited includes, but is not limited to:

8            (1) $26,786.00 seized from 225 Jules Ave., San Francisco, CA on March 26, 2014;
          (2) $15,142.00 seized from 1116 St. Francis Dr., Concord, CA on March 26, 2014

9

10       8.     Upon conviction of any of the offenses alleged in Counts 81, 99, 101, 133, 162, 174, 204
and 213-221 of this Superseding Indictment, the defendants,

11

12  RAYMOND CHOW,
KEITH JACKSON,
BRANDON JAMELLE JACKSON,

13  JANE LIANG,
TINA LIANG,

14  MING MA,
GEORGE NIEH,

15  JAMES PAU,
HON SO,

16  MARLON SULLIVAN,
BRYAN TILTON,

17  ZHANGHAO WU,
LELAND YEE,

18  RINN ROEUN,
LESLIE YUN, and

19  TONG ZAO ZHANG,

20  shall, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), forfeit to the United States any

21  property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18

22  U.S.C. §§ 1958 and 2315, or a conspiracy to commit said offense.

23       9.     Upon a conviction of any of the offenses alleged in Counts 85, 111-114, 126, 134-135,

24  152, 158-159, 165-166, 184, 188, 195, 209-212, 222, and 226 of this Superseding Indictment, the

25  defendants,

26  KONGPHET CHANTHAVONG,
BARRY HOUSE,

27  BRANDON JACKSON,
KEITH JACKSON,

28  WILSON LIM,

86

ANDY LI,
GEORGE NIEH,
RINN ROEUN,
MARLON SULLIVAN, and
LELAND YEE,

shall, pursuant to 18 U.S.C. § 924(d)(1) forfeit to the United States any firearm, ammunition, aircraft, vehicle, or vessel involved in a violation of 18 U.S.C. § 922 as alleged in those counts.

10.  If, as a result of any act or omission of the defendants, any of the property subject to forfeiture

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All in violation of Title 18, United States Code, Sections 924(d), 981(a)(1)(C), 982(a)(1), and 1963; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c), and Rule

///
///
///

SUPERSEDING INDICTMENT
CR 14 0196 CRB

1   32.2 of the Federal Rules of Criminal Procedure.

2

3

4   DATED: *July 24, 2014*              A TRUE BILL

5

6                                       *Nancy J. Peterson*
                                      FOREPERSON

7

8   MELINDA HAAG
9   United States Attorney

10

11   J. DOUGLAS WILSON
    Chief, Criminal Division

12

13   (Approved as to form:

14                      AUSA WILLIAM FRENTZEN
                      AUSA SUSAN BADGER
15                      AUSA S. WAQAR HASIB

16

17

18

19

20

21

22

23

24

25

26

27

28

88

SUPERSEDING INDICTMENT
CR 14 0196 CRB