MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    FAX: (415) 436-6753
    william.frentzen@usdoj.gov
    susan.badger@usdoj.gov
    waqar.hasib@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-0196 CRB |
| Plaintiff, | UNITED STATES' STATUS REPORT |
| v. | SAN FRANCISCO VENUE |
| KWOK CHEUNG CHOW, a/k/a "Raymond Chow", a/k/a "Hai Jai", a/k/a "Shrimpboy", et. al. | |
| Defendants. | |

In light of the relative complexity of the above-referenced multi-defendant racketeering investigation, the United States files this status report in advance of the August 7 status conference for the Court's and the parties' benefit.

**I.     SUMMARY OF THE CASE**

On March 24, 2014, two complaints were issued charging 30 individuals with a variety of

UNITED STATES' STATUS REPORT
CR 14-0196 CRB                                                  1

offenses relating to alleged illegal activities conducted by members of the Chee Kung Tong ("CKT") and their associates.  On March 26, 2014, arrest warrants and search warrants were executed in this district and elsewhere.  On April 3, 2014, a grand jury in this district returned a 50-count indictment against 29 of the individuals originally arrested in the complaints.[1]  27 of the 29 defendants have since been apprehended, arraigned, assigned counsel, and released on bond or detained pending trial, as described in the chart below:

| Defendant | Attorney | Bail status |
|---|---|---|
| KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy"; | Tony Serra, Esq. | Detained |
| LELAND YEE | James Lassart, Esq. | Released on bond |
| GEORGE NIEH, a/k/a "Heng Nieh" | Gil Eisenberg, Esq. | Released on bond |
| KEITH JACKSON | James Brosnahan, Esq. | Released on bond |
| KEVIN SIU, a/k/a "Dragon Tin Loong Siu" | Robert Waggener, Esq. | Released on bond |
| ALAN CHIU, a/k/a "Alan Shiu" | Sara Rief, Esq. | Detained |
| KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe" | Claire Leary, Esq. | Detained |
| XIAO CHENG MEI, a/k/a "Michael Mei" | Doron Weinberg, Esq. | Detained |
| BRANDON JAMELLE JACKSON | Tony Tamburello, Esq. | Detained |
| MARLON DARRELL SULLIVAN | Randall Daar, Esq. | Detained |
| RINN ROEUN | Garrick Lew, Esq. | Detained |
| ANDY LI, a/k/a "Andy Man Lai Li" | Winston Chan, Esq. | Detained |
| LESLIE YUN, a/k/a "Leslie Yuncheung" | Dennis Riordan, Esq. | Released on bond |
| YAT WA PAU, a/k/a "James Pau" | Teresa Caffese, Esq. | Released on bond |
| JANE MIAO XHEN LIANG | Jai Gohel, Esq. | Released on bond |
| TINA YAO GUI LIANG | Michael Stepanian, Esq. | Released on bond |
| BRYAN TILTON | Harris Taback, Esq. | Released on bond |
| HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban" | Roger Patton, Esq. | Released on bond |
| HON KEUNG SO, a/k/a "Hon So" | Edwin Prather, Esq. | Released on bond |
| NORGE MASTRANGELO | Bruno Gioffire, Esq. | Released on bond |
| ALBERT NHINGSAVATH | Randy Knox, Esq. | Released on bond |
| XIU YING LING LIANG, a/k/a "Elaine Liang" | Nicole Giacinti, Esq. | Released on bond |
| GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David" | Jonathan Piper, Esq. | Released on bond |
| ANTHONY JOHN LAI, a/k/a "AJ" | Chris Cannon, Esq. | Released on bond |
| ZHANGHAO WU, a/k/a "Jason" | Laura Robinson, Esq. | Released on bond |
| BARRY BLACKWELL HOUSE, a/k/a "Barry Black" | AFPD Elizabeth Falk<br>AFPD Galia Phillips | Detained |
| WILSON SY LIM, a/k/a "Dr. Lim" | Brian Getz, Esq. | Released on bond |

Two remaining defendants, Serge GEE and Tong Zao ZHANG, remain at large.

On July 24, 2014, a grand jury in this district returned a 228-count superseding indictment charging the 29 defendants with numerous additional offenses, including conspiracies to conduct the

---

[1] One individual, identified in the complaints only as "Unidentified Asian Male #3," or UAM 3, remains unindicted.

UNITED STATES' STATUS REPORT
CR 14-0196 CRB                                            2

1  affairs of an enterprise through a pattern of racketeering activity (RICO).  Several, but not all, of the
2  defendants, were charged in the RICO conspiracies.  25 of the 27 apprehended defendants have
3  appeared and have been arraigned on the superseding indictment.  The two exceptions are defendant
4  Wilson LIM, whose appearance has been waived, and Norge MASTRANGELO, who lives outside the
5  Northern District of California, but is expected to be arraigned in magistrate court on the morning of
6  August 7, 2014, prior to appearing before this Court for the status conference.

