J. TONY SERRA, SBN 32639
GREGORY M. BENTLEY, SBN 275923
CURTIS L. BRIGGS, SBN 284190
506 Broadway
San Francisco, CA 94133
Telephone: 415/986-5591
Fax: 415/421-1331
jts@pier5law.com
bentley.greg@gmail.com
curt.briggs@gmail.com

Attorneys for Defendant
KWOK CHEUNG CHOW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KWOK CHEUNG CHOW,<br><br>　　　　Defendant.<br>_____/ | No. CR 14-0196 CRB<br><br>RESPONSE TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>Date: August 20, 2014<br>Time: 2:00 p.m.<br>Hon. Judge Breyer |

　　　The Government's Opposition is insufficient because the Motion did not require leave to file and the Government's continued assertion that redaction is not feasible is patently false as evidenced by the thousands of redaction in Discovery.

**I.**

**NO LEAVE IS REQUIRED FOR A MOTION FOR RECONSIDERATION IN A CRIMINAL MATTER PURSUANT TO CRIMINAL LOCAL RULES AND FEDERAL RULES OF CRIMINAL PROCEDURE**

　　　Criminal Local Rules are controlling based on the plain language of the rules. Criminal Local Rule 2-1 states in part "The provisions of the Civil Local Rules of the Court shall

apply to criminal actions and proceedings, *except where they may be inconsistent with these criminal local rules*, the Federal Rules of Criminal Procedure or provisions of law specifically applicable to criminal cases." (emphasis added).  Criminal Local Rule 12-1 states that motions shall comply with Federal Rule of Criminal Procedure 12 and Criminal Local Rule 47-1.  Federal Rule of Criminal Procedure 12 (b)(1) states : "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Criminal Local Rule 47-1 titled "Motion in Criminal Case"  in relevant part states that a motion in a criminal matter must be in writing and calendared with the assigned judge.  Criminal Local Rule 47-2 discusses various requirements of criminal motions and specifically lists various Civil Local Rules which are adopted for criminal motions.  These Civil Local Rule adoptions address issues such as formatting, not leave.

    Here, Defendant's Motion for Reconsideration is a criminal motion addressing a protective order in a criminal case brought properly under the local rules applicable here: Criminal Local Rules.  First, the leave requirement of Civil Local Rule 7-9 is inconsistent with the Criminal Local Rules because there are no similar requirements in Criminal Local Rules 12-1, 47-1, and 47-2.  Therefore, pursuant to Criminal Local Rule 2-1, Criminal Local Rules are controlling because there is an inconsistency. Second, Defendant's Motion raised issues surrounding the Protective Order in a criminal case which can be adjudicated without a trial on the merits, so it fits squarely within Federal Rule of Criminal Procedure 12(b)(1).  Lastly,

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

2

Defendant's Motion fits within all parameters of Criminal Local Rules 12-1, 47-1, and 47-2.

Requiring a criminal defendant to abide by a civil local rule in a criminal matter is analogous to requiring a Patent Litigator to abide by Admiralty and Maritime local rules merely because there is similar language in the title of the motion. Furthermore, the Protective Order is a matter of extreme importance and the issue must be addressed as soon as possible so as not to prejudice all defendants in this case any further. Therefore, the Government's procedural objection should be disregarded.

**II.**

**THE GOVERNMENT'S ARGUMENT THAT REDACTION OF DOCUMENTS WAS NOT FEASIBLE IS DISINGENUOUS BECAUSE THEY MADE THOUSANDS OF REDACTIONS TO DISCOVERY ALREADY**

The Government's continued assertions regarding the unfeasibility of redaction is absolutely baffling and highly concerning. The Government turned over to defense counsel approximately 1,300 pages of discovery documents relating to Defendant Kwok Cheung Chow.[1] Based on defense counsel's review of those specific documents alone, there are *more than 1,000 redactions*.[2] In their Opposition, the Government argues that it would have been unfeasible to redact search warrant and wiretap applications yet they reflect redactions as well.[3] It becomes

---

[1] See Bates Numbers US607954 through US609347.

[2] The actual number could be close to or above 2,000, but to conserve time a low estimate has been used.

[3] See Bates Numbers US400357, US400525, US400539, US400674, US400688, US401187, and US401202.

1  very hard to reconcile how the Government can argue in good
2  faith infeasibility of redaction, yet they have managed to make
3  over 1,000 redactions in approximately 1,300 documents.[4]  Not
4  only is redaction theoretically possible, but it already
5  occurred.  Therefore, this Protective Order should be
6  reconsidered for the reasons stated in the Motion.

## CONCLUSION

United States v. Chow is a case with incredible implications to the citizens of this nation, but what may not be obvious to the Government is that defense counsel are accountable to their clients, all of whom are presumed innocent. Many clients in this case are facing potential life sentences and what may seem an insignificant issue to some of those prosecuting this case is of incredible importance to our clients and to their families, who stand by their phones every minute of every day, waiting for case updates on their loved ones.

When the Government repeatedly makes significant errors, or improperly presents issues such as discovery, or states redaction is not feasible when it has already occurred, the nightly phone call to our clients' loved ones becomes a difficult burden to bear.  All a mother can hope for when her son or daughter is facing a life sentence is fairness, accountability, and integrity at the hands of the United States prosecutor.  Judicial intervention is necessary in this matter

---

[4] The 1,300 document figure does not include warrant and wiretap affidavits.  Also, the estimate is based only on the documents reviewed so far.  The more accurate number of redactions could be even higher.

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

4

and the Motion for Reconsideration should be granted.

DATED: August 8, 2014          Respectfully Submitted,

                                          /s/CURTIS L. BRIGGS

J. TONY SERRA
CURTIS L. BRIGGS
GREGORY M. BENTLEY
Attorneys for Defendant
KWOK CHEUNG CHOW

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331

5

**DECLARATION OF COUNSEL**

I, CURTIS L. BRIGGS, declare:

I am an attorney licensed to practice in the state of California and the Northern District of California, and the attorney of record for Defendant herein, KWOK CHEUNG CHOW. The statements in the accompanying Response to United States' Opposition to Defendant's Motion for Reconsideration are true and correct to the best of my knowledge, based on my information and belief.

I declare under penalty of perjury that the foregoing true and correct. Executed August 8, 2014, at San Francisco, California.

                                             /s/ CURTIS L. BRIGGS
                                             CURTIS L. BRIGGS

**LAW OFFICES**
506 BROADWAY
SAN FRANCISCO
(415) 986-5591
Fax: (415) 421-1331