1

MELINDA HAAG (CABN 132612)
2   United States Attorney

3   J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division
4

WILLIAM FRENTZEN (LABN 24421)
5   SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
6   Assistant United States Attorneys

7        450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
8        Telephone: (415) 436-6959
FAX: (415) 436-6753
9        william.frentzen@usdoj.gov
susan.badger@usdoj.gov
10       waqar.hasib@usdoj.gov

11  Attorneys for Plaintiff

12

13                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA
14
                       SAN FRANCISCO DIVISION
15

16  UNITED STATES OF AMERICA,              )   No. CR 14-0196 CRB
                                           )
17       Plaintiff,                        )   UNITED STATES' OPPOSITION TO
                                           )   DEFENDANT'S MOTION TO ALLOW
18    v.                                   )   DEFENDANT IN-CUSTODY USE OF MP3
                                           )   PLAYER AND VIDEO PLAYER AND MODIFY
19  KWOK CHEUNG CHOW, a/k/a "Raymond       )   PROTECTIVE ORDER
    Chow," a/k/a "Ha Jai," a/k/a "Shrimpboy," )
20                                         )   Date:  October 3, 2014, 10:30 A.M.
         Defendant.                        )   Court: Hon. Joseph C. Spero
21                                         )
                                           )   SAN FRANCISCO VENUE
22  _____ )

23  **I.      INTRODUCTION**

24       The defendant has filed a motion for an order to allow use of an MP3 player in custody and a

25  video player, and to modify the protective order in this case.  Docket No. 484.  In response to the

26  defendant's motion, this Court held a discovery conference on September 22, 2014.  As a result of the

27  conference, several of the issues raised by the defendant were resolved.  One outstanding issue is the

28  defendant's argument that he should not have to keep a log of discovery materials that are maintained by

UNITED STATES' OPPOSITION TO MOTION
CR 14-0196 CRB                                    1

1    him while he is in custody.  At the end of the conference, the Court instructed the United States to

2    respond in writing to this argument.  For the reasons discussed below, the defendant's argument with

3    respect to discovery logs should be DENIED.

4    **II.      ARGUMENT**

5          **A.  The Protective Order**

6          As this Court will recall, after extensive litigation, the Honorable U.S. District Court Judge

7    Charles R. Breyer issued a protective order in this case governing the disclosure of discovery materials.

8    Order, Docket No. 302.  The protective order was entered over the objection of the defendant.  Order

9    Granting Motion for Protective Order, Docket No. 301.  In issuing the order, the Court noted that

10   "[g]iven the volume of sensitive material and the fact that it is so enmeshed with non-sensitive material,

11   the protective order negotiated… is both practical and appropriate."  Docket No. 301 at pg. 3.  The Court

12   further noted that absent a protective order, unauthorized disclosure of discovery materials "risks not

13   only bodily harm to undercover agents, but reputational harm to individuals who would be collateral

14   damage.... In the case of public officials, there is also a risk of unfairly undermining their abilities to

15   govern.  An investigation of government corruption conducted by means of wiretap will include

16   speculative discussions about numerous public officials, when those individuals are not parties to the

17   discussion, cannot interject to defend themselves, and never went on to act in a corrupt or criminal

18   manner."  Docket No. 301 at pg. 4.

19         In light of these concerns, the protective order issued by the Court restricts disclosure of

20   discovery materials only to certain individuals, including among others, counsel for the defendants, staff

21   members working with counsel, experts and investigators hired by counsel, and defendants, in the

22   presence of counsel or counsel's staff.  The protective order requires the defendants to keep a log of any

23   discovery materials provided to experts and investigators, and outlines a process by which the logs can

24   be reviewed, in the event of a breach of the protective order.  Finally, the protective order allows for

25   custodial defendants to review discovery materials outside the presence of counsel, under conditions to

26   be determined.  *See*, *generally*, Docket No. 302.

27

28

UNITED STATES' OPPOSITION TO MOTION
CR 14-0196 CRB                                    2

1    The defendant moved the Court to reconsider the issuance of the protective order, based on

2  alleged "blatant, gross, and irresponsible misrepresentations" by counsel for the United States.  Def.

3  Mot. to Reconsider, Docket No. 369.  The Court summarily denied that motion.  Docket No. 459.

4    **B.  <u>Logs</u>**

5    At issue now are the conditions to be determined under the protective order with respect to

6  defendants in custody.  The defendant seeks a stipulation from the United States allowing him to retain

7  discovery materials in his possession while in custody.  The United States is willing to enter into such a

8  stipulation, and in fact has done so with respect to other defendants, but only if defendants keep a log of

9  discovery materials that they are retaining while in custody.  Other defendants have agreed to this

10 provision.  *See*, *e.g.*, Order on Stipulation, Docket No. 429.  The reasoning for such a provision is clear:

11 if a leak occurs, both the Court and the United States need to be able to determine who has had access to

12 leaked materials.  Such leaks have unfortunately occurred with some regularity in this district.  See, e.g.

