1  JAMES J. BROSNAHAN (CA SBN 34555)
   JBrosnahan@mofo.com
2  SOMNATH RAJ CHATTERJEE (CA SBN 177019)
   SChatterjee@mofo.com
3  SETH A. SCHREIBERG (CA SBN 267122)
   SSchreiberg@mofo.com
4  CHRIS W. MAGAÑA (CA SBN 287256)
   CMagana@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone: 415.268.7000
7  Facsimile: 415.268.7522

8  Attorneys for Defendant
   KEITH JACKSON
9

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  UNITED STATES OF AMERICA,              Case No.   3:14-CR-00196 (CRB)

15                 Plaintiff,              **DEFENDANT KEITH JACKSON'S
                                           NOTICE OF MOTION AND
16        v.                               MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF
17  KEITH JACKSON,                         MOTION TO DISMISS COUNTS 152,
                                           158, 159, 165, 166, 171, 204, 210, AND
18                 Defendant.              222**

19                                         Date:    November 12, 2014
                                           Time:    10:00 a.m.
20                                         Magistrate Judge:   Hon. Charles Breyer
                                           Location: Courtroom 6, 17th Floor
21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on November 12, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendant, through counsel, will and hereby does move for an order dismissing the Counts 152, 158, 159, 165, 166, 171, 204, 210, and 222 in the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12.

This Motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities, the files and records in this case, and any other evidence or argument that may properly be presented to the Court.

i

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

    A.   Counts 152, 158, 159, 165, 166, 171, 210—18 U.S.C. § 922(a)(1)...................... 1

    B.   Count 222; 18 U.S.C. § 371 ................................................................................. 2

    C.   Count 204; 18 U.S.C. § 1958 ............................................................................... 2

III. LEGAL STANDARD ..................................................................................................... 2

IV.  THE GUN CHARGES SHOULD BE DISMISSED BECAUSE THE
    GOVERNMENT FAILS TO ALLEGE MR. JACKSON WAS
    "ENGAGED IN THE BUSINESS OF DEALING FIREARMS" (Counts
    152, 158, 159, 165, 166, 171, 210; 18 U.S.C. § 922(A)(1)) ................................. 3

V.   THE WEAPONS TRAFFICKING CONSPIRACY CHARGE SHOULD
    BE DISMISSED (COUNT 222; 18 U.S.C. § 371) ............................................... 5

    A.   The Government Fails to Allege a Conspiracy. ..................................................... 6

    B.   The Government Fails to Allege Defendants Would Not Have
        Complied with the Licensing Requirements of the Underlying
        Statutes. ................................................................................................................ 8

    C.   The Government Failed to Plead the Elements of the Underlying
        Substantive Offenses. .......................................................................................... 9

VI.  THE MURDER FOR HIRE CHARGE SHOULD BE DISMISSED
    (COUNT 204; 18 U.S.C. § 1958) ...................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*District of Columbia v. Heller,*
128 S. Ct. 2783 (2008) ............................................................................................ 4

*Hamling v. U.S.,*
418 U.S. 87 (1974) ................................................................................................... 4

*Hoffman Estates v. Flipside, Hoffman Estates,*
455 U.S. 489 (1982) ................................................................................................. 4

*Juan H. v. Allen,*
408 F.3d 1262 (9th Cir. 2005) ................................................................................. 4

*Nunez by Nunez v. City of San Diego,*
114 F.3d 935 (9th Cir. 1997) ................................................................................... 4

*Rosemond v. United States,*
134 S. Ct. 1240 (2014) ............................................................................................. 4

*Russell v. United States,*
369 U.S. 749 (1962) ....................................................................................... 2, 3, 4, 5

*United States v. Arlt,*
252 F.3d 1032 (9th Cir. 2001) ................................................................................. 6

*United States v. Bernhardt,*
840 F.2d 1441 (9th Cir. 1988) ............................................................................. 3, 10

*United States v. Campbell,*
702 F.2d 262 (D.C. Cir. 1983) ................................................................................. 5

*United States v. Du Bo,*
186 F.3d 1177 (9th Cir. 1999) ............................................................................ 3, 9, 10

*United States v. Fiander,*
547 F.3d 1036 (9th Cir. 2008) ................................................................................. 3

