MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.Frentzen@usdoj.gov
    Susan.Badger@usdoj.gov
    Waqar.Hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KWOK CHEUNG CHOW, et al.,<br><br>    Defendants. | No.: CR 14 0196 CRB<br><br>UNITED STATES' CONSOLIDATED RESPONSE TO MOTIONS BY DEFENDANTS YEE, KEITH JACKSON, MEI, LI, HOUSE, AND ROUEN FOR SEVERANCE BASED ON MISJOINDER<br><br>Date:  November 12, 2014<br>Time:  10:00 a.m.<br>Court:  Hon. Charles R. Breyer |

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14 0196 CRB

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................................1

II. ARGUMENT ...............................................................................................................................2

    A. Rule 8(b) and Joinder............................................................................................................2

    B. The Charges Against Defendant Leland Yee Are Properly Joined With the Other Counts of the Superseding Indictment..................................................................3

    C. The Charges Against Defendant Keith Jackson Are Properly Joined With the Other Counts of the Superseding Indictment..................................................................9

    D. The Charges Against Defendant Michael Mei Are Properly Joined With The Other Counts of the Superseding Indictment................................................................11

    E. The Charges Against Defendant Andy Li Are Properly Joined With the Other Counts in the Superseding Indictment.........................................................................12

    F. The Charges Against Defendant Barry House Are Properly Joined With Other Counts of the Superseding Indictment..........................................................................13

    G. The Charges Against Defendant Rinn Rouen Are Properly Joined With The Other Counts of the Superseding Indictment................................................................14

III. CONCLUSION..........................................................................................................................16

## TABLE OF AUTHORITIES

### FEDERAL CASES

*United States v. Baker*, 10 F.3d 1374(9th Cir. 1993),................................................................. 2

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) ........................................................ 3

*United States v. Friedman*, 445 F.2d 1076 (9th Cir. 1971) ................................................. 2, 3, 4

*United States v. Golb*, 69 F.3d 1417 (9th Cir. 1995) ................................................................... 3

*United States v. Lane*, 474 U.S. 438 (1986)................................................................................ 2

*United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) .............................................................. 2

*United States v. Sarkisian*, 197 F.3d 966 (9th Cir. 1999) ............................................................ 3

*United States v. Satterfield*, 548 F.2d 1341 (9th Cir. 1977)............................................. 2, 3, 4, 12

*United States v. Vasquez-Velasco*, 15 F.3d 833 (9th Cir. 1994) .................................................. 3

*Zafiro v. United States*, 506 U.S. 534 (1993).............................................................................. 2

### FEDERAL STATUTES

18 U.S.C. § 371................................................................................................................................ 4

18 U.S.C. § 922(a)(1)..................................................................................................................... 14

18 U.S.C. § § 1343........................................................................................................................... 4

18 U.S.C. §  1349............................................................................................................................. 4

18 U.S.C. § 1951(a) ......................................................................................................................... 4

18 U.S.C. § 1958............................................................................................................................ 14

18 U.S.C. § 1962(d) ......................................................................................................................... 3

21 U.S.C. § 841(a)(1)..................................................................................................................... 11

### FEDERAL RULES

Fed.R.Crim.P. 8(b)........................................................................................................................... 2

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

### I. INTRODUCTION

The superseding indictment in the instant case charges twenty-nine defendants in a total of 228 counts. All of the charges, including the two RICO conspiracies charged in Counts One and Two, arose out of an FBI investigation of defendant Kwok Cheung Chow and the Chee Kung Tong enterprise of which Chow and a number of defendants were members and associates. Over the course of the investigation, members and associates of the enterprise, and persons with whom they were connected, engaged in a wide variety of crimes, as reflected in the charges in the indictment. The offenses included firearm offenses, drug offenses, money laundering, trafficking in contraband cigarettes, murder for hire, and public corruption offenses including honest services fraud and Hobbs Act violations.

Defendants Leland Yee (docket Document 520), Keith Jackson (Document 522), Xiao Cheng (Michael) Mei (Document 518), Andy Li (Document 526), Barry House (Document 519), and Rinn Rouen (Document 514), have filed motions to sever pursuant to Rule 8(b) of Federal Rules of Criminal Procedure, claiming that various charges are misjoined under that Rule. The motions are without merit.

