1 | MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.Frentzen@usdoj.gov
    Susan.Badger@usdoj.gov
    Waqar.Hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 3:14-CR-00196 (CRB) |
| Plaintiff, | ) UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT ONE |
| v. | ) |
| KWOK CHEUNG CHOW, ET AL., | ) Date: November 12, 2014 |
| Defendant. | ) Time: 10:00 a.m. ) Court: Hon. Charles R. Breyer |

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT ONE
3:14-CR-00196 (CRB)

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. SUMMARY OF THE ARGUMENT ...................................................................................1

III. APPLICABLE LAW .............................................................................................................1

    A. Legal Standard for Dismissing an Indictment ...................................................1

    B. Pleading RICO Conspiracy Under 18 U.S.C. § 1962(d) ....................................2

IV. ARGUMENT .........................................................................................................................3

    A. Count One Sufficiently Alleges That Each Defendant Knowingly and Intentionally Joined a Conspiracy to Operate the CKT Enterprise Through a Pattern of Racketeering Activity ...........................................................................4

    B. The Indictment is Sufficient to Apprise Defendants of the Nature of the Alleged Racketeering Agreement and Preclude Prosecution on the Same Facts ................8

    C. Defendant Jackson's and Liang's Arguments are Thinly-Veiled Challenges to the Sufficiency of the Government's Evidence and Do Not Merit Dismissal of the Indictment ...................................................................................................................9

    D. To the Extent the Court Finds Count One Vague or Ambiguous, the Proper Remedy is a Bill of Particulars ..........................................................................11

V. CONCLUSION .....................................................................................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) ................................................................ 5

*H.J, Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989) ........................................................ 6

*Costello v. United States*, 350 U.S. 359 (1956) .............................................................. 9

*Salinas v. United States*, 522 U.S. 52 (1997) ......................................................... 2, 3, 5, 8

*U.S. v. Giese*, 597 F.2d 1170 ......................................................................................... 11

*U.S. v. Long*, 706 F.2d 1044 (9th Cir.1983) ................................................................. 11

*United States v. Ablett*, No. C 09-00749 RS, 2010 WL 3063145 (N.D. Cal. Aug. 3, 2010) ............................................................................................................. 11

*United States v. Applins,* 637 F.3d 58 (2d Cir. 2011) .................................................... 3

*United States v. Boylan*, 898 F.2d 230 (1st Cir. 1990) .................................................. 6

*United States v. Brooklier*, 685 F.2d 1208 (9th Cir. 1982) ............................................ 5

*United States v. Buckley*, 689 F.2d 893 (9th Cir. 1982) ............................................ 2, 4

*United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) ........................................................................................................................ 10

*United States v. Casamento*, 887 F.2d 1141(2d Cir.1989), ......................................... 10

*United States v. Cochrane*, 985 F.2d 1027 (9th Cir. 1993) ........................................... 2

*United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) ............................................... 6

*United States v. Crockett*, 979 F.2d 1204 (7th Cir. 1992) ............................................. 3

*United States v. Erwin*, 793 F.2d 656 (5th Cir. 1986) .................................................. 10

*United States v. Eufrasio*, 935 F.2d 553 (3d Cir. 1991) ............................................ 6, 7

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) ...................................... 2, 9

*United States v. Fiander*, 547 F.3d 1036 (9th Cir. 2008) .............................................. 3

*United States v. Gambino*, 809 F. Supp. 1061 (S.D.N.Y. 1992) ................................... 9

*United States v. Gatto,* 745 F. Supp. 432 (D.N.J. 1990) ................................................ 8

*United States v. Givens*, 767 F.2d 574 (9th Cir. 1985) .................................................. 2

*United States v. Glecier*, 923 F.2d 496 (7th Cir. 1991) ..................................... 3, 7, 8, 10

