1  MELINDA HAAG (CABN 132612)
   United States Attorney

2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  WILLIAM FRENTZEN (LABN 24421)
   SUSAN E. BADGER (CABN 124365)
5  S. WAQAR HASIB (CABN 234818)
   Assistant United States Attorneys

6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
8       FAX: (415) 436-7234
        William.frentzen@usdoj.gov
9       Susan.badger@usdoj.gov
        Waqar.hasib@usdoj.gov

10

11 Attorneys for United States of America

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15

16 UNITED STATES OF AMERICA,            )  No.:  CR 14 0196 CRB
                                        )
17      v.                              )  UNITED STATES' OPPOSITION TO
                                        )  DEFENDANT KEITH JACKSON'S MOTION TO
18 KWOK CHEUNG CHOW, et al.             )  DISMISS FIREARMS AND MURDER FOR HIRE
                                        )  CHARGES (COUNTS 152, 158, 159, 165, 166, 171,
19      Defendants.                     )  204, 210, AND 222)
                                        )
20                                      )  Date:   November 12, 2014
                                        )  Time:   10:00 a.m.
21                                      )  Court:  Honorable Charles R. Breyer
                                        )
22                                      )

23 _____

24

25

26

27

28

# I. INTRODUCTION

Defendant Keith Jackson was charged in Counts 152, 158, 159, 165, 166, 171, 204, 210, and 222 of the Superseding Indictment. Counts 152, 158, 159, 165, 166, 171 and 210 each charge defendant Jackson and others with violating 18 U.S.C. §§ 922(a)(1) and 2, for engaging in the illegal business of dealing in firearms. Count 204 alleges a violation of 18 U.S.C. §§ 1958 and 2, for engaging in a murder for hire plot. Count 222 alleges a violation of 18 U.S.C. § 371 for a conspiracy to violate 18 U.S.C. §§ 922(a)(1) and 922(l), engaging in the illegal business of dealing in firearms and illegal importation of firearms. Defendant Jackson complains about the sufficiency of the charges in the Superseding Indictment and seeks dismissal. Because the charges against defendant Jackson sufficiently apprise him of what he must be prepared to defend against and are sufficient to protect against any future double jeopardy, the government respectfully submits that defendant's motion should be denied.

# II. ARGUMENT

## A. Sufficiency of the Indictment

An indictment is required to set forth the elements of the offense(s) sought to be charged. Fed. R. Crim. P. 7(c)(1).

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. . . .

*Id.*

"The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Debrow*, 346 U.S. 374, 376 (1953) (citing cases). If the indictment is sufficient to accomplish those two tasks – even if it could have

1  been more detailed – then it should not be dismissed.  "The sufficiency of the indictment is not a

2  question of whether it could have been more definite and certain.  If the defendants wanted more definite

3  information . . . they could have obtained it by requesting a bill of particulars."  *Id.* at 115-16.

4          An indictment that tracks the statutory language can be sufficient to satisfy Rule 7 in the Ninth

5  Circuit.  *United States v. Fernandez*, 388 F.3d 1199, 1219-1220 (9th Cir. 2004); *United States v.*

6  *Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit 'the use of a 'bare bones' information

7  – that is one employing the statutory language alone – is quite common and entirely permissible so long

8  as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished'")

9  (quoting *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987)); *United States v. Givens*, 767 F.2d

10  574, 584 (9th Cir. 1985) ("An indictment which tracks the words of the statute charging the offense is

11  sufficient so long as the words unambiguously set forth all elements necessary to constitute the

12  offense").

13          The sufficiency of an indictment is judged by "whether the indictment adequately alleges the

14  elements of the offense and fairly informs the defendant of the charge, not whether the Government can

15  prove its case."  *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).  For purposes of review,

16  "[t]he allegations of the indictment are presumed to be true."  *Id*.  An indictment should "(1) read as a

17  whole; (2) read to include facts which are necessarily implied; and (3) construed according to common

18  sense."  *Id*. at 899.

19

20      **B.  Counts Charging Defendant Jackson and Others for Willfully Engaging in the Business of
         Dealing in Firearms Without a License are Sufficient**

21

22          Defendant Jackson claims that these charges are insufficient because they do not allege that he

23  and others "engaged in the business of dealing in firearms."  Def. Keith Jackson's Mot. to Dismiss

24  Firearms Counts ("Def.'s Mot.") at 3-4.  That claim is simply wrong, however, as Counts 152, 158, 159,

25  165, 166, 171, and 210 each allege that defendant Jackson and others "not being a licensed dealer of

26  firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the

27  business of dealing in firearms."  Since these Counts clearly allege what defendant Jackson claims is

28  missing from them, his motion should be denied.

1    Jackson then argues that these Counts do not, within the Counts themselves, further particularize

2    how Jackson and the others engaged in the business of dealing in firearms, Def.'s Mot. at 4-5.  Jackson

3    cannot cite to any case that holds that the statutory terms are not sufficiently alleged by the Counts.

4    Each Count refers to a specific date on which defendant Jackson was alleged to have engaged in sales of

5    firearms with his co-defendants.  That charge is sufficient to apprise defendant of the charge against

6    him.  While the charges could, in theory, have also specified the firearms sold, a charge of 922(a)(1) can

7    be sustained without the defendant actually selling a single firearm so long as the defendant engaged in

8    the business of dealing in firearms without a license.  *United States v. King*, 735 F.3d 1098, 1107 n. 8

9    (9th Cir. 2013) ("[w]e note that Section 922(a)(1)(A) does not require an actual sale of firearms . . . 'the

10   government's burden under Section 922(a)(1)(A) is to prove that the defendant has guns on hand or is

11   ready and able to procure them for the purpose of selling them from time to time as such persons as

12   might be accepted as customers'"), (quoting *United States v. Nadirashvili*, 655 F.3d 114, 120 (2nd Cir.

13   2011)).

14   Defendant relies heavily on an inapposite case, *Russell v. United States*, 369 U.S. 749 (1962).

15   *Russell*, however, dealt with a charge of allegedly false testimony or non-compliance with providing

16   testimony before Congress, in violation of Title 2, United States Code, Section 192, for proceedings

17   occurring before the Committee on Un-American Activities of the House of Representatives.  The issue

18   for the Supreme Court in *Russell* was reviewing charges that did not specify for the defendants the

19   "subject which was under inquiry at the time of the defendant's alleged default or refusal to answer."  *Id.*

20   at 754-55.  Because Congress' very jurisdiction by which prosecution could be brought under that

21   particular statue relied upon a demonstration that the refusal to answer was as to a subject that was then

22   under investigation by Congress, the "subject which was under inquiry" was crucial to apprise the

23   defendant of the charges against him or her.  *Id.* at 755.  By reviewing the language of the statute as well

24   as the legislative history, the Supreme Court determined that the "subject" under inquiry was a required

25   element of the charge.  In announcing the opinion of the Court, the holding was specifically linked to the

26   abnormal criminal statute at hand: "we conclude that an indictment under 2 U.S.C. § 192 must state the

27   question under congressional committee inquiry as found by the grand jury.  Only then can the federal

28   courts responsibly carry out the duty which Congress imposed upon them more than a century ago: 'The

1   question must be pertinent to the subject-matter, and that will have to be decided by the courts of justice

2   on the indictment.'"  *Id.* at 771-72.

3          Turning to the more relevant case law regarding sufficiency of indictments in federal firearms

4   cases, courts have frequently upheld charges similar to those brought in this case, as well as charges

5   providing less information than those in this case.  *See United States v. Redus*, 469 F.2d 185 (9th Cir.

6   1972) (reversing dismissal of charge of illegal dealing in firearms in violation of 922(a)(1) where charge

7   did not further define "engage in and carry on the business of a dealer in firearms and ammunition" and

8   failed to allege interstate commerce nexus); *Kaneshiro v. United States*, 445 F.2d 1266, 1269-70 (9th Cir.

9   1971) (upholding firearms trafficking charge where indictment failed to allege element that defendants

10  were manufacturers or dealers of firearms because the citation to the statute and allegation of commerce

11  nexus was sufficient to apprise the defendants of the charge); *United States v. Torres*, 2010 WL 3190659

12  *4-6 (D. Ariz. 2010) (magistrate judge's recommendation against dismissing indictment for illegal

13  firearms dealing where the charge repeated the elements of the offense and provided the dates involved),

14  *aff'd*, *United States v. Ibarra*, 472 Fed.Appx. 819 (9th Cir. 2012) (unpublished) (upholding sufficiency of

15  indictment); *United States v. Norman*, 2011 WL 2678821 * 1-2 (E.D. Ark. 2011) (citing *Torres, supra*,

16  while upholding a charge worded almost identical to those in this case); *United States v. Gross*, 313

17  F.Supp. 1330, 1334 (S.D. Ind. 1970) (upholding firearms dealing charge worded almost identical to

18  those in this case).

19         To the extent that defendant claims that the indictment should specify the manner by which he

20  "engaged in the business of dealing in firearms," Def.'s Mot., the further definitions in the statute serve

21  to provide the proper notice.  *See Kaneshiro v. United States*, 445 F.2d at 1269 (making reference to

22  statutory definitions in finding that the charge against defendants adequately apprised them of the

23  elements of the offense charged).  The phrase "engaged in the business of dealing in firearms" is further

24  defined by 18 U.S.C. § 921(a)(11), identifying a "dealer" as "any person engaged in the business of

25  selling firearms at wholesale or retail."  18 U.S.C. § (a)(21)(C) defines "engaged in the business" to

26  mean "a person who devotes time, attention and labor to dealing in firearms as a regular course of trade

27  or business with the principal objective of livelihood and profit through the repetitive purchase and

28  resale of firearms . . ." other than a personal collector or hobbyist.  These further definitions serve to

1     amplify the elements of the offense for the defendants charged and do not need to be further described

2     for the charges to be sufficient.

3        Defendant's claim that the government did not adequately specify defendant's role as an aider

4     and abetter is a red herring.  It is black letter law that "[a]iding and abetting is simply one means of

5     committing a single crime.  Indeed, we have often referred to aiding and abetting as a theory of liability.

6     We have also held a number of times in different contexts that aiding and abetting is embedded in every

7     federal indictment for a substantive crime.  It follows that aiding and abetting is a different means of

8     committing a single crime, not a separate offense itself, for otherwise it could not be implicit in a

9     substantive charge."  *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005) (collecting cases).  Since

10    an indictment need not even expressly charge a violation of 18 U.S.C. § 2, defendant Jackson's

11    argument that the charges against him – expressly alleging aiding and abetting – are deficient for not

12    going further is non-sensical.

13    **C.  The Count Charging Defendant Keith Jackson and Others with Conspiracy is Sufficient**

14       Defendant Jackson misstates the charge in Count 222 in an effort to obscure a properly charged

15    conspiracy count.  Defendant claims, without citation, that Count 222 "fails to establish an agreement, or

16    that the alleged co-conspirators committed overt acts in furtherance of the embryonic discussions."

17    Def.'s Mot. at 6.  The government is unsure what "embryonic discussions" are, but is sure that Count

18    222 alleges an agreement: "Leland Yee, Keith Jackson, and Wilson Lim, knowingly and willfully

19    conspired and agreed with each other and with others . . . to commit offenses against the United States"

20    and then lists the offenses that were the subject of the agreement and overt acts.  Count 222.

21       Defendant's claim that the overt acts alleged do not constitute a "plan," Def.'s Mot. at 6, is slight

22    of hand and easily refuted.  It is basic criminal law that an overt act itself need only be a step in

23    furtherance of a conspiracy, it need not constitute the entirety of the conspiracy itself.  "An overt act

24    does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for

25    the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant

26    personally did one of the overt acts."  *Ninth Circuit Manual of Model Jury Instructions*, 8.20

27    (Conspiracy – Elements).

28       "An indictment charging a conspiracy under 18 U.S.C. § 371 should allege an agreement, the

1    unlawful object toward which the agreement is directed, and an overt act in furtherance of the

2    conspiracy." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985).  "Since conspiracy is the gist

3    of the crime, the indictment need not state the object of the conspiracy with the detail that would be

4    required in an indictment for committing the substantive offense." *Id.*

5           Defendant's argument that the conspiracy count, Count 222, should fail is made in reliance on

6    *United States v. Jack*, 2010 WL 4718613 (E.D. Ca. 2010) and *United States v. Lumsden*, 1 Bond 5, 26 F.

7    Cas. 1013 (S.D. Oh. 1856).  His reliance is misplaced, however, as those cases dismissed counts based

8    upon failures to properly charge violations of the Neutrality Act, a charge that has not been leveled

9    against defendant.  *United States v. Lumsden* solely involved the sufficiency of a charge of a Neutrality

10   Act violation and is, therefore, not relevant to a charge of conspiracy to traffic in firearms illegally and

11   to import firearms.  *Lumsden* is simply inapposite.

12          *United States v. Jack* did involve an allegation of conspiracy to commit firearms violations as

13   well as a conspiracy to violate the Neutrality Act.  Unfortunately for defendant Jackson, the alleged

14   firearms object of the conspiracy charge in *Jack* was dissimilar to that alleged in this case, and the

15   dismissal was predicated on the notion of extraterritorial conduct – that is conduct occurring wholly

16   outside of the United States.  In *Jack*, the government alleged a conspiracy to violate 18 U.S.C. § 922(o),

17   which bans the transfer or possession of machine guns, but does not govern foreign activities and

18   transactions.  *Id.* at *11.  All of the alleged transfer and possession of machine guns in *Jack* was

19   apparently outside of the United States.  *Id.*  In *Jack*, the District Court described the difference between

20   the extraterritorial reach of 18 U.S.C. §§ 922(a)(1) and 922(l) as compared to 18 U.S.C. § 922(o), as the

21   provisions of the statutes charged in this case apply to transactions involving interstate and foreign

22   commerce.  Id. at *12-13.  Therefore, the dismissal of the conspiracy to violate 922(o) in *Jack* is not

23   relevant to this case, where the conspiracy alleges different underlying offenses.  Similarly, the

24   remainder of the challenges to the conspiracy charge in *Jack* found deficient were for different reasons

25   and dealt with different underlying offenses than those charged in Count 222.  *Id.* at *14-16.

26          More on point to the sufficiency of the firearms conspiracy than the cases cited by defendant

27   Jackson is *United States v. Camacho*, 528 F.2d 464, 469 (9th Cir. 1976).  In *Camacho*, the Ninth Circuit

28   upheld a charge of conspiracy to traffic firearms to out of state residents, although the conspiracy charge

1   did not specify the role of each defendant. *Id.* In that case, one of the defendants complained that the

2   conspiracy only alleged that the "object of the conspiracy was for one or more of the conspirators to sell

3   and deliver the firearms" without specifically stating that the conspiracy was for Camacho himself, the

4   licensed dealer, to sell and deliver the firearms. *Id.* The Ninth Circuit upheld the conspiracy charge as

5   sufficient where it charged that the defendants conspired "[t]o willfully and knowingly sell and deliver

6   and aid and abet in the selling and delivery [sic] firearms to individuals whom they knew or had

7   reasonable cause to believe did not reside in the state in which the federal firearms dealer's place of

8   business was located, that being the State of Arizona, in violation of Title 18, United States Code,

9   Sections 922(b)(3) and 2." *Id.* Since the roles were adequately defined by the conspiracy charged in

10  *Camacho*, the conspiracy charged against these defendants should be upheld as sufficient. Furthermore,

11  the overt acts alleged in this conspiracy provide information regarding at least some of the actions taken

12  by the co-conspirators to further the conspiracy: meetings, discussions, solicitations, receiving money,

13  etc.

14          Defendant claims that it would not have been illegal for the conspirators to import and deal in

15  firearms. He claims that they might have sought a license to deal in firearms. That claim, even if

16  supported, would not warrant dismissal of the indictment, however, as Count 222 plainly alleges that the

17  defendants agreed to import and deal in firearms without a license and in violation of the law.

18  Defendants may well try to defend the case to the jury on the basis that they really intended to obtain a

19  license – and the government is confident that the evidence will refute such a defense beyond a

20  reasonable doubt[1] – but a potential defense at trial is not a basis for dismissal. The charge as stated is

21  that they conspired to act illegally and that allegation is sufficient to proceed to trial. Defendant's

22  citation to *United States v. Wieschenberg*, 604 F.2d 326, 336 (5th Cir. 1979) is irrelevant as that case

23  involved a post-trial review of evidence that did not rise to the level of sufficiency to sustain a verdict of

24  guilt. Here, Count 222 unambiguously and plainly alleges that defendants' firearms conspiracy was one

25  to conduct business illegally and without a license. It is a sufficient charge on which the case should

26

27          [1]  On this point, the government's evidence will include the recorded conversations by
    defendants Jackson, Yee and Lim demonstrating their knowledge that their plan to acquire weapons was
28  not a lawful plan, and that they would require the utmost caution in carrying it out without being caught.
    Many of those statements need not be reiterated here as they were described in the Pascua Affidavit.

1    proceed to trial in that respect.

2            Defendant's final contention as to Count 222 is that, although it charges that he acted willfully to

3    conspire with others, it fails to also allege that he acted willfully as to one of the objects of Count 222 –

4    to violate 18 U.S.C. § 922(a)(1).  Although the cases cited by defendant Jackson are out of district and

5    not on point, and the charge alleges that the defendant acted "willfully" in conspiring to violate the law,

6    the government is in agreement that the more cautious course is to also allege that the object of Count

7    222 to violate 922(a)(1) was done "willfully" in compliance with the punishment statute, 18 U.S.C. §

8    924(c), which covers "willful" violations of 922(a)(1).  Since the government has also indicated an

9    intention to amend the indictment as to the materiality of other certain counts, this section of the

10   conspiracy charge can easily be amended.  Therefore, the government requests that the Court hold off on

11   ruling as to Count 222 until the government re-presents that charge to the grand jury at the earliest

12   manageable date following the hearing on November 12, 2014.

13   **D.  The Count Charging Defendant Keith Jackson and Others with Murder for Hire is**
14      **Sufficient**

15           Defendant contends that the murder for hire charge in Count 204 is insufficient.  Again, he

16   simply complains that the elements could have been further particularized.  The charge clearly covers

17   the elements of the offense, even according to the case cited by defendant, *United States v. Ritter*, 989

18   F.2d 318, 321 (9th Cir. 1993).  It alleges that defendant Jackson and others, on a specified date, aided and

19   abetted each other and "used a facility of interstate commerce . . . with intent that the murder of

20   Fictitious Victim 2 be committed in violation of the laws of California" for $25,000 in U.S. Currency.

21   This is sufficient to allege a violation of 18 U.S.C. § 1958.  Defendant Jackson's argument boils down to

22   a request for more information, but not to a claim of insufficient notice or a claim of an inability to claim

23   double jeopardy in the future.  Nor does defendant cite a single case in support of his claim that the

24   allegation is insufficient.

25   //

26   //

27   //

28   //

USA OPP. TO DEFENDANT'S MOTION TO DISMISS
CR 14-0196 CRB                                          8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   <u>CONCLUSION</u>

In light of the foregoing, the government hereby respectfully submits that the Court should deny defendant's motion to dismiss Counts 152, 158, 159, 165, 166, 171, 204, 210, and 222.

DATED: October 29, 2014                    Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys