MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
William.frentzen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KWOK CHEUNG CHOW et al.,<br><br>Defendants. | No.: CR 14-0196 CRB<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF INCLUDING COUNTS 229 AND 230 IN FIRST TRIAL<br><br>Date: February 19, 2015<br>Time: 11:00 a.m.<br>Court: Hon. Charles R. Breyer |

On January 29, 2015, the grand jury returned the second superseding indictment in the above-captioned case. As to the four defendants (Leland Yee, Keith Jackson, Brandon Jackson, and Marlon Sullivan) and the counts set for trial on June 22, 2015, there were some changes to the charges:

- Count 215 (Honest Services Fraud Conspiracy): added a materiality allegation; added a reference to 18 U.S.C. § 1346.
- Counts 216-221 (Honest Services Wire Fraud): added materiality allegation.
- Count 222 (Weapons Trafficking Conspiracy): moved the beginning date of the

conspiracy back to August 2, 2013; added overt acts from August 2, 2013 through February 25, 2014; added willfully allegation; removed Wilson Lim as a defendant.

- Count 2 (RICO Conspiracy):  among other things, added language reflecting new overt acts in Count 222 and new money laundering charges, discussed below.

The second superseding indictment also added two new charges against defendants Yee and Keith Jackson.  Counts 229 and 230 each allege conspiracy to launder the proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h).  These charges were added as a result of evidence developed since the return of the first superseding indictment on July 24, 2014.

The Court has determined that Counts 2, 215, 216-221, and 222 will be among the counts tried in the trial scheduled to begin on June 22, 2015.  Counts 229 and 230 should be tried with those counts because, as explained below, the specified unlawful activities that are the source of the proceeds alleged to have been laundered are the unlawful activities charged in Counts 215, 219, 221, and 222.  They are also tied to the RICO conspiracy charged in Count 2.

In Count 229, Yee and Keith Jackson are charged with conspiracy to launder the $11,000 that UCE-4180 paid to them as a bribe in exchange for an official act performed by Yee while a state Senator.  That payment is part of the conspiracy alleged in Count 215.  Count 215 charges a broad honest services conspiracy and activities that were part of a RICO enterprise.  As alleged in Count 215, Yee and Jackson engaged in a series of schemes to exchange official acts by Yee for money, including contributions to retire his mayoral campaign debt and fund his campaign for California Secretary of State.  Paragraphs 36 through 48 of Count 215 describe a scheme that took place from the spring of 2013 through September 2013, wherein Yee and Jackson conspired to obtain money from the FBI undercover agent known as UCE-4180.  UCE-4180 was posing as a business entrepreneur who was involved in the business of medical marijuana in Arizona, and who wished to expand to California.  UCE-4180 represented to Yee and Jackson that he was interested in legislation at the state level in California that would be favorable to his business model.  When Yee and Jackson sought campaign donations from UCE-4180, UCE-4180 asked for something in exchange:  support from Yee and introductions to other lawmakers who might assist UCE-4180 in his legislative goals.  Yee made one such introduction to

another State Senator on June 20, 2013. Two days later, UCE-4180 gave Yee and Jackson an envelope containing $11,000 in cash and told them that it was payment for the meeting with the state Senator. *See*, Second Superseding Indictment, Count 215, at ¶ ¶ 9, 36-48; Count 2, at ¶ ¶ 1-3, 6-12, 13(x), (z), (aa), (bb), (ff), (gg), (hh), (ii), (jj), (kk).

Count 229 alleges that Yee and Jackson conspired to engage in a financial transaction with that $11,000 bribe – an SUA – in order to conceal and disguise the nature and source of those funds. Count 229 expressly incorporates allegations in Count 215, 219, and 221, and in overt act 3(a), Count 229 describes the June 22, 2013 bribe payment.[1] Count 229 goes on to describe the means by which the $11,000 made its way into Yee's Secretary of State campaign bank account. That is, Jackson recruited three individuals to provide him with checks payable to the campaign and gave those individuals cash in exchange for their checks. Count 229 alleges that the cash used by Jackson was, at least in part, the cash UCE-4180 paid Yee and Jackson on June 22, 2013. The three checks representing those proceeds were deposited to Yee's Secretary of State account on July 16, 2013.

Thus, the money laundering charge in Count 229 is directly tied to Counts 215, 219, 221, and is part of the enterprise charged in Count 2. The money at issue is some of the proceeds of those offenses. In order to prove the allegations in Count 229, the government will present evidence of the offenses listed above. Therefore, logic and judicial economy dictate that Count 229 should be tried with the charges set to be tried in the first trial in this case. *See*, Rule 8(a), Federal Rules of Criminal Procedure: joinder of counts is proper where they are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan.

The same holds true for the connection between Count 230, the other new money laundering count, and Count 222, another charge that will be tried in the June 22, 2015 trial. In Count 230, Yee and Keith Jackson are charged with conspiracy to launder $6,800 that UCE-4599 gave Yee in furtherance of the conspiracy to willfully engage in the business of dealing in firearms and to knowingly import firearms, as charged in Count 222. The latter activities are also alleged a part of the racketeering

[1] Counts 219 and 221 are substantive honest services wire fraud charges relating to the bribe payments to UCE-4180.

enterprise described in Count 2.

The activities in Count 222 were an outgrowth of the firearms sales by defendants Keith Jackson, Brandon Jackson, and Marlon Sullivan to UCE-4599, another FBI undercover agent. The criminal charges based on those firearm transactions are scheduled to be part of the June 22, 2015 trial. As alleged in Count 222, Overt Act 2, on August 2, 2013, Keith Jackson told UCE-4599 that Yee had an associate who was an arms dealer and was a possible source of weapons for UCE-4599. UCE-4599 expressed an interest in this proposal. From that point through March 14, 2014, Yee and Jackson met with UCE-4599 and discussed how they could facilitate UCE-4599's purchase of a large number of weapons through sources outside the United States; solicited UC-4599 for money for Yee's Secretary of State campaign; accepted money from UCE-4599 on two occasions; and introduced UCE-4599 to one of Yee's associates who purportedly had connections to weapons for sale in the Philippines. The latter meeting took place on March 11, 2014. *See*, Count 222, Overt Act 18. As described in Count 222 at Overt Act 19, three days later, UCE-4599 gave Yee $6,800 in cash and a list of the types of weapons UCE-4599 was seeking to purchase. Yee said he would provide the list to his associate.

Count 230 alleges that Yee and Keith Jackson conspired to launder that $6,800 and deposit it to the Yee Secretary of State campaign in a manner that would conceal and disguise the true nature and source of the money. Count 230 expressly incorporates the allegations in Count 222; references the meetings on March 11 and March 14, 2014; and describes Yee accepting the $6,800 in cash from UCE-4599. Count 230 then alleges that using the same *modus operandi* alleged in Count 229, Jackson recruited the same three individuals he recruited previously to provide him with checks payable to the Yee Secretary of State campaign in exchange for cash. The charges allege that the cash used by Jackson to reimburse two of the "donors" was, at least in part, the $6,800 that UCE-4599 gave Yee on March 14, 2014.

Again, the money at issue in Count 230 is some of the proceeds of the conspiracy alleged in Count 222. Some of the evidence in support Count 230 will be the same evidence presented in support of Count 222. Because Count 230 is based on the same transaction as Count 222, and is connected with and constitutes part of a common scheme or plan with Count 222, Count 230 should be joined for trial

with Count 222.

For all the reasons above, the two new money laundering charges – Counts 229 and 230 – should joined for trial with the other charges set for trial on June 22, 2015.

DATED: February 17, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S. WAQAR HASIB
Assistant United States Attorneys