UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>KWOK CHEUNG CHOW, a/k/a "Raymond Chow," a/k/a "Hai Jai," a/k/a "Shrimpboy," et al.,<br><br>    Defendants. | Case No. 14-cr-00196-CRB   (JCS)<br><br>**ORDER TO SHOW CAUSE WHY DOCUMENTS SHOULD REMAIN UNDER SEAL**<br><br>Re: Dkt. No. 791 |

The Court received a letter dated April 17, 2015 from several news media organizations requesting that documents related to the pending motions to suppress evidence be unsealed. Dkt. 791-1. Judge Breyer referred the matter to the undersigned magistrate judge to review the relevant documents and determine whether they should remain under seal. Order of Referral (dkt. 791).

The undersigned has preliminarily reviewed the sealed documents (the "Materials") submitted in support of and opposition to Defendant Keith Jackson's and Defendant Leland Yee's motions to suppress evidence and demands for *Franks* hearings.[1] The Protective Order entered in this case allows for the use of all materials in judicial proceedings, so long as: (1) parties use "appropriate procedures to protect the safety and security of third parties when necessary"; and (2) any materials "that reveal the images or the true identities of any federal undercover agents or confidential human sources shall be filed under seal." Protective Order (dkt. 302) ¶ 15. This Court's local rules provide that any request to file under seal must be "narrowly tailored to seal only the sealable material." Crim. L.R. 56-1(c)(2)(B). If nothing else, significant portions of the parties' legal memoranda appear to be suitable for public disclosure. Some of the declarations and

---

[1] The relevant motions to seal are filed as docket numbers 732, 739, 768, 776, and 778. The orders granting those motions are filed as docket numbers 742, 743, 769, 781, and 783.

exhibits included in the Materials may also be amenable to public filing with redactions.

Accordingly, any party claiming an interest[2] in the confidentiality of the Materials is hereby ORDERED to file a response to this Order no later than June 12, 2015.  The response must include proposed redacted versions of the legal memoranda presently filed under seal, and must address separately each declaration and exhibit that the party believes should remain under seal in whole or in part, with proposed redactions for any document the party believes should be partially sealed.  Proposed redactions should be indicated by highlighting or shading.  While all proposed redactions must be filed under seal, the parties' arguments should be publicly filed and should use general terms to the extent possible, with redactions only if absolutely necessary.

The Court has a duty to ensure appropriate public access to its proceedings, and will therefore proceed with a review of the Materials regardless of whether the media organizations remain involved.  To the extent that those organizations wish to submit any further views on the matter, however, they must file a motion to intervene through qualified counsel no later than May 27, 2015, with any opposition to intervention filed no later than June 3, 2015.  Intervention will be limited to the issue of whether the Materials should remain under seal.

Any party or intervenor that opposes a response to this Order may file a reply no later than June 26, 2015.  If any such reply is filed, the party that filed the response may file a surreply no later than July 10, 2015.  The Court anticipates that this matter can be resolved without a hearing, but will set a hearing if necessary after reviewing the parties' arguments.

**IT IS SO ORDERED.**

Dated: May 13, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The United States is instructed to represent any cognizable confidentiality interests of non-parties to the extent that it is aware of such interests and capable of doing so.  If the United States is aware of any non-party interest that requires separate representation, it should bring the matter to the Court's attention by letter filed under seal no later than June 3, 2015.

2