MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    FAX: (415) 436-6753
    william.frentzen@usdoj.gov
    susan.badger@usdoj.gov
    waqar.hasib@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-0196 CRB |
| Plaintiff, | UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE |
| v. | |
| KWOK CHEUNG CHOW, a/k/a "Raymond Chow", a/k/a "Hai Jai", a/k/a "Shrimpboy", et. al. | SAN FRANCISCO VENUE |
| Defendants. | |

## INTRODUCTION

This Court issued an order instructing the parties to show cause as to why documents related to the defendants' pending motion to suppress wiretap evidence (herein, the "Materials") should remain under seal. The United States hereby files this response to the Court's order. In sum, the United States agrees with the Court that significant portions of the Materials are suitable for public disclosure,

specifically the majority of the parties' legal memoranda, as well as the declarations attached to those memoranda. The United States maintains that the majority of exhibits attached to the memoranda, however, should remain under seal. As instructed, the United States files this response to the Court's order publicly, and submits its proposed redactions under seal.

## ARGUMENT

### A. Legal Memoranda

The United States agrees with the Court that significant portions of the parties' legal memoranda are suitable for public disclosure. The United States maintains that some limited redactions are necessary, and as instructed by the Court attaches its proposed redactions as a sealed exhibit to this response.[1] Generally speaking, however, the United States' proposed redactions fall into one of three categories: 1) the redactions are necessary to protect the safety and identify of cooperators, confidential sources, and undercover agents; 2) the redactions are necessary to protect the privacy of individuals who may have interacted with indicted defendants and/or target subjects and interceptees of wiretap orders, but who either committed no crimes themselves or have thus far not been charged with committing any crimes; 3) the redactions are necessary to comply with the sealing requirements of Title III, set forth at 18 U.S.C. § 2518(8)(b), which is discussed in further detail below in Section C.

### B. Declarations

Counsel for defendants Keith Jackson and Leland Yee each submitted declarations along with their legal memoranda. These declarations are suitable for public disclosure. In its opposition to the defendants' motions, the United States submitted two declarations, from FBI Special Agent Maya Clark and FBI Special Agent James Folger. These declarations are also suitable for public disclosure. Finally, in their replies to the United States' opposition, counsel for defendants Keith Jackson and Leland Yee again submitted declarations. These declarations are likewise suitable for public disclosure.

### C. Exhibits

The defendants submitted numerous exhibits in support of their motions to suppress. The

---

[1] The sealed exhibit consists of one compact disc containing .pdf versions of the parties' memoranda. The United States' proposed redactions are indicated by green boxes in the .pdf documents.

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
CR 14-0196 CRB                                         2

1  government likewise submitted numerous exhibits in its opposition. The vast majority of the exhibits
2  submitted by the parties are wiretap applications, affidavits, orders, 15 day reports, intercepted
3  communications, and draft transcripts. *See*, *e.g.*, Exhibits A-F and H-L of defendant Yee's motion and
4  Exhibits A-D of defendant Yee's reply; *see also* Exhibits 1-27 of defendant Keith Jackson's motion, and
5  Exhibits 29-33 of defendant Keith Jackson's reply; *see also* Exhibits 3, 4, 8, 9-19, 21-25, and 27-32 of
6  the United States' opposition. Sealing of such documents is governed by 18 U.S.C. § 2518(8)(b), which
7  allows for disclosure of wiretap applications and orders "only upon a showing of good cause before a
8  judge of competent jurisdiction." The Second Circuit recently addressed the "good cause" requirement
9  to disclose Title III wiretap materials. *In re Application of New York Times Co. to Unseal Wiretap and*
10 *Search Warrant Materials*, 577 F.3d 401 (2nd Cir. 2009). There, the New York Times sought to unseal
11 wiretap applications and affidavits related to an investigation into a prostitution ring whose clients
12 included a high-level state politician. The district court granted the Times' motion, but the Second
13 Circuit reversed, noting that in light of concerns about privacy of intercepted parties, "Title III created a
14 strong presumption *against* disclosure of the fruits of wiretap applications." *Id.* at 406 (emphasis in
15 original). The Second Circuit also relied in part on the legislative history of Title III which stated that
16 "applications and orders for authorization shall be treated confidentially." *Id.* at 407.   Accordingly,
17 absent a showing of good cause here, the United States maintains that all wiretap applications, affidavits,
18 orders, 15 day reports, intercepted communications, and draft transcripts that were filed as exhibits to
19 the parties' memoranda should remain sealed. The United States also proposes redacting those portions
20 of the parties' legal memoranda that quote verbatim from such wiretap-related documents.

21     The remainder of the parties' exhibits are materials that were provided as discovery, including
22 FBI 302s and search warrants. *See*, *e.g*., Exhibit 28 of defendant Keith Jackson's motion; *see also*
23 Exhibits 1, 2 and 5-7 of the United States' opposition. Unsealing those exhibits here would potentially
24 run afoul of the Court's previously-entered protective order governing discovery materials.

25     The United States has no opposition to the unsealing of Exhibit G to defendant Yee's motion,
26 which consists of a summary of purportedly boilerplate language used in the government's wiretap
27 affidavits.

28                                                          **CONCLUSION**

1  For the reasons discussed above, the United States maintains that the parties' legal memoranda are suitable for public disclosure, subject to the limited redactions that the United States has proposed under seal. The declarations attached to the parties' memoranda are also suitable for public disclosure. The exhibits attached to the memoranda, however, should remain sealed pursuant to statute, with the exception of Exhibit G to defendant Yee's motion.

DATED: June 12, 2015               Respectfully submitted,

                                   MELINDA HAAG
                                   United States Attorney

                                            /s/
                                   WILLIAM FRENTZEN
                                   SUSAN BADGER
                                   S. WAQAR HASIB
                                   Assistant United States Attorneys

UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
CR 14-0196 CRB                             4