**FILED**

**JUL 06 2015**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

June 22, 2015

Hon. Joseph C. Spero
Chief Magistrate Judge
United State District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: Letter from media coalition in *United States v. Chow*, Case No. 14-cr-00196-CRB (JCS)

Dear Judge Spero,

In response to prior correspondence from us, Judge Breyer recognized the right of the undersigned to seek access to sealed court records related to motions to suppress evidence in this case. (Dkt. 791.) Our request for access to these materials was referred to you. On May 13, 2015, you issued an order directing the parties to show cause by June 12, 2015 why these records should not be unsealed.

The parties have now submitted their responses to the Courts' order. The Court has issued a further order directing any Defendant who objects to the Government's proposal to file a reply by June 26, 2015.

As reporters seeking access to information of profound public importance, we object to the Government's proposal to keep under seal all exhibits to the motions to suppress, and to redact from the briefs all excerpts or language from the exhibits. The Government's position that these materials must be sealed in the absence of a showing of good cause by anyone seeking access is directly contrary to the law. We also object to redactions based on unsubstantiated privacy concerns regarding "individuals who may have interacted with indicted defendants and/or target subjects and interceptees of wiretap orders." In particular, we object to the sealing of any information involving or pertaining to persons already identified in the grand jury indictment in this case, whether or not they have been indicted. We respectfully submit that the conclusory assertion of unspecified privacy interests is not sufficient to overcome the public's right of access. We do not object to redactions consistent with the provision of the proactive order that provides for sealing of "images or true identities of any federal undercover agents or confidential human sources."

SMRH:438966940.1

-1-

It is clear that the public's First Amendment right of access applies to pretrial motions, including motions to suppress evidence, and to court records pertaining to such motions. *See, e.g., Waller v. Georgia*, 467 U.S. 39 (1984), citing *Gannett Co. v. DePasquale*, 443 U.S. 368 (1979) (First Amendment right of access applies to motions to suppress evidence); *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982) (First Amendment right of access applies to motions to suppress evidence); *Associated Press v. United States District Ct.*, 705 F.2d 1143, 1146 (9th Cir. 1983) (First Amendment right of access applies to records filed in connection with pretrial motions).

In fact, the United States Supreme Court has expressly recognized the vital importance of providing public access to suppression motions. "The need for an open proceeding may be particularly strong with respect to suppression hearings." *Waller*, 467 U.S. at 47. "[S]uppression hearings often are as important as the trial itself." *Id.*, at 46. Moreover, suppression motions "frequently attack[] the conduct of police and prosecutor," and there is a "strong interest in exposing substantial allegations of police misconduct to the salutary effects of public scrutiny." *Id.*, at 47.

The Government ignores these controlling cases. Instead, it asserts that the public's right of access is barred by Title III of the federal Wiretap Act, and in particular section 2518(8)(b) of Title 18 of the United States Code. (United States' Response to Order to Show Cause, Dkt. 819.) In support of this proposition, the Government relies on a decision of the Second Circuit, *In re Application of New York Times Co. to Unseal Wiretap and Search Warrant Materials*, 577 F.3d 401 (2d Cir. 2009) (*New York Times II*). The Government's assertion is incorrect, and the authority on which it relies is not pertinent.

As the title of the case discloses, the *New York Times II* case did ***not*** involve a motion to unseal briefing and evidence filed in connection with a motion to suppress evidence. Rather, it involved a request exclusively for wiretap and search warrant applications. *New York Times II*, 577 F.3d at 404 ("[T]he Times submitted an application to the District Court to unseal the government's wiretap and search warrant applications in the Emperor's Club investigation."). The Second Circuit found no First Amendment right of access to such materials, and held that the common law right of access was superseded by Title III. (*Id.*, at 405-411.) However, the *New York Times II* case did not address materials filed in support of or in opposition to motions to suppress evidence. (*Id., passim.*)

On the other hand, in a case not cited by the Government, the Second Circuit expressly rejected the very argument that the Government makes here. In the case of *In re the Matter of The New*

*York Times Co., New York News, Inc., and The Associated Press*, 828 F.2d 110 (2d Cir. 1987) (*New York Times I*), the defendants brought a motion to suppress evidence derived from Title II wiretaps. The exhibits to the motion included:

> among other things, (1) the government's initial application and several supporting affidavits seeking authorization for electronic surveillance of [a defendant] and several other named and unnamed persons; (2) the initial order granting that application; (3) references to, and excerpts from, conversations from a wiretap of an unindicted co-conspirator, authorized pursuant to a previous application under Title III, upon which the government relied to establish probable cause for the wiretap authorization at issue; and (4) references to, and excerpts from, intercepted conversations obtained pursuant to the initial order and extensions thereof.

*New York Times I*, 828 F.2d at 112. The press sought access to the sealed records, including the exhibits. Defendants argued, as the Government does here, "that Title III required continued sealing of the motion papers unless appellants could show good cause why the papers should be unsealed." *Id.* Defendants also argued that disclosure would prejudice their Sixth Amendment right to a fair trial, their privacy rights, and the privacy rights of third parties. *Id.*

The Second Circuit held that the public's First Amendment right of access applies to both the hearing on a suppression motion and to the court records filed in connection with such a motion. *Id.*, at 113-114. Addressing the defendants' contention that Title II barred disclosure in the absence of a showing of "good cause," it stated: "We thus agree with appellees that the right of privacy protected by Title III is extremely important. Nevertheless, where a qualified First Amendment right of access exists, it is not enough simply to cite Title III. Obviously, a statute cannot override a constitutional right." *Id.*, at 115. The Second Circuit also noted that while the First Amendment right of access is not absolute, and that legitimate privacy interests are entitled to careful consideration, the First Amendment right of access cannot be overcome by conclusory assertions. *Id.*, at 115-116. Thus, where privacy interests in wiretapped conversations are asserted, the court must consider "'whose privacy interests might be infringed, how they would be infringed, what portions of the tapes might infringe them, and what portion of the evidence consisted of the tapes.'" *Id.*, at 116, *quoting Waller*, 467 U.S. at 48. Moreover it held that redaction, rather than sealing, is the appropriate measure to protect these interests. *New York Times I*, at 116.

In short, the Government's assertion that the First Amendment right of access does not apply, and that any member of the public seeking access must meet the insurmountable burden of

establishing "good cause" by showing that they are personally, individually aggrieved by the underlying wiretapping, is simply wrong.

The public's First Amendment right of access applies to the records we have requested. Because it applies, the Government, not the public, has the burden. The party seeking to impose secrecy on court proceedings and records regarding a motion to suppress must demonstrate that interference with the public's First Amendment right of access is "*strictly and inescapably necessary*" to protect a compelling government interest. *Associated Press*, 705 F.2d at 1145, quoting *Brooklier*, 685 F.2d at 1167 (emphasis added). This burden necessitates a showing through competent evidence of a *substantial probability* that in the absence of closure or sealing: (1) irreparable damage to an overriding interest will occur; (2) closure or sealing will be effective to protect against the perceived harm; and (3) no alternatives to closure or sealing would adequately protect the interest. *Associated Press*, 705 F.2d at 1146; *Brooklier*, 685 F.2d at 1168-69. The Government has not made that showing.

The undersigned reporters therefore request that the court records filed in connection with Defendants' motions to suppress evidence be unsealed, except to the extent that the Court finds that there is a compelling interest in non-disclosure that justifies the redaction of particular information. We also submit that such a showing has not been made and cannot be made with respect to materials regarding the Defendants or others whose interactions with them are described in the indictment, given that their involvement is already a matter of public knowledge, and given the vital public interest in this prosecution.

We understand the Court's direction to obtain counsel and seek leave to intervene. However, the financial burden of doing so is considerable, and we believe that, as members of the public as well as representatives of the press, we should not be barred from bringing these considerations to the attention of the Court by the financial hurdle of having to retain counsel and bring another motion in order to do so. We therefore respectfully request the Court to consider our arguments and authority.
Sincerely,

Howard Mintz, San Jose Mercury News
Bob Egelko, San Francisco Chronicle
Paul Elias, The Associated Press
Vanessa Blum, The Recorder