MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    Susan.Badger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR-14-0196 CRB |
| Plaintiff, | |
| v. | UNITED STATES' MEMORANDUM REGARDING PROPOSED REDACTIONS TO THE ORDER DENYING MOTIONS TO SUPPRESS |
| KWOK CHEUNG CHOW, et al, | |
| Defendant. | |

## INTRODUCTION

On March 26, 2015, defendants Leland Yee and Keith Jackson filed motions to suppress evidence obtained as a result of five separate Title III wiretaps, or in the alternative, for *Franks* hearings. By operation of the Court's Order granting Stipulation re Joinders, the remaining defendants joined in the motions.

U.S. MEMO RE: REDACTIONS TO
ORDER DENYING MOTIONS
TO SUPPRESS
CR-14-0196 CRB                          1

1    On July 9, 2015, the Court filed the Memorandum and Order Denying Motions to Suppress and did so under seal. On the same date, the Court filed an Order to Show Cause in which the Court stated that it filed the Order under seal because the Order cited extensively to the parties' memoranda, declarations, and exhibits, all of which were filed under seal. *See*, Order to Show Cause, Dkt. 869, at 1. The Court advised that it anticipated that some of its Order will be unsealed. The Court ordered the parties to submit to Magistrate Judge Spero, no later than July 23, 2015, their proposed redactions to the Order. That submission must be filed under seal. *Id*. at 1-2. The Court further ordered the parties to submit arguments in support of their proposed redactions; those filings are to be publicly filed. *Id*. at 2.

Pursuant to the Court's Order, the government has filed under seal a copy of the Memorandum and Order Denying Motions to Suppress with redactions. The government submits the following in support of its proposed redactions.

## DISCUSSION

The United States agrees with the Court that significant portions of the Order Denying Motions to Suppress (hereafter "Order") are suitable for public disclosure. However, the government submits that some limited redactions to the Order are necessary in order to protect certain interests and comply with the sealing requirements of 18 U.S.C. § 2518(8)(b). The government seeks only to redact information that identifies individuals who are unindicted third parties. Consistent with applicable case law and statute, redaction of such identifying information is appropriate in order to protect the privacy interests of third parties who either committed no crimes themselves or have thus far not be charged with committing any crimes, and to protect the integrity of ongoing investigations.

In submitting the proposed redactions to the Order, the government is mindful of the position taken by the media coalition that has submitted legal arguments to the Court seeking to unseal all or portions of the exhibits accompanying the motions to suppress, including the wiretap applications and affidavits. The government's proposed redactions to the Order fully comply with what is required by the law, and moreover, meet the standard in the case upon which the media coalition bases its argument for unsealing and disclosure, *In re the Matter of the New York Times Company, New York News Inc. and The Associated Press* ("*New York Times I*"), 828 F.2d 110 (2d Cir. 1987). In the letter the media

coalition submitted recently to the Court, the coalition members argued that under *New York Times I*, the exhibits filed in connection with the motions to suppress should be unsealed. This includes the wiretap affidavits and applications. As part of that request, the members specifically requested unsealing of information pertaining to persons identified in the grand jury indictment, "whether or not they have been indicted." Dkt. 862, at 1.

In *New York Times I*, the district court denied the motion of news organizations to make public certain papers filed in connection with motions to suppress evidence derived from wiretaps. The papers sought included the government's application and affidavits; the Court's order granting the wiretap; and references to, and excerpts from, conversations relied upon to establish probable cause; and references to, and excerpts from, conversations intercepted on the wiretaps. *New York Times I, supra*, 828 F.2d at 112-113. In reviewing the district court's decision and subsequently remanding the matter back to the trial court, the Second Circuit found a qualified right under the First Amendment to access to written documents filed in connection with pretrial motions. *Id*. at 114, *citing Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986). When it comes to access to applications and affidavits submitted to the court for Title III wiretaps, the Second Circuit turned to the legislative history of the Title III provisions and noted Congress's emphasis on protecting privacy interests. *Id*. at 115-116. The Court found that "the right to privacy protected by Title III is extremely important." *Id*. at 115. It went on to say: "We do not suggest that the existence of Title III material within the motions papers is of little or no significance. Indeed, much of what we have already said suggests precisely the opposite. Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *Id.* The Court accordingly held that the First Amendment right to access was not absolute. It stated that interests such as the defendants' rights to a fair trial, defendants' privacy interests, and the interests of third parties could overcome the right to access, and when such interests are at stake, redaction or sealing might be appropriate. *Id*. at 116. The Court vacated the district court's order sealing the documents and

U.S. MEMO RE: REDACTIONS TO
ORDER DENYING MOTIONS
TO SUPPRESS
CR-14-0196 CRB                                3

remanded for specific findings as to whether certain documents or portions of documents must remain sealed or must be redacted. *Id.*

This is exactly the procedure that this Court has been following in dealing with possible unsealing of the suppression motions, declarations, and exhibits, and now with the Court's Order Denying Motions to Suppress. The words and passages in the Order that the government proposes should be redacted are very limited and pertain to the identities of third parties who were intercepted conversing with the subjects of the investigation. These third parties, who are either innocent of any wrongdoing or may have engaged in some degree of criminal conduct but have not been charged with a crime, have a significant privacy interest that outweighs the public's general interest in access to wiretap documents. Further, the government has an interest in maintaining the confidentiality of matters for which third parties may have some criminal liability, but no charges have been filed to date. These concerns hold with equal force even where some individuals were mentioned – although not by name – in the indictment in this case.

Moreover, in a more recent case, *In the Matter of the Application of the New York Times Company to Unseal Wiretap & Search Warrant Materials (New York Times II)*, 577 F.3d 401 (2d Cir. 2009), the same Circuit upon which the media coalition here rely in making their argument for disclosure went considerably further in recognizing the privacy protections afforded under Title III in the more recent case. In contrast to the comments of the panel in *New York Times I*, the Second Circuit in *New York Times II* expressly found that one subsection of the wiretap statute, 18 U.S.C. § 2518(8)(b), was directly relevant to the question of media access to wiretap materials, including affidavits and applications.[1] *Id.* at 405. That provision requires that such documents "shall be sealed by the judge," and "shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction…." *Id.* Citing this provision, the *New York Times II* Court found that the plain language of the statute

---

[1] In *New York Times I*, the Court held that it did not need to reach the question whether § 2518(8)(b) was applicable to the issue before it because the petitioners were seeking "Title III material to the extent it is contained in the motion papers filed with the Court." *Id.* at 116, n.1. The Court did not explain how wiretap affidavits and applications filed as exhibits with a motion to suppress do not come within the protection of § 2518(8)(b).

U.S. MEMO RE: REDACTIONS TO
ORDER DENYING MOTIONS
TO SUPPRESS
CR-14-0196 CRB                                    4

created a strong presumption against disclosure, both of the wiretap applications and of the fruits of the Title III surveillance. *Id*. at 406-07. Referring to its holding in *Nat'l Broadcasting Co. v. U.S. Dep't of Justice ("NBC")*, 735 F.2d 51, 54 (2d Cir. 1984), the Court stated: "In that case, we concluded that the structure and purpose of Title III – including the provision governing disclosure of wiretap applications – revealed a manifest congressional intent that wiretap applications be treated confidentially and clearly negated a presumption in favor of disclosure." *Id*. at 408.

The Second Circuit then went on to hold that the New York Times' generalized request for disclosure based on what the Times characterized as "a 'public interest in the materials or the common law or First Amendment right of access' to them" did not demonstrate a need for the materials and thus did not meet the requirement of "good cause" for disclosure under § 2518(8)(b). *Id*. 408-409. The Court concluded that the New York Times did "not enjoy a First Amendment right of access to wiretap applications sealed under 18 U.S.C. § 2518(b)(8)." *Id*. at 411. The Court based this conclusion on the following factors: (1) historically, wiretap applications have not been open to the press and general public; (2) the Times did not present a good reason why its preferred public policy of openness "is more compelling than Congress's preferred policy of favoring confidentiality"; and (3) "the public and the press are not permitted to attend the *ex parte, in camera* proceedings where wiretap applications are presented to a district judge." *Id*. at 410. (Citations omitted.)

The government submits that the media coalition in the present case stands in the same shoes as the media seeking the same disclosures in *New York Times II*. The media coalition members cite the public's First Amendment right to access to pretrial motions but offer no articulable need for the material they seek and certainly do not meet the requirement of good cause under § 2518(8)(b). This applies not only to the members' request to unseal the exhibits in support of the suppression motion, including the wiretap affidavits and applications, but also to their more limited request for disclosure of information pertaining to persons "already identified in the grand jury indictment in this case, whether or not they have been indicted." Dkt. 862, at 1.

///

///

U.S. MEMO RE: REDACTIONS TO
ORDER DENYING MOTIONS
TO SUPPRESS
CR-14-0196 CRB                                                5

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court adopt the limited redactions to the Order Denying Motions to Suppress proposed by the government.

DATED: July 20, 2015

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
SUSAN E. BADGER
WILLIAM FRENTZEN
S, WAQAR HASIB
Assistant United States Attorneys

U.S. MEMO RE: REDACTIONS TO
ORDER DENYING MOTIONS
TO SUPPRESS
CR-14-0196 CRB                              6