UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 14-0196 CRB |
| Plaintiff, | ) PROTECTIVE ORDER |
| v. | ) SAN FRANCISCO VENUE |
| KWOK CHEUNG CHOW, a/k/a "Raymond Chow", a/k/a "Hai Jai", a/k/a "Shrimpboy"; LELAND YEE, a/k/a Senator Leland Yee; GEORGE NIEH, a/k/a "Heng Nieh"; KEITH JACKSON; KEVIN SIU, a/k/a "Dragon Tin Loong Siu"; ALAN CHIU, a/k/a "Alan Shiu"; KONGPHET CHANTHAVONG, a/k/a "Joe," a/k/a "Fat Joe"; XIAO CHENG MEI, a/k/a "Michael Mei"; BRANDON JAMELLE JACKSON; MARLON DARRELL SULLIVAN; RINN ROEUN; ANDY LI, a/k/a "Andy Man Lai Li"; LESLIE YUN, a/k/a "Leslie Yuncheung"; YAT WA PAU, a/k/a "James Pau"; JANE MIAO XHEN LIANG; TINA YAO GUI LIANG; BRYAN TILTON; HUAN MING MA, a/k/a "Ming Ma," a/k/a "Baak Ban"; HON KEUNG SO, a/k/a "Hon So"; NORGE MASTRANGELO; ALBERT NHINGSAVATH; SERGE GEE; XIU YING LING LIANG, a/k/a "Elaine Liang"; GARY KWONG YIU CHEN, a/k/a "Gary Chen," a/k/a "Jimmy," a/k/a "David"; ANTHONY JOHN LAI, a/k/a "AJ"; TONG ZAO ZHANG; ZHANGHAO WU, a/k/a "Jason"; BARRY BLACKWELL HOUSE, a/k/a "Barry Black"; WILSON SY LIM, a/k/a "Dr. Lim", | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) |

The Court enters the following Protective Order:

Pursuant to the defendants' requests, the government will be providing, directly as well as through a copy vendor, copies of documents, recordings, and other materials (the "SUBJECT MATERIALS"), marked with identifying Bates numbers, in lieu of making them available for review as follows and under the conditions of this Protective Order:

1. Pursuant to its discovery obligations, the government intends to produce discovery including but not limited to Rule 16 and wiretap information. All the material that the government produces to the defense in the above-captioned case pursuant to its discovery obligations will be designated as SUBJECT MATERIALS. Defendants are signing this Protective Order for purposes of expediting discovery and are doing so with a reservation of rights to dispute the government's designation of specific materials as SUBJECT MATERIALS that should be subject to the terms of this Protective Order. ==Should any defendant disagree with the government's designation of any materials as SUBJECT MATERIALS, the defendant must initially meet and confer with the government to resolve the dispute if possible. If after meeting and conferring with the government the defendant disagrees with the government's determination as to the characterization of the material(s), the defendant's next avenue for resolution is to notify the Court and seek a judicial determination of whether the specific materials at issue should be designated as SUBJECT MATERIALS and continue to be subject to the terms of this Protective Order.==

2. Except when being actively examined, transferred as permitted by this Protected Order, or used for the purpose of the preparation of the defense of defendants, the SUBJECT MATERIALS shall be maintained in safe and secure places in defense counsel's office(s) and/or secured in a password protected electronic format, which shall be accessible only to defense counsel, members and employees of his or her law firm who are working with him or her to prepare defendants' defense, the defendants, retained investigators and experts, and others identified in Paragraphs 3. Defense counsel, members and employees of his or her law firm, the defendants, and the investigator(s) shall not permit any person access of any kind to the SUBJECT MATERIALS except as set forth below.

3. The following individuals may obtain copies of the SUBJECT MATERIALS for the sole purpose of preparing the defense of defendants in this action and for no other purpose:

    a) Counsel for defendants;

    b) Members and employees of defense counsels' law office who are assisting with the preparation of defendants' defense;

    c) Court appointed discovery coordinator;

    d) Defendants, as follows:

        i. In the presence of defense counsel or another authorized person listed in this paragraph;

        ii. In a room at defense counsels' offices under the following conditions: the SUBJECT MATERIALS will be available by paper copy or on a computer or electronic media that will lack Internet access and lack the ability to copy the SUBJECT MATERIALS onto a disk, a drive, or other media; no telephones or cameras will be permitted in the room while the defendant is reviewing the SUBJECT MATERIALS; a member of defense counsel's staff will supervise the review but need not be present in the room during the review; and defense counsel will take reasonable steps to comply with this provision.

        iii. For defendants represented by defense counsel appointed under the Criminal Justice Act, SUBJECT MATERIALS might be provided for review in space located at the federal building at 450 Golden Gate Avenue in San Francisco under procedures to be determined.

        iv. Defendants may not take or maintain the SUBJECT MATERIALS or copies thereof outside of the parameters set forth above.

    e) Potential witnesses, but only in the presence of defense counsel or another authorized person listed in this Protective Order, (potential witnesses may not take or maintain the SUBJECT MATERIALS or copies thereof);

  f) Investigators, experts, paralegals and law clerks retained to assist in the defense of this matter;

  g) Vendors or personnel whose services are employed to copy, transcribe, use, prepare, or translate SUBJECT MATERIALS.

4. A copy of this Order shall be maintained by defense counsel at all times in the principal place where the SUBJECT MATERIALS are maintained.

5. All individuals described in Paragraph 3, other than defense counsel (and employees of his/her office) and potential witnesses, who receive access to the SUBJECT MATERIALS, prior to receiving access to the materials, shall sign a copy of this Order acknowledging that:

  a) they have reviewed the Order and are bound by its terms;

  b) they understand its contents;

  c) they agree that they will only access the SUBJECT MATERIALS and information for the purposes of preparing a defense for defendant;

  d) they understand that failure to abide by this Order may result in sanctions by this Court.

  e) they agree that they will not give the SUBJECT MATERIALS to any other individuals.

Counsel for the parties shall maintain in their files signed copies of the Order to be made available upon request under seal to the Court.

6. Defense counsel may provide copies of SUBJECT MATERIALS to experts and/or investigators working for defense counsel, but only in accordance with the procedures described below. The experts and investigators who receive SUBJECT MATERIALS must maintain them in a safe and secure place in their office(s), which shall be accessible only to them, and/or secured in a password protected electronic format, except when the SUBJECT MATERIALS are being actively examined or used for the purpose of the preparation of the defense or are being transferred as permitted by this Protective Order.

7. Counsel for defendants shall maintain a log of SUBJECT MATERIALS provided to any

experts and/or investigators, which log shall include the Bates numbers of documents provided and the names of the person(s) receiving the materials. The logs will be maintained in a secure manner. If (1) upon a showing of good cause to believe that there was a breach of this Protective Order and that a copy of the log should be requested from specified defense counsel and (2) after specified defense counsel receives notice of the reason(s) the log is being requested and has an opportunity to be heard by the Court on the matter, the Court may order the specified defense counsel to produce the log to the Court. In that event, the directed defense counsel shall submit a copy of the log to the Court *ex parte* and under seal and waives any objection based on the work-product doctrine to producing a copy of the log to the Court in this manner. Before the Court discloses the log to the government or to any third party, defense counsel shall receive notice of the potential disclosure and shall have an opportunity to be heard by the Court and to object to any such disclosure; in that event, defendant and defense counsel reserve all rights to object to disclosure of the log to the government or to any third-party, including, without limitation, objections based on the work-product doctrine.

8. Counsel for the defendants, within thirty calendar days of the conclusion of the above-captioned proceedings before the Court, shall retrieve all copies of the SUBJECT MATERIALS provided to anyone pursuant to this Order. Counsel may then destroy copies which counsel deems unnecessary to preserve, and maintain or return to the government the balance in a manner consistent with this Order.

9. No other person may be allowed to examine the SUBJECT MATERIALS without further order of the Court. Examination of the SUBJECT MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not authorized to access the SUBJECT MATERIALS.

10. The SUBJECT MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

11. Notwithstanding the foregoing, SUBJECT MATERIALS, including audio recordings, can be reviewed by the defendants who are detained outside the presence of counsel under conditions to be determined and described in an amendment to this Protective Order.

PROTECTIVE ORDER
CR 14-0196 CRB                                                5

12. The protocol for SUBJECT MATERIALS set forth in paragraph 11 does not bind any jail in which the defendants may be housed to accepting the protocol. Rather, the protocol set forth in paragraph 11 is merely an agreement between the government and the defendants only. The defendants shall separately confer with the jail in which they are housed regarding whether and how the jail will maintain the SUBJECT MATERIALS. Nothing in this stipulation is intended to divest jail officials of their discretion and authority in operating the jail and maintaining the safety and security of the jail.

13. The government shall request that the defense team return copies of the SUBJECT MATERIALS to the United States thirty calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; or the conclusion of any direct appeal, including the time required for counsel to comply with Ninth Circuit Rule 4-1(e). Defense counsel shall comply with the government's request. Defense counsel, however, may retain for its records one copy of the SUBJECT MATERIALS, which shall be kept in a secure location. Defense counsel need not disclose to the government any work product that incorporates any SUBJECT MATERIALS.

14. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, including the time required for counsel to comply with Ninth Circuit Rule 4-1(e), the government will maintain a copy of the SUBJECT MATERIALS. The government will maintain the SUBJECT MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the SUBJECT MATERIALS. In the event defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the SUBJECT MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the same materials thirty calendar days after the district court's ruling on the motion or thirty calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

15. ==This Protective Order does not limit or modify the parties' rights to use the SUBJECT MATERIALS in judicial proceedings in this action, including in any trial or pretrial matters before the==

1 Court, using appropriate procedures to protect the safety and security of third parties when necessary.

2 Any SUBJECT MATERIALS that reveal the images or the true identities of any federal undercover

3 agents or confidential human sources shall be filed under seal.

**IT IS SO ORDERED.**

Dated:  May 19, 2014

HON. CHARLES R. BREYER
United States District Judge