# PIER 5 LAW OFFICES
### A COMMUNITY OF SOLE PRACTITIONERS

MARIA BELYI
GREG M. BENTLEY
CURTIS L. BRIGGS
RANDOLPH E. DAAR
KALI S. GRECH
BRIAN GREGORY
CAROLYN M. HAGIN
KATHERINE N. HALLINAN
LAURENCE JEFFREY LICHTER
KYNDRA MILLER
NEDRA RUÍZ
DIANA SAMUELSON
J. TONY SERRA
ANNE MARIE TOMASSINI
ERICA E. TREEBY
EAN VIZZI
SARA ZALKIN

506 BROADWAY
SAN FRANCISCO 94133
AREA CODE 415
TELEPHONE: 986-5591
FAX: 421-1331

SECRETARIAL STAFF:
PENELOPE ROSE
STEPHANIE BROWN
ERIKA LARSON

October 27, 2014

Hon. Senator Charles Grassley
United States Senate
135 Hart Senate Office Building
Washington, D.C. 20510

721 Federal Building
210 Walnut Street
Des Moines IA 50309

Re: <u>U.S. v. Kwok Cheung Chow aka Raymond Chow</u>
Case No. 3:14cr00196 CRB

Dear United States Senator Grassley:

This is a request for any information you can share to demonstrate that Melinda Haag has allowed political alliances to influence her decision to prosecute a criminal case. I, along with J. Tony Serra, and Greg Bentley, represent Raymond Chow in a high profile "political corruption and organized crime" case currently being prosecuted in the Northern District of California. Mr. Chow is a co-defendant along with California State Senator Leland Yee. My client is wrongly accused but I will save that discussion for a jury unless you would find that information useful. Our legal team is pro bono because we strongly believe in our client's innocence.

I am investigating potential defenses for my client, and I have found several issues which are alarming about this prosecution. Specifically, the FBI actively donated to the campaigns of public officials in amounts that are far from insignificant while at least one of those persons remains unindicted; the U.S. Attorney misled the media regarding the facts of this case; the U.S. Attorney moved for a blanket protective order to protect unindicted public figures and/or persons; the U.S. Attorney shielded several persons from prosecution despite what seems to be well documented criminal conduct.

I am additionally troubled by the fact that this current investigation seems to have began in 2008 stemming from the controversial Domain Management Program arising out of changes in the Domestic Investigation Operations Guide which took effect in 2008 in San Francisco (a time prior to the FBI training and testing its agents into how to constitutionally administer it) and that information was not disclosed to us in discovery. The specific issue I am contacting you about involves selective prosecution. It is difficult to discuss in any detail due to a federal protective order immediately requested by the U.S. Attorney after they issued several devastating and misleading press releases about this case. The stated purpose for the protective order was primarily to protect the reputations of public persons not indicted.

I am currently investigating, and have evidence to support, the theory that certain persons were spared prosecution based on a political alliance with Mrs. Haag or someone who has a great deal of influence in the Northern District. In researching various connections between Mrs. Haag and unindicted parties, I came across your inquiry into a potential obstruction on the part of Mrs. Haag regarding the NASA investigation last year. Until now, I have never heard of your inquiry or any other allegations suggesting political influence as a motivation behind Mrs. Haag's failure to prosecute. This theory and the strong circumstantial evidence I have discovered are based solely on my independent evaluation of this case.

Even though I have substantial evidence of misconduct on the part of the FBI, I am not asking you or anyone else to exonerate my client in the media or to take a position regarding my client's guilt or innocence. The facts and the evidence are in favor of my client, and we will show that at trial. Unfortunately, I cannot say the same for the other defendants. One of our investigation objective priorities at this time, and the reason I am reaching out to you specifically, is to more fully develop our motion which will outline our theory of selective prosecution based on political alliances. The standard is very high, and I am not aware of any similar motions previously filed where political alliance was the basis. This is an uphill battle and, successful or not, the truth must be told even if under seal. The citizens of San Francisco deserve meaningful advocacy to combat what is clearly in this case blatant political influence asserted over prosecutorial discretion. The brazenness of it in this case is terrifying.

Not being able to discuss the details in support of my current theory is an injustice in itself. Of all 29 defense teams, Tony Serra, Gregory Bentley, and I are the only ones who opposed the protective order and asked that the judge depart from a course of action which protects corrupt politicians. Based on language used at hearings and in pleadings/decisions, the judge seems to want to suppress this information based on political reasons as much as the U.S. Attorney. Not only did we oppose the protective order, we filed a motion to reconsider, and now we currently have filed a writ to the Ninth Circuit. The law is not on our side, and we expect to lose but Tony Serra felt strongly that we owe it to the community to bring it. This is a matter of extreme public interest, and our client supports our efforts. I can support anything that I have said with well documented public records/motions which outline all positions. The only thing I cannot share are the identities of unindicted parties, and until I file a motion on point, I probably cannot disclose certain specific facts.

You should be aware that my brother, Cory Briggs, has filed a civil suit on behalf of my client against San Francisco Mayor Ed Lee for giving an untruthful response in a Public Records Act Request regarding a campaign donation from a person Cory believes was an undercover agent while this case was still in operation. Cory Briggs is not subject to the protective order as he is not part of the defense team, and I have not shared any protected information with him. His suit was filed utilizing information already lawfully in the public sphere. As stated in his complaint against the Mayor, he believes the Mayor gave a dishonest answer about a donation to hide the fact that he took about $19,500 from an undercover agent in exchange for political favors. Ed Lee is not charged with any crime as of this date. I am not confirming or denying the veracity of Cory's lawsuit. I will say, however, Cory is a well known advocate for government accountability, was one of the three people credited with bringing down Mayor Filner of San Diego, and has a stellar reputation with the people of his community.

Since coming to San Francisco in 2008, I have learned through various cases and experiences that this city is in the grips of a corrupt political hegemony that is seemingly unstoppable no matter what type of misconduct makes its way to the public. If politics control the federal prosecutor then there is no hope for the future of the citizens who call this community home. The

people have all but lost their voice here. I have discussed this matter extensively with my client and whether he prevails at jury trial or not then he will regret not having brought this motion for selective prosecution to alert the judiciary and the public of this moral decay in San Francisco's political arena.

If you would like to speak over the phone and/or you would like any documents which I possess or have access to that I can legally share, please do not hesitate to ask.

Specifically, I would like the following if you are in a position to provide such:

1. Any and all evidence or documentation that any staff member at the U.S. Attorney of the Northern District has allowed politics to influence their decision to prosecute and/or not to prosecute.

2. Any and all information you have shedding light on the OIG's investigation into any matter relevant, specifically the NASA matter.

3. Any and all guidance you could provide as to Mrs. Haag's political alliances, specifically, but not limited to identities of any political power brokers in the Bay Area that Mrs. Haag may be beholden to.

4. Any and all information which identifies any political or financial support which Mrs. Haag has given to any politician in the last ten years, whether it be through her personally, a family member, or her previous employers. Specifically, any type of support for politicians who hold, have held, or have attempted to get elected, to local political offices.

5. Any other information you feel may be helpful.

You or a member of your staff are welcome to contact me on my cell phone at (909) 240-3941 any time of the day or night or email me. Due to the sensitive nature of this email, I would prefer to deal with as few people from your office as possible. I will not violate the protective order in place on this case. If you wish for me to share protected information with you, I am willing to file a motion requesting such with the court but I am doubtful it will be successful. Thank you for your time and the work you do ensuring government accountability is much appreciated.

Respectfully,

*Curtis F Briggs*

Curtis L. Briggs
Briggs Law San Francisco, Inc.
Pier 5 Law Offices
506 Broadway Street,
San Francisco, CA 94133
Phone:(415) 986-5591
Fax:(415) 358-4658
www.briggslawsanfrancisco.com