CLAIRE LEARY
912 Cole Street, Suite 347
San Francisco, California 94117
atyleary@aol.com
415-225-4640
Attorney for Defendant Chanthavong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Raymond Chow,<br>Kongphet Chanthavong, et al.,<br><br>　　　　Defendants. | Case No. CR 14-196<br><br>**Defendant Chanthavong's Motion to Suppress Evidence and Request for Evidentiary Hearing**<br><br>Hearing: September 9, 2015 |

**Introduction**

Defendant Kongphet Chanthavong moves to suppress evidence seized pursuant to the search warrant executed at 2715 Magnolia St., and at 47 Daly City, and to suppress the fruits of the poisonous tree of those searches. He requests that the Court hold an evidentiary hearing pursuant to Franks v. Deleware, 438 U.S. 154, 98 S.Ct. 2674, to allow the defense to establish the falsity of the search warrant affidavit.

**Facts**

Oakland Police Officer, Teddy Chu was the affiant for a search warrant for the premises at 2715 Magnolia Street, Oakland, and 47 Perita Drive, Daly City, on October 23, 2012. Exhibit A (exhibits will be filed separately under seal). An Oakland Superior Court Judge signed off on the warrant the same day. The premises were searched the next day, October 24th, and Mr. Chanthavong was arrested at 47 Perita in Daly City. Mr. Chanthavong is charged in Count 125 with the manufacture of marijuana, in Count 126 with the possession of a firearm in furtherance of a drug

1

trafficking crime, and in Count 124 with possession with intent to distribute 500 grams or more of cocaine. These charges are all based on the evidence seized pursuant to the search warrant which is challenged here.

**Argument**

**1. The affidavit is based on a blatant misstatement that a concerned citizen gave information that the Magnolia premises might contain a grow operation.**

Officer Chu swore to the state court Judge that "he had received information from a concerned citizen that 2715 Magnolia Street, Oakland, California may contain a clandestine, indoor marijuana grow." Exhibit A at 11045. According to the Government, the "concerned citizen," is actually an FBI agent. AUSA Hasib has informed me that FBI Special Agent David Vanderporten was the concerned citizen who supposedly said that 2715 Magnolia **"may"** contain a clandestine, indoor marijuana grow (emphasis added).

The issuing Judge had the right to know who thought the premises may contain a marijuana grow and on what the "citizen" based his belief. The affidavit also fails to state what information the agent gave to Chu. The affidavit states only that the affiant received information from a concerned citizen that the Magnolia building may contain a grow. Because the basis of the affidavit is deceptive and disingenuous this Court should suppress the items seized pursuant to the warrant.

Chu's misstatement was deliberate. He knew well that he got his information from an Agent and not from a "concerned citizen." This Court should take the error seriously. The Ninth Circuit has recently explained that "[w]e are mindful that "[b]y reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw," and that [t]o allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning." United States v. Ruiz, 758 F.3d 1144, 1148 (9th Cir. 2014), citing United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985), amended by 769 F.2d 1410 (9th Cir. 1985).

Ruiz is instructive, because although the Court ultimately affirmed the denial of the suppression motion, it recognized that the failure to disclose to the magistrate judge the witness's involvement with drugs and her agreement to act as a confidential informant was a reckless omission. Ruiz, 758 F.3d 1144, 1150-51.

An affiant's failure to disclose information about his source can be fatal to a warrant. United States v. Hall, 113 F.3d 157, 159 (9th Cir. 1997). Hall determined that no probable cause supported a search warrant where the government recklessly failed to disclose all of an informant's prior convictions during a warrant hearing. Hall, 113 F.3d at 159. This Court should find that the misstatement was serious enough to destroy the warrant's probable cause showing.

**2. Excision of the false statement from the affidavit leaves the warrant devoid of a showing of probable cause to establish that Magnolia contained a marijuana grow.**

The warrant is wholly lacking in probable cause when the false statement is excised from the affidavit. The Ninth Circuit has recently reiterated the showing that must be made to invalidate a search based on a warrant. "[T]he court determines whether the affidavit, once corrected and and supplemented, establishes probable cause." Ruiz, 758 F.2d 1144, 1148, citing Ewing v. City of Stockton, 588 F.3d 1218, 1223 (9th Cir. 2009). Here the affidavit will not survive this scrutiny

Chu claimed that PG&E responded to an administrative subpoena, giving him information about electricity at Magnolia. Exhibit A at 145. Actually the Agent who was erroneously described as a citizen informant served the administrative subpoena. Chu's description of what he received is replete with exaggeration. Chu told the magistrate for instance that the "Trouble Man" from PG&E wrote in his field note for Magnolia: "Possible grow . . . referred to Revenue Assurance." Exhibit A at 146. But there is no indication that Revenue Assurance took action to correct a serious problem. Similarly, according to the affidavit, the meter box had been bypassed, yet there was no action taken to remedy that situation.

The affidavit twists and misrepresent, and then adds in unrelated innuendo in an attempt to cover its holes. Chu criticizes that Chanthavong failed to fill out a section of the PG & E form which asks what kind of appliances were being used. "Through my training and experience I believe Chanthavong intentionally left the "appliances used" section blank, because marijuana cultivators often steal electricity; therefore, do not have an accurate measure of kilowatt hours used per month. This coupled with Chanthavong's lack of technical knowledge of running a printing business would not justify the high volume of electricity being consumed." Exhibit A at 146.

Nowhere does the affidavit state a measure of electricity being used or the cost of the electricity.  There is also no measure of the normal amount of electricity used, nor of what was paid for the electricity.  The affidavit sums up by claiming, with no support whatsoever, that Mr. Chanthavong lacked the technical knowledge to run a printing business.

 The affidavit claims that at the beginning of June, almost five months before the warrant issued, PGE went to the 2700 block of Magnolia to investigate an overloaded transformer.  Chu claimed that an electrical meter box had been bypassed.  He also maintained that the wires were hot. The affidavit does not show that PG&E did anything to stop or change the situation it found in June.  Indeed in July PG&E, after the transformer was overloaded, PG&E  restored power at Mr. Chanthavong's request, and it appears that no further investigation was conducted by PGE.

The  behaviors described in the affidavit are innocuous.  It claims that surveillance revealed that Mr. Chanthavong used counter surveillance techniques in driving.  Mr. Chanthavong drove to Magnolia,  made a K or three-point turn, sat in the car for a couple minutes and then entered the premises.  It further maintains that the "surveillance team" only saw Mr. Chanthavong at the premises. The affidavit claims that the team was there at different times and days of the weeks but saw no one else there.  There is no description of for how long or over what period of time the surveillance was conducted.

Lastly, it is simply not possible that the affiant smelled marijuana from outside the building on Magnolia.  Given the size and location of the building the affiant would have been approximately 80 feet away from a  grow with large doors keeping odor away.  Nor would a hum from fans have been audible.  These are unsupported exaggerations that fail to support a probable cause finding.

**Conclusion**

For the foregoing reasons Mr. Chanthavong requests that the Court suppress items seized at 2715 Magnolia, Oakland, and at 47 Perita Drive, Daly City.

August 12, 2015                                             Respectfully submitted,

/s/

Claire Leary

Counsel for Defendant Chanthavong