DENNIS P. RIORDAN (SBN 69320)
dennis@riordan-horgan.com
DONALD M. HORGAN (SBN 121547)
don@riordan-horgan.com
LAYLI SHIRANI (SBN 257022)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone Number: (415) 431-3472
Fax Number: (415) 552-2703

Attorneys for Defendant
LESLIE YUN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>LESLIE YUN, et al.,<br><br>              Defendants. | No. CR 14-00196 CRB<br><br>**DEFENDANT LESLIE YUN'S MOTION TO SEVER HER TRIAL ON THE COUNTS REMAINING AGAINST HER FROM THE RICO TRIAL OF RAYMOND CHOW**<br><br>**DATE:** September 15, 2015<br>**TIME:** 10:30 a.m.<br>**COURTROOM:** 6, 17th Floor |

Earlier today, defendant Leslie Yun entered pleas of guilty to ten of the forty charges against her in the second superceding indictment. Five other defendants also entered pleas of guilty to at least some of the charges against them. None of these six defendants pleaded guilty to the omnibus RICO offense charged in Count One of the indictment. At the close of today's hearing, Ms. Yun informed the Court she would be moving for a severance of her trial from that of Raymond Chow, the lead defendant in this case. Mr. Chow is presently in custody, has made clear that he will not plead guilty to any charge against him, and intends to go out to trial on the present schedule, which contemplates the taking of evidence beginning on November 2nd.

At today's hearing, Ms. Yun indicated that she would be filing this short legal memo in support of her motion, as well as a declaration of her lead counsel, Dennis. P. Riordan, setting

out the factual basis for her motion.  Because that declaration largely consists of information concerning Ms. Yun's trial strategy and that of her co-defendants to which the government is not entitled, it is being filed - with the Court's permission - under seal.

The Court is intimately familiar with the legal standards controlling the granting of severance. The Federal Rule of Criminal Procedure, Rule14 provides for relief from the prejudice resulting from joinder of offenses or defendants that is otherwise proper under Rule 8. Rule 14 allows the court to sever the trials of jointly charged defendants when it appears that a defendant will be prejudiced by a joint trial with his co-defendant(s). *Schaffer v. United* States, 362 U.S. 511, 516 (1960); *see also United States v. Sherlock*, 962 F.2d 1349, 1359 (9th Cir. 1989); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. De La Cruz Bellinger*, 422 F.2d 723, 726 (1970); and *United States v. Gonzales,* 749 F.2d 1329, 1333 (9th Cir. 1984). In *Zafiro v. United States,* the Supreme Court held that severance should be granted if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant, or prevent the jury from making a reliable judgment about guilt or innocence. 506 U.S. 534, 539 (1993). The decision to grant severance based upon prejudicial joinder rests with the discretion of the trial court. *See United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir.1983); *United States v. Gee*, 695 F.2d 1165 (9th Cir.1983).

Based on the changed circumstances created by Ms. Yun's entry of pleas today, as well as the information contained in Mr. Riordan's declaration, which the Court is reviewing for the first time, Ms. Yun moves to sever her trial from that of Mr. Chow.

Dated: September 9, 2015              Respectfully submitted,

                                       DENNIS P. RIORDAN
                                       LAYLI SHIRANI
                                       RIORDAN & HORGAN

                                        /s/ Dennis P. Riordan
                                          DENNIS P. RIORDAN

                                       Attorneys for Defendant
                                       LESLIE YUN