# EXHIBIT 1

Government's Exhibit



# United States Department of Justice

*United States Attorney*
*Northern District of California*

*Phillip Burton Federal Building*　　　　　　　*(415)436-7200*
*450 Golden Gate Ave., Box 36055*　　　　　*FAX: (415) 436-7234*
*San Francisco, CA  94102-3495*

August 15, 2015

ADVANCE COPY SENT VIA E-MAIL

| | |
|---|---|
| **J. Tony Serra**<br>**Counsel for Raymond Chow**<br>506 Broadway<br>San Francisco, CA 94133<br>415-986-5591<br>Fax: 415-421-1331<br>sbrown@pier5law.com | **Sara Ellen Rief**<br>**Counsel for Alan Chiu**<br>Law Offices of Hanlon and Rief<br>179 11th Street, 2nd Floor<br>San Francisco, CA 94103<br>415-864-5600<br>Fax: 415-865-0376<br>sara@stuarthanlonlaw.com |
| **Claire Margaret Leary**<br>**Counsel for K. Chanthavong**<br>Law Office of Claire Leary<br>912 Cole Street, Suite 347<br>San Francisco, CA 94117<br>415-225-4640<br>Fax: 510-351-1636<br>atyleary@aol.com | **Dennis Patrick Riordan**<br>**Counsel for Leslie Yun**<br>Riordan & Horgan<br>523 Octavia Street<br>San Francisco, CA 94102<br>415-431-3472<br>Fax: 415-552-2703<br>dennis@Riordan-Horgan.com |
| **Randy Sue Pollock**<br>**Counsel for Andy Li**<br>3824 Grand Avenue, Suite 120<br>Oakland, CA 94610<br>510-763-9967<br>Fax: 510-380-6551<br>rsp@rspollocklaw.com | **Gilbert Eisenberg**<br>**Counsel for George Nieh**<br>Law Offices of Gilbert Eisenberg<br>400 Montgomery Street, Suite 200<br>San Francisco, CA 94104-1325<br>415-433-3476<br>Fax: (415)296-8734<br>g.eisenberg@sbcglobal.net |
| **Teresa Caffese**<br>**Counsel for Yat Wa Pau**<br>Law Offices of Teresa Caffese<br>1000 Brannan Street, Suite 400<br>San Francisco, CA 94103<br>415-536-1455<br>Fax: 415-522-1506<br>teresa@caffeselaw.com | **Robert Frederick Waggener**<br>**Counsel for Kevin Siu**<br>Law Office of Robert Waggener<br>214 Duboce Avenue<br>San Francisco, CA 94103<br>415-431-4500<br>Fax: (415) 255-8631<br>rwlaw@mindspring.com |

Re: <u>United States v. Kwok Cheung Chow, et al</u>.
    Case No. CR 14-196 CRB

Dear Counsel:

Further to our conversation at the meet and confer on July 16, 2015, we are interested in reaching joint trial stipulations with your clients. Our goal is to try to move the case along as quickly as possible, and to try to avoid spending all of the upcoming holidays together.

We are open to considering any stipulations you might wish to propose. Please send joint proposals from the trial defendants – in other words, stipulations that are agreeable to all trial defendants – and we will try to respond to any such requests promptly.

Attached is a list of stipulations that we would like to know if you would agree with, that we view as non-controversial, and which will greatly reduce the amount of work all of us, as well as the Court and jury, have to do during this trial:

1. Authenticity of all bank records, and that they are business records pursuant to Fed. R. Evid. 803(6).
2. For defendants charged with violating 18 U.S.C. § 922(g), that they were previously convicted of a felony offense pursuant to the Supreme Court's decision in *Old Chief*. This, of course, would mean that the government would not be permitted to introduce the nature of the prior conviction(s) unless they were admissible for some other purpose such as impeachment, 404(b), enterprise proof, or predisposition evidence.
3. For searches of locations, stipulations regarding the searching and finding agents or officers, to lay a foundation for the item found and the location where the item was found. Such a stipulation would not waive any objections you might otherwise retain to relevance, Fed. R. Evid. 403, hearsay, or otherwise.
4. Chain of custody as to physical evidence.
5. Results of laboratory testing on narcotics – that narcotics were tested, the testing method used, that the sample tested was determined to be narcotics by the testing criminalist and the determined quantity of the narcotics.
6. Interstate nexus as to firearms for the purpose of any violation of 18 U.S.C. § 922(g). In other words, that the firearm was not manufactured in California and would necessarily have traveled in interstate or foreign commerce.
7. That defendants charged with engaging in the business of dealing in firearms without a license, 18 U.S.C. § 922(a)(1), did not have a federally issued license to deal in firearms and/or ammunition.
8. Factual stipulations regarding the conduct of non-trial defendants to commit overt acts, racketeering acts, and other activity related to the Counts at issue in this trial. For example, a stipulation that "On X date, Norge Mastrangelo delivered $Y to an FBI undercover agent in New Jersey." These stipulations will rapidly advance the progress of the trial where the facts cannot reasonably be in dispute. We doubt that

you will expend your credibility with the jury denying, for example, that alleged co-conspirators delivered money to federal agents or that other alleged co-conspirators collected money from undercover agents. We anticipate that your defense to these events will instead focus on whether the non-trial defendants are or are not actually co-conspirators, your clients' knowledge of the activity, denying evidence of the source of proceeds, or questioning the intent behind the delivery, etc. In light of this, we see no value to either side in spending the jury's time litigating what will ultimately be proven anyway.

9. New York State and New York City cigarette taxing requirements, tax stamps, and related regulation.
10. Agreement to accuracy of translations/transcripts. I am aware that you don't have these yet, but when you have them, please consider stipulations to those you don't disagree with.
11. Authentication of wiretaps. Rather than wasting time having wire room agents testify to lay a foundation for the recordings.

As we have indicated, we are looking for ways to expedite the presentation of the case for all involved and we are interested in hearing your position on these stipulations as well as any stipulations you might propose.

Sincerely,

MELINDA HAAG
UNITED STATES ATTORNEY

By: _____/s/_____
William Frentzen
Susan E. Badger
S. Waqar Hasib
Assistant United States Attorneys