BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14 0196 CRB |
| v. | UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION FOR SEVERANCE |
| KWOK CHEUNG CHOW, et al. | Date: September 15, 2015 |
| Defendants. | Time: 2:00 p.m. |
| | Court: Honorable Charles R. Breyer |

On September 11, 2015, the United States filed its response to defendant Yun's motion to sever trial on the remaining charges against her from the November 2, 2015 trial scheduled for defendant Kwok Cheung Chow. Since filing its response, the government has had an opportunity to review Chow's filing entitled "Raymond Chow's Objection to Discovery Distributed After January 31, 2015," Document 971, filed September 9, 2015, which is accompanied by a Declaration by one of Chow's counsel, Curtis L. Briggs. Chow's motion, and counsel's declaration in particular, raise issues that are relevant to the Court's consideration of the severance motion, that is, whether counsel is in a position to provide effective assistance of counsel if trial proceeds as scheduled on November 2, 2015. Accordingly, the government submits the instant Supplemental Response to Defendants' Motion for Severance.

Chow's Objection to Discovery is not actually a motion. Chow stated that he wished to advise the Court about purported issues relating to discovery, and that presumably forthcoming "moving papers will be more detailed as it seemed important to bring this issue to the Court's attention as soon as possible." Doc. 971, at 4. Given that there is no motion to which the government need respond, the government will reserve discussion about discovery until and if Chow notices a motion in that regard. However, the government will say that it has continued to make a good faith effort to comply with its discovery obligations and all orders of this Court in that regard. As to Chow's objection to discovery "distributed after January 31, 2015," the government notes that at a meet-and-confer session with Magistrate Judge Spero on August 25, 2015, the Court ordered the government to disclose Rule 16 material no later than September 1, 2015. *See*, Doc. 923. The government had some technical issues with processing all discovery by that date, but produced additional Rule 16 discovery -- as part of a process that has been ongoing since after the arrests in March 2014 -- on September 2 and September 3, 2015.

The concern raised by Chow's Objection to Discovery is not compliance with discovery obligations; it is the fact that in describing the issues faced by counsel for Chow in preparing a defense and for trial, counsel represents that due to various burdens, he cannot provide effective representation to his client. In particular, Mr. Briggs' Declaration claims a laundry list of issues that have arisen in connection with effective preparation. He cites his caseload and lack of resources. *See*, Briggs Dec. at

¶ 3. He claims that the volume of discovery provided by the government has strained his and his staff's resources to the point where the discovery "*is impossible to process to the extent that reasonable effective assistance of counsel could be rendered to my client*." *Id.*, at ¶ 4 (emphasis added). He cites a need to prepare a funding request, but says he does not have time to do so. *Id*. at ¶ 3. Mr. Briggs complains about being foreclosed from filing *Franks* motions (due to their being untimely), and states that he would like to address the ruling with the Court, "but I do not have time." *Id*. at ¶ 8. He states that due to lack of proper funding, "I anticipate that I will be forced to go to trial having to sacrifice significant trial preparation including translation, transcription, expert witnesses, investigation and interviews." *Id*., at ¶ 7. Mr. Briggs even goes so far as to opine that counsel for Brandon Jackson and Marlon Sullivan advised their clients to plead guilty out of fear of being unprepared for trial. *Id*. at ¶ 11. In his pleading, counsel states that "Chow must now trade Constitutional rights for a reasonable trial date." Doc. 971, at 3. Despite all these claims, counsel insists that he and his client do not seek or want a continuance of the November 2, 2015 trial. Id., at ¶ ¶ 2, 9.

      The fact that Chow's counsel has now made a record of the fact that he is not adequately prepared for trial, yet insists that there should be no continuance of the trial, is remarkable, unprecedented in the memory of undersigned counsel, and alarming. As recently as the hearing on September 9, 2015, the Court referred to the fact that Chow has repeatedly asked for an early trial and the Court indicated that this was a prime consideration in determining the severance issue. Clearly, this is problematic. The government is preparing for trial as scheduled on November 2, 2015, as set by the Court. However, the government is not willing to have a trial with defense counsel who says he is going to be ineffective. The Court and government are now faced with the prospect of proceeding to trial knowing that the groundwork has been laid for an ineffective assistance claim. Chow's solution of the Court simply ordering that any discovery provided after January 31, 2015 be excluded is absurd. The government has been providing discovery pursuant to its obligations and consistent with the Court's orders, including the most recent order by Magistrate Judge Spero, to which Chow did not object.

      The government respectfully requests that the Court consider these matters as it reviews the various factors relating to the severance issue. The recent filing by Chow's counsel has thrown an additional and very serious consideration into the mix, that is, that Chow will not receive effective

USA SUPP. RESPONSE TO DEFENDANTS' MOTION FOR SEVERANCE
CR 14-0196 CRB                                                            2

1  assistance of counsel if the trial proceeds as scheduled on November 2, 2015.  At the very least, Chow is
2  now in a position to claim, after conviction, that he did not receive effective assistance of counsel and
3  evidence showing that his counsel was not adequately prepared was known to the Court in advance of
4  trial.  This is completely untenable.  Counsel has placed the Court in the position of questioning counsel
5  as to the accuracy of the claims made in his declaration, and going through each one with counsel in
6  order to ascertain how counsel will be able to be prepared and provide effective representation to his
7  client. Anything less than a full and satisfactory resolution of the issues raised by Chow's counsel will
8  leave the door open to a subsequent ineffective assistance claim and more importantly, will compromise
9  Chow's rights.

11 DATED: September 11, 2015                    Respectfully submitted,

12                                              BRIAN J. STRETCH
                                                Acting United States Attorney

14                                                      /s/
                                                SUSAN E. BADGER
                                                WILLIAM FRENTZEN
15                                              S. WAQAR HASIB
                                                Assistant United States Attorneys