BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
SUSAN E. BADGER (CABN 124365)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    William.frentzen@usdoj.gov
    Susan.badger@usdoj.gov
    Waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 14-0196 CRB |
| v. | UNITED STATES' MOTION FOR THE COURT TO DELAY SEVERANCE ORDER |
| KWOK CHEUNG CHOW, et al. | |
| Defendants. | Court: Honorable Charles R. Breyer |

## I. INTRODUCTION

Yesterday, on October 15, 2015, the Court ordered that it would sever any capital eligible offenses from the upcoming trial on November 2, 2015. The government was in Grand Jury that same day, and the Grand Jury returned an indictment that included one count that could carry a death sentence – Count Two charging the VICAR Murder of Allen Leung. The government does not request that the Court reconsider its prior ruling. The government hereby only respectfully requests that this Court hold off on severing Count Two until the beginning of trial on November 2, 2015, in the event that Count Two were to be rendered a non-capital eligible offense in the intervening time.

## II. ARGUMENT

The racketeering enterprise alleged in Count Two is the same as that alleged to be the goal of the RICO Conspiracy alleged in Count One and the enterprise alleged in Count Three. Therefore, a future trial of Count Two would involve extremely similar evidence to a trial without Count Two. There will not be any double jeopardy issues under the so-called *Blockburger* test because, although the evidence is similar, each charge has different elements. It is, therefore, in the interest of the Court and both parties to have all charges resolved in a single trial.

Obviously, the Grand Jury returned a "capital eligible" offense and the Court ruled that a severance would be required to deal with the issues raised in a capital case if the case remained a capital case. The decision regarding whether or not to seek death takes input from many different parties – trial counsel, U.S. Attorneys, the victim's family, defense counsel, and various entities within the Department of Justice. The final decision, however, is reserved for the Attorney General of the United States. The government hereby respectfully seeks a stay of any severance order in the event that the Attorney General makes her decision prior to November 2, 2015. If the Attorney General determines not to seek death then the government would file a Notice of Intent Not to Seek the Death Penalty immediatley. Upon the filing of such a Notice, Count Two would no longer be a death eligible offense and, therefore, would become an offense that could and should be tried with the other charges in the Third Superseding Indictment on November 2, 2015. Such a ruling could avoid an unnecessary second

USA MOT. TO DELAY SEVERANCE ORDER
CR 14-0196 CRB                                                                 1

trial. Should the Attorney General not make a decision prior to November 2, 2015, or if she were to elect to seek a death sentence prior to that date, then the Court could immediately sever Count Two.

The government's proposal would provide some additional time for the process to proceed and retain the potential that all charges against defendant could be resolved at once. There would be no prejudice to defendant Chow as it has been his election to proceed to trial as to all counts without a continuance. In fact, it would be to the benefit of all parties and the Court to resolve the case in one trial. Furthermore, the currently charged RICO Conspiracy now encompasses acts of murder within the racketeering acts committed by the enterprise and so there will not be any functional difference in the evidence that should be admitted to prove Count One or Count Two.

### III. CONCLUSION

For the reasons stated above, the government hereby respectfully requests that the Court delay ordering a severance of any capital eligible offenses until November 2, 2015, in order to allow for the potential decision by the Attorney General not to seek death against defendant Chow.

DATED: October 16, 2015               Respectfully submitted,

                                      BRIAN J. STRETCH
                                      Acting United States Attorney

                                           /s/
                                      SUSAN E. BADGER
                                      WILLIAM FRENTZEN
                                      S. WAQAR HASIB
                                      Assistant United States Attorneys