**NOT FOR PUBLICATION**

FILED

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KWOK CHEUNG CHOW, AKA Raymond Chow, AKA Shrimp Boy, AKA Ha Jai,<br><br>Defendant - Appellant. | No. 24-4225<br><br>D.C. Nos.<br>3:20-cv-09342-CRB<br>3:14-cr-00196-CRB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 3, 2025
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.
Concurrence by Judge COLLINS.

Defendant-Appellant Kwok Cheung Chow appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Chow argues that his criminal-trial counsel was constitutionally ineffective. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. §2253(a), and we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We review both a district court's denial of a § 2255 motion and its rejection of ineffective-assistance-of-counsel (IAC) claims de novo. *See United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014); *United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) (citing *United States v. Blaylock*, 20 F.3d 1458, 1464–65 (9th Cir. 1994)).

While our review of the district court's decision is de novo, our review of trial counsel's performance is "highly deferential" to counsel's decisions. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To establish that his counsel performed deficiently, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The deficient-performance standard is objective. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). And in addition to establishing deficient performance, an IAC claimant must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. That means that the claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

1. Chow's arguments that his counsel was inexperienced fail to substantiate his IAC claim. Tony Serra, "one of the nationally recognized defense counsel in the United States … who ha[d] had vast, vast experience," served as Chow's lead defense counsel. Serra gave the opening statement and closing argument, and he

examined many of the key witnesses, including Chow. The district court observed that Serra "performed his services" in Chow's trial "consistent with his reputation." Moreover, *Strickland*'s deficient-performance standard is an objective one, so the mere fact that some of Chow's other attorneys lacked substantial federal-criminal-trial experience cannot, on its own, establish deficient performance. *See Harrington*, 562 U.S. at 104. Ultimately, Chow has not met his burden to demonstrate IAC simply because some members of his team were inexperienced. *See Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." (citing *Strickland*, 466 U.S. at 688)).

2. Chow has also failed to establish IAC based on counsel's decision not to agree to a continuance of the trial date. Chow acknowledges that the government had sought a continuance of the trial date "in light of … new evidence" and in preparation for the Third Superseding Indictment. The government also sought the continuance to allow more time for the Attorney General to determine whether to seek the death penalty against Chow. The defense's decision to decline and oppose a continuance was thus a reasonable, tactical attempt to force the government to present its case without additional time for preparation and to frustrate the government's efforts to seek the death penalty against Chow. Thus, Chow's counsel did not display deficient performance by declining the continuance. *See Strickland*,

466 U.S. at 690–91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable …."). Nor did Chow establish prejudice. Chow argues that, had the defense agreed to a continuance, he could have filed more pretrial motions, performed further investigation, and objected to the government's proposed jury instructions. But Chow failed to show how these actions would have altered the ultimate outcome of the trial. Absent such a showing, Chow's theory fails on the prejudice prong. *See Strickland*, 466 U.S. at 693.

3. Chow also failed to establish IAC based on counsel's decision not to attempt to exclude evidence of the murders of Jim Tat Kong and Cindy Chen. The evidence of the Kong and Chen murders went straight to the core of the defense strategy with respect to the murder-conspiracy charge. Attorney Serra emphasized the details of the murders in an attempt to show "reasonable doubt"—that the Kong and Chen murders were "marijuana-related" and "ha[d] nothing to do with [Chow]." This amounted to a reasonable strategy for distancing Chow from the murder conspiracy, which undermines Chow's deficient-performance theory. *See Strickland*, 466 U.S. at 690. Additionally, the government itself repeatedly reminded the jury during closing argument that Chow was not charged with the actual murders of Kong and Chen, or with any conspiracy related to the actual murders. Thus, Chow

failed to "affirmatively prove prejudice" based on defense counsel's strategy. *Strickland*, 466 U.S. at 693.

4. Chow raises a number of additional IAC theories in his opening brief. We have carefully reviewed the record and the briefing and have determined that Chow failed to establish deficient performance or prejudice for any of these theories. Chow's IAC claim thus fails.

**AFFIRMED.**[1]

[1] We decline to expand the certificate of appealability to address the uncertified issues raised in the opening brief. *See* Ninth Cir. R. 22-1(e).

FILED

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Chow*, No. 24-4225

COLLINS, Circuit Judge, concurring in the judgment:

I agree with the majority's conclusion that the district court properly denied Defendant Kwok Cheung Chow's motion under 28 U.S.C. § 2255. But because my reasons for doing so are closer to the district court's than to the majority's, I concur only in the judgment.

**I**

Under the terms of the certificate of appealability that was granted in this case, the sole claim before us is whether Chow's counsel provided ineffective assistance in connection with Chow's prosecution and conviction in this matter. To establish a claim of ineffective assistance, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the district court denied the motion without a hearing, we may affirm that denial only if we conclude that "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022). Here, Chow's ineffective assistance claim challenges at least 15 aspects of counsel's defense of the case, and many of these subclaims in turn have multiple subparts. Like the district court, I would hesitate to say, as the majority does, that, even without a hearing, the record

conclusively establishes that Chow failed to make a sufficient showing of deficient performance as to *any* of the challenged failures of counsel. On the contrary, I agree with the district court that, in some respects, "trial counsel's performance fell short at many times throughout this case." In concluding that the judgment must be affirmed, I would instead rely almost entirely on the second prong of the *Strickland* test—*i.e.*, that Chow made an insufficient showing of prejudice.

**A**

The one issue as to which the district court squarely rejected Chow's claim of deficient performance relates to the decision not to request a continuance in connection with the anticipated and ultimate filing of a third superseding indictment. The majority affirms the district court's conclusion on this point, and I agree. Whether counsel performed adequately must be evaluated "as of the time of counsel's conduct," and not with the benefit of "hindsight." *Strickland*, 466 U.S. at 689–90. Whether to request a continuance when additional charges are filed is a quintessential strategic judgment, and Chow's current attack on that decision, in my view, does not heed the Supreme Court's instruction that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id*. at 689. Evaluating the decision to oppose a continuance "from counsel's perspective at the time," I think it is clear that the strategic gamble that counsel made was well "within the wide range of reasonable professional assistance." *Id*. As the district court noted when

it denied the Government's request for a continuance, the "issues of the solicitation to commit both murders" were not a surprise and had "been discussed for a number of months." Moreover, Chow's opposition to seeking a continuance placed the Government in a difficult position vis-à-vis seeking the death penalty, because the district court ruled that if the Government pursued a capital charge, the court would sever that count and proceed with the remaining trial. Indeed, notwithstanding the Government's earlier representations about how long it would take to get a decision from the Department of Justice on whether to pursue the death penalty, the Government formally declined to pursue that penalty only 11 days after the district court stated that it would sever any capital charge. It may be that, in hindsight, the judgment not to seek a continuance nonetheless proved as an overall matter to be unwise, because Chow needed additional time to prepare more than the Government did and because the Government might not have pursued the death penalty in any event. But such hindsight is plainly not the standard under *Strickland*, and Chow has failed to show that counsel's decision not to seek a continuance amounted to deficient performance.

**B**

As to the remaining issues raised by Chow, I would limit the grounds for affirmance solely to Chow's failure to "affirmatively prove prejudice" from any of the many mistakes he claims that counsel made. *Strickland*, 466 U.S. at 693. And

as to all but the following points, I would uphold the district court's no-prejudice conclusion for substantially the reasons discussed in its exhaustive, 44-page ruling.

**1**

As to the alleged failure to seek suppression of the Nieh wiretaps under *Franks v. Delaware*, 438 U.S. 154 (1978), I would rest my no-prejudice conclusion on the ground that Chow failed to show that the contemplated *Franks* motion would have merit. In his opening brief, Chow identifies only two alleged misstatements in the affidavit supporting the wiretap applications,[1] and I think it is manifest that, even if these asserted errors were corrected, the lengthy affidavit would still overwhelmingly supply probable cause and necessity for the wiretap. *See United States v. Christie*, 825 F.3d 1048, 1069 (9th Cir. 2016).

**2**

As I see it, among the most troubling alleged deficiencies of counsel were three asserted errors all relating to the charge of conspiracy to murder Jim Kat Kong (a murder which Chow and his co-conspirator, Andy Li, were never shown to have actually carried out): (1) the failure to object to the inclusion of this

---

[1] Chow appears to assume that, by merely citing a chart he filed below, he can thereby incorporate by reference all of the additional arguments he made in support of his *Franks*-related claim in the district court, without having to present and develop those arguments in his opening brief. He is mistaken. *See* NINTH CIR. R. 28-1(b) (stating that, in preparing their merits briefs, parties "must not . . . incorporate by reference briefs submitted to the district court . . . or refer this Court to such briefs").

conspiracy charge as being eligible for a theory of liability under *Pinkerton v. United States*, 328 U.S. 640 (1946), based on the overarching RICO conspiracy charge; (2) the failure to attempt to narrow the extent of the inflammatory evidence introduced concerning the subsequent murder of Kong and his partner by other persons for other reasons; and (3) the failure to object to the prosecution's potentially misleading comments, in opening statements, that could be misread as suggesting that Chow was responsible for the actual subsequent murder. But I am persuaded that Chow has failed to make a sufficient affirmative showing that these errors were collectively prejudicial.

In the context of the trial as a whole, it was clear that, as the Government repeatedly confirmed in closing arguments, Chow was "not charged with being involved in the actual murder of Jim Tat Kong in September 2013 up in Mendocino County" and was instead charged with "the solicitation of Andy Li back in 2011/2012 to murder Jim Tat Kong." Whether to convict Chow on that charge turned largely on the jury's assessment of Li's trial testimony, and the theory of guilt supported by that testimony was not a *Pinkerton* theory. And while the amount of evidence concerning the subsequent actual murders was probably excessive, there is no reasonable likelihood, in my view, that it actually made a difference to whether the jury accepted Li's testimony about the charged

conspiracy with Chow.[2]

**3**

With respect to counsel's alleged failure to adequately prepare Chow for his cross-examination, I would hold that Chow's theory of prejudice is barred by *United States v. Day*, 285 F.3d 1167 (9th Cir. 2002). Chow's theory amounts to the claim that, if his counsel had warned him about the Government's potential ability to cross-examine him with certain prior statements, he would not have gotten caught committing perjury on the stand. As we explained in *Day*: "Because a defendant does not have a 'right' to commit perjury without suffering the consequences, the fact that counsel's ineffectiveness gave [the defendant] an opportunity to commit perjury does not constitute deprivation of a right," and such a theory "does not satisfy the prejudice component of *Strickland*." *Id*. at 1171.

**4**

As to the "deliberate ignorance" instruction, I need not decide whether the

---

[2] I do not agree with the majority's premise that allowing the details of the Kong murder to come in was "a reasonable strategy for distancing Chow from the murder conspiracy." *See* Memo. Dispo. at 4. As noted, the Government conceded in its closing arguments that the actual killing of Kong was *not* "engineered, so far as the evidence showed, by Mr. Chow." Moreover, defense counsel himself expressly acknowledged in closing argument the incontestable point that it "doesn't matter" who actually killed Kong in 2013, "because if there was a conspiracy involving my client, and an overt act taken, that would suffice." That concession is obviously correct under the law, and the point makes it all the more inexplicable why defense counsel never sought to exclude all the detail that was admitted about the actual Kong murder.

district court was correct in holding that the instruction was properly given, because I agree that the instruction was not prejudicial given that, as the district court alternatively concluded, "deliberate ignorance was not a key theory in the Government's case."

**5**

In affirming the district court's conclusion that counsel was not ineffective in failing to challenge alleged improper opinion testimony by undercover agents interpreting conversations with Chow, I would hold that Chow has failed to show that such a challenge would have succeeded under *United States v. Freeman*, 498 F.3d 893 (9th Cir. 2007), and its progeny.

**6**

With respect to the remaining allegations of ineffective assistance that Chow raises on appeal, I conclude that, for substantially the reasons given by the district court, Chow failed to make a sufficient showing of prejudice as to those additional issues.

**II**

I agree with the majority that we should not expand the certificate of appealability. Chow seeks to raise two issues directly (rather than through the lens of counsel's failure to raise them)—namely, (1) the Government's alleged breach of Chow's earlier agreements with the Government; and (2) the prosecutor's

alleged misconduct in arguably implying, in the opening statement, that Chow was responsible for Kong's actual murder. In my view, Chow has failed to show that "reasonable jurists would find the district court's assessment of the[se] constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (simplified).

There is no basis to debate the district court's rejection of Chow's effort to revisit our previous holding, in Chow's direct appeal, that the Government did not breach any agreement with Chow when it used his prior statements in cross-examination. *See United States v. Chow*, 772 F. App'x 429, 432 (9th Cir. 2019) (rejecting this claim on direct appeal). Citing a declaration from Chow's earlier counsel who negotiated those agreements (Alan Dressler), Chow argues that this court "did not have before it a full factual record with which to interpret the plea agreement and the separate agreement negotiated by attorney Dressler." But Chow's opening brief on his direct appeal specifically asserted that (1) the language of his written plea agreement did not support a finding of breach; and (2) "Chow entered into a separate informal use immunity agreement," under which "the government promised not to question Mr. Chow in open court about homicides, should he be called to testify against any of his co-conspirators in the case to which he had pleaded guilty." Brief of Appellant, *United States v. Chow*, No. 16-10348, 2017 WL 5664153, at *58–59, 64–70. In support of these

assertions, Chow cited, and included in his excerpts of record in this court, both a copy of his plea agreement and a declaration from Dressler that Chow had submitted to the district court together with his reply in support of a motion for a new trial. As a result, Chow's current claim that counsel on the prior appeal "failed to raise any arguments based on the terms of the plea agreement itself" is flatly incorrect. There is no basis for revisiting our prior ruling on Chow's direct appeal.

Finally, for the same reasons discussed earlier, reasonable jurists would not find debatable the district court's conclusion that any misstatement made by the prosecutor in opening argument concerning the Kong murder was not prejudicial.

* * *

For the foregoing reasons, I concur in the judgment.