7  II.    **DISCOVERY**

8  Substantial discovery has been disclosed.  In particular, the United States has turned over the
9  vast majority of FBI reports documenting this investigation.  Likewise, the United States has turned over
10 the vast majority of audio and video captured as part this investigation.  This includes, to the best of
11 counsel's knowledge, all consensually-recorded interactions between any of the defendants and any
12 undercover employees have been turned over.  This also includes several terabytes (TB) of video
13 footage captured on pole cameras at various locations.  The United States has also turned over all
14 communications intercepted pursuant to court-authorized wiretap orders, as well wiretap applications
15 and supporting documents.  In addition, though plainly not required under Rule 16 or any other rule of
16 discovery, prior to the status conference the United States expects to be able to provide the defendants
17 with a discovery index in an effort to aid their review of these voluminous materials.[2]

18 Discovery production, however, is still ongoing.  For example, while the vast majority of FBI
19 reports have been turned over, many of the underlying attachments to those reports have *not* yet been
20 turned over.  The attachments include, for example, photographs taken by surveillance agents, business
21 cards collected by undercover employees during meetings with defendants and other individuals, and
22 materials collected from state and local law enforcement agencies, among many other different kinds of
23 items.  These attachments are currently being processed for production and will be turned over as soon
24 as possible (or made available for viewing by the defendants, if copying is not possible).  The United
25 States is also reviewing the reports, audio, video, and wiretap-related documents that have been turned
26 over to determine what, if any, materials remain outstanding.  In addition, the parties continue to

27
28   [2] These indices arguably constitute attorney work product; by turning them over to the defendants, the United States by no means suggests that it is waiving its work product privilege.

negotiate the terms of a stipulation regarding draft transcripts and linesheets.  The United States is amenable to turning over such drafts, assuming the parties can agree to the terms of said stipulation.

The United States has also received some requests for additional discovery information.  For example, one defendant has requested *Giglio* and *Henthorn* information relating to particular undercover employees and confidential human sources.  The United States is currently reviewing its files to determine whether any such information exists.  Several defendants have also asked the United States to provide lists of Bates ranges of documents relating specifically to them, to make their review of discovery more efficient.  Again, although not in any way required by Rule 16 or any other discovery rule, the United States is amenable to providing such lists in an effort to aid the defendants, and will do so once global discovery issues relating to all defendants are resolved.

## III.     **PROTECTIVE ORDER AND POSSIBLE DISCOVERY LEAKS**

The Court will recall that it issued a protective order in this case governing the disclosure of discovery materials to non-parties.  Docket No. 302.  One defendant has moved to lift the protective order in its entirety; the United States will respond to that motion accordingly.  Separate and apart from that motion, however, the United States is aware that there have been numerous reports in the media speculating about individuals whose names may be included in protected discovery materials.  Some or all of the individuals mentioned in these media reports may be entirely innocent of any wrongdoing; some or all of them may be the targets of ongoing investigations; some or all of them may not even be mentioned in the protected discovery materials at all.  Regardless, the possibility that any such names were leaked to the media in violation of this Court's protective order is a serious matter.  The United States assures the Court that it has not leaked any protected discovery materials to the media.  Any such leak would be contrary to the Principles of Federal Prosecution set forth in the United States Attorney's Manual.[3]

---

[3] "In all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third-parties… [t]his means that, in the absence of some significant justification, it is not appropriate to identify (either by name or unnecessarily-specific description), or cause a defendant to identify, a third-party wrongdoer unless that party has been officially charged with the misconduct at issue… As a series of cases make clear, there is ordinarily 'no legitimate governmental interest served' by the government's public allegation of wrongdoing by an uncharged party, and this is true '[r]egardless of what criminal charges may . . . b[e] contemplated by the Assistant United States Attorney against the [third-party] for the future.'" *United States Attorney's Manual (USAM)*, § 9-27.760, quoting *In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981).

### IV. ACCESS TO DISCOVERY MATERIALS BY DEFENDANTS IN CUSTODY

Several defendants who are in custody have asked the United States for permission to keep MP3 players or other audio devices in jail, along with limited hard copies of reports, so that they can review discovery materials. In principal, the United States does not object to this request; however, ultimately it is up to the United States Marshal Service and the jail to determine what discovery materials a particular defendant may be allowed to keep while in custody. In any event, any such materials would remain subject to the protective order, and cannot be disseminated. The United States also understands that this issue is not unique to this particular case. In fact, there is currently a district-wide working group comprised of prosecutors, defense attorneys, court personnel, U.S. Marshals, and representatives from local jails to address the issue of providing discovery materials to custodial defendants. The United States is reluctant to stake a position on this issue before the working group reaches any conclusions.

### V. TRIAL GROUPINGS/SEVERANCES

The United States recognizes that 27 defendants cannot go to trial together on a 228-count indictment. Accordingly, the United States is amenable to discussing theoretical trial groupings that could be established if this case were immediately set for trial. At the same time, though, theoretical discussions aside, the United States maintains that it would be premature to sever defendants at this time. The United States anticipates that there are many initial issues, such as discovery, suppression of evidence, litigation of wiretaps, and motions to dismiss, that most, if not all, of the defendants in this case will want to address. Moreover, as discussed above, discovery is still ongoing and the defendants have only recently been arraigned and advised of the newest charges against them, including the RICO conspiracy charges. Finally, as the Court will no doubt recognize, in large cases such as this one, the vast majority of defendants do not proceed to trial. For all of these reasons, the

///
///
///
///

1 United States maintains that severance would be premature at this time.

2 DATED: August 6, 2014                     Respectfully submitted,

3                                                          MELINDA HAAG
                                                             United States Attorney

4
                                                                        /s/
5                                                          WILLIAM FRENTZEN
                                                             SUSAN BADGER
6                                                          S. WAQAR HASIB
                                                             Assistant United States Attorneys

UNITED STATES' STATUS REPORT
CR 14-0196 CRB                                         6