13 February 18, 2014, Order Requiring Declarations from Defense Counsel, Docket No. 6088, in *United*

14 *States v. Cerna*, 08-00730-WHA.

15    The defendant refuses to keep such a log, on the grounds that it would constitute work product.

16 However, he cites no case law, no statute, and no rule in support of his conclusion.  *See, generally*, Def.

17 Mot. to Allow Use of MP3 Player, Docket No. 484.  The work product privilege was described in

18 *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) as covering the "work" of attorneys "in interviews,

19 statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless

20 other tangible and intangible ways – aptly though roughly termed . . . as the 'Work product of the

21 lawyer.'"  That opinion went on, however, to recognize that these work product materials were not

22 "necessarily free from discovery in all cases."  *Id.*  That "the general policy against invading the privacy

23 of an attorney's course of preparation is so well recognized and so essential to an orderly working of our

24 system of legal procedure that a burden rests on the one who would invade that privacy to establish

25 adequate reasons to justify production through… a court order."  *Id*. at 512.  Here, the reasons are

26 clearly adequate: to enforce Judge Breyer's protective order in the event of a leak.

27    In *United States v. Nobles*, 422 U.S. 225 (1975), the Supreme Court affirmed that the work

28 product privilege applied in criminal cases as well as in civil cases, and stated that "[a]t its core, the

UNITED STATES' OPPOSITION TO MOTION
CR 14-0196 CRB                                               3

1  work-product doctrine shelters the mental processes of the attorney, providing a privileged area within

2  which he can analyze and prepare his client's case." *Id*. at 238.  It also again recognized that "[t]he

3  privilege derived from the work-product doctrine is not absolute." *Id*. at 239.  What the United States

4  seeks the custodial defendants to maintain, i.e., a log of discovery materials retained by while in

5  custody, is not attorney "work product."  It is not the "mental processes of the attorney."  It is simply a

6  list identifying those materials that an attorney is allowing the defendant to retain while in custody –

7  materials that, by the time any logs would be viewed by the Court, would have already been leaked in

8  violation of the Court's order.

9        Even if the logs are deemed to be work product material, the Court has suggested, and the United

10  States is amenable to, a procedure by which such logs could be reviewed in the event of a leak, without

11  compromising any defense strategies.  The United States would advise the Court that a leak may have

12  occurred; the Court would then review the logs itself and take whatever measures it deems appropriate –

13  questioning witnesses, appointing its own investigators, or whatever other means it sees fit to investigate

14  the leak.  The Court could also advise the United States of the identities of those individuals who,

15  according to the Court's review of the logs, possessed leaked materials, so that the United States could

16  conduct its own investigation.  Either way, the United States would not be privy to the logs themselves.

17  Indeed, such a procedure is already outlined in the protective order, with respect to logs documenting the

18  disclosure of discovery materials to defendants' experts and investigators.  This is precisely the type of

19  reasonable, limited measure that is appropriate to a protective order and well within the Court's

20  discretion to impose, pursuant to its authority under Rule 16(d)(1).

21        Moreover, requiring defendants in custody to maintain logs of materials that they retain in their

22  possession is entirely consistent with Judge Breyer's protective order.  That is, non-custodial defendants

23  are not permitted to retain copies of discovery materials; they may only review them under controlled

24  conditions.  Detained defendants are in a different position, unable to visit counsel's office where

25  discovery materials must be maintained.  These practicalities demand that defense counsel actually

26  release the discovery materials to their custodial clients.  What the United States seeks in requiring a log

27  is no more than is required in the protective order when discovery materials are released from the

28  custody of counsel to investigators and expert witnesses.

UNITED STATES' OPPOSITION TO MOTION
CR 14-0196 CRB                                                    4

1 **III.   CONCLUSION**

2        For the reasons discussed above, the defendant's argument with respect to discovery logs should

3 be DENIED.

4 DATED: September 22, 2014                      Respectfully submitted,

5                                               MELINDA HAAG
                                                United States Attorney
6
                                                       /s/
7                                               WILLIAM FRENTZEN
                                                SUSAN BADGER
8                                               S. WAQAR HASIB
                                                Assistant United States Attorneys
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28