*United States v. Jack,*
No. 2:07-cr-00266 FCD DAD,
2010 U.S. Dist. LEXIS 121209 (E.D. Cal. Nov. 12, 2010) ................................. 6, 7

*United States v. King,*
735 F.3d 1098 (9th Cir. 2013) ............................................................................. 4, 5

*United States v. Kingrea,*
573 F.3d 186 (4th Cir. 2009) ................................................................................... 9

*United States v. LeCoe*,
   936 F.2d 398 (9th Cir. 1991) .................................................................... 10

*United States v. Lumsden*,
   26 F. Cas. 1013 (S.D. Ohio 1856) .......................................................... 7, 8

*United States v. Ritter*,
   989 F.2d 318 (9th Cir. 1993) .................................................................... 11

*United States v. Smolar*,
   557 F.2d 13 (1st Cir. 1977) ........................................................................ 3

*United States v. Tsinhnahijinnie*,
   112 F.3d 988 (9th Cir. 1997) ...................................................................... 3

*United States v. Wieschenberg*,
   604 F.2d 326 (5th Cir. 1979) ...................................................................... 8

STATUTES

7 U.S.C.
   § 2156 .......................................................................................................... 9

18 U.S.C.
   § 371 ...................................................................................................... *passim*
   § 844(d) ........................................................................................................ 7
   § 921(a)(21)(C) ............................................................................................ 4
   18 U.S.C § 921(a)(C)(22) ............................................................................ 5
   § 922(a) ........................................................................................................ 4
   § 922(a)(1) ..................................................................................... 1, 2, 3, 10
   §§ 922(a)(1), 371, and 1958 ........................................................................ 1
   § 922(a)(1)(A) ...................................................................................... *passim*
   § 922(l) ................................................................................................. 2, 5, 6
   § 924(a)(1)(D) ......................................................................................... 4, 10
   § 925(d) ................................................................................................... 8, 10
   § 1958 ............................................................................................. 1, 2, 10, 11
   § 1958(b)(2) ................................................................................................ 11
   § 1934(c) ....................................................................................................... 8
   § 2778(c) .................................................................................................... 7, 8

Cal. Penal Code
   § 187(a) ....................................................................................................... 11
   § 189 ............................................................................................................ 11
   § 190 ............................................................................................................ 11
   § 190.2 ......................................................................................................... 11
   § 190.03 ....................................................................................................... 11

1      <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2      **I.**      **INTRODUCTION**

3          Counts 152, 158, 159, 165, 166, 171, 204, 210, and 222 in the Superseding Indictment

4 ("Indictment"), charging Mr. Jackson with violations of 18 U.S.C. §§ 922(a)(1), 371, and 1958,

5 should be dismissed because the government fails to allege essential elements of the charged

6 offenses. Count 222 should be dismissed for the additional reasons that the government has

7 alleged nothing more than preliminary discussions insufficient to state an agreement, and failed to

8 allege defendants intended to deal or import firearms without a license.

9      **II.**      **BACKGROUND**

10          On or about July 24, 2014, the Grand Jury returned a superseding Indictment charging

11 Mr. Jackson with, among other charges, multiple violations of 18 U.S.C. § 922(a)(1), one

12 violation of 18 U.S.C. § 371, and one violation of 18 U.S.C. § 1958.

13         **A.**      **Counts 152, 158, 159, 165, 166, 171, 210—18 U.S.C. § 922(a)(1)**

14          Counts 152, 158, 159, 165, 166, 171, and 210 all allege violations of 18 U.S.C. §

15 922(a)(1), engaging in the business of dealing firearms without a license, but are devoid of any

16 facts:

17      •   Count 152 alleges that on or about May 6, 2013, Mr. Jackson willfully engaged in the

18          business of dealing firearms with co-defendant Brandon Jackson. (Indictment at 44.)

19      •   Count 158 alleges that on or about June 24, 2013, Mr. Jackson willfully engaged in the

20          business of dealing firearms with co-defendants Brandon Jackson and Marlon Sullivan.

21          (*Id.* at 45-46.)

22      •   Count 159 alleges that on or about June 25, 2014, Mr. Jackson willfully engaged in the

23          business of dealing firearms with co-defendants Brandon Jackson and Marlon Sullivan.

24          (*Id.* at 46.)

25      •   Count 165 alleges that on or about August 5, 2013, Mr. Jackson willfully engaged in the

26          business of dealing firearms with co-defendant Brandon Jackson. (*Id.* at 49.)

27      •   Count 166 alleges that on or about August 8, 2013, Mr. Jackson willfully engaged in the

28          business of dealing firearms with co-defendant Brandon Jackson. (*Id.*)

- Count 171 alleges that on or about August 26, 2013, Mr. Jackson willfully engaged in the business of dealing firearms with co-defendants Brandon Jackson and Marlon Sullivan. (*Id.* at 51.)

- Count 210 alleges that on or about March 20, 2014, Mr. Jackson willfully engaged in the business of dealing firearms with co-defendant Barry House. (*Id.* at 64.)

### B.     Count 222; 18 U.S.C. § 371

Count 222 alleges that Mr. Jackson, along with co-defendants Leland Yee and the late Wilson Lim, conspired and agreed to engage in the business of selling firearms in violation of 18 U.S.C. § 922(a)(1) and to knowingly import or bring firearms into the United States in violation of 18 U.S.C. § 922(l), all in violation of 18 U.S.C. § 371. (Indictment at 80.) The supposed conspiracy is alleged to have spanned a mere eleven days from on or about March 4, 2014, to March 15, 2014. (*Id.*)

### C.     Count 204; 18 U.S.C. § 1958

Count 204 charges Mr. Jackson for his alleged role in a fictitious murder for hire scheme in violation of 18 U.S.C. § 1958. (Indictment at 62.) The Indictment does not allege whether Mr. Jackson is a principal, or an aider and abettor. It is not clear which of the three defendants is alleged to have "used a facility in interstate commerce" or possibly to have "caused another to use a facility of interstate commerce" with the intent to murder a fictional victim conjured by an agent of the Federal Bureau of Investigation. In exchange for the fake murder, the co-defendants were purportedly promised $25,000. (*Id.*)

### III.    LEGAL STANDARD

The Constitution requires that defendants in all criminal cases be provided sufficient information regarding the offense they are accused of committing and when it occurred so that they may adequately prepare a defense. *See Russell v. United States*, 369 U.S. 749, 763-64 (1962); Sixth Amendment of the United States Constitution ("the accused shall ... be informed of the nature and cause of the accusation"). The Ninth Circuit has held that in order to withstand a motion to dismiss, an indictment must allege each element of the charged offense with sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being

1    prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double

2    jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency

3    of the charge.  *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).

4          It is not sufficient to simply track the language of a statute.  "Where the definition of an

5    offence, … includes generic terms, it is not sufficient that the indictment shall charge the offence

6    in the same generic terms as in the definition; but it must state the species, – it must descend to

7    particulars."  *Russell*, 369 U.S. at 765 (quotation omitted).  This is especially important when the

8    defendant is charged with violating broad statutes.  *See United States v. Smolar*, 557 F.2d 13, 19

9    (1st Cir. 1977) (the indictment should "state with particularity the theory on which it charges"

10   that the defendant violated the statute).

11         An indictment that fails sufficiently to allege the elements of an offense must be

12   dismissed.  *See* Fed. R. Crim. P. 12(b)(3)(B) (authorizing motions to dismiss an indictment for "a

13   defect in the indictment"); *see United States v. Fiander*, 547 F.3d 1036, 1038 (9th Cir. 2008).

14   "[A]n indictment's complete failure to recite an essential element of the charged offense is not a

15   minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of

16   the indictment."  *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).  The Fifth

17   Amendment entitles defendants not to be charged with a felony except on the basis of facts that

18   satisfied a grand jury that they should be charged.  *See United States v. Tsinhnahijinnie*, 112 F.3d

19   988, 992 (9th Cir. 1997).  Thus, an indictment should be dismissed where it fails "to ensure that

20   the defendant is prosecuted only on the basis of the facts presented to the grand jury."  *Du Bo*,

21   186 F.3d at 1179.

22         **IV.    THE GUN CHARGES SHOULD BE DISMISSED BECAUSE THE**
            **GOVERNMENT FAILS TO ALLEGE MR. JACKSON WAS**
23          **"ENGAGED IN THE BUSINESS OF DEALING FIREARMS"**
            **(COUNTS 152, 158, 159, 165, 166, 171, 210; 18 U.S.C. § 922(A)(1))**
24

25         The Indictment fails to put Mr. Jackson on notice of the crime he allegedly committed.  18

26   U.S.C. § 922(a)(1)(A) states that "it shall be unlawful for any person, except a licensed importer,

27   licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing,

28   or dealing in firearms or ammunition, or in the course of such business to ship, transport, or

1   receive any firearm or ammunition in interstate or foreign commerce." *United States v. King*, 735

2   F.3d 1098, 1104 (9th Cir. 2013). An aiding and abetting charge requires the government to prove

3   Mr. Jackson (1) took an affirmative act in furtherance of the substantive offense, (2) with the

4   intent of facilitating the offense's commission. *See Rosemond v. United States*, 134 S. Ct. 1240,

5   1245 (2014); *Juan H. v. Allen*, 408 F.3d 1262, 1276 (9th Cir. 2005) (vacating double murder

6   conviction where defendant lacked requisite knowledge and intent). To be "engaged in the

7   business," there are five sub-elements. A defendant must (1) "willfully" be (2) a person who

8   devotes time, attention, and labor to dealing in firearms (3) as a regular course of trade or

9   business (4) with the principal objective of livelihood and profit (5) through the repetitive

10  purchase and resale of firearms. 18 U.S.C. § 921(a)(21)(C); 18 U.S.C. § 924(a)(1)(D).

11      Counts 152, 158, 159, 165, 166, 171, and 210 should be dismissed because the

12  government's barebones Indictment fails to allege a required element— that Mr. Jackson was

13  "engaged in the business" of dealing firearms, or that Mr. Jackson aided or abetted co-defendants

14  charged with the same offenses.

15      Here, the government has alleged nothing of substance, limiting its allegations to a date

16  and language that copies the statutory text. As discussed above, however, the Indictment "must

17  descend to particulars" in order to provide sufficient notice where the statute "includes generic

18  terms." *Russell*, 369 U.S. at 765 (quotation omitted); *Hamling v. U.S.*, 418 U.S. 87, 118 (1974)

19  ("Where guilt depends ... upon [ ] *a specific identification of fact*, our cases have uniformly held

20  that an indictment must do more than simply repeat the language of the criminal statute.")

21  (citation omitted). "The need for definiteness is greater when the ordinance imposes criminal

22  penalties on individual behavior or implicates constitutionally protected rights than when it

23  regulates the economic behavior of businesses." *Nunez by Nunez v. City of San Diego*, 114 F.3d

24  935, 940 (9th Cir. 1997) (citation omitted). Because 18 U.S.C. § 922(a) imposes criminal

25  penalties and implicates the constitutionally protected right to bear arms, "a more stringent

26  vagueness test" applies. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 499 (1982);

27  *District of Columbia v. Heller*, 128 S. Ct. 2783, 2821 (2008) (burden on Second Amendment

28  right to bear arms subject to heightened scrutiny).

The government has not alleged how much "time, attention or labor" Mr. Jackson spent on his alleged dealings, much less that such amount of "time, attention, and labor" is sufficient to allege Mr. Jackson is a "dealer."  Similarly, the government does not allege that Mr. Jackson intended to obtain his livelihood or profit primarily from gun sales, much less that such was his "predominant" motive.  *See* 18 U.S.C § 921(a)(C)(22).  To the contrary, the government alleges that Mr. Jackson's primary occupation was as a political consultant.  The government also fails to allege that dealing firearms was Mr. Jackson's "regular course of trade or business," or that he had any "guns on hand" or was any more "ready and able to procure them" than the average person who has the means to walk into a gun shop.  *See King*, 735 F.3d at 1107 n. 8 (quoting *United States v. Nadirashvili*, 655 F.3d 114, 120 (2d Cir. 2011).

The Indictment also fails to allege any particular alleged action or words by Mr. Jackson to demonstrate he "participate[d] in [the offense] as in something that he wishe[d] to bring about," or took "action to make it succeed."  *See United States v. Campbell*, 702 F.2d 262, 265 (D.C. Cir. 1983) (citing *Nye & Nissen v. U. S.*, 336 U.S. 613, 619 (1949)).  Therefore to the extent Counts 152, 158, 159, 165, 166, 171, and 210 allege Mr. Jackson aided or abetted an offense, they should be dismissed.

These deficiencies are not trifles.  The government seeks to imprison Mr. Jackson for the same conduct that millions of Americans engage in, supported by the full backing of the Second Amendment.  To avoid the appearance—or worse, actual practice—of "arbitrary or discriminatory" enforcement, the government must explain within the context of this statute what it is Mr. Jackson can and cannot do.  Because they have failed, Counts 152, 158, 159, 165, 166, 171 and 210 should be dismissed.  *Russell*, 369 U.S. at 765.

## V.    THE WEAPONS TRAFFICKING CONSPIRACY CHARGE SHOULD BE DISMISSED (COUNT 222; 18 U.S.C. § 371)

Count 222 should be dismissed because the Indictment fails to allege a conspiracy to deal or import weapons.  The government must establish (1) an agreement between two or more persons to violate 18 U.S.C. § 922(a)(1)(A) or § 922(l); (2) the defendant joined the conspiracy, knowing its purpose and intending to help accomplish that purpose; and (3) a member of the

1   conspiracy committed an overt act in furtherance of the conspiracy.  Ninth Circuit Pattern Jury

2   Instruction 8.20; *United States v. Arlt*, 252 F.3d 1032, 1038 (9th Cir. 2001) ("the indictment on a

3   § 371 offense incorporates by reference the provisions of the specific substantive criminal statute

4   involved as a "statutory element" of the conspiracy charge").

5       The Superseding Indictment alleges a fantastical conspiracy whereby Senator Leland Yee,

6   Keith Jackson, and Dr. Wilson Lim met with UCE-4599 three times and "discussed purchasing

7   weapons from the Philippines to import into the United States."  Indictment at 80:21-23.  UCE-

8   4599 allegedly gave Senator Yee $6,800 and a list of weapons for Dr. Lim, and gave Mr. Jackson

9   a copy of a list of weapons to give to Dr. Lim.  (*See Id.* at 80:24-81:1.)  From these three meetings

10  and a piece of paper, the government alleges a state senator, political consultant, and local dentist

11  had the intent and the means to embark on a conspiracy to import a cache of weapons from the

12  Philippines for resale in the United States.  The government's allegations fail to allege a

13  conspiracy, overt acts, or conduct that would support a substantive violation of 18 U.S.C. §

14  922(a)(1)(A) or 18 U.S.C. § 922(l).  Therefore, Count 222 of the Indictment should be dismissed.

15                      **A.      The Government Fails to Allege a Conspiracy.**

16      The Indictment's allegation of an eleven day conspiracy to import weapons from the

17  Philippines fails to establish an agreement, or that the alleged co-conspirators committed overt

18  acts in furtherance of the embryonic discussions.  Beyond the conclusory statement that the

19  defendants "conspired and agreed," there are no allegations of any illegal plan to deal or import

20  weapons.  The first three alleged overt acts allege preliminary discussions in March 2014.

21  (Indictment at 80:16-23.)  The fourth and fifth alleged overt acts allege that on separate dates,

22  Senator Yee and Mr. Jackson "accepted a list of weapons" to pass to Dr. Lim.  (Indictment at

23  80:24-81:1.)  However, "it is not enough … that they simply met, discussed matters of common

24  interest, acted in similar ways, or perhaps helped each other."  Ninth Circuit Pattern Jury

25  Instruction 8.20 (2010).  There must be a "plan" to engage in illegal activity.  *Id.*

26      *United States v. Jack*, where the court dismissed allegations of a similarly farfetched plot

27  that was drawn in far greater detail than Count 222, is instructive.  *See* No. 2:07-cr-00266 FCD

28  DAD, 2010 U.S. Dist. LEXIS 121209 (E.D. Cal. Nov. 12, 2010).  There, a group of Hmong

CASE NO. 3:14-CR-00196 (CRB)
sf-3453420                                                                                          6

1    refugees was charged with conspiring to overthrow the Laotian government, in violation of

2    various substantive statutes, including 22 U.S.C. § 2778(c), which makes it a crime to import or

3    export "defense articles" without a license, and 18 U.S.C. § 844(d), which criminalizes most

4    interstate receipt or transport of explosives.  The government alleged that "during formal and

5    informal meetings and conversations between various defendants they 'discussed the acquisition

6    and transfer of military arms',… participated in fund-raising activities in furtherance of the

7    conspiracy,… communicated and coordinated with a military force of insurgent troops within

8    Laos," and "engaged in the procurement of military arms and negotiated the purchase of military

9    arms" for export from Thailand to Laos.  The government also alleged defendants had already

10   received various firearms, including machine guns, rockets, and mines.  *Jack*, 2010 U.S. Dist.

11   LEXIS 121209 at *7-8 (quoting in part superseding indictment).  The overt acts included thirty-

12   eight communications, weapons examinations, monetary contributions, and allegations of

13   operations planning.  *Id.* at *8-9.

14          Despite the numerous and detailed overt acts alleged, the court dismissed the indictment

15   as to those counts.  "Given the unusual complexity of the charges and their diverse factual

16   underpinnings," the general allegations were not specific as to the role of each defendant, thus

17   denying them the ability to prepare a defense.  *Id.* at *49-50.  The court was also troubled that, as

18   here, the indictment addressed charges relating to "firearms, explosives and ammunition that

19   never existed."  *Id.* at *51.

20          The court relied heavily on another instructive decision involving an international plot.

21   *See United States v. Lumsden*, 26 F. Cas. 1013, 1014 (S.D. Ohio 1856).  There, a secret society

22   committed overthrowing the British government in Ireland was found not guilty of violating the

23   predecessor to the Neutrality Act where members discussed plans but took no further steps.

24   "Mere words, written or spoken, though indicative of the strongest desire and the most

25   determined purpose to do the forbidden act, will not constitute the offense."  *Id.*  Where "there

26   was a good deal of talk about raising money and procuring arms, but nothing was ever

27   accomplished in regard to those objects," the charge could not be sustained.  *Id.* at 1018.

28

1    Here, as in *Jack* and *Lumsden*, the Indictment does not allege that the defendants intended

2    to, or actually did, have a plan to pay for or acquire arms to import into the United States.  The

3    Indictment does not allege each defendant's role in the alleged conspiracy.  Nor does the

4    Indictment allege any terms of a deal, such as offers, price terms, quantities, delivery schedules,

5    or distribution methods.  There is simply no notice of the government's theory of how Defendants

6    planned to actually import weapons into the United States from the Philippines for resale.  Count

7    222 should be dismissed.

8                    **B.      The Government Fails to Allege Defendants Would Not Have
                             Complied with the Licensing Requirements of the Underlying
9                            Statutes.**

10   Even if the government had properly alleged a conspiracy, Count 222 must be dismissed

11   because the government cannot establish that the object of the alleged conspiracy was illegal.

12   The government has not alleged, and cannot allege, that Defendants did not plan to obtain a

13   federal license before importing or dealing weapons.  *See* 18 U.S.C. § 922(a)(1)(A); 18 U.S.C. §

14   925(d).  The "mere association of two or more persons to accomplish legal and possibly illegal

15   goals, accompanied by discussions to promote those goals, but with no discernible direction

16   toward either the legal or the illegal objectives" is not criminal conduct under 18 U.S.C. § 371.

17   *United States v. Wieschenberg*, 604 F.2d 326, 336 (5th Cir. 1979).  In *Wieschenberg*, the Fifth

18   Circuit reversed convictions charging defendants with acting as foreign agents and conspiring to

19   export munitions without a license in violation of 22 U.S.C. § 1934(c) and it successor statute, 22

20   U.S.C. § 2778(c), holding there was no overt act.  The court found that the statutory licensing

21   requirement created circumstances that "differ markedly from a situation in which the single

22   object of an agreement or combination is illegal.  The questioned conduct in this case could be

23   either legal or illegal."  *Id.* at 331.  Although the government produced evidence of months of

24   meetings and telephone calls regarding a source of supply, customers, and routing payments

25   through two countries, the court held that evidence was "as consistent with a plan to export with a

26   license, a legal act, as it is with exportation without a license, an illegal act."  *Id.* at 332.  Without

27   evidence that anyone ever discussed exporting the navigational instruments without a license, the

28   government failed to allege an overt act.  *Id.* at 334.  As the court explained:

DEFT.'S NOTICE OF MOTION AND MPA ISO MOTION TO DISMISS                                         8
CASE NO. 3:14-CR-00196 (CRB)
sf-3453420

1

"It is not enough for [the government] merely to establish a climate of activity that reeks of something foul. The law requires proof that the members of the conspiracy knowingly and intentionally sought to advance an illegal objective. Involvement by individuals in a clandestine agreement that appears suspicious may be ill advised or even morally reprehensible, but, without proof of an illegal aim, it is not criminal." *Id.* at 332.

2

3

4

5      Here, the government similarly fails to allege the defendants, who the government alleges

6 had been working together for just eleven days, did not intend to acquire a federal license before

7 dealing or importing weapons. Absent a plausible allegation of corrupt intent, allegations of

8 nascent business ventures do not plead a crime.

9                  **C.      The Government Failed to Plead the Elements of the
                               Underlying Substantive Offenses.**

10

11      Count 222 should be dismissed because the government failed to plead all the elements of

12 underlying substantive counts. *Du Bo*, 186 F.3d at 1179 ("[A]n indictment's complete failure to

13 recite an essential element of the charged offense is not a minor or technical flaw subject to

14 harmless error analysis, but a fatal flaw requiring dismissal of the indictment."); *United States v.*

15 *Kingrea*, 573 F.3d 186, 192 (4th Cir. 2009) (vacating conviction and dismissing indictment where

16 government omitted element of one of two underlying offenses, 7 U.S.C. § 2156, in conspiracy

17 charge). In *Kingrea*, the court rejected the government's argument that to state a conspiracy

18 charge, it needed "only to set forth in the indictment the elements of a conspiracy." 573 F.3d at

19 192. The court held that "the requirement that all elements of the offense be present in the

20 indictment" is not only an issue of notice under the Sixth Amendment but also "derives from the

21 Fifth Amendment, which requires that the grand jury have considered and found all elements to

22 be present." *Id.* at 193 (quotation omitted). The failure to plead an element of the underlying

23 offense "failed to state an offense against the United States as the object of the conspiracy." *Id.* at

24 193-194. "The [other] elements of [an] offense, as they were alleged in [Count I], do not by

25 themselves state any federal crime, nor do they show that the grand jury found all elements of any

26 federal crime." *Id.* (citing *United States v. Hooker*, 841 F.2d 1225, 1232 (4th Cir. 1988)).

27

28

1    Here, the government has not pled the level of scienter required for a substantive violation

2    of 18 U.S.C. § 922(a)(1).  The statute requires the government to engage in the business of

3    dealing firearms "willfully."  18 U.S.C. § 924(a)(1)(D).  The Indictment, however, omits the

4    scienter entirely, alleging defendants conspired "to engage in the business of dealing in firearms,

5    not being a licensed dealer within the meaning of Chapter 44, Title 18, United States Code, in

6    violation of Title 18 United States Code, Section 922(a)(1)."  The government cannot bootstrap

7    its allegation that the defendants "knowingly and willfully conspired" since conspiracy is a

8    separate crime with its own distinct scienter requirement, nor can the government rely on other

9    counts in the Indictment alleging violations of § 922(a)(1)(A).  *See United States v. LeCoe*, 936

10   F.2d 398, 403 (9th Cir. 1991) ("each count in an indictment must stand on its own, and cannot

11   base its validity on the allegations of any other count not specifically incorporated").

12   As discussed above, the government fails to sufficiently plead other elements of 18 U.S.C.

13   § 922(a)(1)(A) as well.  There is no allegation that any defendant agreed to provide the weapons

14   on the list, had access to firearms, or was "ready and able to procure them."  The defendants are

15   not alleged to be professional firearms dealers and are not alleged to have ever dealt a firearm, or

16   obtained their livelihood or profit primarily from gun dealing.  The government also fails to

17   allege, and cannot allege, that the defendants intended to deal firearms or import firearms without

18   a license.  *See* 18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 925(d).

19   **VI.    THE MURDER FOR HIRE CHARGE SHOULD BE DISMISSED
         (COUNT 204; 18 U.S.C. § 1958)**

20

21   Count 204 should be dismissed because it fails to inform Mr. Jackson of the nature and

22   elements of his role in a fictitious murder for hire scheme and fails to allege sufficiently all the

23   essential elements.  *Bernhardt*, 840 F.2d at 1445;  *Du Bo*, 186 F.3d at 1179 ("[A]n indictment's

24   complete failure to recite an essential element of the charged offense is not a minor or technical

25   flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment.").

26   Section 1958 requires the government to allege that Mr. Jackson (1) used or caused another to use

27   a facility in interstate commerce; (2) with the intent that a murder be committed; (3) as

28

1  consideration for the receipt of or promise to pay anything of pecuniary value.  *See* 18 U.S.C. §

2  1958; *United States v. Ritter*, 989 F.2d 318, 321 (9th Cir. 1993).

3       Aside from a date and dollar amount, the Indictment provides no other information.  The

4  Indictment (1) fails to identify the facility in interstate commerce; (2) fails to identify how

5  Mr. Jackson used or caused another to use this facility with the intent to murder in exchange for

6  something of pecuniary value; and (3) fails to identify the underlying murder statute he

7  purportedly agreed to violate.

8       The government's failure to identify the facility of commerce is especially troubling given

9  the wide, and disparate, range of instrumentalities that may satisfy this element.  Section 1958

10  defines a "facility of interstate or foreign commerce" to include "means of transportation and

11  communication."  18 U.S.C. § 1958(b)(2).  This statutory definition is so vague as to be almost

12  meaningless.  The instrument may be a car, a boat, a telephone, an airplane or two cans on a

13  string between them, provided there is a sufficient connection to interstate commerce.  Nor does

14  the government allege how the facility was used.  Failure to allege the actual facility utilized is

15  not only a defect in notice, but creates the risk that what was presented to the grand jury will not

16  be what is presented in this trial.

17       The Indictment also fails to allege the underlying murder statute Mr. Jackson allegedly

18  agreed to violate, or its essential elements. The Indictment alleges that Mr. Jackson intended to

19  "murder a fictitious victim in violation of California law."  (Indictment at 62.)  California,

20  however, regulates "murder" in more than twenty ways, with different elements depending on the

21  actual offense charged.  *See* Cal. Penal Code § 187(a)("Murder is the unlawful killing of a human

22  being, or a fetus, with malice aforethought."); Cal. Penal Code § 189 (distinguishing between first

23  degree and second degree murder); Cal. Penal Code § 190 (different penalties for capital murder,

24  first degree murder, second degree murder); Cal. Penal Code § 190.03 (prescribing additional

25  elements for a "hate crime" murder); Cal Penal Code § 190.2 (describing additional elements to

26  prove special circumstances associated with certain first degree murder, including murder for

27  financial gain, murder with a previous or concurrent conviction, murder by use of destructive

28  device, murder while resisting arrest, murder of a state or federal peace officer, murder of a

1  firefighter, murder of a witness to a crime, murder of a prosecutor or judge, murder of a state or

2  federal official, murder by torture, lying in wait, murder based on various types of discrimination,

3  felony murder, murder by poison, murder of a juror, drive by murder, murder of a gang member).

4  The Indictment does not state which of these laws Mr. Jackson agreed to violate, rendering Count

5  204 void of an essential element.

6                                    **CONCLUSION**

7          For all of the reasons stated above, Defendant's motion to dismiss Counts 152, 158, 159,

8  165, 166, 171, 204, 210, and 222 in the Indictment should be granted.

9

10  Dated: October 3, 2014                    Respectfully submitted,

11                                            MORRISON & FOERSTER LLP

12

13                                    By:   */s/  James J. Brosnahan*
                                            _____
14                                            JAMES J. BROSNAHAN

15                                            Attorneys for Defendant
                                              KEITH JACKSON
16

17

18

19

20

21

22

23

24

25

26

27

28