All of the defendants in the superseding indictment are properly joined under Rule 8(b). As discussed below, the starting place is the fact that a number of the defendants are charged in the RICO conspiracy of the Chee Kung Tong enterprise charged in Count One. Many of the charges pertain to offenses committed by members and associates of the CKT enterprise as part of the RICO conspiracy. Even as to defendants who were not members or associates of the CKT enterprise, the offenses committed by those defendants are part of a series of transactions connected with the CKT enterprise and at least some of its members. Further, there is a second RICO conspiracy charged in the superseding indictment: the Campaign enterprise RICO of which defendants Leland Yee and Keith Jackson were members and through which they committed a variety of offenses, including public corruption offenses and a firearms conspiracy. As discussed below, Jackson straddles both RICO conspiracies and is connected to a number of other defendants, some of which were members of the two enterprises and some of whom were not.

In the end, the evidence pertaining to each offense charged in the superseding indictment demonstrates some connection to other offenses, and it was not only logical, but proper under Rule 8(b),

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

to join the offenses and defendants in one indictment.  Accordingly, the defendants' current motions to sever on misjoinder grounds are should be denied.  At some point in time, as the proceedings move forward, as further pre-trial litigation takes place and is resolved, and as determinations are made as to which defendants will go to trial, the issue of severance as it relates to potential prejudice, case management, and judicial efficiency can be addressed.  However, severance on those grounds is premature at this point.

## II.   ARGUMENT

### A.   Rule 8(b) and Joinder

When more than one defendant is named in an indictment, the provisions of Rule 8(b) of the Federal Rules of Criminal Procedure control.  *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977).  Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated *in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses*.  Such defendants may be charged in one or more counts together or separately and *all of the defendants need not be charged in each count*.

Fed.R.Crim.P. 8(b)(*emphasis added*).

Similarity in charges, without more, may not be enough to support joinder.  *Satterfield, supra*, 548 F.2d at 1344.  However, "even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense or offenses." *Id*.

The Ninth Circuit has stated an "express policy that Rule 8(b) should be construed broadly in favor of initial joinder." *Satterfield*, supra, 548 F.2d at 1344. *Also see, United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971).  This is because "[j]oint trials conserve state funds, diminish inconvenience for witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993), *overruled on other grounds*, *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000), *citing United States v. Lane*, 474 U.S. 438, 449 (1986). Indeed, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

Rule 14 of the Federal Rules of Criminal Procedure recognizes that even when counts are

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

2

properly joined under Rule 8(b), "severance of the counts may be appropriate to avert prejudice to a defendant." *United States v. Vasquez-Velasco,* 15 F.3d 833, 845 (9th Cir. 1994). In *Friedman*, *supra*, the Ninth Circuit stated that "[i]n applying Rule 8, Rule 14 must be kept in mind. The availability of Rule 14 as a remedy for prejudice that may develop during the trial permits Rule 8 to be broadly construed in favor of initial joinder, both of offenses and of defendants." *Friedman, supra*, 445 F.2d at 1082.

As stated above, defendants are properly joined in the indictment if all the offenses charged in the indictment arose out of the same series of acts or transactions. The Ninth Circuit has held that in the context of Rule 8(b), the term "transaction" "is a word of flexible meaning." *Satterfield, supra*, 548 F.2d at 1344; *Friedman, supra*, 445 F.2d at 1083. "Whether or not multiple offenses joined in an indictment constitute a 'series of acts or transactions' turns on the degree to which they are related." *Satterfield*, at 1344. In many instances, the relationship can be shown when "common activity constitutes a substantial portion of the proof of the joint charges." *Id*. That is particularly the case when co-defendants are joined in conspiracy charges, including RICO conspiracy charges. *See, United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).

However, an overlap in evidence is not the only basis for concluding that offenses arose out of the same series of acts or transactions. "Other logical relationships might also be sufficient to establish that a group of offenses constitutes a 'series of acts or transactions.'" *Satterfield, supra,* 548 F.2d at 1344. In *Friedman, supra*, the Ninth Circuit held that as used in Rule 8(b), the term "transaction" "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Friedman, supra*, 445 F.2d at 1083. In addition, the relationship can arise "where one criminal activity naturally flows from separate criminal conduct." *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999), *citing United States v. Golb*, 69 F.3d 1417, 1426 (9th Cir. 1995).

### B. The Charges Against Defendant Leland Yee Are Properly Joined With the Other Counts of the Superseding Indictment

Defendant State Senator Leland Yee is charged in the following counts in the superseding indictment:

- Count 2:  Conspiracy to Engage in a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d), with co-defendant Keith Jackson;

- Count 213:  Conspiracy to Obtain Property Under Color of Official Right (Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a), with co-defendant Keith Jackson;

- Count 214:  Conspiracy to Obtain Property Under Color of Official Right (Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951(a), with co-defendant Keith Jackson;

- Count 215:  Conspiracy to Commit Honest Services Fraud, in violation of 18 U.S.C. §  1349, with co-defendant Keith Jackson;

- Counts 216 through 221:  Honest Services Fraud / Wire Fraud / Aiding and Abetting, in violation of 18 U.S.C. § § 1343, 1346, and 2, with co-defendant Keith Jackson; and

- Count 222:  Conspiracy to engage in the business of selling firearms illegally and to import firearms illegally, in violation of 18 U.S.C. § 371, with co-defendants Keith Jackson and Wilson Lim.  (Note: Defendant Lim passed away after the return of the superseding indictment).

Yee has moved to sever these eleven counts from the remaining counts of the indictment, claiming misjoinder under Rule 8(b).  Yee argues that there is no logical relationship between the offenses in which he is charged and the remaining charges in the indictment, including Count One, which alleges the racketeering conspiracy involving the Chee Kung Tong enterprise (hereater "CKT enterprise"), consisting of the leadership, members, and associates of the enterprise.  He asserts that there is no connection between the offenses with which he is charged and the CKT enterprise.  Yee further argues that there is no connection between him and the ten defendants who are not charged as being part of either the CKT RICO conspiracy or the Yee/Jackson RICO conspiracy.  Accordingly, Yee seeks severance of all counts in which he is not charged on grounds of misjoinder under Rule 8(b).

Throughout the pendency of the instant case, the government has acknowledged that due to the number of defendants charged in this case, it may become pragmatic at some point to sever some counts.  That will depend on how many of the presently-charged defendants go to trial, and making that determination is likely some time off.  However, that has nothing to do with joinder issues.  All of the

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

charges in the indictment are properly joined under Rule 8(b), including those against Yee.

There are a number of reasons why the counts in which Yee is charged are properly joined with the other charges in the indictment. The starting place for the analysis is the connections and relationship between the CKT enterprise RICO conspiracy charged in Count One and the Yee/Jackson enterprise RICO conspiracy charged in Count Two. There is a logical relationship between the charges, the evidence overlaps, and the activities of the two enterprises are in some instances directly intertwined.

First, during the entire time frame of the charges against Yee, Yee's co-defendant and co-conspirator, Keith Jackson, was part of the CKT enterprise and conspired to engage in a pattern of racketeering activity as described in Count One. That included a cocaine possession and distribution conspiracy with Brandon Jackson and Marlon Sullivan (Count 110); substantive firearms offenses (Counts 152, 158, 159, 166, and 210); and murder for hire (Count 204). An examination of the dates of those offenses shows that Jackson was engaged in those crimes at the same time that he was engaged in the honest services fraud conspiracy, Hobbs Act conspiracies, and the firearms conspiracy with Yee.

Second, it was in his role as an associate of, and eventually as an inducted member of, the CKT that that Jackson met and started having dealings with UCE-4599, the FBI undercover agent who had infiltrated the CKT, gained the trust of leader Kwok Cheung "Shrimpboy" Chow, and with Chow's blessing, began engaging in illegal activities with members and associates of the CKT, including Jackson. Eventually, both Jackson and UCE-4599 were inducted into the CKT.

Third, the investigation of Leland Yee and the public corruption crimes in which Yee and Jackson were engaged grew directly out of Jackson's association with the CKT and meeting UCE-4599 in that context. That was the beginning of the connection between Chow and his activities as leader of the CKT RICO enterprise and Yee's and Jackson's RICO enterprise, as charged in the Count Two RICO. Count Two alleges that Yee and Jackson conspired to use their campaign enterprise to solicit campaign contributions for Yee in exchange for official action by Yee, and solicit money and financial support for Yee and Jackson.

Fourth, Jackson straddled both enterprises and continually connected them. As such, the evidence in support of the public corruption and firearms conspiracy charges against Yee and Jackson is

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

5</060>

intertwined with, and necessarily overlaps with, evidence about Chow and the CKT. Several of those overlaps and connections are expressly described in the text of the Count Two RICO and the Count 215 honest services fraud conspiracy with which Yee and Jackson are charged.[1] In particular, at the trial of Yee and Jackson on the honest services conspiracy and substantive wire fraud counts, the government will introduce evidence that Jackson met UCE-4599 through Chow at a CKT dinner; about the relationship that developed between UCE-4599 and Jackson, including the fact that at one point they were both inducted as members of the CKT; and that as part of that relationship *and* in furtherance of the conspiracy with Yee, Jackson solicited illegal campaign donations for Yee from UCE-4599. Even though UCE-4599 declined, Jackson was persistent. Because UCE-4599 was fully occupied with the CKT investigation, the FBI introduced another undercover agent, UCE-4773, to engage with Jackson and Yee. As described in Counts Two and 215, Yee and Jackson then solicited UCE-4773 for campaign contributions and other money and conspired to exchange official actions on Yee's part for money.

      The evidence in support of Counts Two and 215 will show that this was not the end of the connection between Chow, in his capacity as leader of the CKT enterprise (Count One), and the Yee / Jackson RICO enterprise (Count Two). As part of his continuing interactions with Chow and the CKT enterprise, UCE-4599 told Chow about his friend, UCE-4773, and UCE-4773's support of Yee in his San Francisco mayoral run. Defendant George Nieh, a member of the CKT enterprise and associate of Chow and UCE-4599, told UCE-4599 in January 2012 that Chow wanted Yee's help in arranging with the authorities to remove Chow's ankle monitor. The evidence in support of Counts Two and 215 will show that this original proposal evolved into UCE-4599 asking Jackson for the favor by Yee; UCE-4599 offering to make a campaign donation to Yee in exchange for the favor; Jackson conveying the request to Yee: Yee declining, saying that as much as he wanted the money, he could not be seen as directly affiliated with Chow; UCE-4599 asking Yee for an alternate official act in exchange for money, that is, a Senate proclamation on behalf of the CKT; Yee agreeing and providing the proclamation. The evidence in support of the charges will include recordings of conversations on these subjects between Jackson and UCE-4599; Jackson and Chow; Jackson and Yee; and Yee and UCE-4599. For instance,

---

[1] The allegations in Count 215 are incorporated in the substantive charges in Counts 216-221.

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

not long after Yee and Jackson met with UCE-4599 and UCE-4599 asked for the Senate proclamation, Yee told Jackson to "start collecting checks [from UCE-499] *now*."

As another evidentiary link between UCE-4599, Jackson, and Yee, the subject of helping out Chow with the ankle monitor came up at a meeting between UCE-4599 and Jackson on November 19, 2012. At that meeting, UCE-4599 paid the $10,000 bribe on behalf of UCE-4773 for Yee's actions on behalf of UCE-4773's client, Well Tech – a separate official act bribe that was part of the honest services fraud conspiracy. This connection is described in Count 215 (honest services conspiracy), at paragraphs 24 and 27, and in Count Two (Yee/Jackson RICO), at paragraph o. Furthermore, UCE-4599 ended up making two donations to Yee's Secretary of State campaign in exchange for Yee providing the CKT proclamation. That is described in Count 215 at paragraphs 27 through 35, and in Count Two, at paragraphs o through p, s through t, y, dd through ee, mm, and oo.

Further evidence in support of the public corruption conspiracy charges against Yee and Jackson will show that in June 2013, UCE-4599 had dinner with Yee and Jackson and they discussed Jackson working for UCE-4599 instead of for UCE-4773. During the dinner, UCE-4599 told Yee he appreciated the proclamation and Yee asked UCE-4599 if he was still with "Shrimp," referencing Chow. UCE-4599 told Yee that he was. In a subsequent telephone conversation, Yee asked Jackson if UCE-4599 had made any more donations [to Yee's Secretary of State campaign]. Shortly after, Jackson told UCE-4599 that Yee understood that UCE-4599 was responsible for the donations to Yee and Jackson from UCE-4599, UCE-4773, and UCE-4180. (These donations, which were actually bribes for official acts, are the basis of the honest services charges described in Count 215 and the RICO conspiracy in Count Two). Jackson and UCE-4599 agreed that if there was anyone that Yee should thank it should be Chow, because if it were not for Chow, Yee would not have made the connections to UCE-4599.

As noted above, the evidence in support of the CKT RICO in Count One and the firearms and narcotics charges against Jackson will show that parallel with Jackson's commission of the public corruption offenses with Yee, Jackson was engaging in the CKT enterprise activities, selling firearms to UCE-4599, and engaging with others and UCE-4599 in a cocaine distribution conspiracy. The CKT RICO enterprise and Yee's and Jackson's campaign enterprise RICO became connected yet again when,

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

in August 2013, Jackson told UCE-4599 that Yee had access to weapons. This conversation took place at a meeting where Jackson sold a firearm to UCE-4599. In subsequent conversations, Jackson and Yee offered to connect UCE-4599 with Yee's source of weapons in exchange for money, including donations to Yee's Secretary of State campaign. As part of this course of events, and in order to obtain the introduction to the firearms source, in December 2013, UCE-4599 made a $5,000 donation to Yee's Secretary of State campaign. Once the introduction to Wilson Lim as a source of weapons took place, UCE-4599 gave $6,800 in cash to Yee and provided Yee with a list of weapons that he, UCE-4599, wished to purchase. This conspiracy, which is alleged in both the campaign enterprise in Count 2 and in the weapons conspiracy in Count 222, grew directly out of Jackson's activities in furtherance of the CKT RICO conspiracy in Count One and was part of the series of ongoing transactions that logically connected the two enterprises.

In sum, the evidence in support of the campaign enterprise RICO conspiracy, honest services fraud conspiracy, and firearms conspiracy charges against Yee and Jackson demonstrates how those charges are connected with the RICO CKT enterprise charges, in particular through the activities of Jackson and UCE-4599, who acted as links and common denominators. The charges are part of a series of occurrences that were originally connected and continued to intersect over time. As such, and applying the Ninth Circuit's policy of construing Rule 8(b) in favor of initial joinder, it was reasonable and proper to join the charges in one indictment.

Yee also claims that his charges are misjoined with those of defendants who are not charged in either of the RICO counts, i.e. Rinn Rouen, Barry House, Jane Miao Xhen Liang, Bryan Tilton, Hon Keung So, Norge Mastrangelo, Gary Kwong Yiu Chen, Anthony John Lai, Tong Zao Zhang, and Zhanghao Wu. As discussed below in connection with similar arguments made by other defendants, with the exception of Count 222 in which Wilson Lim is charged, the offenses charged against those defendants who are not defendants in either Count One or Count Two are nonetheless logically connected to, and part of the series of transactions related to, the CKT RICO enterprise. The fact that these defendants were not named as members or associates of the CKT enterprise does not mean that the offenses they committed are not connected to the enterprise. As discussed at length in the Affidavit of

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

8

Emmanuel Pascua in support of the Criminal Complaint that was filed in connection with this case, each of the above-named defendants engaged in criminal conduct connected with UCE-4599.  UCE-4599's relationship with each of these defendants was as a result of his connection to Chow and the CKT enterprise.  Some of those connections are described in more detail below in the discussions of the arguments raised by other defendants claiming misjoinder.  There is a logical connection between the two RICO enterprises and evidence overlaps.  There is also a logical connection between the RICO charged in Count One and the offenses charged against the defendants not named in that Count.  For all these reasons, all of the charges in the superseding indictment are properly joined and Yee's motion for misjoinder should be denied.

### C.  The Charges Against Defendant Keith Jackson Are Properly Joined With the Other Counts of the Superseding Indictment

Jackson is charged in the superseding indictment as follows:

- Count One:  Conspiracy to Engage in a Racketeering Conspiracy (the CKT enterprise RICO), with multiple other defendants;

- Count Two:  Conspiracy to Engage in a Racketeering Conspiracy (the Campaign enterprise), with co-defendant Leland Yee;

- Count 152:  Dealing in Firearms Without a License, with co-defendant Brandon Jackson;

- Count 158:  Dealing in Firearms Without a License, with co-defendants Brandon Jackson and Marlon Sullivan;

- Count 159:  Dealing in Firearms Without a License, with co-defendants Brandon Jackson and Marlon Sullivan;

- Count 165:  Dealing in Firearms Without a License, with co-defendant Brandon Jackson;

- Count 166:  Dealing in Firearms Without a License, with co-defendant Brandon Jackson;

- Count 171:  Dealing in Firearms Without a License, with co-defendants Brandon Jackson and Marlon Sullivan;

- Count 204:  Murder for Hire, with co-defendants Brandon Jackson and Marlon Sullivan;

- Count 210: Dealing in Firearms Without a License, with co-defendants Brandon Jackson and Marlon Sullivan;
- Count 213: Conspiracy to Obtain Property Under Color of Official Right, with co-defendant Leland Yee;
- Count 214: Conspiracy to Obtain Property Under Color of Official Right, with co-defendant Leland Yee;
- Count 215: Conspiracy to Commit Honest Services Fraud, with co-defendant Leland Yee;
- Counts 216-221: Honest Services Wire Fraud, with co-defendant Leland Yee;
- Count 222: Conspiracy to Engage in Unlicensed Business of Dealing in Firearms and to Knowingly Import Firearms and Ammunition, with co-defendants Leland Yee and Wilson Lim.

Jackson has joined in Yee's severance motion. For all the reasons discussed above and in the following sections, joinder of the charges against him with those against the other defendants in the superseding indictment was proper. More than anyone else, Jackson is the common denominator in the schemes, conspiracies, and offenses charged. He was a part of both enterprises alleged in RICO Count One and RICO Count Two; all of the illegal conduct alleged in Counts 152 through 204 listed above were activities in which he participated with UCE-4599, another associate of the CKT; those crimes are part of a logically connected series of transactions. As discussed above in the argument pertaining to Yee, and in the arguments below pertaining to other defendants claiming misjoinder, even the charges against the defendants not charged in either RICO are also part of the series of transactions connected to the CKT enterprise of which Jackson was a member. Accordingly, joinder of the charges against Jackson with those against all other defendants is proper.

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

10

### D. The Charges Against Defendant Michael Mei Are Properly Joined With The Other Counts of the Superseding Indictment

Defendant Michael Mei is charged in the following counts in the superseding indictment:

- Count 1: Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity, with multiple other defendants;
- Count 127: Manufacture and Possession with Intent to Distribute Marijuana
- Count 228: Manufacture and Possession with Intent to Distribute Marijuana

Mei has moved for a severance. His chief argument is that he has been improperly joined with defendants Yee and Jackson, who are charged in Count Two of the Superseding Indictment. For the reasons discussed in above in Section II.B and C, however, there is plainly a logical relationship between the charges in Counts One and Two. Among other things, defendant Jackson is charged in both Counts One and Two. Moreover, as described in detail above, Jackson was an inducted member of the CKT; Count One alleges that Mei was also an associate of the CKT. In addition, as discussed above, the evidence connecting Counts One and Two is deeply intertwined, not only because of Jackson's activities, but also those of co-defendants Kwok Cheung "Shrimpboy" Chow and George Nieh, with whom Mei is charged in the CKT RICO conspiracy in Count One. Accordingly, the charges against Mei are properly joined with the other charges in the superseding indictment.

It should be noted that Chow, Nieh, and Mei were all named together in wiretap affidavits as interceptees; the government anticipates offering evidence from those wiretaps to prove Mei's culpability not only in the CKT enterprise conspiracy in Count One, but the substantive charges against Mei as well, in Counts 127 and 228. In addition, those same wiretaps led to subsequent wiretaps in which Chow, Jackson and Yee were named as interceptees; accordingly, severing Mei at this time, prior to any litigation on the wiretaps, would waste scarce judicial, prosecutorial, and defense litigation resources. This is precisely why the Ninth Circuit has an express policy construing Rule 8(b) "broadly in favor of initial joinder." *Satterfield*, 548 F.2d at 1344.

Mei also argues that without severance, he will have to "endure a trial lasting multiple months that consists almost entirely of evidence that is irrelevant to the three individual counts Mr. Mei faces." This is not true, however, as the face of the indictment make clear. Count One, the CKT enterprise

conspiracy in which MEI and others are charged, alleges that the pattern of racketeering activity included, among other things, multiple acts involving dealing in controlled substances, in violation of 21 U.S.C. Sections 841(a)(1) and 846.  Superseding Indictment, pg. 6, lines 5-6.  Count One also alleges that the means and methods by which the defendants conducted the conspiracy included the "manufacturing, distributing, and possessing with intent to distribute narcotics, including… marijuana.  Manufacturing included setting up houses and warehouses as locations to grow marijuana.  Distribution included distribution both inside and outside of California."  Superseding Indictment, pg. 6, lines 20-23.  This is precisely the type of activity in which MEI is alleged to have engaged in Counts 127 and 228.  Moreover, as discussed above, at trial the government anticipates using evidence from wiretaps to prove the substantive manufacture and distribution charges against MEI.  Those same wiretaps will be used to prove the existence of the CKT enterprise conspiracy in Count One.  Accordingly, there is plainly a logical relationship between all of the counts in which MEI is charged, and the evidence underpinning Count One will be directly relevant to the substantive charges against MEI in Counts 127 and 228.

### E. The Charges Against Defendant Andy Li Are Properly Joined With the Other Counts in the Superseding Indictment

Defendant Andy Li is charged in the following counts in the superseding indictment:

- Count 1: Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity, with multiple other defendants;
- Count 111: Dealing in Firearms without a License, with defendants Nieh and Chanthavong;
- Count 112: Felon in Possession of a Firearm, with defendants Nieh and Chanthavong;
- Count 134: Dealing Firearms without a License, with defendant Chanthavong;
- Count 135: Felon in Possession of a Firearm, with defendant Chanthavong;
- Counts 148-151, 160-161, 169-170, 175-176, 181-183, 205-206: Money Laundering, with defendants Mastrangelo and Nhingsavath;
- Counts 153-154: Money Laundering, with defendants Mastrangelo, Nhingsavath, and Chow;
- Count 187: Marijuana Conspiracy, with defendant Chanthavong;
- Counts 200-201: Money Laundering, with defendant Nhingsavath;
- Count 224: Possession with Intent to Distribute Marijuana.

Defendant Li has moved for a severance. His chief argument, like those of many of his co-defendants, is that he has been improperly joined with defendants Leland Yee and Keith Jackson, who are charged in Count Two of the Superseding Indictment, as well as in Counts 215 through 216, and Count 222. For the reasons discussed in above in Section II.B and C, however, there is plainly a logical relationship between the charges in Counts One and Two. Among other things, defendant Jackson is charged in both Counts One and Two. Moreover, as described in detail above, Jackson was an inducted member of the CKT; Count One alleges that defendant Li was also a member of the CKT. In addition, as discussed above, the evidence connecting Counts One and Two is deeply intertwined, not only because of Jackson's activities, but also those of co-defendants Chow and Nieh, with whom defendant Li is charged in Count One.

Specifically, defendant Li is charged in a wide variety of different criminal activities with a large number of different co-defendants. His offenses range from RICO to firearms trafficking to illegal firearms possession to narcotics trafficking to money laundering. He also discussed, on multiple occasions, his role and willingness to perform acts of violence for the CKT. Defendant Li, therefore, fits directly and squarely with more than half of the defendants in the case. That there are a few defendants who are indirectly tied to defendant Li – but themselves directly tied to defendants who are directly tied to defendant Li – is typical of many RICO and conspiracy cases. The counts against Li are properly joined with the other counts of the superseding indictment and the Court should deny Li's motion to sever on those grounds.

### F. The Charges Against Defendant Barry House Are Properly Joined With Other Counts of the Superseding Indictment

Defendant Barry House is charged in the following counts in the superseding indictment:

- Count 210: Dealing Firearms Without a License, with defendant Keith Jackson;
- Count 211: Felon in Possession of Firearm;
- Count 212: Felon in Possession of Firearm.

Defendant House claims misjoinder with any number of defendants in the case. Unfortunately for House, he is properly joined with defendant Keith Jackson, who is a defendant in both RICO charges

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

in the indictment, as well as in a number of other conspiracy and substantive counts. Jackson introduced UCE-4599 to defendant House for the purpose of committing crimes. House made unsuccessful efforts to provide opportunities for other criminal activity for UCE- 4599, including extortion and trafficking in stolen cigarettes. Eventually, House – with Jackson involved – agreed to provide firearms to UCE-4599. House met with UCE-4599 and defendant Jackson together to collect payment for the firearms. House utilized defendant Jackson to help pick up and deliver the firearms to UCE-4599. Therefore, House is properly charged in Count 210 with defendant Jackson. As has been described throughout this pleading, defendant Jackson is properly joined with almost every other defendant in the case – and with many of them in charges of providing illegal firearms. The two counts that charge House alone, Counts 211 and 212, were assisted, aided, and abetted by defendant Jackson because they are the firearms involved in the illegal sale charged in Count 210. The sole reason why defendant Jackson is not also charged in those counts is that defendant Jackson, unlike House, was not a convicted felon. Therefore, defendant House is properly joined in the superseding indictment and his motion to sever should be denied.

### G. The Charges Against Defendant Rinn Rouen Are Properly Joined With The Other Counts of the Superseding Indictment

Defendant Rinn Rouen is charged in the following counts in the superseding indictment:

- Count 174: Use of Interstate Commerce Facilities in the Commission of Murder for Hire, in violation of 18 U.S.C. § 1958
- Counts 184, 188, 195, and 209: Dealing in Firearms without a License, in violation of 18 U.S.C. § 922(a)(1).

Rouen has also moved for a severance on grounds of misjoinder. His chief argument is that he is not charged in either of the racketeering conspiracies in Counts One and Two, and that the counts in which he *is* charged bear no logical relationship to any other counts in the superseding indictment. This, however, is not true. The criminal complaint in this case provides context for Roeun's connection to other defendants in this case, and demonstrates why the charges against him are properly joined in the

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

14

superseding indictment.  For example, the complaint alleges that co-defendant Kwok Cheung "Shrimpboy" Chow introduced an FBI undercover agent, UCE- 4599, to co-defendant Keith Jackson, who in turn introduced UCE-4599 to Jackson's son Brandon Jackson, and Brandon Jackson's associate Marlon Sullivan.  Keith Jackson, Brandon Jackson, and Sullivan sold various types of firearms and ballistic vests to UCE-4599.  Brandon Jackson then introduced UCE-4599 to Rouen, identifying Rouen as his source for weapons.  As a result of that introduction, Rouen sold multiple firearms to UCE-4599, and told UCE-4599 that he was willing to commit a murder for hire at UCE-4599's request.  Complaint, pgs. 22-23, 66, 68-69, 71-73, 78.  During the course of the meetings with Rouen, UCE-4599 represented himself as an organized crime figure involved in marijuana grows and other illegal activities, consistent with the legend that he portrayed to other co-defendants throughout this investigation.  Particularly relevant are the discussions that UCE-4599 had with Brandon Jackson and Keith Jackson about the illegal services that Rouen could provide.  For example, UCE-4599 asked Brandon Jackson if Rouen could kill someone at UCE-4599's request; Brandon Jackson replied that "he could do it, or I [Brandon Jackson] could do it too."  Complaint, pg. 69.  Subsequently, during discussions with Keith Jackson about another murder for hire scheme involving co-defendant Barry House, Keith Jackson told UCE-4599 that if House couldn't commit the murder, Keith Jackson would ask Rouen to do it.  Keith Jackson commented that Rouen and his associates had the capabilities to kill people at a cheaper price than what UCE-4599 was willing to pay.  Complaint, pg. 78.  The government anticipates eliciting these facts at any trial against Rouen.   Plainly, these facts show that there is a logical relationship between Rouen and, at the very least, co-defendants Keith Jackson, Brandon Jackson, Marlon Sullivan, and Barry House.  Accordingly, joinder in the indictment is appropriate.

///

///

///

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB

### III.  CONCLUSION

For all the reasons above, the motions of defendants Yee, Keith Jackson, Mei, Li, House, and Rouen for severance based on grounds of misjoinder under Rule 8(b) should be denied.

DATED: October 29, 2014                    Respectfully submitted,

                                                                                MELINDA HAAG
United States Attorney

                                                        /s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorney

U.S. CONSOLIDATED RESPONSE TO MOTIONS TO SEVER
CR 14-0196 CRB