*United States v. Gonzalez*, 921 F.2d 1530 (11th Cir. 1991) .......................................... 4

| | |
|---|---|
| 1 | *United States v. Maos-Peralta*, 691 F. Supp. 780 (S.D.N.Y. 1988) .......................................................... 11 |
| 2 | *United States v. Mustachio*, 968 F.2d 782 (9th Cir. 1991) ........................................................................ 2 |
| 3 | *United States v. Palumbo Brothers, Inc.*, 145 F.3d 850 .............................................................................. 6 |
| 4 | *United States v. Phillips*, 874 F.2d 123 (3d Cir. 1989) .............................................................................. 3 |
| 5 | *United States v. Rastelli*, 870 F.2d 822 (2d Cir. 1989) .............................................................................. 5 |
| 6 | *United States v. Rodriguez*, 360 F.3d 949 (9th Cir. 2004) ......................................................................... 2 |
| 7 | *United States v. Ryland*, 806 F.2d 941 (9th Cir. 1986) ............................................................................ 11 |
| 8 | *United States v. Saadey*, 393 F.3d 669 (6th Cir. 2005) ............................................................................. 3 |
| 9 | *United States v. Tille*, 729 F.2d 615 (9th Cir. 1984) .................................................................................. 2 |
| 10 | *United States v. Williams*, 504 U.S. 36, 112 S.Ct. 1735 , 118 L.Ed.2d 352 (1992) ................................... 9 |
| 11 | *United States v. Woodruff*, 50 F.3d 673 (9th Cir. 1995) ........................................................................... 2 |
| 12 | *United States v. Wyatt*, 807 F.2d 1480 (9th Cir. 1987) ............................................................................. 3 |
| 13 | *United States v. Yarbrough*, 852 F.2d 1522 (9th Cir. 1988) ................................................................... 10 |

**FEDERAL STATUTES, RULES AND GUIDELINES**

18 U.S.C. § 1961(5) ...................................................................................................................................... 5

18 U.S.C. § 1962(d) ............................................................................................................................. passim

Federal Rule of Criminal Procedure 7(c) ..................................................................................................... 7

Fed. R. Crim. P. 7(c)(1) ................................................................................................................................ 1

Federal Rule of Criminal Procedure 12(b)(3)(B) ......................................................................................... 1

## I. INTRODUCTION

Count One of the Superseding Indictment (hereinafter "Indictment") (Dkt. No. 370) charges seventeen members of the Chee Kung Tong ("CKT") with criminal violations of 18 U.S.C. § 1962(d) (Conspiracy to Participate in a Racketeering Enterprise). On October 3, 2014, defendants filed a motion to dismiss Count One of the Indictment based upon an alleged insufficiency in the pleading. For the reasons set forth below, the defendants' motion to dismiss Count One should be denied.

## II. SUMMARY OF THE ARGUMENT

Count One of the Indictment properly alleges the offense of RICO conspiracy under 18 U.S.C. § 1962(d). It pleads the statutory elements in the statutory language, alleges sufficient facts to allow the defendants to be informed of the offense charged, and ensures that defendants will not be placed in double jeopardy. The statutory language and provided facts sufficiently allege (1) the existence of an enterprise; (2) each defendant's association with the enterprise; and (3) that each defendant knowingly joined a conspiracy, the objective of which was to operate the enterprise through a pattern of racketeering activity.

Defendants' motion to dismiss effectively challenges the sufficiency of the evidence rather than the legal sufficiency of the Indictment. Contrary to the defendants' arguments, the government is not required to allege or prove predicate acts or overt acts in a RICO conspiracy charge. The Indictment provides defendants with sufficient notice of the charges against them and protects them against any danger of double jeopardy. The defendants' motion to dismiss Count One should be denied in its entirety.

## III. APPLICABLE LAW

### A. Legal Standard for Dismissing an Indictment

A motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B) tests the sufficiency of an indictment. Review of an indictment is government by Rule 7(c)(1) of the Federal Rules of Criminal Procedure, which requires that "[t]he indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The purposes of an indictment are twofold: it must "set forth the elements of the charged offense as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Fernandez*, 388 F.3d 1199, 1217-18 (9th Cir. 2004) (quoting *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004)), *modified by* 425 F.3d 1248 (9th Cir. 2005). As a general matter, an indictment that sets forth the offense in the language of the statute itself is sufficient. *Id*. at 1220; *see United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient); *United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985) ("An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense."). An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. *See United States v. Mustachio*, 968 F.2d 782, 787 (9th Cir. 1991); *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993).

The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case. *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). For purposes of review, "[t]he allegations of the indictment are presumed to be true." *Id*. An indictment should "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id*. at 899.

### B. Pleading RICO Conspiracy Under 18 U.S.C. § 1962(d)

The pleading standards set forth above apply equally to RICO prosecutions. The RICO conspiracy statute provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), (c) of this section." 18 U.S.C. § 1962(d). There is no requirement of an overt act or specific predicate act in § 1962(d). Thus, the RICO conspiracy provision ". . . is even more comprehensive than the general conspiracy offense in [18 U.S.C.] § 371." *Salinas v. United States*, 522 U.S. 52, 63 (1997). "Proof of an agreement, the objective of which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering) is sufficient to establish a violation of section 1962(d)." *United States v. Tille*, 729 F.2d 615, 619 (9th Cir. 1984).

Although two predicate acts must be proven to sustain a conviction on a substantive RICO charge, "such proof is not required for conspiracy charges." *Salinas*, 522 U.S. at 61-66, *United States v. Wyatt*, 807 F.2d 1480, 1982 (9th Cir. 1987). A conviction for RICO conspiracy "does not require the government to prove that *any* predicate act was actually committed at all." *United States v. Fiander*, 547 F.3d 1036, 1043 (9th Cir. 2008) (quoting *United States v. Saadey*, 393 F.3d 669, 677 (6th Cir. 2005) (emphasis in original). To adequately plead the elements of a RICO conspiracy, "an indictment need only charge—after identifying a proper enterprise and the defendant's association with that enterprise—that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity." *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991)[1]. "Neither overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proved for a section 1962(d) offense." *Id*.

If the government were required to identify specific predicate acts in which the defendant was involved in indictments charging violation of only section 1962(d), section 1962(d) "would . . . become a nullity, as it would criminalize no conduct not already covered by sections 1962(a) through (c)." *Id*. at 501. "Such a result, quite obviously, would violate the statutory scheme in which conspiracy to engage in the conduct described in sections 1962(a) through (c) is itself a separate crime . . . centere[d] on the act of agreement which makes unnecessary—and in many cases impossible—the identification in the indictment of specific predicate acts that have come to fruition." *Id.*

## IV.    ARGUMENT

Count One of the Indictment alleges each of the elements of the crime of RICO conspiracy under 18 U.S.C. § 1962(d). The Indictment identifies a proper enterprise, the defendants' associations with that enterprise, and alleges that the defendants knowingly joined a conspiracy, the objective of which was to operate the enterprise through a pattern of racketeering activity. *See Glecier*, 923 F.2d at 500. Defendants contend that Count One fails to allege that defendants knowingly entered into an agreement to facilitate the CKT's alleged criminal behavior, that defendants were aware of the nature and scope of

---

[1] The *Glecier* pleading format has been accepted by every circuit that has addressed this form of RICO conspiracy indictment. *See United States v. Applins*, 637 F.3d 58, 81-82 (2d Cir. 2011); *United States v. Crockett*, 979 F.2d 1204, 1209 (7th Cir. 1992); *United States v. Phillips*, 874 F.2d 123, 127-28 & n.4 (3d Cir. 1989); *United States v. Sutherland*, 656, F.2d 1181, 1197 (5th Cir. 1981).

the CKT enterprise, and that defendants' individual acts are linked in any way to the purpose of the CKT enterprise. (Def.'s Mot. to Dismiss, Dkt. No. 523.) Defendants misconstrue the pleading requirements for an indictment charging violations of 18 U.S.C. § 1962(d). The Indictment sufficiently alleges the crime of RICO conspiracy against all defendants.

### A. Count One Sufficiently Alleges That Each Defendant Knowingly and Intentionally Joined a Conspiracy to Operate the CKT Enterprise Through a Pattern of Racketeering Activity

The Indictment specifically alleges that each defendant knowingly and intentionally conspired to conduct and participate, directly and indirectly, in the affairs of the CKT enterprise through a pattern of racketeering activity. (*See* Indictment ¶ 13). By setting forth the offense in the language of the statute, the Indictment sufficiently alleges the element of a conspiracy to operate the enterprise through a pattern of racketeering activity. This language alone is sufficient. Beyond mere recitation of the language of the statute, the Indictment read as a whole and read to include facts which are necessarily implied (*see Buckley*, 689 F.2d at 897), specifically alleges that each defendant, being a person employed by and associated with CKT (Indictment ¶ 13), joined the conspiracy to operate the enterprise through a pattern of racketeering activity.

*(1)   The Indictment alleges the defendants joined the conspiracy.*

The Indictment alleges that each defendant was an employee and associate of the CKT enterprise. (*Id.*) The Indictment further alleges that each defendant conspired to conduct the affairs of the enterprise through a pattern of racketeering activity. (*See id.*) The Indictment lists the specific types of criminal acts constituting the pattern of racketeering activity. (*Id.* ¶ 13(a)-(f).) Further, the Indictment alleges that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise. (*Id. ¶* 14.) This information alone is sufficient to allege that each defendant knowingly joined the CKT conspiracy.

The government can prove an agreement on an overall objective "by circumstantial evidence showing that each defendant must necessarily have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity." *United States v. Gonzalez*, 921 F.2d 1530, 1540 (11th Cir. 1991). Further, the government does not have to establish that each conspirator explicitly agreed with every other conspirator, knew his fellow conspirators, or was aware of all the

details of the conspiracy. Rather, to establish sufficient knowledge, is it only required that each defendant "know the general nature of the conspiracy and that the conspiracy extends beyond his individual role." *United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989). Though a RICO conspiracy "requires the assent of each defendant who is charged . . . it is not necessary that each conspirator knows all of the details of the plan." *United States v. Brooklier*, 685 F.2d 1208, 1222 (9th Cir. 1982), *cert. denied*, 459 U.S. 1206, 103 S. Ct 1194 (1983).

In addition to the statutory element that the defendants joined the CKT conspiracy, the Indictment proffers specific information about the nature of the agreement entered into by the defendants. The Indictment alleges the purposes of the conspiracy (Indictment ¶ 8), the means and methods of the conspiracy (*id*. ¶ 15), and the nature of the criminal activity agreed to and committed by CKT members (*id*. ¶ 13). An indictment charging RICO conspiracy need not set forth any specific overt acts. *Salinas,* 522 U.S. at 63.

Defendants cite to *Baumer v. Pachl*, a civil case in which the Ninth Circuit dismissed a complaint where plaintiffs failed to allege a conspiracy or an agreement, a pattern of racketeering, and continuity of alleged conduct. *Baumer*, 8 F.3d 1341, 1343-46 (9th Cir. 1993). Unlike the conspiracy alleged in *Baumer*, however, the facts alleged in the Indictment provide sufficient basis to infer assent to contribute to a common enterprise, including the alleged pattern of racketeering activity and the means and methods by which the defendants participated in the conspiracy.

     *(2) The Indictment alleges the defendants agreed to conduct and participate in the conspiracy through a pattern of racketeering activity.*

Defendants further argue that the Indictment fails to allege a pattern of racketeering activity. This is patently false. The Indictment alleges in statutory language that defendants conspired to conduct and participate in the conduct of the affairs of the CKT enterprise through a pattern of racketeering activity. (*See* Indictment ¶ 13.) It is sufficient that the Indictment alleges facts sufficient to establish the acts agreed upon constitute a pattern of racketeering activity.

A pattern of racketeering is defined as two acts of racketeering activity, one of which occurred after the effective date of the RICO statute, and the last of which occurred within ten years after the commission of a prior act of racketeering activity. *See* 18 U.S.C. § 1961(5). The tern "pattern" itself

requires the showing of a relationship between the acts and the threat of continuing criminal activity. *See H.J, Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

Courts, following the language in *H.J., Inc.* have ruled that neither "relatedness" nor "continuity" is an element of the offense that must be alleged with particularly in the indictment. Rather, relatedness and continuity are necessary characteristics of the evidence used to *prove* the existence of a pattern. *See United States v. Boylan*, 898 F.2d 230, 250 (1st Cir. 1990); *United States v. Palumbo Brothers, Inc.*, 145 F.3d 850, 877-78. Nonetheless, the government will address relatedness and continuity in turn.

Relatedness

The racketeering acts agreed to by the defendants, as alleged in the Indictment, are related. Relatedness requires a showing that the criminal acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and not isolated events." *H.J.*, *Inc*., 492 U.S. at 239. While a pattern cannot be "formed by 'sporadic activity,'" *id*., courts of appeal have repeatedly held that racketeering acts need not be similar or directly related to each other. It is sufficient that the racketeering acts are in some ways related to the affairs of the charged enterprise. *See*, *e.g.*, *United States v. Corrado*, 227 F.3d 543, 554 (6th Cir. 2000) ("The predicate acts do not necessarily need to be directly interrelated; they must, however, be connected to the affairs and operations of the criminal enterprise."). "Separately performed, functionally diverse, and directly unrelated predicate acts and offenses will form a pattern under RICO, as long as they all have been undertaken in furtherance of one or another varied purposes of a common organized crime enterprise." *United States v. Eufrasio*, 935 F.2d 553, 566 (3d Cir. 1991).

The Indictment alleges the criminal acts agreed upon were all to be committed by members and associates of the CKT enterprise. (*See* Indictment ¶¶ 13-15.) These criminal acts include drug trafficking, money laundering, acts of murder, and interstate sale of stolen property. (*Id*. ¶ 15.) The Indictment further alleges that one of the purposes of the CKT enterprise was to use criminal activity and the threat thereof to promote the good of the enterprise and its members and associates. (*See id*. ¶ 8.) The Indictment alleges that the defendants and other members and associates discussed with other members and associates plans and agreements regarding the commission of future crimes and ways to conceal those crimes, including by obstructing justice and intimidating witnesses. (*See id*. ¶ 10-11.)

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT ONE
3:14-CR-00196 (CRB)                     6

In sum, the Indictment sufficiently alleges relatedness among the crimes and racketeering acts agreed to by the defendants. The nature of these acts is related to the CKT enterprise, to the CKT members and associates, to the purposes of the CKT, and by their effect on CKT.

Continuity

The nature of the CKT enterprise and the racketeering acts and crimes agreed to by its members demonstrate a threat of continuity. The Indictment alleges that the CKT enterprise has existed since at least the 1800s. (*See id*. ¶ 1.) The conspiracy to conduct the CKT enterprise through a pattern of racketeering is alleged to have occurred since at least 2005 continuing up to, and including, the present. (*See id*. ¶ 13.) The nature of the CKT enterprise, the racketeering acts agreed to by its members and associates, and the criminal acts committed by its members and associates pose a long-term threat of racketeering activity. Where "the enterprise is an entity whose business is racketeering activity, an act performed in furtherance of that business automatically carries with it a threat of continued racketeering activity." *United States v. Diaz*, 176, F.3d 52, 93 (2d Cir. 1999). The Indictment alleges sufficient facts establishing that although the CKT does serve some non-criminal purposes, its racketeering and otherwise criminal activities pose a threat of continued racketeering activity, crimes, and acts of violence and intimidation. As such, the Indictment alleges facts sufficient to establish continuity in the pattern of racketeering agreed to by the defendants.

The Indictment meets the requirements of Federal Rule of Criminal Procedure 7(c) by setting forth each of the statutory elements of the crime of RICO conspiracy under 18 U.S.C. § 1962(d). The Indictment alleges the elements of RICO conspiracy by (1) charging a proper enterprise; (2) alleging each defendant's association with that enterprise; and (3) alleging that each defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity. *See Glecier*, 923 F.2d at 500.

### B. The Indictment is Sufficient to Apprise Defendants of the Nature of the Alleged Racketeering Agreement and Preclude Prosecution on the Same Facts

Count One of the Indictment adequately informs the defendants of the nature of the charges against them and is sufficiently specific to prevent any danger of double jeopardy. Defendants argue that Count One is insufficient because it fails to provide defendants with adequate notice of the "specific RICO conspiracy offense to which they allegedly agreed." (Def.'s Mot. to Dismiss at 10.) However, as discussed *supra*, an indictment charging RICO conspiracy need not set forth any specific overt acts. *Salinas,* 522 U.S. at 63. Nor is there any requirement that a defendant "himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under § 1962(c)." *Id.* at 61. All that the indictment must allege is that the defendants knowingly agreed to participate in an enterprise whose objective was to engage in racketeering activity. *See Glecier,* 923 F.2d at 500. It is sufficient that the indictment alleges that defendants knew about the enterprise's racketeering activities and agreed to help facilitate them.

Defendants further attack the "overall vagueness" of Count One. (*Id*. at 12.) Specifically, defendants argue that Count One is "impermissibly vague because it fails to specify predicate acts beyond generic allegations deemed insufficient in *Gatto*." (*Id*. at 11.) First, the government is not required to specify any predicate acts in charging a RICO conspiracy. Second, *Gatto* is inapposite to the instant case. In *Gatto*, Count One of the indictment charged defendants with conspiracy to participate "in the conduct of the affairs of the . . . Group through a pattern of racketeering of the type alleged in Count Two . . . and through the collection of unlawful debts." *United States v. Gatto*, 745 F. Supp. 432, 460 (D.N.J. 1990), *rev'd on other grounds*, 924 F.2d 491 (3d Cir. 1991). In turn, Count Two alleged racketeering acts, "including two conspiracies to take over gambling businesses, conspiracy to commit murder, sports gambling, numbers gambling, and extortionate financing of credit, and extortionate collections of debt." *Id*. In short, the indictment failed to specify any type of acts in the conspiracy count and only referenced "collection of unlawful debts" and another count, which enumerated various types of racketeering offenses. *Id*. In the instant case, Count One of the Indictment specifically enumerates the types of criminal acts constituting the pattern of racketeering activity. (Indictment ¶ 13.) Further the court in *Gatto* did not dismiss the indictment and found that the defect could be cured by

1 granting in part defendants' motion for a bill of particulars in which "the government must generally
2 identify what 'types' of acts, beyond collection of unlawful debts, support the charge of conspiracy."
3 *Gatto*, 745 F. Supp. at 460. Thus, even if the court were to find that Count One is impermissibly broad,
4 the appropriate remedy would be a bill of particulars.

The language in the Indictment adequately "ensures the right of each defendant not to be placed in double jeopardy and to be informed of the offense charged." *Fernandez*, 388 F.3d at 1217-18. Count One of the Indictment is legally sufficient and the Court should deny defendants' motion to dismiss.

### C. Defendant Jackson's and Liang's Arguments are Thinly-Veiled Challenges to the Sufficiency of the Government's Evidence and Do Not Merit Dismissal of the Indictment

Defendants also argue that Count One against Keith Jackson ("Jackson") in particular should be dismissed because the Indictment fails to allege that Jackson agreed to commit or committed any racketeering activities related to the activities of the CKT enterprise. Defendants also contend that Tina Liang ("Liang") should not be joined in Count One. While defendants' arguments are couched in terms of legal sufficiency, they are substantively premature attacks on the sufficiency of the government's evidence. Count One sufficiently alleges each of the elements of RICO conspiracy. As to all defendants, including Jackson and Liang, Count One of the Indictment is sufficient to withstand a motion to dismiss for the reasons set forth above. Defendant's challenges to Count One should be denied.

The sufficiency of an indictment is tested by its allegations, not by whether the government can prove its case. *See Costello v. United States*, 350 U.S. 359, 363 (1956). "It is axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient evidence. Instead a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary insufficiency." *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992) *aff'd*, 17 F.3d 572 (2d Cir. 1994). When a court considers a motion to dismiss an indictment, the court must not conflate permissible claims based on the legal sufficiency of the governments allegations with impermissible claims based upon the sufficiency of the evidence. It is well established that an indictment that is valid on its face may not be dismissed on the ground that it is based on inadequate or insufficient evidence. *See United States v. Williams,* 504 U.S. 36, 54, 112 S.Ct. 1735, 1745-46, 118

L.Ed.2d 352 (1992); *United States v. Calandra,* 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974); *United States v. Casamento,* 887 F.2d 1141, 1182 (2d Cir.1989), *cert. denied,* 493 U.S. 1081, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990).

Defendant Jackson challenges the adequacy of the facts alleged in the Indictment. He argues that the Indictment fails to allege a sufficient nexus between the CKT enterprise and any racketeering conduct that Jackson committed or agreed to commit. (Def.'s Mot. to Dismiss at 13-14.) In support of his contention, Jackson argues that Count One lacks any factual allegations regarding any of the alleged racketeering acts agreed to or committed by any CKT members or associates; no other counts against Jackson are incorporated by reference into Count One; and none of the other counts against Jackson involve the CKT. (*Id.*) Defendant Jackson's arguments demonstrate a lack of comprehension of RICO conspiracy and the legal standards governing the sufficiency of an indictment alleging RICO conspiracy.

A RICO conspiracy charge centers on the agreement to participate in the enterprise through a pattern of racketeering activity. *Glecier*, 923 F.2d at 501. "Neither overt acts . . . nor specific predicate acts that the defendant agreed to personally commit . . . need be alleged or proved for a section 1962(d) offense). *Id*. The government must simply allege that each defendant agreed to join a conspiracy, the objective of which was to operate the enterprise through a pattern of racketeering activity. As detailed above, Count One adequately alleges the statutory elements of RICO conspiracy and clearly includes Jackson (and Liang) as defendants. Count One also sufficiently alleges the element that the acts to which the defendants agreed to constitute a pattern of racketeering activity. The government need not allege that Jackson himself committed or agreed to commit any racketeering acts.

Jackson's motion clearly challenges the sufficiency of the facts in the Indictment, as evidenced by his citations to Circuit Court cases considering whether the evidence adduced at trial was sufficient to support defendants' convictions. *See United States v. Yarbrough*, 852 F.2d 1522, 1544 (9th Cir. 1988); *United States v. Erwin*, 793 F.2d 656, 672 (5th Cir. 1986). This is not a valid challenge to the Indictment. While Defendant Liang's basis for challenging the legal sufficiency of Count One is unclear, the government understands that it falls under the broader argument that Count One fails to allege sufficient facts as to Liang. As such, the same arguments presented against Jackson's motion to dismiss apply to Liang's motion. Defendants' arguments challenging the sufficiency of the evidence are

UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT ONE
3:14-CR-00196 (CRB)                         10

properly made at a Rule 29 motion to dismiss, not on a motion to dismiss based on legal insufficiency of the Indictment. As such, Defendant Jackson's and Liang's motions should be denied.

### D. To the Extent the Court Finds Count One Vague or Ambiguous, the Proper Remedy is a Bill of Particulars

The Indictment adequately informs defendants of the nature of the charges against them and is sufficiently specific to prevent any danger of double jeopardy. *See, e.g., United States v. Ablett*, No. C 09-00749 RS, 2010 WL 3063145, at *2 (N.D. Cal. Aug. 3, 2010) ("The fact that the Indictment does not specify the time, place, or particulars of the [defendant's] alleged racketeering activity does not deprive the defendant of his ability to prepare a defense or to plead double jeopardy against a later prosecution."). In addition, the Indictment and the discovery that will be provided by the government will give defendants sufficient notice of the specific acts of which they are accused and provide sufficient detail to allow defendants to prepare defenses. Although defendants have not moved for a bill of particulars, to the extent the Court finds Count One vague or ambiguous, dismissal of Count One is nonetheless inappropriate and the proper remedy is a bill of particulars.

The decision whether to require a bill of particulars rests within the trial court's discretion. *U.S. v. Long,* 706 F.2d 1044, 1054 (9th Cir.1983) (citations omitted). A bill of particulars is appropriate where an indictment is ambiguous such that a defendant needs clarification in order to prepare a defense. *Id.* A bill of particulars should only be required where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused. *United States v. Maos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988). "[A bill of particulars] is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *Id.* In other words, the purpose of a bill of particulars is to clarify ambiguities in an indictment, not to serve as a replacement for discovery requests. *Id.; see also, United States v. Ryland,* 806 F.2d 941, 942 (9th Cir. 1986) ("[a] defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case"); *U.S. v. Giese,* 597 F.2d 1170, 1180–1181 (9th Cir. 1979) ("full discovery obviates the need for a bill of particulars").

Count One adequately pleads RICO conspiracy against all defendants and provides sufficient detail to put defendants on notice of the charges against them in order to prepare a defense. The Indictment, coupled with forthcoming discovery, render a bill of particulars unnecessary. To the extent the Court finds that Count One of the Indictment is vague or ambiguous, however, dismissal of Count One is nonetheless unwarranted and the proper course of action is to require the government to produce a bill of particulars specifying the information the Court finds lacking.

## V. CONCLUSION

In light of the foregoing, the government hereby respectfully submits that the Court should deny defendant's motion to dismiss Count One.

DATED: October 29, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys